UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
JOHN P. "JACK" FLYNN                          :
LESLIE A. FLYNN,                              :   Case: 1:21-cv-02587-GHW
                                              :
                Plaintiffs,                   :   **RESPONSE IN OPPOSITION TO**
                                              :   **MOTION FOR ADMISSION** *PRO*
        - against -                           :   *HAC VICE*
                                              :
CABLE NEWS NETWORK, INC.,                     :
                                              :
                Defendant.                    :
------------------------------------------------------------- x

      Defendant Cable News Network, Inc. ("CNN") opposes the Motion for Admission Pro Hac Vice of Steven S. Biss, ECF No. 8, who seeks to appear for Plaintiff in this proceeding.

      The ability of an out-of-state attorney to appear *pro hac vice* is a "privilege" and "not a right granted either by statute or the Constitution." *Leis v. Flynt*, 439 U.S. 438, 441–42, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979). It is in the Court's discretion to decide whether to admit an attorney *pro hac vice*. *Erbacci, Cerone, and Moriarty, Ltd. v. United States,* 923 F.Supp. 482, 485 (S.D.N.Y.1996). "Although pro hac vice admissions are routinely granted, the Court's decision to do so is not simply a pro forma exercise, and there are occasions where such applications have been denied." *Sedona Corp. v. Ladenburg Thalmann & Co*., 2003 WL 22339357, at *3 (S.D.N.Y. Oct. 14, 2003); *see, e.g., Macdraw, Inc. v. The CIT Group Equipment Financing, Inc.,* 994 F.Supp. 447 (S.D.N.Y.1997) (revoking *pro hac vice* admissions of attorneys who engaged in conduct which was undignified, disrespectful and degrading to the court); *Erbacci, Cerone, & Moriarty, Ltd.*, 923 F. Supp. at 486 (denying *pro hac vice* admission where an attorney twice submitted defective applications, and in doing so engaged in motion practice without being admitted to practice in the court); *United States v. Gutierrez*, No. 94 CRIM. 565 (LAK), 1994 WL

593773, at *2-3 (S.D.N.Y. Oct. 28, 1994) (denying *pro hac vice* admission where attorney failed to file motions that were in his client's interest, ignored scheduling orders, and was late for court appearances).

Here, this Court should deny Mr. Biss' application because he has history of making bad faith allegations against defendants in defamation actions, including his conduct towards CNN.  Just a few days ago, the United States District Court for the District of Maryland sanctioned Mr. Biss in the amount $21,437.50 in attorneys' fees and $52.26 in expenses because he "engaged in bad faith conduct in filing the last-minute Amended Complaint" against CNN.  *Harvey v. CNN*¸ Case 1:20-cv-03068-RDB. (ECF No. 60).  In particular, the Court concluded that Mr. Biss' filing of an amended complaint that did not address the deficiencies that led to the dismissal of the original complaint was ""the sort of bad faith courts have repeatedly found to merit sanctions under 28 U.S.C. § 1927 and the courts' inherent power to sanction."  *Harvey v. Cable News Network, Inc.*, No. CV RDB-20-3068, 2021 WL 1215083, at *5 (D. Md. Mar. 31, 2021), *reconsideration denied*, No. CV RDB-20-3068, 2021 WL 1516009 (D. Md. Apr. 16, 2021)

As the *Harvey* court noted, its sanctions decision joined a "chorus" of courts reprimanding Mr. Biss for his litigation conduct – including his conduct towards CNN.  In particular, the United States Court of Appeals for the Fourth Circuit in *Lokhova v. Halper*, 995 F.3d 134 (4th Cir. 2021), decided just last month, commented on Mr. Biss' conduct, stating:

> Of note, this is not the first time attorney Biss's litigation conduct has earned reprimand. His history of unprofessional conduct is long. *See, e.g.*, *Nunes v. Cable News Network, Inc.*, No. 3:19-cv-889, 2020 WL 2616704, at *2 (E.D. Va. May 22, 2020) ("It is with chagrin that the Court must begin to address this motion by observing that Plaintiff engages in ad hominin attacks against CNN and others in the Amended Compliant which the Court cannot tolerate." (alterations and internal quotation marks omitted) (quoting *Steele v. Goodman*, No. 3:17-cv-601, 2019 WL 3367983, at *3 (E.D. Va. July 25,

