UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JOHN P. "JACK" FLYNN
LESLIE A. FLYNN,

                      Plaintiffs,

            - against -

CABLE NEWS NETWORK, INC.,

                      Defendant.
---------------------------------------------------------------x

Case: 1:21-cv-02587-GHW-SLC

Hon. Sarah L. Cave

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY DEFENDANT TO DISMISS PLAINTIFFS' COMPLAINT

                      Katherine M. Bolger
                      DAVIS WRIGHT TREMAINE LLP
                      1251 Avenue of the Americas, 21st Floor
                      New York, New York 10020
                      Telephone:   (212) 489-8230
                      Facsimile:    (212) 489-8340

                      Sam F. Cate-Gumpert (*pro hac vice* forthcoming)
                      DAVIS WRIGHT TREMAINE LLP
                      865 S. Figueroa Street, Suite 2400
                      Los Angeles, CA 90017
                      Telephone:   (213) 633-6800
                      Facsimile:    (213) 633-6899

                      *Attorneys for Defendant Cable News Network*

4828-2984-6257v.2 0026517-000210

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.    PLAINTIFFS MISUNDERSTAND THEIR BURDEN UNDER RULE 8 ........................ 1

II.   THE REPORT IS NOT OF AND CONCERNING PLAINTIFFS .................................... 3

III.  THE REPORT IS NOT SUSCEPTIBLE OF DEFAMATORY MEANING ..................... 5

IV.  PLAINTFFS HAVE NOT PLAUSIBLY PLEADED DEFAMATION *PER SE* ............... 6

V.   THE REPORT IS SUBSTANTIALLY TRUE .................................................................. 7

VI.  JACK FLYNN IS A PUBLIC FIGURE AND HAS NOT PLEADED ACTUAL MALICE ............................................................................................................................. 9

VII. THIS COURT SHOULD SANCTION PLAINTIFFS ..................................................... 10

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................1, 2, 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................................1

*Biro v. Conde Nast*,
  807 F.3d 541 (2d Cir. 2015)................................................................................................10

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts
   Worldwide, Inc.*,
  369 F.3d 212 (2d Cir. 2004)..................................................................................................3

*Budget Termite & Pest Control, Inc. v. Bousquet*,
  811 A.2d 1169 (R.I. 2002)....................................................................................................4

*Cabello-Rondón v. Dow Jones & Co.*,
  No. 16-cv-3346 (KBF), 2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017),
  *aff'd*, 720 F. App'x 87 (2d Cir. 2018)................................................................................10

*Celle v. Filipino Reporter Enters., Inc.*,
  209 F.3d 163 (2d Cir. 2000)..................................................................................................3

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002)..................................................................................................2

*Church of Scientology of Cal. v. Cazares*,
  638 F.2d 1272 (5th Cir. 1981) ..............................................................................................5

*DiFolco v. MSNBC Cable LLC*,
  622 F.3d 104 (2d Cir. 2010)..................................................................................................3

*Ganske v. Mensch*,
  480 F. Supp. 3d 542 (S.D.N.Y. 2020)...................................................................................8

*Geary v. Goldstein*,
  No. 91 CIV. 6222 (KMW), 1996 WL 447776 (S.D.N.Y. Aug. 8, 1996) ..................................5

*Gilman v. Spitzer*,
  902 F. Supp. 2d 389 (S.D.N.Y. 2012), *aff'd*, 538 F. App'x 45 (2d Cir. 2013).........................4

*Gonzalez v. Planned Parenthood of Los Angeles*,
  759 F3d 1112 (9th Cir. 2014) ................................................................................................2

*Halebian v. Berv*,
    644 F.3d 122 (2d Cir. 2011)..................................................................................................2

*Harasz v. Katz*,
    239 F. Supp. 3d 461 (D. Conn. 2017)....................................................................................2

*In re Yukos Oil Co. Sec. Litig.*,
    No. 04 Civ. 5243(WHP), 2006 WL 3026024 (S.D.N.Y. Oct. 25, 2006)................................8

