**STEVEN S. BISS**
Attorney At Law
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: 804-501-8272
Fax: 202-318-4098
EMAIL: stevenbiss@earthlink.net
stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

Matter No.

296-001

October 18, 2021

**VIA CM/ECF**

Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 18A
New York, New York 10007

**RE:**   **Flynn v. CNN**
         **Case 1:21-cv-02587-GHW/SLC**

Dear Judge Cave:

In addition to the cases cited in Plaintiff's Memorandum in Opposition to defendant's motion to dismiss [*ECF No. 23*], Plaintiffs respectfully direct the Court's attention to the following additional authority in opposition to Defendant's motion to dismiss:

**Jack Flynn Is A Private Individual (*Am. Compl.*, ¶ 8)**

*Michaelis v. CBS, Inc.*, 119 F.3d 697, 702 (8th Cir. 1997)
("Our discussion begins with the district court's finding that Michaelis was a public official. Defendants bear the burden on this issue");

*Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1533 (4th Cir. 1994)
(In a defamation case, the presumption is that a plaintiff is a private individual, subject to the defendant's burden of proving that the plaintiff is a public figure);

*Joseph v. Scranton Times, L.P.*, 959 A.2d 322, 347 (Pa.Super. 2008)
("Appellants failed in its burden to prove that Appellees were limited purpose public figures and, therefore, Appellees were not required to prove Appellants acted with actual malice.").

**The Statements Are Defamatory Per Se (*Am. Compl.*, ¶ *19*)**

<u>Petro-Lub. Test. Lab., Inc. v. Adelman</u>, 233 N.J. 236, 184 A.3d 457, 469 (2018) (allegations—imputing to plaintiff white supremacist views and imputing to him a specific animus toward people based on their religious denominations and sexual orientations—"clearly are defamatory by impugning Wintermute's character");

<u>Sigafus v. St. Louis Post-Dispatch, LLC</u>, 109 S.W.3d 174, 175 (Mo.App. 2003) (article stated that the "Christian Identity Movement is comprised of white supremacists and anti-Semites", and listed plaintiffs as affiliates of the Christian Identity Movement);

<u>O'Donnell v. Philadelphia Record Co.</u>, 356 Pa. 307, 311, 51 A.2d 775 (1947) (accusation that plaintiff was a "[n]aziphile" was "libelous per se");

<u>Goodrich v. Reporter Pub. Co.</u>, 199 S.W.2d 228, 230 (Tex.App. 1946) ("No doubt is entertained that to falsely assert in printing that a citizen of this or any other country on the face of the earth is a pro-Nazi is libelous per se");

**The Flynns have alleged special damages (*Am. Compl.*, ¶¶ *21, 24, 29*)**

<u>Suarez Matos v. Ashford Presb. Comm. Hosp., Inc.</u>, 4 F.3d 47, 52 (1st Cir. 1993) ("Decisions on what needs to be pleaded by way of special damages are sparse. The tendency is liberalization. We believe the purpose is to give notice; the more natural are the damages, the less pleading is needed. We are satisfied with 'Karen will incur in (sic) extensive major medical costs and expenses and will require costly health care services until her death.' The subject had been opened; defendants could seek details by inquiry.");

<u>ADT, LLC v. Vivant Smart Home, Inc.</u>, 2021 WL 4478932, at * 2 (S.D. Fla. 2021) ("Rule 9(g) [of the Federal Rules of Civil Procedure] requires no more than a specific statement that allows a defendant to prepare a responsive pleading and begin its defense");

<u>Yergey v. Brinker Florida, Inc.</u>, 2020 WL 10817751, at * 2 (M.D. Fla. 2020) ("Plaintiff need only allege what *type* of special damages it seeks (lost support and services) to put Defendant on notice of the claim.") (emphasis in original);[1]

---

[1] [*Am. Compl.*, ¶ 21 ("In addition to the pain, emotional suffering, insult, embarrassment, humiliation, and injury to reputation, CNN's publication caused career damage, loss of future earnings, impaired and diminished earning capacity)*; Conejo v. Am. Fed'n of Gov't Emps., AFL-CIO*, 377 F.Supp.3d 16, 32 (D. D.C. 2019) (allegations that plaintiff "suffered and continues to suffer career damage, loss of consideration for career advancement, personal and professional embarrassment and humiliation, and emotional pain and suffering" sufficiently stated special damages)].

