

21st Floor
1251 Avenue of the Americas
New York, NY 10020

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

Katebolger@dwt.com

October 21, 2021

**VIA ECF**
Hon. Sarah L. Cave
United States District Court
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007-1312

Re:   *Flynn, et ano. v. CNN,* **1:21-Cv-02587 (S.D.N.Y., March 25, 2021)**

Dear Magistrate Judge Cave:

  We represent Defendant Cable News Network Inc. ("CNN") in the above-referenced action.  We write to notify the Court of a summary order issued today in the Second Circuit, which supports CNN's argument that Plaintiffs have failed to plead actual malice as to Jack Flynn.  *See Brimelow v. N.Y. Times Co.*, 21-66-cv (2d Cir., October 21, 2021) (summary order).  A copy of the decision is attached hereto, as Exhibit A.

  In *Brimelow*, the court, presented with facts similar to those in the instant action, affirmed dismissal of a defamation claim brought against the New York Times (the "Times"), for failure to state a claim (and, in particular, for failure to plausibly plead actual malice).  *Id.* at 2.  The public figure plaintiff alleged that the Times had defamed him by characterizing him, directly and indirectly, as being "animated by race hatred," including via accusations that he was an "open white nationalist" and "anti-Semitic."  *Id.*  The court's reasoning is directly relevant here.  The court first emphasized that the actual malice standard "imposes on a plaintiff 'a heavy burden of proof, a burden that is designed to assure to the freedoms of speech and press that breathing space essential to their fruitful exercise.'" *Id.* at 5 (quoting *Contemp. Mission, Inc. v. N.Y. Times Co.,* 842 F.2d 612, 621 (2d Cir. 1988)).  And it noted that actual malice requires a showing of "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.* (citation omitted).  The court found that the plaintiff had not shown actual malice, despite what the plaintiff termed his "repeated and persistent denials" of the truth of the complained-of statements in the press and in letters to the Times.  *Id.* at 6.  The court held that the plaintiff failed to show that the Times knew or should have known of his denials in the press, or that it purposefully avoided them.  *Id.*  And it

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

emphasized that, generally, "denials without more do not support a plausible claim of actual malice." *Id.*[1]

Here, Plaintiffs have argued at that CNN knew the Report was false because "[b]ased upon a review of Jack Flynn's Twitter account (@GoJackFlynn) and Leslie Flynn's Twitter account (@lflynn1998), CNN knew there was no basis for linking Leslie or Jack to … QAnon." Am. Compl. ¶ 23.a. Setting aside for the moment that the Twitter accounts, as set forth in CNN's briefing in support of its Motion to Dismiss (Dkts. 18, 26) and in its supplemental letter (Dkt. 35) show just the opposite, *i.e.*, Plaintiffs' sympathy for QAnon (*see*, *e.g.*, Am. Compl. ¶ 23.a), and setting aside that Jack Flynn's Twitter account was deactivated more than a month before the Report aired, *Brimelow* makes clear that the tweets' mere existence on Jack Flynn's and Leslie Flynn's Twitter feeds cannot plausibly support a claim that CNN acted with actual malice.

Thank you for your consideration of this supplemental authority.

Respectfully submitted,

Davis Wright Tremaine LLP

*/s/ Katherine M. Bolger*

Katherine M. Bolger

cc:     Counsel of Record (via ECF)

---

[1] The court also noted that neither the Times' alleged departure from "accepted newsgathering standards" nor its supposed "ill will" toward the plaintiff (nor the two in combination) supported a finding of actual malice. *Id.* at 7-9.