# Exhibit A

21-66-cv
*Brimelow v. N.Y. Times Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-one.

PRESENT:
　　JOHN M. WALKER, JR.,
　　JOSEPH F. BIANCO,
　　STEVEN J. MENASHI,
　　　　*Circuit Judges*.

---

Peter Brimelow,

　　*Plaintiff-Appellant*,

v.　　　　　　　　　　　　　　　　　　　　　　　　　21-66-cv

The New York Times Company,

　　*Defendant-Appellee*.*

---

FOR PLAINTIFF-APPELLANT:　　　　FREDERICK C. KELLY, Goshen, NY.

FOR DEFENDANT-APPELLEE:　　　　DANA R. GREEN (David E. McCraw, *on the brief*), The New York Times Company, New York, NY.

---

　　* The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 16, 2020 order and January 6, 2021 judgment of the district court are **AFFIRMED**.

Plaintiff-Appellant Peter Brimelow appeals from a December 16, 2020 order and January 6, 2021 judgment of the United States District Court for the Southern District of New York (Failla, *J.*), granting Defendant-Appellee The New York Times Company's (the "Times") motion to dismiss the Second Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). In the Complaint, Brimelow brought state law claims alleging that the Times had defamed him in five published articles between January 2019 and May 2020 by characterizing him directly and indirectly (by referencing the content on the website that he operates, VDARE) as being "animated by race hatred," including accusations that he is an "open white nationalist" and "anti-Semitic." Joint App'x at 20–21, 30–31, 36, 39–40, 42–44 (Compl. ¶¶ 50, 110, 135, 153, 166, 171).

The district court dismissed these claims on the ground that the Complaint had failed to state a claim upon which relief could be granted because, among other reasons, it did not plausibly allege the necessary elements of a defamation claim under New York law with respect to any of the five articles. Brimelow timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

2

\*          \*          \*

Brimelow argues on appeal that the district court erred in concluding that the Complaint failed to state a claim under New York law and therefore granting the Times's motion to dismiss his defamation claims. "We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6) . . . , accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). To survive a motion to dismiss, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under New York law, a complaint asserting defamation claims must plausibly allege five elements: "(1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). When a defamation claim is brought by a public figure, the First Amendment independently requires a showing that the defendant acted with actual malice. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 283 (1964).

For the reasons discussed below, we conclude that the Complaint has failed to state a claim because it does not plausibly allege that the Times acted with actual malice and thus did not plausibly allege all the elements of a claim for defamation necessary to survive a motion to dismiss. *See Biro*, 807 F.3d at 546 ("[A] public-figure plaintiff must plead plausible grounds to infer actual malice by alleging enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of actual malice." (second alteration in original) (internal quotation marks omitted)); *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012) ("The bottom

3

line, then, is that [plaintiff] has not nudged his actual-malice claim across the line from conceivable to plausible, so the [district court] rightly dismissed the complaint. . . . [Actual] malice is not a matter that requires particularity in pleading—like other states of mind, it may be alleged generally. But, to make out a plausible malice claim, a plaintiff must still lay out enough facts from which malice might reasonably be inferred . . . ." (internal quotation marks and citations omitted)); *accord Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("[E]very circuit that has considered the matter has applied the *Iqbal*/*Twombly* standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice. Joining that chorus, we hold that the plausibility pleading standard applies to the actual malice standard in defamation proceedings." (citations omitted)).

     As a threshold matter, we recognize that the degree of fault the Complaint must plead with respect to the Times's alleged defamation depends upon whether Brimelow is a public or private figure. *See generally Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 333–35, 347 (1974); *accord Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). The Complaint alleges that Brimelow "has had a long and distinguished career as a writer and journalist," having written, among other things, the "bestselling book, Alien Nation: Common Sense About America's Immigration Disaster," and he is "widely known in his capacity as both the creator and editor of [the website] VDARE." Joint App'x at 8, 32 (Compl. ¶¶ 6, 112, 117). Therefore, Brimelow is a public figure. *See Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000) ("Those who have voluntarily sought and attained influence or prominence in matters of social concern are

4

generally considered public figures. Whether a plaintiff is a public figure is a question of law for the court." (citations omitted)). Brimelow does not argue otherwise.

