IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
JOHN P. "JACK" FLYNN                    :
LESLIE A. FLYNN                         :
                                        :
        Plaintiffs,                     :
                                        :
v.                                      :        Case 1:21-cv-02587-GHW/SLC
                                        :
                                        :
CABLE NEWS NETWORK, INC.                :
                                        :
        Defendant.                      :
-------------------------------------------------------x
```

# PLAINTIFFS' WRITTEN OBJECTIONS
# TO MAGISTRATE REPORT & RECOMMENDATION

Plaintiffs, John P. "Jack" Flynn and Leslie A. Flynn (the "Flynns"), by counsel,

pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, file the following written objections to the Magistrate Judge's Report and

Recommendation ("R&R") [*ECF No. 38*] to grant defendant, Cable News Network,

Inc.'s ("CNN"), motion to dismiss.

## I.   INTRODUCTION

On February 3, 2021, in the aftermath of the storming of the United States Capitol

by an insurrectionist mob, CNN defamed the Flynns when it displayed their image and

falsely accused them of being "followers" of a violent domestic extremist group, **QAnon**.

[*ECF No. 7 ("Am. Compl."), ¶ 4*].   At the hearing on CNN's motion to dismiss, the

Magistrate Judge emphasized that "the chyron says 'QAnon follower,' and it has their

picture on it.  So it's labeling them a QAnon follower."  The Magistrate Judge "watched

the video many times … There are … clips of the January 6 riot, and there are other clips

of various people.  And the tone of the whole report is these people, everybody that we're

showing you is a QAnon follower." [*ECF No. 33 ("Tr."), pp. 7:9-11, 9:3-10*].   The

Magistrate Judge understood that by labeling the Flynns "QAnon followers", CNN linked

the Flynns to the "riot on January 6".

```
        MS. BOLGER:   Oh, the other thing, of course, is
that there's nothing in the report that talks about the
words "extremism" or "violence" or "insurrection" or any of
those words are not actually in the reports.  What the
plaintiff is doing is imposing them from that Anderson
Cooper discussion on January 31st.  But, of course, they're
not in the report --
        THE COURT:  Well, they don't say that, but there
are pictures of the riot on January 6th.  There's about a
minute of footage of January 6th in the video.
        MS. BOLGER:   But they certainly don't call the
plaintiffs extremists or violent or racist in an overt way
in the report.  The words just aren't there.
        THE COURT:  The words aren't there, but I mean,
the images are there.
        MS. BOLGER:   The images don't include the
plaintiffs, your Honor.
        THE COURT:  It's a three-minute video.  The
plaintiffs are in the video, and there's a minute of
January 6th in there.  It's hard to parse that out.
```

[*Tr., p. 56:4-23*].  The Magistrate Judge did not waver in her view of CNN's statements:

> THE COURT:  But the picture is there, and it says "QAnon follower" below it.  You keep switching back and forth.  One minute you want me to look at the whole video; the next minute you want me to only look at what was --
>
> MS. BOLGER:  We want you to look at the whole video, your Honor.  I always want you to look at the whole video.  I want you to look at the whole video because, one, you're required to under the law that says that you're required to do that, *Mann v. Abel*, right?  That's the -- and the *Bray* case.  That is the rule; you are required to look at the whole video.  But the of-and-concerning analysis looks to whether the defamatory statements are of and concerning the plaintiff.  It's not whether the plaintiff is just in the video; it's what the video says about the plaintiff.  And I would argue, your Honor -- and I know I'm not convincing you -- that the video only -- the only thing the video says about the plaintiffs is that they were standing next to Michael Flynn, nothing else.
>
> THE COURT:  All right, yes, you're right; you're not convincing me on that.

[*Tr., p. 57:6-25*].  The Magistrate Judge acknowledged that the Flynns expressly denied that they were "QAnon followers.  They allege that.  I have to assume that that's true … [I]t's a motion to dismiss.  I have to take it as true that they say they're not QAnon followers." [*Tr., pp. 11:23-25, 12:4-6*]; *see Am. Compl., ¶¶ 3, 6, 18, 23(a)*].

