```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN P. "JACK" FLYNN & LESLIE A.              :
FLYNN.                                                          :
                                                                      :
                                         Plaintiffs,   :            1:21-cv-2587-GHW
                                                                      :
                      -against-                          :            MEMORANDUM OPINION &
                                                                      :                    ORDER
CABLE NEWS NETWORK, INC.,               :
                                                                      :
                                       Defendant.    :
                                                                      :
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

  On February 3, 2021, Defendant Cable News Network ("CNN") aired a report entitled

"CNN Goes Inside A Gathering of QAnon Followers."  The report included a brief clip of

Lieutenant General Michael Flynn proclaiming, "where we go one, we go all."  Plaintiffs John P.

("Jack") and Leslie A. Flynn (collectively, "the Flynns") are shown in the clip standing next to

General Flynn, who is Jack's brother.  The Flynns brought claims of defamation and false light

against CNN, alleging that they are not followers of QAnon.  CNN moved to dismiss the Flynns'

claims, arguing that the Flynns' Twitter activity establishes that they were QAnon followers.  On

October 22, 2021, Magistrate Judge Sarah L. Cave issued a Report and Recommendation (the

"R&R") granting CNN's motion to dismiss the Flynns' claims with prejudice.  The Court adopts the

R&R in part and rejects it in part.  Because the Flynns have not plausibly pleaded special damages or

that CNN's statements were defamatory *per se*, the Flynns' defamation claim is dismissed.  However,

the Flynns sufficiently allege a false light claim.  For those, and the other reasons set forth below,

CNN's motion to dismiss is GRANTED in part and DENIED in part.

## I.      BACKGROUND

The Court refers to the R&R for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion.

The Flynns filed this action on March 25, 2021.  Dkt. No. 1.  On May 7, 2021, the Flynns filed an amended complaint.  Am. Compl., Dkt. No. 7.  The Court referred the parties to Judge Cave for dispositive motions on May 14, 2021.  Dkt. No. 14.  CNN filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on June 21, 2021.  Dkt. Nos. 17–19.  CNN also sought to recover its fees, costs, and expenses for filing the motion to dismiss.  Dkt. No. 18 at 25.  The Flynns filed their opposition to the motion on July 6, 2021.  Dkt. No. 23.  CNN's reply was filed shortly thereafter.  Dkt. No. 26.  Judge Cave held oral argument on October 14, 2021.  *See* Dkt. No. 29.  After oral argument, the parties submitted supplemental letters to the Court. Dkt. Nos. 35–37.

Judge Cave issued the R&R on October 22, 2021, granting CNN's motion to dismiss the defamation and false light claims and denying CNN's request for fees, costs, and expenses.  Dkt. No. 38.  The Flynns timely filed objections to the R&R on November 5, 2021.  Flynns' Objs. to the R&R ("Flynn Objs."), Dkt. No. 39.  CNN did not file objections to the R&R.  CNN filed a response to the Flynns' objections on November 19, 2021.  Dkt. Nos. 40–41.

## II.     LEGAL STANDARD

### A.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

**B. Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S.

at 679. The court must accept all facts alleged in the complaint as true and draw all reasonable

inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)

(per curiam). However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice." A complaint must therefore contain more
> than "naked assertion[s] devoid of further factual enhancement." Pleadings that
> contain "no more than conclusions . . . are not entitled to the assumption of truth"
> otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting

*Iqbal*, 556 U.S. at 678–79). Thus, a complaint that offers "labels and conclusions" or "naked

assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556

U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the

complaint." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v.

Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). In that context, "[a] court's task is to assess the legal

feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on

either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "The purpose of Rule

12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a

claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses

the legal feasibility of the complaint, but does not weigh the evidence that might be offered to

support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a

district court may consider the facts alleged in the complaint, documents attached to the complaint

as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable

L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). As the Second Circuit recently reaffirmed in *Lynch*, "[i]t is

well established that a pleading is deemed to include any 'written instrument' that is attached to it as

4

'an exhibit,' or is incorporated in it by reference." *Lynch*, 952 F.3d at 79 (citations omitted).  Courts may also consider "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

A court can also consider documents that are "integral to" the complaint. *Id.*  In order for a document to meet this exception to the general principle that a court may not consider documents outside of the pleadings without converting the motion to one for summary judgment, the complaint must rely heavily upon its terms and effects.  *See DiFolco*, 622 F.3d at 111 ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effects, thereby rendering the document integral to the complaint.") (internal quotation marks omitted)).

