IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------x
JOHN P. "JACK" FLYNN                      :
LESLIE A. FLYNN                           :
                                          :
        Plaintiffs,                       :
                                          :
v.                                        :    Case 1:21-cv-02587-GHW/SLC
                                          :
                                          :
CABLE NEWS NETWORK, INC.                  :
                                          :
        Defendant.                        :
--------------------------------------------------------x
```

# PLAINTIFFS' MEMORANDUM IN OPPOSITON TO CNN'S MOTION FOR RECONSIDERATION

Plaintiffs, John P. "Jack" Flynn and Leslie A. Flynn (the "Flynns"), by counsel, respectfully submit this Memorandum in Opposition to the motion for reconsideration of the Court's December 16, 2021 Memorandum Opinion and Order filed by defendant, Cable News Network, Inc. ("CNN"). [*ECF No. 49*].

## I. INTRODUCTION

The District Court's Memorandum Opinion and Order reflects a thorough and well-reasoned *de novo* review of the issues at this stage of the proceeding. The Court's task was to assess the legal feasibility of the Flynns' amended complaint. The Flynns objected to Magistrate Judge Cave's conclusion that the Flynns' tweets[1] established that they were QAnon followers. The District Court sustained the Flynn's objection. The

---

[1] CNN proffered one (1) tweet from Leslie Flynn in support of its argument that Leslie was a "QAnon follower". [*See ECF No. 19-13*]. **That tweet provides absolutely no support for CNN's position.**

Court reasoned that: "Whether the Flynns were QAnon followers, and in particular, whether the Flynns were 'followers' as that word is understood in the context of CNN's publication, is a highly fact-intensive inquiry.  Here, the Flynns specifically allege that they are not QAnon followers and allege that Jack's tweets show that he 'embraced the Constitution and equal justice under the law … not the dangerous, extremist, racist, anti-Semitic and violent beliefs espoused by QAnon' and that he has 'denied basic tenets of the QAnon movement.'  At the motion to dismiss stage, the Court cannot discredit these factual allegations and must draw all reasonable inferences in the Flynns' favor." "Because the Court accepts the Flynns' allegation that they are not QAnon followers as true, the Flynns have plausibly alleged that CNN's statement was false.  Consequently, the Flynns have also plausibly alleged that CNN's statement was defamatory. *See* R&R at 33 ("[F]alsely implying a connection to a violent extremist group can be defamatory.")." "As discussed, the Court cannot conclude, at the motion to dismiss stage, that the Flynns tweets establish that they were QAnon followers.  Thus, the tweets do not preclude the Flynns' allegation that CNN was negligent.  The Flynns allege that 'CNN failed to contact Plaintiffs prior to publication and had no independent evidence to corroborate that Plaintiffs were followers or supporters of QAnon' and that the Flynns' tweets gave CNN 'no basis for linking Leslie or Jack to any domestic violent extremist groups, including QAnon.'  These allegations, which the Court must accept as true, are sufficient to plausibly allege that CNN did not have reasonable grounds to believe that the Flynns were QAnon followers." [ECF No. 42 ("Memorandum Opinion and Order"), pp. 8, 9].

  The District Court faithfully adhered to the standard of review and accorded due and proper deference to the Flynn's allegations and CNN's arguments.

## II.  DISCUSSION

Strict standards govern motions for reconsideration and interlocutory appeal, which should be granted only in exceptional and rare circumstances. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v CSX Transp., Inc.*, 70 F3d 255, 257 (2nd Cir. 1995).  It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 Fed.Appx. 97, 101 (2nd Cir. 2018) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2nd Cir. 2012)); *Simon v. Smith & Nephew, Inc.*, 18 F.Supp.3d 423, 425 (S.D.N.Y. 2014), *aff'd*, 663 Fed.Appx. 71 (2nd Cir. 2016) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made."). Similarly, motions for an interlocutory appeal are generally denied because "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Facebook, Inc.*, 986 F.Supp.2d 524, 529-530 (S.D.N.Y. 2014) (internal quotations marks, alteration, and citation omitted).  In fact, the Second Circuit urges "district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuels Gas Distrib Corp.*, 964 F.2d 85, 89 (2nd Cir. 1992).

 This case presents no "exceptional" or "rare" circumstances.

The District Court did not "overlook" any argument presented by CNN. CNN cannot meet the lofty standards necessary for reconsideration or interlocutory appeal. The fact that CNN disagrees with the District Court's decision and is attempting to "relitigate" the issue, is not a basis for reconsideration. *Aleksanian v. Uber Technologies, Inc.*, 2021 WL 6137095, at * 1 (S.D.N.Y. 2021) ("The gravamen of Plaintiff's motion is their disagreement with the Court's conclusion. But mere disagreement with the Court's factual analysis is not sufficient grounds to baldly proclaim fallacy in the Court's reasoning."). CNN has also taken liberties with the District Court's Memorandum Opinion and Order, to which the Flynns' object. First, CNN represents that the District Court held that the Flynn's false light claim survived because "Plaintiffs' expressions of support for QAnon did not 'conclusively contradict' Plaintiffs' factual allegations that they were not QAnon followers." [*CNN Mot., p. 1*]. This is not accurate. The District Court never adopted a "conclusive falsity" standard. What the District Court correctly found is that:

> "[a]t the motion to dismiss stage, the Court cannot discredit these factual allegations and must draw all reasonable inferences in the Flynns' favor. Further, although '[t]he truth of factual allegations that are contradicted by documents properly considered on a motion to dismiss need not be accepted,' the Flynns' tweets do not conclusively contradict their factual allegations. Even though the tweets express support for QAnon and are therefore evidence that the Flynns were QAnon followers, the Court cannot weigh evidence in deciding a motion to dismiss. Instead, the Court's task is to assess the legal feasibility of the complaint."

