UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
JOHN P. "JACK" FLYNN,
LESLIE A. FLYNN,

             Plaintiffs,

       - against -

CABLE NEWS NETWORK, INC.,

             Defendant.

---------------------------------------------------------------- x

Case: 1:21-cv-02587-GHW

# DEFENDANT CABLE NEWS NETWORK, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Davis Wright Tremaine LLP

Katherine M. Bolger
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
katebolger@dwt.com

Caesar Kalinowski IV (*pro hac* application forthcoming)
920 Fifth Avenue, 33rd Floor
Seattle, WA  98104
(206) 757-8232 Phone
(206) 757-7084 Fax
caesarkalinowski@dwt.com

*Attorneys for Defendant*

Defendant Cable News Network, Inc. ("CNN") submits this reply memorandum in further support of its motion for partial reconsideration or, in the alternative, for certification.[1]

## PRELIMINARY STATEMENT

This Court clearly erred in failing to dismiss Plaintiffs' false light claim. Having concluded that Plaintiffs' public statements "express support for QAnon," *see* Dkt. 42 ("M&O") at 8, this Court should have applied the substantial truth test articulated in *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) and *Tannerite Sports, LLC v. NBCUniversal News Group*, 864 F.3d 236 (2d Cir. 2017), and concluded that the alleged defamatory sting of the Report – i.e. that Plaintiffs are QAnon followers – is substantially true. Yet, this Court never undertook the substantial truth analysis. Once the Court does so, given Plaintiffs' public decision to align themselves with QAnon, no reasonable reader could conclude that it is materially false to describe Plaintiffs as QAnon followers. In addition, this Court should reconsider its decision that Plaintiffs plausibly alleged negligence in light of its predicate finding that Plaintiffs' tweets in fact evidenced that they were QAnon followers. Finally, if this Court chooses not to reconsider its decision, it should certify its M&O to the Second Circuit for immediate review.

## ARGUMENT

**A.    Plaintiffs Failed to Plausibly Allege Falsity**

As set forth in the opening memorandum, having correctly determined that Plaintiffs "express[ed] support for QAnon" and their public statements "were evidence that the Flynns were QAnon followers," M&O at 8, this Court should have dismissed the Amended Complaint because it is substantially true that Plaintiffs are QAnon followers. Plaintiffs advance only two contrary arguments, neither of which is persuasive.

---

[1] This reply brief uses the same abbreviations and capitalized terms as those set forth in the Motion.

*First*, Plaintiffs suggest that this motion does not qualify as one for reconsideration because CNN is seeking to relitigate an issue already determined by this Court. Plaintiffs are incorrect. This motion to reconsider is based on the Court's failure to apply the substantial truth standard required by *Masson* and *Tannerite*. *See* Dkt. 49 ("Motion") at 1, 7-13. In the M&O, this Court determined that Plaintiffs' claim survived because Plaintiffs had pleaded falsity despite their expressions of support for QAnon and the evidence of support did not "conclusively contradict" Plaintiffs' factual allegations that they are not currently QAnon followers. M&O at 8; Am. Compl. ¶ 6. But, as Plaintiffs do not seem to contest, "conclusive" proof is not the proper standard to apply to this defamation and false light action. On the contrary, the Supreme Court has been clear that material falsity is the proper standard, and a defamation claim cannot be sustained "so long as the substance, the gist, the sting, of the libelous charge be justified." *Masson*, 501 U.S. at 516–17; *see also Swerdlick v. Kock*, 721 A.2d 849, 862 (R.I. 1998) ("defendant's statements … were based on substantially true facts, and thus cannot be relied upon to support an action for false light"). And the Second Circuit has been clear that the material falsity standard applies at the pleading stage, where a plaintiff is required to plead facts that create an inference that "the [challenged] statement would not have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Tannerite¸* 864 F.3d at 242. This Court simply did not undertake the substantial truth analysis required by binding case law. Not only do the words "substantial truth" not appear in the opinion, but the Court also did not consider whether "expressing support for QAnon" would have a different effect on the reader than being a "QAnon follower."

Had it done so, there is no question that this Court would have determined that there is no difference. It is undisputed that the Flynns made – and Jack Flynn himself retweeted – a public

video showing Plaintiffs using a phrase that is used solely by those within the QAnon movement: "where we go one, we go all" (the "QAnon Phrase"), accompanied by the hashtag #TakeTheOath. *See* Am. Compl. ¶ 4, n.2. It is undisputed that Plaintiffs posted or liked multiple tweets containing the hashtag for that Phrase (#WWG1WGA), in addition to other statements and imagery that expressed or implied support for the movement. *See* Motion at 3-4. It is undisputed that Jack Flynn, as Magistrate Judge Cave correctly pointed out, tweeted on August 21, 2020 that "Q" and "where we go one, we go all" "works for me." *See* Dkt. 38 ("R&R") at 4. And it is undisputed that "where we go one, we go all" is "a slogan used by adherents of the QAnon conspiracy theory." *United States v. Languerand*, No. 21-CR-353 (JDB), 2021 WL 3674731, at *3 (D.D.C. Aug. 19, 2021). Plaintiffs publicly aligned themselves with QAnon. Quibbling with the nuance of describing Plaintiffs as QAnon supporters rather than followers is inconsistent with the substantial truth standard articulated in *Masson* and *Tannerite*. That is particularly so where, as here, some of Plaintiffs' actions were literally to *follow* other QAnon speakers on Twitter and retweet their statements. *See* Motion at 3-4.

