UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN,

        Plaintiff,

- against -

CABLE NEWS NETWORK, INC.,

        Defendant.

---

Case: 1:21-cv-02587-GHW-SLC

**REPORT OF RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on 2/7/22 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

### I.    COURT EXPECTATIONS

**A.    Rule 1 and Rule 26(b)(1).**

Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**B.    Additional consideration of proportionality.**

Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

C. **Document Requests.**

Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

D. **Competence.**

Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

II. **SUMMARY OF CLAIMS, DEFENSES, AND RELEVANT ISSUES**

A. **Plaintiffs.**

This is an action for false light invasion of privacy. On February 4, 2021, Defendant, Cable News Network, Inc. ("CNN"), published an "exclusive" report by correspondent Donie O'Sullivan ("O'Sullivan"), entitled "*CNN Goes Inside A Gathering Of QANON Followers*". In the O'Sullivan report, CNN falsely accused Plaintiffs Jack and Leslie Flynn of being "followers" of the "dangerous", "violent", "racist", "extremist", "insurrectionist", "domestic terrorism" movement – **QAnon**. The Flynns are not followers of QAnon or any other violent, extremist group. [*Flynn v. CNN*, 2021 WL 5964129, at * 4 (S.D.N.Y. Dec. 16, 2021) ("Because the Court accepts the Flynns' allegation that they are not QAnon followers as true, the Flynns have plausibly alleged that CNN's statement was false. Consequently, the Flynns have also plausibly alleged that

CNN's statement was defamatory. *See* R&R at 33 ("[F]alsely implying a connection to a violent extremist group can be defamatory.")]. The O'Sullivan report juxtaposed a picture of the Flynns (and other members of the Flynn family) with numerous known QAnon disciples. The report included footage of the insurrectionist mob storming the United States Capitol on January 6, 2021. The O'Sullivan report also included a clip – selectively edited and altered by CNN – of a video posted to Twitter by Lieutenant General (Retired) Michael T. Flynn on July 4, 2020. CNN emblazoned the edited clip with a chyron that loudly proclaimed that the Flynns were "**QANON FOLLOWERS**". In the altered clip used in the O'Sullivan report, CNN intentionally edited out material information, fraudulently making it appear and insinuating that the Flynns pledged an oath of allegiance to QAnon.

The Flynns – both private individuals – allege that CNN widely published a false or fictitious fact to millions of subscribers and followers which implies an association which does not exist – that the Flynn's are "**QANON FOLLOWERS**". The Flynns further allege that the association which CNN published or implied would be objectionable to the ordinary reasonable person under the circumstances. The Court has determined as a matter of law that CNN;s statement portrays the Flynn's in a false light under Rhode Island General Laws § 9-1-28.1(a)(4). The Flynns seek damages in the amount of $75,000,000 as a result of CNN's broad publicization of the false and fictitious facts.

**B.     Defendant.**

Plaintiffs Jack and Leslie Flynn are relatives of former President Trump's first national security advisor, General Michael Flynn ("General Flynn"). With General Flynn and other members of the Flynn family, Plaintiffs took part in a viral online movement, originating on Twitter under the hashtag #taketheoath, in which participants speak the oath of office given to federal employees, the slogan "where we go one, we go all," and the phrase "God bless