> 2019))); *see also Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1299–1300 (N.D. Iowa 2020) (requiring Biss to file "a second amended complaint ... stripped of all such spurious allegations" and directing Biss "not to file any further public pleadings referencing such matters without first obtaining leave of the Court and showing that there is a good faith factual basis for the allegations and that they are relevant and material to some matter at issue in this litigation"). In fact, attorney Biss had his license suspended in 2009 for unprofessional conduct including breaching fiduciary duties and violating federal securities law. *See Va. State Bar v. Biss*, No. CL07-1846 (Va. Cir. Ct. Nov. 26, 2008). And, even during his suspension period, attorney Biss failed to be forthright about his suspension status with an opposing party when engaging in negotiations on behalf of a client, resulting in an additional 30 day suspension of his license. *See In re Steven Scott Biss*, No. 09-032-078962 (Va. State Bar Disciplinary Bd. Nov. 3, 2009).

*Id.* at 149. Similarly, in *Steele v. Goodman*, 2019 WL 3367983 (E.D.Va. July 25, 2019), the Court reprimanded Biss for falling "well below the standards of practice this Court excepts" and engaging in "unprofessional theatrics" and "juvenile bullying". In short, Mr. Biss has a history of bad faith litigation conduct, including against CNN, and should not be admitted to this Court.[1]

In addition, CNN believes that behavior to be continuing against them here. As CNN will set forth further in its pre-motion letter to this Court, after viewing the Complaint before it was served, CNN wrote a Rule 11 letter to Mr. Biss informing him that the Complaint is frivolous because the alleged defamatory statements at issue in the lawsuit are substantially true. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 768–69(1986) ("where a newspaper publishes speech of public concern, a … plaintiff cannot recover damages without also showing that the statements at issue are false."). CNN also provided evidence to support the truth of the alleged defamatory statements and requested that Mr.

---

[1] Mr. Biss has also been suspended twice from the Virginia Bar, once for fraud, and once for "conduct involving dishonesty, fraud, deceit, or misrepresentation" by holding himself out as an attorney while his license was suspended. *See Va. St. Bar, ex rel Third Dist. Comm. v. Biss*, Case No. CL07-1846, Cir. Ct. of the Cnty. Of Chesterfield; *In the Matter of Steven Scott Biss*, VSB Docket No. 09-032-078962.

Biss withdraw the Complaint in the action.  Instead of doing so, Mr. Biss filed an equally specious Amended Complaint, which failed to cure the deficiencies in the original complaint.  Perhaps more egregiously, the Amended Complaint takes evidence from the Rule 11 letter from CNN's outside counsel and suggests that information was known to CNN itself before publication of the reporting at issue.  Mr. Biss has seemingly decided to continue engaging in precisely the conduct for which he has already been sanctioned or reprimanded, and his *pro hac vice* application should be denied, with prejudice.

Finally, denying the application will not unduly prejudice Plaintiffs because Jeremy Zemillion, a lawyer admitted to this Court, has also appeared on their behalf.

WHEREFORE, CNN respectfully requests that this Court deny Steven Biss admission *pro hac vice* in this matter.

Dated: New York, New York
       May ____, 2021

                                            Respectfully submitted,

                                            DAVIS WRIGHT TREMAINE LLP

                                            By:_____
                                               KATHERINE M. BOLGER
                                               (N.Y. Bar No. 2976868)

                                            1251 Avenue of the Americas, 21st Floor
                                            New York, NY  10020-1104
                                            (212) 489-8230 Phone
                                            (212) 489-8340 Fax

                                            *Attorneys for Defendant*

TO:   Jeremy Zenilman, Esquire
      (N.Y. Bar No. 4862041)
      336 East 77th Street #9
      New York, New York 10075
      Telephone: (516) 650-5821
      Email: jzenilman@hotmail.com

      Steven S. Biss (VSB # 32972)

300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

*Counsel for the Plaintiffs*