*Kao v. British Airways, PLC*,
    No. 17-CV-0232 (LGS), 2018 WL 501609 (S.D.N.Y. Jan. 19, 2018) ................................2, 3

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ...............................................................................................4

*Lokhova v. Halper*,
    No. 1:20-cv-1603, 2021 WL 2903237 (E.D. Va. July 9, 2021)............................................10

*Major v. Drapeau*,
    507 A.2d 938 (R.I. 1986) .......................................................................................................9

*Marcil v. Kells*,
    936 A.2d 208 (R.I. 2007) .......................................................................................................6

*Masson v. New Yorker Mag., Inc.*,
    501 U.S. 496 (1991)................................................................................................................8

*Michel v. NYP Holdings, Inc.*,
    816 F.3d 686 (11th Cir. 2016) .............................................................................................10

*Munno v. Town of Orangetown*,
    391 F.Supp.2d 263 (S.D.N.Y. 2005)......................................................................................3

*Rissetto v. Cty. of Clinton*,
    No. 8:15-CV-0720(GTS/CFH), 2016 WL 4530473 (N.D.N.Y. Aug. 29, 2016) ...................3

*Sequin, LLC v. Renk*,
    No. CV 20-62WES, 2021 WL 124250 (D.R.I. Jan. 13, 2021), *R. & R.
    adopted*, No. CV 20-062WES, 2021 WL 391519 (D.R.I. Feb. 4, 2021).................................6

*TufAmerica, Inc. v. Diamond*,
    968 F. Supp. 2d 588 (S.D.N.Y. 2013).....................................................................................2

4828-2984-6257v.2 0026517-000210

iv

**Other Authorities**

Fed. R. Civ. P. 8 ...........................................................................................................................1, 3

Restatement (Second) of Torts § 563 cmt. d (1977) .......................................................................4

Rondeaux, Candace, "The Digital General: How Trump Ally Michael Flynn
    Nurtured – and Profited From – the QAnon Conspiracy Theory," The
    Intercept (June 27, 2021), https://theintercept.com/2021/06/27/qanon-michael-
    flynn-digital-soldiers/ ..........................................................................................................4

**PRELIMINARY STATEMENT**

On July 5, 2020, Plaintiff Jack Flynn retweeted a video first posted by his brother, General Michael Flynn, of Plaintiffs repeating the Federal oath of office, saying God Bless America and saying the QAnon Slogan "where we go one, we go all." The Tweet includes the hashtag #TakeTheOath, linking it to a national movement promoted by QAnon followers. This lawsuit is about CNN's airing of two seconds of that very video that Jack Flynn retweeted – only Plaintiffs now allege it is false, defamatory and caused them damage. This allegation, like many others in their Opposition to CNN's Motion to Dismiss (the "Opp."),[1] is implausible. The Report is not susceptible of a defamatory meaning about Plaintiffs, and even if it were, it is substantially true – and not therefore actionable. The Opp. ignores CNN's arguments, distorts the allegations in the Am. Compl. and the documents relied on therein, and selectively reads controlling case law, to push this case into discovery. These tactics cannot save Plaintiffs' claims, and the Am. Compl. must be dismissed.

**ARGUMENT**

**I.   PLAINTIFFS MISUNDERSTAND THEIR BURDEN UNDER RULE 8**

Plaintiffs' Opp. is predicated on a basic misunderstanding of their burden under Federal Rule of Civil Procedure Rule 8, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs' central theme is that CNN ignored their allegations, which the Court (and CNN) must accept as true. But where, as here, the allegations are belied by both common sense and statements contained in the documents attached or integral to the Am. Compl., the Court – just like CNN – need not give them any credit or deference. "To survive a

---

[1] Unless otherwise noted, this Reply Brief uses the same abbreviations and capitalized terms as those set forth in CNN's memorandum of law in support of its motion to dismiss ("Memorandum" or "Mem."). In this brief, CNN will use the term "Am. Compl." rather than "Amended Complaint."