2

**The Flynns have alleged general damages (*Am. Complaint, ¶ 6, 21*)**

*Healey v. New England Newspapers, Inc.*, 555 A.2d 321, 327 (R.I. 1989)
("Drawing all inferences in favor of plaintiff, we conclude that there is ample evidence that plaintiff suffered mental anguish and humiliation as a result of the impressions relayed to plaintiff by family, friends, and professional associates after they read the article in question" – jury verdict upheld);

*Bosler v. Sugarman*, 440 A.2d 129, 132 (R.I. 1982)
("The award of compensatory damages in an action for slander may be based upon the mental anguish and humiliation experienced as a result of the defamatory statements … In addition to the mental suffering and humiliation, there was testimony that plaintiff had suffered injury to his health as a reaction to the statements made by defendant.");

*Fiori v. Truck Drivers, Local 170*, 354 F.3d 84, 87 (1st Cir. 2004)
("Under Massachusetts law, allowable defamation damages include 'special damages'—proximately caused economic losses—and also (in the case of libel) any non-economic 'harm to reputation and mental suffering' … The emotional distress need be no more than "outrage" and "anger" upon seeing the libelous statements, since mental distress is the "natural result" of libel … Fiori testified that he felt 'humiliated' when he saw the Foley letter, said that he had to deal with 'a lot of accusations' from other union members, and explained that 'there's not enough hours in the day to explain to the people that don't know you that it's inaccurate, it's not true, and that I didn't do anything wrong.'  He testified about his embarrassment and how he 'didn't sleep good' after the accusations.  This mental distress is sufficient to allow the libel claim to go to the jury.  The fact that Fiori admitted he had no physical symptoms besides minor sleep loss, sought no medical attention and took no medicine might limit the award that could reasonably be allowed for mental suffering")

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349-350 (1974)
("We need not define 'actual injury,' as trial courts have wide experience in framing appropriate jury instructions in tort actions.  Suffice it to say that actual injury is not limited to out-of-pocket loss.  Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.");

**CNN Was Negligent (*Am. Compl., ¶¶ 22, 23*)**

*Evanger's v. Thixton*, 412 F.Supp.3d 889, 899 (N.D. Ill. 2019)
("Evanger's alleges that 'Thixton knew, or deliberately and recklessly failed to verify' the fact that Evanger's did not manufacture Wild Calling cat food.  That allegation goes beyond negligence");

3

*Merritt v. Shuttle, Inc.*, 13 F.Supp.2d 371, 385 (S.D.N.Y. 1998) ("Plaintiff properly alleges that a false or defamatory statement was published with fault greater than negligence … Liberal pleading standards apply to defamation complaints … Thus, defendant's motion is denied.");

*D Mag. Part., L.P. v. Rosenthal*, 2021 WL 2351169, at * 11-12 (Tex.App. 2021) ("When the plaintiff is a private party seeking defamation damages from a media defendant, the defendant is negligent if it knew or should have known a defamatory statement was false or failed to investigate the truth or falsity of the statements … [T]here is more than a scintilla of evidence that D Magazine failed to investigate the truth or falsity of the statements in the Article before it was published.  Viewing the evidence in the light most favorable to Bender, fact issues exist whether D Magazine negligently published the Article").

Yours very truly,

*/s/ Steven S. Biss*

Steven S. Biss

cc.    John P. "Jack" Flynn
       Leslie A. Flynn
       Anthony C. Carlini, Jr., Esq.
       Katherine M. Bolger, Esq.