Because Brimelow is a public figure, the First Amendment requires that the Complaint plausibly plead that the Times acted with "actual malice" in publishing defamatory material about Brimelow. *Id.* Actual malice requires that the Complaint plausibly allege that the Times published the defamatory statements that form the basis of Brimelow's claims "with knowledge that [they were] false or with reckless disregard of whether [they were] false or not." *Palin*, 940 F.3d at 809 (internal quotation marks omitted). "The reckless conduct needed to show actual malice is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing, but by whether there is sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication[.]" *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001) (internal quotation marks and citations omitted). Actual malice can be established "[t]hrough the defendant's own actions or statements, the dubious nature of his sources, [and] the inherent improbability of the story [among] other circumstantial evidence." *Celle*, 209 F.3d at 183 (alterations in original) (internal quotation marks omitted). We have emphasized that the actual malice standard imposes on a plaintiff "a heavy burden of proof, a burden that is designed to assure to the freedoms of speech and press that breathing space essential to their fruitful exercise." *Contemp. Mission, Inc. v. N.Y. Times Co.*, 842 F.2d 612, 621 (2d Cir. 1988) (internal quotation marks and citation omitted).

Brimelow's principal argument regarding the actual malice element relies upon the Complaint's allegation that the Times published the alleged defamatory statements about him

5

being a "white nationalist" and an "open white nationalist" (and similar statements about VDARE being a "[w]hite [n]ationalist [w]ebsite[]"), Joint App'x at 20–21, 30–31, 36, 39–40, 43–44 (Compl. ¶¶ 50, 67, 110, 135, 151, 153, 171), despite the existence of contrary evidence—in particular, Brimelow's alleged "repeated and persistent denials" as to the truth of such statements, which, according to Brimelow, show that the Times acted with knowledge that the statements were false or with reckless disregard as to whether they were false, Joint App'x at 22–23, 26, 28–29, 34, 37–38, 41, 45–46 (Compl. ¶¶ 57(f), 59–61, 85, 100, 124(h), 126, 142(g), 144, 156(g), 158, 178(g), 180). To demonstrate Brimelow's purported "repeated and persistent denials," Joint App'x at 22 (Compl. ¶ 57(f)), the Complaint heavily relies upon a "February 23, 2018 interview with Slate's Osita Nwanevu, [in which Brimelow] stated [that] 'Personally, I would regard myself as a civic nationalist,'" Joint App'x at 22–23 (Compl. ¶¶ 60–61). That statement does not establish actual malice on the part of the Times. Brimelow does not show that the Times was or should have been aware of that statement and purposefully avoided it.

In any event, to the extent that Brimelow relies on this alleged denial during the 2018 interview or similar denials contained in his letters to the Times during the period when these five articles about him and the VDARE website were being published, it is well settled that denials without more do not support a plausible claim of actual malice. *See Edwards v. Nat'l Audubon Soc'y, Inc.*, 556 F.2d 113, 121 (2d Cir. 1977) (asserting that the actual malice "standard . . . cannot be predicated on mere denials, however vehement; such denials are so commonplace in the world of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error"); *see also Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d