There is no question that CNN's false portrayal of the Flynns as "QAnon followers" was and is defamatory. *R&R, p 33* (*"The Court agrees that falsely implying a connection to a violent extremist group can be defamatory"*); *see id. Emin Gun Sirer v. Emre Aksoy*, 2021 WL 4952610, at * 4 (S.D. Fla. 2021) ("in the Complaint, Plaintiff alleges that Defendant posted a video on his YouTube channel accusing Plaintiff of being a member of an organization designated as a terrorist organization by numerous countries").[1]  In recommending dismissal of the Flynn's defamation and false light claims against CNN, the R&R disregards the proper standard of review on a motion to dismiss pursuant to Rule 12(b)(6).  The R&R fails to accept the Flynn's allegations as true and improperly resolves virtually all disputed facts in favor of CNN.  In assessing the issues of material falsity and substantial truth, the Magistrate Judge defined "follower" and drew inferences from Jack Flynn's tweets and retweets that were most favorable to CNN. In spite of the context of Jack Flynn's tweets, the actual wording of the tweets and the lack of evidence concerning Jack Flynn's intent in publishing the tweets and retweets in 2020, the R&R concluded (wrongly) that Jack Flynn's tweets demonstrate as a matter of law that CNN's statements are "substantially true".  Even though Leslie Flynn tweeted but once [*ECF No. 19-13*], the Magistrate Judge improperly lumped Leslie Flynn together with Jack Flynn, concluding that Leslie Flynn was also a "QAnon follower".  At the hearing on CNN's motion to dismiss, the Magistrate Judge observed that in *Bustos v. A&E Television Networks*, Justice Gorsuch, when he was sitting on the Tenth Circuit, looked at the plaintiff's "specific acts" to determine on summary judgment whether the

---

[1]      The Flynns' memorandum in opposition [*ECF No. 23*] to CNN's motion to dismiss states the reasons why CNN's statement is defamatory and the supporting legal authority.  The Flynns restate and incorporate their memorandum herein by reference.

defendant's statement was substantially true.  The Magistrate Judge stated:

> "And what Justice Gorsuch focused on was, well, you say that [you were not a part of the Aryan Brotherhood], but you sent them letters and you took heroin from them and you praised them, and all those other things.  So those were kind of what Justice Gorsuch was focusing on was specific acts.  What I don't see here, aside from Tweeting, which obviously is – it is an act, but it's more of a statement – I don't see any – there's no allegations – and CNN hasn't pointed to anything, although this may be the sort of thing that will come out in discovery, them [the Flynns] going to QAnon meetings or going to rallies or being there on January 6th or anything like that that takes the step farther from just Tweets.  And so that to me seemed to be a difference between *Bustos* and this case.  And it was at a different posture, too".

[*Tr., pp. 52:18-25, 53:2-12*].  The R&R did not include any of the analysis or statements by the Magistrate Judge at the hearing.  Indeed, *Bustos*, is not even mentioned in the R&R.  Finally, the R&R improperly concludes that CNN was not negligent, that CNN's statements are not defamatory *per se*, and that the Flynns fail to allege special damages.

Each of these matters will be addressed below.

## II.  OBJECTIONS

### A.      CNN's Statement About The Flynns Is Materially False

In reversing the dismissal of a defamation claim, the Second Circuit recently reiterated that in considering a motion to dismiss pursuant to Rule 12(b)(6), the district court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *La Liberte v. Reid*, 966 F.3d 79, 85 (2nd Cir. 2020) (citing *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2nd Cir. 2019) (quoting *Elias v. Rolling Stone, LLC*, 872 F.3d 97, 104 (2nd Cir. 2017))).