"Where a district court considers material outside of the pleadings that is not attached to the complaint, incorporated by reference, or integral to the complaint, the district court, to decide the issue on the merits, must convert the motion into one for summary judgment." *United States ex rel. Foreman v. AECOM*, No. 20-2756-CV, 2021 WL 5406437, at *11 (2d Cir. Nov. 19, 2021).  "This requirement 'deters trial courts from engaging in factfinding when ruling on a motion to dismiss and ensures that when a trial judge considers evidence [outside] the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it.'" *Id.* (alteration in original) (quoting *Glob. Network Commc'ns, Inc.*, 458 F.3d at 155).  "A district court therefore 'errs when it consider[s] affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.'"  *Id.* (alteration in original) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000)).

### C.  Defamation

Under Rhode Island law, "[t]o prevail in a defamation action, a plaintiff must prove:  (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) damages, unless the statement is actionable irrespective of special harm." *Marcil v. Kells*, 936 A.2d 208, 212 (R.I. 2007) (internal quotation marks omitted) (quoting *Lyons v. R.I. Pub. Emps. Council 94*, 516 A.2d 1339, 1342 (R.I. 1986)).  "A false statement is one whose 'gist or . . . sting' is untrue." *RainSoft v. MacFarland*, 350 F. Supp. 3d 49, 57 (D.R.I. 2018) (quoting *Healey v. New Eng. Newspapers, Inc.*, 555 A.2d 321, 325 (R.I. 1989)).  "[W]hen falsity is an element of a state defamation claim, federal courts have required plaintiffs to plead facts that, if proven, would allow a reasonable person to consider the statement false." *Tannerite Sports, LLC v. NBCUniversal News Grp., a div. of NBCUniversal Media, LLC*, 864 F.3d 236, 247 (2d Cir. 2017).  "A false statement is defamatory if, 'in the context of the publication in which [it] appear[s],' and according to its 'plain and ordinary meaning in the community in which [it is] published,' the statement 'tends to degrade [the plaintiff] in society or bring [the plaintiff] into public hatred and contempt.'" *RainSoft*, 350 F. Supp. 3d at 57 (alterations in original) (quoting *Swerdlick v. Koch*, 721 A.2d 849, 860 (R.I. 1998)).  "Whether the meaning of a particular communication is defamatory is a question of law for the court to decide rather than a factual issue for a jury to determine." *Marcil*, 936 A.2d at 213 (R.I. 2007).

### D.  False Light

Under Rhode Island law, every person has "[t]he right to be secure from publicity that reasonably places another in a false light before the public."  9 R.I. Gen. Laws § 9-1-28.1(a)(4).  To recover for a violation of that right, a plaintiff must establish that "[t]here has been some publication of a false or fictitious fact which implies an association which does not exist; [and] [t]he association which has been published or implied would be objectionable to the ordinary reasonable man under

the circumstances." *Id.* "[I]t is the responsibility of the court to determine as a matter of law whether a statement portrays an individual in a false light under § 9–1–28.1(a)(4)." *Cullen v. Auclair*, 809 A.2d 1107, 1112 (R.I. 2002). "Unlike defamation, a false-light action requires that a plaintiff be given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." *Id.* (internal quotation marks omitted) (quoting *Swerdlick*, 721 A.2d at 861). "Furthermore, a plaintiff properly states a cause of action for false light when 'there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position.'" *Id.* (quoting *Swerdlick*, 721 A.2d at 861–62)).

## III.   DISCUSSION

In the R&R, Judge Cave held that certain tweets made by the Flynns were "integral to" the complaint and therefore could be considered in deciding the motion to dismiss, even though the tweets were submitted by CNN.[1]  R&R at 22–23.  Judge Cave concluded that the Flynns' tweets establish that they were QAnon followers.  *Id.* at 29–33.  As a result, Judge Cave held that CNN's statement that the Flynns were QAnon followers was neither false nor defamatory and that the Flynns failed to sufficiently allege that CNN was negligent in making the statement.  *Id.*  Similarly, Judge Cave concluded that the Flynns had not adequately pleaded a false light claim because they could not allege that CNN's statements implied an association which did not exist.  *Id.* at 40.

---

[1] The Flynns did not object to this portion of the R&R.  Accordingly, the Court reviews Judge Cave's determination that the tweets were integral to the complaint for clear error, and finds none.  Although it was not clear error to hold that the tweets were integral to the complaint, the Court observes that the tweets are not akin to the type of documents that the Second Circuit has held fall under this exception.  *See Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 ("In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls . . . ."); *AECOM*, 2021 WL 5406437, at *11 (stating that "a document may be considered 'integral' to the complaint in a narrow set of circumstances" and noting that the Second Circuit has "recognized the applicability of this exception where the documents consisted of emails that were part of a negotiation exchange that the plaintiff identified as the basis for its good faith and fair dealing claim, or consisted of contracts referenced in the complaint which were essential to the claims" (citations omitted) (first citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); and then citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002))).