[*Memorandum Opinion and Order, p. 8 (citations omitted)*]. Second, CNN argues that the District Court "held" that "Jack and Leslie Flynn have repeatedly and publicly expressed support for and aligned themselves with QAnon." [*CNN Mot., p. 2*]. The District Court made no such finding or holding.

None of CNN's arguments is new. CNN claims that "Plaintiffs have repeatedly and publicly aligned themselves with QAnon." The Flynns dispute this contention. CNN claims that "[a]s a matter of law, no reasonable viewer could conclude that it is materially false to describe them as QAnon followers." The Flynn's dispute this contention. CNN repeats the arguments it made in support of its motion to dismiss – all the same arguments that the Flynns have addressed in prior briefs, including in their Objections to the Magistrate's Report and Recommendation ("R&R"). In reality, CNN is asking the Court to "weigh the evidence" and the credibility of the parties on a motion to dismiss. Plainly, the Court cannot do this. *See, e.g., Drew v. New York City Health and Hospitals Corp.*, 2022 WL 44751, at 1 (S.D.N.Y. 2022) ("The Court's function on a motion to dismiss is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient.") (citing *Goldman v. Belden*, 754 F.2d 1059, 1067 (2nd Cir. 1985)); *Sing for Service, LLC D/B/A Mepco v. Dowc Administration Services*, 2022 WL 36478, at * 13 (S.D.N.Y. 2022) (Woods., J.) ("The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it.") (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2nd Cir. 2006)); *see Palin v. New York Times Company*, 940 F.3d 804, 812 fn. 25 (2nd Cir. 2019) ("Even if the plaintiff had been given notice and the court had explicitly converted the motion [to dismiss] to one for summary judgment, we would still have to vacate because the district court's opinion relied on credibility determinations not permissible at any stage before trial.").

Finally, the District Court correctly found that the Flynn's alleged that CNN was negligent.[2] [*Memorandum Opinion and Order, p. 9 ("See* Restatement (Second) of Torts § 580B cmt. g (1977) (defining negligence as to "the truth or falsity of the defamatory statement" as "whether [the defendant] had reasonable grounds for believing that the communication was true" or "whether the defendant acted reasonably in checking on the truth or falsity or defamatory character of the communication before publishing it")]; *see Kassell v. Gannett Co., Inc.*, 875 F.2d 935, 944 (1st Cir. 1989) ("ample evidence existed for rational minds to adjudge USA guilty of negligence."); *Gettner v. Fitzgerald*, 297 Ga.App. 258, 677 S.E.2d 149, 155-157 (2009) (jury issue existed whether defendant's publication of the defamatory statement was negligent"); *Lansdowne v. Beacon Journal Pub. Co.*, 32 Ohio St.3d 176, 512 N.E.2d 979, 984 (1987) ("in private-figure defamation actions, where a prima facie showing of defamation is made by a plaintiff, the plaintiff must prove by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication."); *Triangle Publications, Inc. v. Chumley*, 253 Ga. 179, 317 S.E.2d 534, 537 (1984) ("the standard of conduct required of appellants will be defined by reference to the procedures a reasonable publisher in appellants' position would have employed prior to publishing an advertisement such as this one.  Appellants will be held to the skill and experience normally exercised by members of their profession.  Custom in the trade is relevant but not controlling.  When applying the ordinary care standard in this case, the jury is authorized to consider, among other factors: (1) whether the material was topical and required prompt publication, or whether sufficient time was available for a thorough

---

[2]   Although relevant to the Flynn's claim of defamation, CNN's "negligence" has no bearing on the Flynn's false light claims.

investigation of its contents; (2) the newsworthiness of the material and public interest in promoting its publication; and (3) the extent of damage to the plaintiff's reputation should the publication prove to be false; and (4) the reliability and trustworthiness of the source. The thoroughness of the accuracy check a reasonable person would make before publishing a defamatory statement will vary, depending on the relative weight of these factors and the circumstances of the case.") CNN's efforts to relitigate the matter should be rejected.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Plaintiffs, John P. "Jack" Flynn and Leslie A. Flynn, respectfully request the Court to deny CNN's motion for reconsideration.

DATED:       January 13, 2022

Signature of Counsel on Next Page

Respectfully Submitted,

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN


By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:        stevenbiss@earthlink.net
      (*Admitted Pro Hac Vice*)

      Anthony C. Carlini, Jr., Esquire
      (New York Bar # 2648374)
      Handel & Carlini, LLP
      1984 Hackensack Road
      Poughkeepsie, NY 12603
      Telephone:  (845) 454-2221
      Facsimile:  (845) 471-1005
      Email: anthony@handelcarlini.com

      *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:     (804) 501-8272
Facsimile:     (202) 318-4098
Email:     stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Anthony C. Carlini, Jr., Esquire
(New York Bar # 2648374)
Handel & Carlini, LLP
1984 Hackensack Road
Poughkeepsie, NY 12603
Telephone: (845) 454-2221
Facsimile: (845) 471-1005
Email: anthony@handelcarlini.com

*Counsel for the Plaintiffs*