This Court addressed a near identical scenario in *Vetere v. Associated Press, Inc.*, where it dismissed a plaintiff's defamation claim based on the literally-false statement that he was "a former member of the American Nazi Party." No. 88 CIV. 4115 (MGC), 1989 WL 39664, at *1 (S.D.N.Y. Apr. 17, 1989). Ultimately finding that although he "may correctly deny that he was ever a member of the American Nazi Party," the Court highlighted the fact that "he does not deny his *participation* in its successor organization" and "the difference between membership and participation in this context is also a slight one that would not greatly affect a reader of the Associated Press news report." *Id.* at *2 (emphasis added).

Similarly, in *Lovejoy v. Mutual Broadcasting System*, the court held the defendants had

not defamed the plaintiff by calling him "a Nazi and Hitler sympathizer" because the statement was not materially false. 220 S.W.2d 308, 313-14 (Tex. Civ. App. 1948). The plaintiff there had written letters during the war calling the German people a "great race … who [fight] well and bravely [and] treat[] our prisoners with great consideration" and equating Germany and Japan's actions to the creation of England's empire. *Id.* at 310, 313-14. Because the letters "evidence[d] … sympathetic leaning toward" the Nazi Party, the Court held the challenged statement was substantially true. *Id.* at 314. *See also Bustos v. A & E Television Networks*, 646 F.3d 762, 764-67 (10th Cir. 2011) (report that plaintiff was a member of the Aryan Brotherhood was truthful where he had been seen with members of the gang and had helped them smuggle drugs because the difference between being a member and being an affiliate was minor to a "reasonable member of the (law abiding) contemporary community"). Here, the difference between being a QAnon supporter versus a QAnon follower is akin to the difference between "member" and "participant" in *Vetere*, or "affiliate" and "member" in *Bustos* – that is, not enough to render the statement materially false. The Court should dismiss this action.[2]

*Second*, Plaintiffs claim that CNN is asking the Court to weigh evidence, including assessing their own credibility, which they claim is improper on this motion. But CNN is not asking the Court to do so. On the contrary, as *Iqbal* mandates, CNN is asking the court to assess the plausibility of Plaintiffs' allegations by "draw[ing] on its judicial experience and common sense." 556 U.S. at 679. In this case, this Court has already determined the implausibility of

---

[2] As Judge Cave pointed out at oral argument, *Vetere*, *Lovejoy* and *Bustos* were decided on summary judgment. While that is a different procedural posture than this motion, it is not a reason to deny this motion. Initially, all three suits were filed before the decisions in both *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Tannerite* heightened the relevant pleading requirements. In addition, in those cases, Defendants needed discovery to adduce information to determine the truth of the alleged statements, which were not inherently evident from the plaintiffs' existing public statements. Here, this Court has already held that the July 4 Video, the tweets in the Amended Complaint, and the tweets attached to the motion to dismiss are judicially noticeable. M&O at 4-5. This Court, therefore, has the tools to dismiss this case at the Rule 12(b)(6) stage where the courts did not in *Vetere*, *Lovejoy* and *Bustos.*

Plaintiffs' allegations that they do not support QAnon by holding that "the tweets express support for QAnon and are therefore evidence that the Flynns were QAnon followers[.]" M&O at 8. As discussed above, that should end the analysis because this determination alone establishes the substantial truth of the alleged defamatory sting.

More than that, Plaintiffs erroneously suggest that CNN is asking this Court to evaluate whether it is true that Plaintiffs said the QAnon Phrase out of loyalty to their brother because that would somehow negate their status as QAnon followers.[3] Dkt. 51 ("Opp.") at. 5. But CNN has in no respect requested such a fruitless and irrelevant inquiry. The point is that Plaintiffs repeatedly and publicly used language that is undisputed to be used primarily – if not entirely – by QAnon supporters. See Am. Compl. ¶ 4.[4] An average viewer, watching Plaintiffs recite the QAnon Phrase and reading Plaintiffs' tweets as reproduced in the Amended Complaint and as attached in the motion to dismiss would understand Plaintiffs to be expressing support for and/or following QAnon. See Am. Compl. ¶ 23.a; Dkt. 41 ("Bolger Decl.") Exs. 12, 13. To analogize to *Vetere* and *Lovejoy*, if a plaintiff released a video of himself saying "Heil Hitler" followed by tweets with swastikas and statements like "What's wrong with the statement: Heil Hitler?? ANYONE?? #HeilHitler," it would still be substantially true to say he was aligning himself with Nazis and their leader – even if he later claimed that he does not support Hitler after negative press came out about the Nazis' actions.