America." "Where we go one, we go all" ("WWG1WGA") is primarily, if not solely, associated with the conspiracy movement QAnon. The video of the Flynn family's oath-taking was posted to Twitter by General Flynn on July 4, 2020, and subsequently retweeted by Jack Flynn. In addition to their participation in #taketheoath, Plaintiffs (like General Flynn) have routinely publicized their support for QAnon on social media, by tweeting, retweeting, and/or liking posts that promote or defend various aspects of QAnon. On February 8, 2021, CNN reported on a QAnon gathering in Arizona that was attended by several individuals subsequently prosecuted for their involvement in the January 6 attack on the U.S. Capitol (the "Report"). The Report was accompanied by a chyron reading "CNN Goes Inside a Gathering of QAnon Followers." To illustrate the degree to which elected officials and political appointees legitimized QAnon for their political gain, CNN included a two-second excerpt from the July 4 video, in which Plaintiffs are briefly visible but cannot be heard and are not identified. Despite it being substantially true that Plaintiffs are QAnon followers, as evidenced by the content of their Twitter feeds, Plaintiffs still brought claims for defamation per se and false light against CNN. Their complaint generally alleges that CNN's report was materially false because neither Jack nor Leslie is a follower of QAnon, that their public participation in #taketheoath was meant only as an expression of familial support, and that their repeated, highly-public use of QAnon hashtags and engagement with other QAnon accounts had nothing to do with QAnon itself. As set forth in CNN's Motion to Dismiss for Failure to State a Claim ("Motion"), Plaintiffs cannot prevail for several reasons, including because: 1) the Report is substantially, if not literally, true; 2) the alleged defamatory meaning is not of and concerning the Plaintiffs; 3) Jack Flynn, a limited purpose public figure, does not, and cannot, allege that CNN acted with actual malice in publishing the Report; and 4) Leslie Flynn does not, and cannot, allege that CNN acted with

negligence in publishing the Report, because her activity on Twitter constitutes "reasonable grounds" to conclude that she is a QAnon follower. Judge Woods granted CNN's motion without prejudice as to Plaintiffs' defamation claim, on the grounds that Plaintiffs failed to plausibly plead that the Report was per se defamatory or plead special damages, but denied it as to their false light claim. Because Plaintiffs declined to amend their complaint, only their false light claim is before this Court.

### III.  BASIS OF SUBJECT MATTER JURISDICTION (AND ANY DISPUTE AS TO JURISDICTION)

Diversity of citizenship, under 28 USC Section 1332.

### IV.  SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

**A.  Plaintiff(s).**

Discovery is needed on the following subjects: (1) all matters relating to the production of the O'Sullivan report, the sources of CNN's false and fictitious facts about the Flynns, if any, and CNN's decision to broadly publicize the false and fictitious facts via cable television using anchors Brooke Baldwin and Don Lemon and via CNN and O'Sullivan's social media properties; (2) all matters relating to CNN's actual malice in linking the Flynn's to QAnon; (3) CNN and O'Sullivan's decision to republish the false and fictitious facts after Plaintiffs filed this action, *e.g.*, [https://twitter.com/donie/status/1404889150113955851]; *Nunes v. Lizza*, 12 F. 4th 890, 901 (8th Cir. 2021) ("'Republication of a statement after the defendant has been notified that the plaintiff contends that it is false and defamatory may be treated as evidence of reckless disregard.' Restatement (Second) of Torts § 580A cmt. d (Am. L. Inst. 1977). Lizza tweeted the article in November 2019 after Nunes filed this lawsuit and denied the article's implication. The pleaded facts are suggestive enough to render it plausible that Lizza, at that point, engaged in 'the purposeful avoidance of the truth.'"); (3) CNN's motive and bias against the Flynn family, and

whether CNN engaged in a deliberate effort to target and hurt the Flynns as it has targeted others, *e.g.*, https://www.instagram.com/reel/CaSlBqcg47o/?utm_medium=share_sheet ("If the agenda say is to get Matt Gaetz right now, he's like this Republican.  He's a problem for the Democratic Party because he's so conservative and he can cause a lot of hiccups to passing of laws and what not.  So it would be great for the Democratic Party to get him out.  So, we're going to keep running those stories to keep hurting him and make it so that it can't be buried"); (4) all matters relating to the Flynns' damages caused by CNN's false light invasion of privacy.

**B.     Defendant(s).**

The truth or falsity of the statements at issue, and in particular whether and to what degree Plaintiffs have engaged with established QAnon figures and have monetized General Flynn's association with QAnon; whether CNN acted with actual malice in publishing the report at issue; Plaintiffs' damages.

## V.     INFORMAL DISCLOSURES

Plaintiffs disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on 2/25/22.  On 4/9/22, Plaintiffs will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

Defendant disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on 2/25/22.  On 4/9/22, Defendant will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

## VI.     DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by 12/16/22. Within one week of the close of fact discovery, that is 12/23/22 the parties must file a joint letter on the docket certifying that fact is discovery is complete.