1

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Common sense enables a judge to rank the relative plausibility of competing factual theories of events and discard the less plausible; if the discarded theory is the one on which plaintiff bases his claim, the claim will be dismissed." *Harasz v. Katz*, 239 F. Supp. 3d 461, 485 (D. Conn. 2017). Thus, if a court, using its common sense, finds "obvious alternative explanation[s]," allegations of wrongdoing will be deemed "implausible" and will be disregarded. *Iqbal*, 556 U.S. at 682.

Similarly, this Court need not accept as true facts that are directly contradicted by documents attached to a complaint or explicitly relied on by a plaintiff in the complaint, and whose relevance and authenticity are not in question.[2] *See Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) (noting that courts may consider documents attached as exhibits, incorporated by reference, or relied upon by the plaintiff, as well as any judicially noticeable matters); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (a court may consider documents where a "complaint relies heavily upon [their] terms and effect, which renders the document integral to the complaint."); Mem. at 7, 17-18. In fact, "[i]f a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control[s], and the court need not accept the allegations in the complaint as true." *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.N.Y. 2013) (citation omitted); *see also Gonzalez v. Planned Parenthood of Los Angeles*, 759 F3d 1112, 1116 (9th Cir. 2014) (claims implausible

---

[2] Plaintiffs do not dispute, and thus concede, the authenticity of the documents relied on by CNN, including Plaintiffs' Twitter feeds. *See Kao v. British Airways, PLC*, No. 17-CV-0232 (LGS), 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018).

where documents attached to complaint "contradicted" allegations and provided an "obvious alternative explanation" of lawful conduct). And a defendant may show that an allegation is not well pleaded by citing to documents attached or integral to, or incorporated by reference in, a complaint. *Rissetto v. Cty. of Clinton*, No. 8:15-CV-0720(GTS/CFH), 2016 WL 4530473, at *12 (N.D.N.Y. Aug. 29, 2016); *see also id.* at *12 n.73 (collecting cases); *see infra*, note 10.[3]

Here, each of Plaintiffs' arguments in the Opp. is based on their claim that this Court must accept their allegations – and only their allegations – as true. But CNN in its Mem. referenced material *cited or integral to* the Am. Compl. that flatly contradicts Plaintiffs' assertions. Nothing in Rule 8 requires a court to ignore its eyes, its ears, or the documents upon which the Am. Compl. is based. Plaintiffs are simply incorrect.

## II.   THE REPORT IS NOT OF AND CONCERNING PLAINTIFFS

In its Mem., CNN argued that, because Plaintiffs fleetingly appeared in the Report, and because it focuses only on General Flynn's promotion of QAnon, Plaintiffs had not plausibly alleged that the Report is "of and concerning" them. Mem. at 8-9. Plaintiffs now urge this Court to ignore the content of the Report, arguing that that the juxtaposition of their two-second appearance on screen with the words "QANON FOLLOWERS" as part of CNN's chyron is enough to mean that the Report is about them. This argument suffers from two fatal flaws:

*First*, in analyzing Plaintiffs' claims, this Court is *required* to look not at a screengrab as selected by Plaintiffs but at the Report itself. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 222 (2d Cir. 2004) (rejecting allegation "belied" by letters attached to the complaint); *Celle v. Filipino Reporter Enters., Inc.*,

---

[3] Thus, contrary to Plaintiffs' assertion (and as evidenced by *their own cited case*), a defendant may cite to such matters "without triggering the standard governing a motion for summary judgment." *Id.*; *see* Opp. at 3 n.1. *See also Munno v. Town of Orangetown*, 391 F.Supp.2d 263, 268 (S.D.N.Y. 2005); *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (cited by Plaintiffs).