6

Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." (second alteration in original) (internal quotation marks omitted)). Nor are we persuaded by Brimelow's attempts to find additional support in the Complaint's references to the Times's alleged departure from "accepted newsgathering standards" and its "own commitment to fairness and impartiality," Joint App'x at 22, 34, 37, 41, 45 (Compl. ¶¶ 58, 125, 143, 157, 179), in reporting on Brimelow. These allegations, even when considered collectively, sound in no more than journalistic negligence and thus fail to plausibly allege the requisite higher degree of fault—actual malice. *See St. Amant v. Thompson*, 390 U.S. 727, 733 (1968) ("Failure to investigate does not in itself establish bad faith." (citing *Sullivan*, 376 U.S. at 287–88)); *see also Contemp. Mission, Inc.*, 842 F.2d at 621 ("[A] finding of actual malice cannot be predicated merely on a charge that a reasonable publisher would have further investigated before publishing . . . . Rather, a public figure defamation plaintiff must show either that the publisher actually entertained serious doubts about the veracity of the publication, or that there are *obvious* reasons to doubt the veracity of the informant or the accuracy of his reports." (alterations in original) (internal quotation marks omitted)).

Finally, Brimelow contends that the Complaint sufficiently alleges actual malice by relying on *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657 (1989), which he maintains clearly held that "ill will combined with an extreme departure from journalistic standards is sufficient to satisfy the [actual] malice standard." Reply Br. at 13; *see, e.g.*, Joint App'x at 22–24 (Compl. ¶¶ 58, 68). Brimelow misreads *Harte-Hanks*. To be sure, the Supreme Court in *Harte-Hanks* did acknowledge that "[a] newspaper's departure from accepted standards and the evidence

7

of motive" could be used as circumstantial evidence to support "[a] court's ultimate conclusion that the [newspaper] demonstrated a reckless disregard as to the truth or falsity of [alleged defamatory statements]." 491 U.S. at 667–68 (internal quotation marks omitted). However, the Court emphasized, in reviewing a judgment entered on a jury verdict in plaintiff's favor, that the "[newspaper defendant was] plainly correct in recognizing that a public figure plaintiff must prove *more than* an extreme departure from professional standards and that a newspaper's motive in publishing a story. . . cannot provide a sufficient basis for finding actual malice." *Id.* at 665 (emphasis added). Thus, the Court cautioned that "courts must be careful not to place too much reliance on such factors." *Id.* at 668. Indeed, actual malice was found in *Harte-Hanks* because the evidence of the newspaper's departure from accepted standards and ill will toward the plaintiff was supported by a host of other evidence that demonstrated that the defendant was "purposeful[ly] avoid[ing] . . . the truth," including, as particularly relevant here, evidence that the plaintiff (and several other witnesses) had "unambiguously denied" the alleged defamatory statements. *Id.* at 691–92.

      Thus, the facts in *Harte-Hanks* stand in contrast to the allegations asserted in this case relating to the element of actual malice. Although referencing the alleged ill will toward Brimelow harbored by the Times, the Complaint provides no basis for plausibly inferring that the Times had any doubts about the truth of its statements regarding Brimelow or the VDARE website. *See Behar*, 238 F.3d at 174 ("Despite its name, the actual malice standard does not measure malice in the sense of ill will or animosity, but instead the speaker's subjective doubts about the truth of the publication."). In short, we find no combination of allegations from which one could plausibly

8

infer that the Times was purposely avoiding the truth in its reporting on either Brimelow or the VDARE website.

Accordingly, we conclude that the Complaint failed to plausibly allege that the Times published its statements about Brimelow or the VDARE website with reckless disregard as to whether they were true or false. Because the Complaint failed to sufficiently allege the actual malice element of a claim for defamation under New York law, the district court properly granted the Times's motion to dismiss for failure to state a defamation claim upon which relief could be granted.[1]

\*       \*       \*

We have considered Brimelow's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[1] Brimelow also challenges the district court's other grounds for dismissing his defamation claims, including its conclusions that: (1) all but one of the statements in the articles about Brimelow and the VDARE website were non-actionable opinions as a matter of law; (2) the statements about the VDARE website and others were not "of and concerning" Brimelow; and (3) one of the articles in the Times about the VDARE website was subject to the wire service defense because it was a verbatim republication of a Reuters article. However, because we affirm the district court's dismissal of the Complaint on the ground that the Complaint has failed to plausibly allege the requisite element of actual malice, we need not and do not reach these other issues.

9