Although the R&R accurately summarizes the substance of the Flynn's amended complaint, *see R&R, pp. 2-11*, the Magistrate Judge failed to accept the Flynn's

allegations as true and failed to draw all inferences in favor of the Flynns.  Throughout

the amended complaint, the Flynns repeatedly allege that CNN calling the Flynn's

"QAnon followers" was materially false. [*See, e.g., Am. Compl., ¶¶ 4, 6, 18, 19, 21,

23(a)*].  In spite of the Magistrate Judge's recognition of the Flynn's express allegations

at the motions hearing, the R&R focuses exclusively on a handful of tweets and retweets

by Jack Flynn in 2020.  For several reasons, these "integral" tweets and retweets do **_not_**

demonstrate that Jack Flynn is a "QAnon follower".[2]  First, CNN published the statement

at issue in this case in February 2021, shortly after an insurrectionist mob stormed the

United States Capitol.  The most prominent members of that mob were "adherents" or

followers of QAnon. [*Am. Compl., ¶ 1*].  Jack Flynn's tweets and retweets were all

published in 2020, well before any determination was ever made that QAnon was a

violent extremist group.  Jack Flynn's tweets and retweets demonstrate that he did not

adhere to violence or extremism or any of the opinions and teachings of a violent terrorist

organization.  Indeed, he expressly rejected such views in favor of the Constitution and

rule of law. [*Am. Compl., ¶ 23(a), p. 14*].  Second, Jack Flynn's tweets ask questions and

include causal observations: *e.g.*, "What's wrong with the statement: where we go 1 we

go all?", "***If*** this means you believe in the constitution and equal justice under the law the

this works for me" (emphasis added), "True or not, most people seem pretty normal to

me who support the idea of Q", and "I advocate for the Constitution and Bill of Rights

---

[2]        The Magistrate Judge chose a dictionary definition of "follower". *R&R, pp. 30-31*.  Merriam-Webster defines "follower" as (1) "one in the service of another"; (2) "one that follows the opinions and teachings of another"; (3) "one that imitates another"; (4) fan or devotee; (5) "one who subscribes to a feed especially on social media."  [https://www.merriam-webster.com/dictionary/follower].        Synonyms  for "follower" include "acolyte", "adherent", "convert" and "disciple".  Jack Flynn fits **_none_** of the dictionary definitions of "follower".

[image of American Flag] *if* Q does too, no arm no foul" (emphasis added).[3]   CNN reported that QAnon was a cult, a "dangerous and violent movement" – a movement that has become "insurrectionist". [*Am. Compl., ¶ 2*].   Jack Flynn did not ever imitate or espouse the teachings of this "deranged conspiracy cult".   Indeed, in his tweets he consistently "denied basic tenets of the QAnon movement". [*Id., ¶ 23(a), pp. 15-16*].[4] Third, the amended complaint explains the intent behind Jack Flynn's tweets and retweets, which was always to help his brother, General Michael Flynn. [*Id., ¶ 23(a), pp. 16-25*].   Jack Flynn never intended to support any violent extremist group.   The R&R disregards this important fact.   In sum, none of Jack Flynn's tweets and retweets in 2020 show that he was an acolyte, adherent, convert and disciple of QAnon.

Leslie Flynn is even more removed.   Contrary to the R&R, p. 31, Leslie Flynn did **not** forward the tweet to Jack Flynn that included the "Q" and "#WWG1WGA".   The lone tweet offered by CNN does not show that Leslie Flynn followed anything.   Indeed, CNN offers no context for Leslie Flynn's tweet:

---

[3]       Contrary to the R&R, p. 32, Jack Flynn did not say that QAnon's principles "work for" him.   Rather, he prefaced the statement with a big "**if**".   His statement was entirely rhetorical. *[Am. Compl., ¶ 23(a), p. 15]*.

[4]       Jack Flynn retweeted an anonymous Twitter user who stated that "Qanon is not violent or conspiracy.  We are every day people seeking truth.  I am a family man. I am educated, and run my own business.  I work hard, and spend my spare time with my family.  I enjoy golf and reading.  Qanon's, share and tell your story."  Contrary to the R&R, p. 31, this is **not** Jack Flynn's tweet. Jack Flynn did **not** use the word "we".  These were the words of an anonymous Twitter user who supported General Flynn.  Jack retweeted the message to thank the person for his support of General Flynn.  Apart from the mistaken attribution of the tweet to Jack, the Magistrate Judge completely ignores the context of the retweet, and deprives Jack Flynn of the opportunity to put of evidence to explain the retweet and to show that it was not done because Jack Flynn followed the opinions or teachings of QAnon.  To the contrary, Jack admired many of the qualities espoused by the anonymous user, *i.e.*, that he was a family man and respected family. Similarly, Jack retweeted Veronica P. Wolski only because she was a true supporter of General Flynn. [*See ECF No. 19-12, pp. 5-8*].