The Flynns object to Judge Cave's conclusion that the Flynns' tweets establish that they were QAnon followers. Whether the Flynns were QAnon followers, and in particular, whether the Flynns were "followers" as that word is understood in the context of CNN's publication, is a highly fact-intensive inquiry. *See RainSoft*, 350 F. Supp. 3d at 57. Here, the Flynns specifically allege that they are not QAnon followers and allege that Jack's tweets show that he "embraced the Constitution and equal justice under the law . . . not the dangerous, extremist, racist, anti-Semitic and violent beliefs espoused by QAnon" and that he has "denied basic tenets of the QAnon movement." Am. Compl. ¶¶ 6, 23. At the motion to dismiss stage, the Court cannot discredit these factual allegations and must draw all reasonable inferences in the Flynns' favor. Further, although "[t]he truth of factual allegations that are contradicted by documents properly considered on a motion to dismiss need not be accepted," *BYD Co. Ltd. v. VICE Media LLC,* 531 F. Supp. 3d 810, 825 (S.D.N.Y. 2021) (quoting *In re Aegon N.V. Sec. Litig.*, No. 03-CV-0603, 2004 WL 1415973, at *5 (S.D.N.Y. June 23, 2004)), the Flynns' tweets do not conclusively contradict their factual allegations. Even though the tweets express support for QAnon and are therefore evidence that the Flynns were QAnon followers, the Court cannot weigh evidence in deciding a motion to dismiss. Instead, the Court's task is to assess the legal feasibility of the complaint. Because the Court accepts the Flynns' allegation that they are not QAnon followers as true, the Flynns have plausibly alleged that CNN's statement was false. Consequently, the Flynns have also plausibly alleged that CNN's statement was defamatory. *See* R&R at 33 ("[F]alsely implying a connection to a violent extremist group can be defamatory.").

Next, the Flynns object to the R&R's conclusion that the Flynns failed to plausibly allege that CNN was negligent as required to plead their defamation claim. Judge Cave held that "the Flynns have not alleged, and cannot allege, that CNN lacked reasonable grounds for believing the truth of the statement that they were QAnon followers" because the Flynns' tweets, which CNN

viewed, establish that the Flynns were QAnon followers. R&R at 35–36. As discussed, the Court cannot conclude, at the motion to dismiss stage, that the Flynns tweets establish that they were QAnon followers. Thus, the tweets do not preclude the Flynns' allegation that CNN was negligent. The Flynns allege that "CNN failed to contact Plaintiffs prior to publication and had no independent evidence to corroborate that Plaintiffs were followers or supporters of QAnon" and that the Flynns' tweets gave CNN "no basis for linking Leslie or Jack to any domestic violent extremist groups, including QAnon." Am. Compl. ¶¶ 22–23. These allegations, which the Court must accept as true, are sufficient to plausibly allege that CNN did not have reasonable grounds to believe that the Flynns were QAnon followers. *See* Restatement (Second) of Torts § 580B cmt. g (1977) (defining negligence as to "the truth or falsity of the defamatory statement" as "whether [the defendant] had reasonable grounds for believing that the communication was true" or "whether the defendant acted reasonably in checking on the truth or falsity or defamatory character of the communication before publishing it").

Last, the Flynns object to the R&R's conclusion that the Flynns "failed to state a defamation claim under Rhode Island law" because CNN's statements "did not constitute defamation per se" and "the Flynns were required to, but failed to, plead special damages." R&R at 38. To adequately plead their defamation claim, the Flynns must either plead special damages, or plead that CNN's statements are actionable as defamation *per se*. *See Marcil*, 936 A.2d at 212. "[D]efamation *per se* is distinguished from defamation because in the former, 'a plaintiff can establish liability without a showing of special or pecuniary damages because those damages are presumed.'" *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, No. CV 10-207-M, 2014 WL 12782199, at *6 (D.R.I. Jan. 15, 2014) (quoting *Nassa v. Hook-SupeRx, Inc.*, 790 A.2d 368, 374 (R.I. 2002)), *aff'd*, 775 F.3d 12 (1st Cir. 2014). "This presumption rests on the fact that in a defamation *per se* situation, the statements are so egregious

and reputation shattering that there can be no question that the defamed party's reputation suffered as a result." *Id.* (citing *Marcil*, 936 A.2d at 212).