The Court need not weigh evidence to understand that any average reader of these

---

[3] Plaintiffs' allegation that they used the slogan "where we go one, we go all" as a "a simple, family, July 4 statement of support for each other" is inherently implausible. See Am. Compl. n.1. Jack Flynn reposted the video with the hashtag #TakeTheOath and implored others to do the same as part of a Twitter movement. Simply, family statements of support do not usually involve Twitter trends associated solely with the QAnon movement.

[4] For example, Plaintiffs do not allege that they were unaware of the meaning of the Phrase or associated hashtags and imagery, that they repeated them as an obvious joke or parody, or CNN's reporting omitted some material fact from the time of the video that would have shown they explicitly disavowed the QAnon movement while using its Phrase for an unrelated-yet-specified purpose.

statements would think that Plaintiffs are QAnon followers. And, as referenced in the Motion, it is hard to understand what evidence would be required to transform someone who "express[es] support for QAnon" into a "QAnon follower." Motion at 14. In short, far from asking this Court to weigh evidence, CNN is merely requesting that this Court apply its common sense to assess the plausibility of the allegations in the pleadings and dismiss the Amended Complaint.

### B.     Plaintiffs Cannot Plausibly Allege Negligence

This Court also clearly erred in determining that Plaintiffs plausibly alleged negligence. As CNN argued in its Motion, in light of the Court's correct conclusion that the Plaintiffs' Tweets provide some evidence that they were QAnon followers, it is impossible to say that CNN did not have reasonable grounds to believe that Plaintiffs were QAnon followers. Motion at 15-16. CNN, therefore, asks that this Court reconsider its decision on negligence and dismiss this case.

### C.     If CNN's Motion is Denied, Interlocutory Appeal is Necessary to Protect Its First Amendment Rights

Finally, if this Court does not wish to reconsider its decision, CNN asks that this Court certify the M&O to the Second Circuit. "[I]if anything is clear from the tortuous development of the first amendment right, freedom of expression demands breathing room." *James v. Bd. of Ed. of Cent. Dist. No. 1 of Towns of Addison et al.*, 461 F.2d 566, 572 (2d Cir. 1972); *Wool v. Hogan*, 505 F. Supp. 928, 934 (D. Vt. 1981) (noting that "first amendment freedoms need 'breathing room' to survive"). "To preserve First Amendment freedoms and give reporters, commentators, bloggers, and tweeters (among others) the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affs., Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) (reversing

defamation ruling and ordering dismissal after district court certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b)).

As is apparent from the individuals and movement involved, CNN's First Amendment right to publish reports on matters of public concern is directly implicated in this case. Moreover, that right is potentially infringed and frustrated if CNN is required to expend resources and participate in extensive discovery to establish that Plaintiffs – who the Court has already determined expressed support for QAnon – are QAnon followers. Plaintiffs have not disputed and cannot dispute that (1) the issue on appeal would involve a controlling question of law, (2) there is ground for difference of opinion based on a genuine doubt as to the correct applicable legal standard that was relied upon in the order, and (3) an immediate appeal would materially advance the ultimate termination of the litigation and expeditiously weed out Plaintiffs' unmeritorious claims. *See* Motion at 16-17 (citing *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 176 (2d Cir. 2009)). Accordingly, CNN respectfully requests that the Court certify the M&O for interlocutory appeal in the event it denies CNN's Motion.

## CONCLUSION

For all of the foregoing reasons, CNN respectfully requests the Court reconsider its M&O and dismiss Plaintiffs' defamation and false light claims with prejudice based on the substantial truth and reasonable support for its statement regarding Plaintiffs' connection to QAnon. In the alternative, CNN requests the Court certify the M&O for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: New York, New York
January 20, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
    KATHERINE M. BOLGER
    (N.Y. Bar No. 2976868)

1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
katebolger@dwt.com

Caesar Kalinowski IV (*pro hac* application forthcoming)
920 Fifth Avenue, 33rd Floor
Seattle, WA  98104
(206) 757-8232 Phone
(206) 757-7084 Fax
caesarkalinowski@dwt.com

*Attorneys for Defendant*

TO:    Jeremy Zenilman, Esquire
    (N.Y. Bar No. 4862041)
    336 East 77th Street #9
    New York, New York 10075
    Telephone: (516) 650-5821
    Email: jzenilman@hotmail.com

    Steven S. Biss (VSB # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone: (804) 501-8272
    Facsimile: (202) 318-4098
    Email: stevenbiss@earthlink.net

    *Counsel for the Plaintiffs*