The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth above.

**A.     Depositions.**

Depositions shall be completed by 12/6/22 and limited to no more than 15 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

**B.     Interrogatories.**

Initial sets of interrogatories shall be served on or before 3/2/22 and responses shall be due on 4/2/22. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

**C.     Requests for Admission.**

Requests for admission must be served on or before 11/6/22, and in any event no later than 30 days before the fact discovery deadline.

**D.     Requests for Production.**

Initial requests for production will be exchanged on or before 3/9/22 and responses shall be due on 4/9/22. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

E.  **Supplementation.**

Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

## VII.  ANTICIPATED DISCOVERY DISPUTES

Describe any anticipated discovery disputes or proposed limitations on discovery.  **None**.

## VIII.  AMENDMENTS TO PLEADINGS

a.  Does any party anticipate amending the pleadings?  **No.**

b.  Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is **N.A.** Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

## IX.  EXPERT WITNESS DISCLOSURES

a.  Does any party anticipate utilizing experts?  **Not at this time.**

b.  Expert discovery shall be completed by 2/6/2023.  Within **one week** of the close of expert discovery, that is 2/13/2023, the parties must file a joint letter on the docket certifying that all discovery is complete.  This letter should also state which dispositive motions, if any, each party intends to file.

## X.  ELECTRONIC DISCOVERY AND PRESERVATION OF DOCUMENTS AND INFORMATION

a.  Have the parties discussed discovery of electronically stored information (ESI)? **Yes.**

b.  Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by **3/9/22**.

c.  Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?

**Obligations to preserve contents of social media accounts, including but not limited to accounts on Twitter, Instagram, Parler, Gettr, and Telegram.**

## XI. EARLY SETTLEMENT OR RESOLUTION

The parties have discussed the possibility of settlement, but those discussions have been unsuccessful.  The parties request a settlement conference by no later than 9/1/22.  The following information is needed before settlement can be discussed:  Plaintiffs believe that sufficient facts are presently known to the parties such that the parties can engage in meaningful settlement discussions, but fact discovery may facilitate such discussions.

## XII. TRIAL

a.  The parties anticipate that this case will be ready for trial by 6/19/2023.

b.  The parties anticipate that the trial of this case will require 5 days.

c.  The parties do not consent to a trial before a Magistrate Judge at this time.

d.  The parties request a jury trial.

## XIII. OTHER MATTERS

**None.**

Dated: New York, New York
February 23, 2022                                          Respectfully submitted,

| COUNSEL FOR PLAINTIFFS | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By: **/s/ Steven S. Biss** | By: **/s/ Katherine M. Bolger** |

Steven S. Biss (VSB # 32972)  
300 West Main Street, Suite 102  
Charlottesville, Virginia 22903  
Telephone: (804) 501-8272  
Facsimile: (202) 318-4098  
Email: stevenbiss@earthlink.net  

Anthony C. Carlini, Jr., Esquire  
(New York Bar # 2648374)  
Handel & Carlini, LLP  
1984 Hackensack Road  
Poughkeepsie, NY 12603  
Telephone: (845) 454-2221  
Facsimile: (845) 471-1005  
Email: anthony@handelcarlini.com  

*ATTORNEYS FOR PLAINTIFFS JACK AND LESLIE FLYNN*

Katherine M. Bolger (N.Y. Bar No. 2976868)  
Sam Cate-Gumpert (*pro hac vice*)  
Meenakshi Krishnan (*pro hac vice*)  
1251 Avenue of the Americas, 21st Floor  
New York, NY 10020  
Telephone: (212) 489-8230  
katebolger@dwt.com  
samcategumpert@dwt.com  
meenakshikrishnan@dwt.com  

*ATTORNEYS FOR CABLE NEWS NETWORK, INC.*

---

The proposed Case Management Plan (ECF No. 57) is ADOPTED.

The parties shall file a joint discovery status report by **August 16, 2022**.

SO ORDERED 3/2/2022

SARAH L. CAVE  
United States Magistrate Judge