3

209 F.3d 163, 177 (2d Cir. 2000) ("Challenged statements are not to be read in isolation, but must be perused as the average reader would against 'the whole apparent scope and intent' of the writing."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (court "must take into account 'all parts of the communication that are ordinarily heard or read with it'") (quoting Restatement (Second) of Torts § 563 cmt. d (1977)). And the Report says nothing about Plaintiffs being followers of QAnon or being racist or violent or any other of the imaginative words Plaintiffs use. *See* Mem. at 8-9. In fact, the Report says nothing at all about Plaintiffs. It merely states that *General Flynn* "promoted" the QAnon Slogan.[4]

*Second*, Plaintiffs seek to make the Report of and concerning them by alleging that a friend "knew that CNN's false statements referred to the Flynns because that person texted the picture displayed by CNN to Leslie Flynn." Opp. at 13. To establish that an alleged defamatory meaning is of and concerning the Plaintiffs, however, it is not enough to plausibly allege that the Plaintiffs were briefly seen in the Report; Plaintiffs must plausibly allege facts that create an inference that the alleged defamatory statement itself is about them. *Budget Termite & Pest Control, Inc. v. Bousquet*, 811 A.2d 1169, 1172 (R.I. 2002) ("[T]he plaintiff must establish some reasonable personal application of the words to himself."); *see also Gilman v. Spitzer*, 902 F. Supp. 2d 389, 396 (S.D.N.Y. 2012), *aff'd*, 538 F. App'x 45 (2d Cir. 2013). And the Am. Compl. makes no such allegation. The Am. Compl. contains a screengrab of a text from Leslie Flynn to Jack Flynn that says "My girlfriend sent me this … we were on CNN this am [shrug emoji],"

---

[4] According to an article published by The Intercept, General Flynn and his family have been profiting off his popularity in the QAnon movement for over a year. General Flynn has applied for two separate trademarks relating to the phrase "digital soldier," and has sold merchandise featuring WWG1WGA together with his name. *See* Candace Rondeaux, "The Digital General: How Trump Ally Michael Flynn Nurtured – and Profited From – the QAnon Conspiracy Theory," THE INTERCEPT (June 27, 2021), https://theintercept.com/2021/06/27/qanon-michael-flynn-digital-soldiers/.

Am. Compl. ¶ 6,[5] but does not allege that the friend believed that Plaintiffs were QAnon followers. Instead, that allegation supports the "obvious alternative explanation": that Leslie had a friend who saw her on TV. That fact does not create a plausible inference that the alleged defamatory aspects of the Report – even if there were any – was of and concerning Plaintiffs.

### III. THE REPORT IS NOT SUSCEPTIBLE OF DEFAMATORY MEANING

Next, in the face of CNN's argument that the Report is not susceptible of a defamatory meaning about Plaintiffs, Plaintiffs first mischaracterize what they pleaded in their Am. Compl. According to their Opp., the alleged defamatory meaning of the Report is that it described Plaintiffs as "QAnon Followers." Opp. at 7. But the Am. Compl. alleged much more – notably that the Report accused Plaintiffs being followers of, e.g., "racist," "domestic terrorist," "anti-Semitic" QAnon, words that appear *nowhere* in the Report. *See* Am. Compl. ¶¶ 3, 8, 23.a; Mem. at 8-9. To the extent that Plaintiffs have now abandoned that claim, which was impermissibly built on "inference upon inference" culled from other publications, *Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1288 (5th Cir. 1981), CNN welcomes the clarification.

Plaintiffs now assert that if they allege a defamatory meaning, their claim must be allowed to proceed. Opp. at 16. But this argument suffers from the same flaw as Plaintiffs' of-and-concerning argument: it asks this Court to impermissibly focus only on the screengrabs contained in the Am. Compl., and on a screengrab from a CNN Tweet that contains the entire Report – but *not* on the entirety of the Report itself. This the Court cannot do. The Court must determine whether the Report is susceptible of the defamatory meaning ascribed to it based on the Report *as a whole*. *Geary v. Goldstein*, No. 91 CIV. 6222 (KMW), 1996 WL 447776, at *2 (S.D.N.Y. Aug. 8, 1996). And the Report as a whole clearly does not state or imply that Plaintiffs

---

[5] Leslie Flynn's use of the shrug emoji would seem to undercut any plausible inference that her friend's seeing her on CNN that morning caused her "insult, embarrassment, humiliation and substantial injury." Am. Compl. ¶ 6.

are QAnon followers. Plaintiffs only appear in the Report standing next to General Flynn as he recites "where we go one, we go all," which O'Sullivan's voiceover explains is an "infamous QAnon slogan that has been promoted by General Flynn." Mem. at 4-5, 10-11. The Report does not even include the Plaintiffs reciting the QAnon Slogan (which Plaintiffs *did recite,* in the version of the same video retweeted by Jack Flynn, with the QAnon hashtag #TakeTheOath). The Report says nothing at all – much less something defamatory – about Plaintiffs.