[*ECF No. 19-13*].  The R&R, pp. 31-32, lumps Leslie Flynn in with Jack Flynn – calling them the "Flynns" – without any explanation.  This is obvious error.  Regardless of the definition used, Leslie was never a "QAnon follower".

Because Jack Flynn and Leslie Flynn's respective Twitter feeds do not contradict their allegation that "Jack did not use QAnon slogans or code language or retweet users because they had a 'Q' in their handle," [*Am. Compl., ¶ 23(a), p. 16*], it is error for the Magistrate Judge to refuse to credit the express allegations in the amended complaint in determining the plausibility of the Flynn's claims.[5]

**B.      CNN Was Negligent**

In their amended complaint, ¶ 22, the Flynns allege that "CNN lacked reasonable grounds for a belief in the truth of its statements, and acted negligently in failing to determine the true facts.  CNN failed to contact Plaintiffs prior to publication and had no independent evidence to corroborate that Plaintiffs were followers or supporters of QAnon because none exists."  The Flynns also assert in paragraph 23(a) of the amended complaint that "CNN knew where was no basis for linking [them] to any domestic violent extremist groups, including QAnon."

---

[5]      The R&R states that the Court "agrees that falsely implying a connection to a violent extremist group can be defamatory — but as set forth above, CNN's statement connecting the Flynns to QAnon is not substantially false." *R&R, p. 33*.  Although the subject header on page 29 of the R&R states "CNN Calling the Flynns QAnon Followers Was Neither Substantially False Nor Defamatory", it appears that the Magistrate Judge agrees that the statement, if materially false, is capable of a defamatory meaning.

Accepted as true, these allegations are sufficient to plausibly allege that CNN acted negligently. *Evanger's v. Thixton*, 412 F.Supp.3d 889, 899 (N.D. Ill. 2019) ("Evanger's alleges that 'Thixton knew, or deliberately and recklessly failed to verify' the fact that Evanger's did not manufacture Wild Calling cat food.  That allegation goes beyond negligence"); *Merritt v. Shuttle, Inc.*, 13 F.Supp.2d 371, 385 (S.D.N.Y. 1998) ("Plaintiff properly alleges that a false or defamatory statement was published with fault greater than negligence … Liberal pleading standards apply to defamation complaints … Thus, defendant's motion is denied."); *D Mag. Part., L.P. v. Rosenthal*, 2021 WL 2351169, at * 11-12 (Tex.App. 2021) ("When the plaintiff is a private party seeking defamation damages from a media  defendant, the defendant is negligent if it knew or should have known a defamatory statement was false or failed to investigate the truth or falsity of the  statements … [T]here is more than a scintilla of evidence that D Magazine failed to investigate the truth or falsity of the statements in the Article before it was published.  Viewing the evidence in the light most favorable to Bender, fact issues exist whether D Magazine negligently published the Article").

Contrary to the well-established standard of review, the R&R, p. 35, rejects the Flynn's allegations and adopts CNN's position.  The R&R states that "CNN contends that the Flynns have failed to plausibly allege negligence, because the Flynns do not dispute that they said 'where we go one we go all,' and that QAnon uses that phrase."  The problem with this contention is that it contradicts the express allegations in the amended complaint that "where we go one we go all" is not a QAnon phrase and was not intended as such by the Flynns at the July 4, 2020 barbecue.  These factual issues cannot be resolved on a motion to dismiss under Rule 12(b)(6).  Discovery and evidence is needed.

The R&R states that "CNN also notes that Leslie herself 'twice liked Tweets that undeniably express support for QAnon.'"  The problem here is that Leslie Flynn **_never_** "liked Tweets" that express support for QAnon. [*See ECF No. 19-13*].  As the Flynns allege, CNN had no grounds to believe that the Flynns supported and followed the QAnon movement.