The complaint fails to allege sufficient facts to establish that the Flynns suffered special damages. To establish special damages the Flynns must allege actual economic harm. *See Sequin, LLC v. Renk*, No. CV 20-62WES, 2021 WL 124250, at *10 (D.R.I. Jan. 13, 2021), *report and recommendation adopted*, No. CV 20-062 WES, 2021 WL 391519 (D.R.I. Feb. 4, 2021); *see also* Restatement (Second) of Torts § 575 (1977) ("Special harm . . . is the loss of something having economic or pecuniary value."). Although Jack claims that he is "afraid that he will be terminated," the complaint does not contain any facts to support that the Flynns have suffered any actual economic harm. Am. Compl. ¶ 8. Instead, the complaint merely includes the conclusory allegation that CNN's allegedly defamatory statements caused "presumed damages, actual damages and special damages, including, but not limited to, insult, pain, embarrassment, humiliation, emotional suffering, injury to their reputations, lost future earnings and diminished earning capacity, costs and other out-of-pocket expenses, in the sum of $75,000,000.00." *Id.* ¶ 24. Because the complaint lacks any factual enhancement to support these conclusory allegations, the complaint is insufficient to support an inference that the Flynns suffered actual economic harm. *See Sequin*, 2021 WL 124250, at *10 ("[The complaint] states only that '[Plaintiff] has suffered, and continues to suffer substantial damages, including without limitation, the reasonable expectation loss of current and/or future clients.' This paragraph is devoid of any facts permitting the inference that [Plaintiff] has actually lost business because of the accused statements. It is precisely the quality of pleading—a boilerplate allusion to unspecified facts in conformity to a legal blueprint—that *Twombly/Iqbal* instructs is not enough for plausibility." (internal citation omitted)).

The Flynns also fail to adequately plead that CNN's statements were defamatory *per se*. "When a defamation plaintiff does not allege special or actual pecuniary damages, its claim must

meet the higher bar of *per se* defamation to be viable." *Id.* at *8. "To be actionable as [defamation] *per se*—without proof of special damages—the false statement must impute to the other:  (1) a 'criminal offense,' (2) a 'loathsome disease,' (3) a 'matter incompatible with his business, trade, profession, or office,' or (4) a 'serious sexual misconduct.'" *Marcil*, 936 A.2d at 212 (quoting Restatement (Second) Torts § 570 (1977)).  For defamation affecting a business, "a statement is defamatory *per se* if it charges improper conduct, lack of skill, or integrity in one[']s profession or business, and is of such a nature that it is calculated to cause injury to one in his profession or business." *Id.* at 213.  "[T]he disparaging words must affect the plaintiff in some way that is peculiarly harmful to one engaged in his trade or profession; disparagement of a general character, equally discreditable to all persons, is not enough unless the particular quality is peculiarly valuable to the plaintiffs business or profession." *Id.*

Here, the complaint alleges that CNN's statements "accuse and impute to Plaintiffs an unfitness to perform the duties of an office or employment for profit, including being members of a dangerous, violent, insurrectionist, domestic terrorist organization." Am. Compl. ¶ 19.  The Flynns argue that "[b]y implying that the Flynns are prone to violence, lack good judgment and harbor extremist views, CNN has cast them as the opposite of good business people." Flynn Objs. at 10 (internal quotation marks omitted).  The Flynns have not alleged any facts suggesting that these qualities are peculiarly valuable to Jack as a General Manager of a seafood processing business, or to Leslie as a stay-at-home mother.  Instead, the defamation alleged by the Flynns is disparagement of a general character that would be equally discreditable to all persons, which is not actionable *per se* under Rhode Island law.  *See Marcil*, 936 A.2d at 213.  Because the Flynns failed to plausibly allege that they suffered special damages or that CNN's statements were defamatory *per se*, CNN's motion to dismiss the Flynns' defamation claim is granted.

The Flynns also object to the R&R's conclusion that the Flynns failed to adequately plead a false light claim. For the reasons described above, the Flynns have plausibly alleged that CNN published a false fact which implies an association which does not exist—that the Flynns were QAnon followers. CNN does not dispute that the Flynns have adequately pleaded the other elements of a false light claim. *See* CNN Mem. of Law, Dkt. No. 18, at 24. Accordingly, the Flynns have adequately pleaded a false light claim. *See* 9 R.I. Gen. Laws § 9-1-28.1(a)(4). CNN's motion to dismiss the Flynns' false light claim is denied.

As a final matter, the Court has reviewed the portions of the R&R to which neither party objected for clear error, and finds none. The Court adopts those portions of the R&R in full.

## IV.    LEAVE TO AMEND

The Court grants the Flynns leave to replead their defamation claim. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). While leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," those circumstances do not apply in this case. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted). Any amended complaint must be filed no later than fourteen days from the date of this order.

## V.    CONCLUSION

For the foregoing reasons, the Court adopts Judge Cave's report and recommendation in part and rejects it in part. The Flynns' defamation claim against CNN is dismissed, but the Flynns' false light claim is adequately pleaded. Accordingly, CNN's motion to dismiss is GRANTED in part

and DENIED in part.

SO ORDERED.

Dated:  December 16, 2021
New York, New York

_____
GREGORY N. WOODS
United States District Judge