### IV.     PLAINTFFS HAVE NOT PLAUSIBLY PLEADED DEFAMATION *PER SE*

Plaintiffs have not plausibly alleged that the Report is defamatory *per se*, nor have they alleged special damages. Mem. at 12-14. Plaintiffs limply argue they have done both by merely reciting the same boilerplate language that CNN already noted was insufficient. Opp. at 17; *see Marcil v. Kells*, 936 A.2d 208, 213 (R.I. 2007). But they still have not pleaded *facts* that could permit the inference that the Report harms Jack Flynn in his profession. They do not describe any of his job duties, or how being a QAnon follower renders him unfit to perform them. And the qualities Plaintiffs now claim CNN has attributed to them – violent tendencies, poor judgment, harboring extremist views, *see* Opp. at 18 – are precisely the type of "disparagement of a general character, equally discreditable to all persons" that do not rise to the level of defamation *per se*. *Marcil*, 936 A.2d at 213.[6] Plaintiffs also fail to establish that they suffered special damages. *See* Opp. at 18. Their assertion that they suffered "special damages and pecuniary loss, [including] career damage, loss of future earnings, impaired and diminished earning capacity" is *precisely* the kind of conclusory recital of harm – devoid of the requisite factual adornment – that courts disregard at the motion to dismiss stage. *Sequin, LLC v. Renk*, No. CV 20-62WES, 2021 WL 124250, at *10 (D.R.I. Jan. 13, 2021), *R. & R. adopted*, No. CV 20-062WES, 2021 WL 391519

---

[6] Plaintiffs do not dispute and therefore concede that they failed to allege that the Report had any effect on Leslie Flynn's position as a homemaker. *See* Mem. at 13.

(D.R.I. Feb. 4, 2021). Plaintiffs' claim that they have pleaded general damages does not make up for this deficiency. Plaintiffs simply have not pleaded defamation *per se*.

## V. THE REPORT IS SUBSTANTIALLY TRUE

The Court should also dismiss the Am. Compl. both because Plaintiffs cannot prove the Report is materially false and because it is substantially true – despite their efforts to obscure the truth of both the contents of the Report and the real world we live in. Notably, Plaintiffs ignore CNN's primary argument on this point: that Plaintiffs do not and cannot allege that the only fact actually published in the Report – that the Plaintiffs stood next to General Flynn as he "promoted" the QAnon Slogan – is materially false. On the contrary, it is concededly true. Am. Compl. ¶ 4. That fact alone should dispose of this action.

Plaintiffs now claim that the Report accused them of being followers of QAnon, and that their own allegations that they did not say the QAnon Slogan and are not QAnon followers create an issue of fact precluding dismissal. But Plaintiffs are wrong as a matter of law and fact. As discussed above, this Court is not required to accept Plaintiffs' alleged facts where those facts are implausible. *Iqbal*, 556 U.S. at 680. And here, Plaintiffs allegation that they did not speak the QAnon Slogan to support QAnon is not supported by their own admitted conduct. Specifically, Plaintiffs admit, as they must, that they spoke the QAnon slogan directly after General Flynn. Am. Compl. ¶ 4. Plaintiffs also concede, as they must, that Jack Flynn retweeted that video, along with the #TakeTheOath, as part of a nationwide movement (rather than a family gathering). *See* Am. Compl. ¶ 23.a (incorporating Sidney Powell's tweet, which states that "#TakeTheOath and the #PledgeOfAllegiance are recited by #Patriots to remind ourselves of all the GOOD this country & #Americans stand for"). And they do not dispute that Jack Flynn gained thousands of followers by promoting his own decision to #TakeTheOath. Thus, any allegation that Plaintiffs spoke the QAnon Slogan only as a sign of "family support" is

7

implausible. Indeed, that Plaintiffs spoke the QAnon Slogan to support QAnon is not only an "obvious alternative explanation" for the alleged facts – it is the *only plausible* explanation.