**C.**      **CNN's Statement Is Defamatory Per Se; The Flynns Allege Special Damages**

The Rhode Island Supreme Court has explained that "a statement is defamatory *per se* if it charges improper conduct, lack of skill, or integrity in one's profession or business, and is of such a nature that it is calculated to cause injury to one in his profession or business." *Marcil v. Kells*, 936 A.2d 208, 213 (R.I. 2007).  In Rhode Island, it is well-established that "summary judgment is a proper vehicle for a trial justice to determine whether a particular statement is defamatory *per se.*" *Kevorkian v. Glass*, 774 A.2d 22, 24 (R.I. 2001).

The Flynns allege that CNN's false statement is defamatory per se because the statement "accuse[s] and impute[s] to [the Flynn's an unfitness to perform the duties of an office or employment for profit, including being members of a dangerous, violent, insurrectionist, domestic terrorist organization." [*Am. Compl., ¶ 19*].  These allegations must be accepted as true at this stage of the proceeding.  By implying that the Flynns are "prone to violence, lack good judgment and harbor extremist views," CNN has cast them as the opposite of "good business people."  Statements such as CNN's, falsely implying a connection between a person and a violent extremist group, are routinely held to be defamatory *per se*. *Petro-Lub. Test. Lab., Inc. v. Adelman*, 233 N.J. 236, 184 A.3d 457, 469 (2018) (allegations—imputing to plaintiff white supremacist views and imputing to

him a specific animus toward people based on their religious denominations and sexual orientations—"clearly are defamatory by impugning Wintermute's character"); *Sigafus v. St. Louis Post-Dispatch, LLC*, 109 S.W.3d 174, 175 (Mo.App. 2003) (article stated that the "Christian Identity Movement is comprised of white supremacists and anti-Semites", and listed plaintiffs as affiliates of the Christian Identity Movement); *O'Donnell v. Philadelphia Record Co.*, 356 Pa. 307, 311, 51 A.2d 775 (1947) (accusation that plaintiff was a "[n]aziphile" was "libelous per se"); *Goodrich v. Reporter Pub. Co.*, 199 S.W.2d 228, 230 (Tex.App. 1946) ("No doubt is entertained that to falsely assert in printing that a citizen of this or any other country on the face of the earth is a pro-Nazi is libelous per se").

Even if CNN's statement is not defamatory per se, the Flynns plausibly allege special damages. [*Am. Compl., ¶¶ 21, 24, 29*]. The Flynn's allege actual economic harm.[6] The Flynn's allegations give CNN notice. *Suarez Matos v. Ashford Presb. Comm. Hosp., Inc.*, 4 F.3d 47, 52 (1st Cir. 1993) ("Decisions on what needs to be pleaded by way of special damages are sparse. The tendency is liberalization. We believe the purpose is to give notice; the more natural are the damages, the less pleading is needed. We are satisfied with 'Karen will incur in (sic) extensive major medical costs and expenses and will require costly health care services until her death.' The subject had been opened; defendants could seek details by inquiry."); *ADT, LLC v. Vivant Smart Home, Inc.*, 2021

---

[6]    [*Am. Compl., ¶ 21 ("In addition to the pain, emotional suffering, insult, embarrassment, humiliation, and injury to reputation, CNN's publication caused career damage, loss of future earnings, impaired and diminished earning capacity)*; *Conejo v. Am. Fed'n of Gov't Emps., AFL-CIO*, 377 F.Supp.3d 16, 32 (D. D.C. 2019) (allegations that plaintiff "suffered and continues to suffer career damage, loss of consideration for career advancement, personal and professional embarrassment and humiliation, and emotional pain and suffering" sufficiently stated special damages)].

WL 4478932, at * 2 (S.D. Fla. 2021) ("Rule 9(g) [of the Federal Rules of Civil Procedure] requires no more than a specific statement that allows a defendant to prepare a responsive pleading and begin its defense"); *Yergey v. Brinker Florida, Inc.*, 2020 WL 10817751, at * 2 (M.D. Fla. 2020) ("Plaintiff need only allege what *type* of special damages it seeks (lost support and services) to put Defendant on notice of the claim.") (emphasis in original).