Plaintiffs' claim that "where we go one, we go all" is not a QAnon slogan when they say it is similarly implausible. Plaintiffs' own conduct in retweeting the #TakeTheOath video makes this clear, as do the documents referenced by the Am. Compl. and, indeed, in the Am. Compl. itself. Opp. at 5 (and repeated at Opp. at 16; *see infra*, Section VI). *See In re Yukos Oil Co. Sec. Litig.*, No. 04 Civ. 5243(WHP), 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006) (a court "need not accept as true any allegations that are contradicted by documents deemed to be part of the complaint, or materials amenable to judicial notice.").[7] In fact, Jack Flynn's own Twitter feed, *see* Am. Compl. ¶ 23.a and *infra*, Section VI – directly contradicts this denial. "WWG1WGA" is a core QAnon tenet that is routinely used as hashtag by QAnon-related accounts in posts discussing or promoting QAnon as well as on QAnon-branded merchandise, including in posts Jack Flynn retweeted long before July 4, 2020. *See*, *e.g.*, Bolger Decl. ¶¶ 6, 17-21, Exs. 6, 12. These documents, which CNN was indisputably permitted to cite to, compellingly contradict – and thereby render implausible – Plaintiffs' allegations.[8]

A statement is materially false *only if* "it would have a different effect on the mind of the [viewer] from that which the pleaded truth would have produced." *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991) (citation and internal quotation marks omitted). Not only do Flynn's tweets represent a full-throated defense of QAnon, but Plaintiffs stood next to General

---

[7] For the same reason, Plaintiffs' assertion that there is a factual dispute over the intent behind Jack Flynn's use of QAnon-related hashtags or his retweeting of posts by QAnon supporters should be disregarded.

[8] Because CNN's review of the feeds is central to Plaintiffs' argument and recovery, *see* Am. Compl. ¶ 23.a, they are integral to the Am. Compl. and may be relied on by CNN and the Court. *See supra*, Section I. *See also Ganske v. Mensch*, 480 F. Supp. 3d 542, 546 (S.D.N.Y. 2020) (in case over allegedly defamatory tweet, court took notice of additional tweets that were "integral to the allegations in the complaint and necessary to place [defendant's] comments in context").

Flynn and repeated an oath that Jack Flynn publicized as part of the #TakeTheOath movement. Just as the average viewer would think that a man raising his right arm with a straightened palm is giving the Nazi salute, so too would a viewer hearing a speaker saying "where we go one, we go all" think that man is speaking the QAnon Slogan. The Report is substantially true.

## VI.   JACK FLYNN IS A PUBLIC FIGURE AND HAS NOT PLEADED ACTUAL MALICE

Finally, Jack Flynn is a limited purpose public figure and has not adequately pleaded actual malice. Jack Flynn inserted himself into the QAnon controversy, retweeted the video of himself taking the oath, publicly defended QAnon, and used his amplification of QAnon beliefs and trends (including WWG1WGA and #TakeTheOath) to gain more followers, as evidenced by his Twitter feed and the posts included in the Am. Compl.[9] *See* Mem. at 21-22. Plaintiffs now speciously claim that CNN made the Plaintiffs a public figure, in part because QAnon did not become a public issue *after* January 6. As the numerous news reports and government documents Plaintiffs cite make clear, QAnon was a topic of considerable public debate throughout 2020 – including when Jack Flynn tweeted the #TakeTheOath video to his hundreds of thousands of followers. Mem. at 21-22. Jack Flynn is a limited purpose public figure.