The Flynn's also allege general damages, which is sufficient to uphold a jury verdict under Rhode Island law. *Healey v. New England Newspapers, Inc.*, 555 A.2d 321, 327 (R.I. 1989) ("Drawing all inferences in favor of plaintiff, we conclude that there is ample evidence that plaintiff suffered mental anguish and humiliation as a result of the impressions relayed to plaintiff by family, friends, and professional associates after they read the article in question" – jury verdict upheld); *Bosler v. Sugarman*, 440 A.2d 129, 132 (R.I. 1982) ("The award of compensatory damages in an action for slander may be based upon the mental anguish and humiliation experienced as a result of the defamatory statements … In addition to the mental suffering and humiliation, there was testimony that plaintiff had suffered injury to his health as a reaction to the statements made by defendant."); *see also Fiori v. Truck Drivers, Local 170*, 354 F.3d 84, 87 (1st Cir. 2004) ("Under Massachusetts law, allowable defamation damages include 'special damages'— proximately caused economic losses—and also (in the case of libel) any non-economic 'harm to reputation and mental suffering' … The emotional distress need be no more than "outrage" and "anger" upon seeing the libelous statements, since mental distress is the "natural result" of libel … Fiori testified that he felt 'humiliated' when he saw the Foley letter, said that he had to deal with 'a lot of accusations' from other union members, and

explained that 'there's not enough hours in the day to explain to the people that don't

know you that it's inaccurate, it's not true, and that I didn't do anything wrong.'  He

testified about his embarrassment and how he 'didn't sleep good' after the accusations.

This mental distress is sufficient to allow the libel claim to go to the jury.  The fact that

Fiori admitted he had no physical symptoms besides minor sleep loss, sought no medical

attention and took no medicine might limit the award that could reasonably be allowed

for mental suffering").

**D.**     **The Flynns Plausibly Allege A Claim of False Light**

Because the Flynns plausibly allege that CNN made a materially false,

defamatory statement, the R&R incorrectly concludes that they have not adequately

alleged a false light claim under Rhode Island law.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Plaintiffs, John P. "Jack" Flynn and Leslie A. Flynn,

respectfully request the Court to reject in part the R&R.[7]

DATED:        November 5, 2021

Signature of Counsel on Next Page

---

[7]        Except as stated in these written objections, the Flynns request that the
R&R be approved.  For instance, the R&R correctly concludes that the Flynns are private
individuals and that CNN's false and defamatory statements are of or concerning the
Flynns.

Respectfully Submitted,

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN


By:     */s/ Steven S. Biss*
       Steven S. Biss (VSB # 32972)
       300 West Main Street, Suite 102
       Charlottesville, Virginia 22903
       Telephone:     (804) 501-8272
       Facsimile:     (202) 318-4098
       Email:          stevenbiss@earthlink.net
       (*Admitted Pro Hac Vice*)

       Anthony C. Carlini, Jr., Esquire
       (New York Bar # 2648374)
       Handel & Carlini, LLP
       1984 Hackensack Road
       Poughkeepsie, NY 12603
       Telephone:  (845) 454-2221
       Facsimile:  (845) 471-1005
       Email: anthony@handelcarlini.com

       *Counsel for the Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 5, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:    */s/ Steven S. Biss*
         Steven S. Biss (VSB # 32972)
         300 West Main Street, Suite 102
         Charlottesville, Virginia 22903
         Telephone:    (804) 501-8272
         Facsimile:     (202) 318-4098
         Email:         stevenbiss@earthlink.net
         (*Admitted Pro Hac Vice*)

         Anthony C. Carlini, Jr., Esquire
         (New York Bar # 2648374)
         Handel & Carlini, LLP
         1984 Hackensack Road
         Poughkeepsie, NY 12603
         Telephone:  (845) 454-2221
         Facsimile:  (845) 471-1005
         Email: anthony@handelcarlini.com

         *Counsel for the Plaintiffs*