And Plaintiffs have not pleaded actual malice. *See* Opp. at 23-27. Plaintiffs have failed to plead *any* facts that CNN acted with subjective knowledge that the challenged statements were false. *See Major v. Drapeau*, 507 A.2d 938, 940 (R.I. 1986) ("Actual malice means knowledge that the statement was false or reckless disregard of whether or not it was true or false."). In their Opp., Plaintiffs claim that CNN knew they were not QAnon supporters because it had reviewed their Twitter feeds prior to airing the Report – yet any such review would show the exact

---

[9] Plaintiffs newly minted assertion that Jack Flynn did not "'debunk the most outlandish of the QAnon theories (that John F. Kennedy, Jr. is still alive)'" (Opp. at 29, quoting Mem. at 21) is therefore especially mystifying, since that is **precisely** what Plaintiffs claim Jack Flynn to have done. *See* Am. Compl. ¶ 23.a.

9

opposite. *See* Mem. at 17 n.9; Am. Compl. ¶ 14, 23.a & n.7. As discussed at length above and in CNN's Mem., Plaintiffs feeds are replete with posts, retweets, or liked tweets expressing unambiguous support for QAnon. Mem. at 15, 17, 19, 22-23, 24; *see supra*, Section V.[10]

In the Opp., Plaintiffs reassert alternative theories they believe plausibly allege actual malice. Opp. at 23-27. None of those theories contain allegations of specific facts sufficient to support an inference that CNN acted with actual malice. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703-04 (11th Cir. 2016), *Cabello-Rondón v. Dow Jones & Co.*, No. 16-cv-3346 (KBF), 2017 WL 3531551, at *8-9 (S.D.N.Y. Aug. 16, 2017), *aff'd*, 720 F. App'x 87 (2d Cir. 2018); *Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015). Plaintiffs' actual malice argument amounts to nothing more than a long list of fantastical – and factually bereft – allegations that do not meet the plausibility standard. The Am. Compl. should be dismissed on this basis, as well.[11]

## VII. THIS COURT SHOULD SANCTION PLAINTIFFS

For reasons set forth above, this Court should dismiss Plaintiffs' frivolous claims, and should join the growing chorus of courts sanctioning counsel for Plaintiffs for continuing to pursue frivolous litigation. *See*, *e.g.*, *Lokhova v. Halper*, No. 1:20-cv-1603 (LMB/MSN), 2021 WL 2903237 (E.D. Va. July 9, 2021); Mem. at 25.

## CONCLUSION

For the foregoing reasons, CNN respectfully requests that the Court dismiss the Am. Compl. with prejudice and for such other further relief as the Court deems just and proper.

---

[10] Plaintiffs' attempt to salvage their claim that CNN acted negligently as to the truth or falsity of the Report's characterization of Leslie Flynn fails for the same reason. Though they now claim "CNN failed to investigate" whether she was a QAnon follower, the ComplaintAm. Compl. alleges just the opposite – that CNN reviewed her Twitter feed and so knew she had no ties to QAnon. But she has at least twice liked QAnon related tweets, which CNN would have easily seen had it reviewed the accounts. *See* Mem. at 18.

[11] Plaintiffs offer no new reason why their false light claim should survive. Because their defamation claim fails as a matter of law, their false light claim also fails. *See* Mem. at 24-25.

Dated: New York, New York
July 12, 2021

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        By: */s/ Katherine M. Bolger*
        Katherine M. Bolger (N.Y. Bar No. 2976868)
        1251 Avenue of the Americas, 21st Floor
        New York, NY 10020-1104
        (212) 489-8230 Phone
        (212) 489-8340 Fax

        *Attorneys for Defendant*

TO:    Anthony C. Carlini , Jr. (N.Y. Bar No. 2649374)
        Handel & Carlini, LLP
        1984 New Hackensack Road
        Poughkeepsie, NY 12603
        Telephone: (845) 454-2221
        Email: anthony@handelcarlini.com

        Steven S. Biss (Virginia Bar No. 32972)
        300 West Main Street, Suite 102
        Charlottesville, VA 22903
        Telephone: (804) 501-8272
        Facsimile: (202) 318-4098
        Email: stevenbiss@earthlink.net

        *Counsel for the Plaintiffs*