

21st Floor
1251 Avenue of the Americas
New York, NY 10020

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

Katebolger@dwt.com

March 14, 2022

**VIA ELECTRONIC MAIL**
Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-0214
Cave_NYSDChambers@nysd.uscourts.gov

Re:   **Proposed Protective Order in** *Flynn, et ano. v. CNN,* **1:21-Cv-02587 (S.D.N.Y., March 25, 2021)**

Dear Magistrate Judge Cave:

We represent Defendant Cable News Network ("CNN") in the above-referenced action.

We write pursuant to Rule II.B of the Court's Individual Practices in Civil Cases, to explain the differences between the parties' proposed protective order ("Protective Order") and the Court's model protective order ("Model"). The differences, and their justifications, are enumerated below:

- Because the parties anticipate producing information that is commercially sensitive in nature, the Protective Order has been adjusted throughout to differentiate between Confidential and Highly Confidential Information.

- In light of the nature of the underlying dispute, Paragraph 1 has been adjusted to specifically include newsgathering materials within the definition of Confidential Information.

- As reflected in Paragraphs 5 and 6, the proposed Protective Order adjusts and expands the categories of persons to whom Confidential (Paragraph 5) or Highly Confidential Information (Paragraph 6) may be divulged:

    o Paragraph 5(b) expands the definition of "party" to reflect the corporate nature of CNN and to specifically include its insurers.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Sarah L. Cave
March 14, 2022
Page 2

- o Paragraphs 5(d) and 6(c) have been expanded to include certain employees of consultants or experts, in light of their likely need to have access to Confidential and/or Highly Confidential Information.

- o Paragraphs 5(e)-(h) and 6(d)-(g) have been added to make clear that Confidential and/or Highly Confidential Information may be divulged to witnesses, deponents, custodians or original authors of certain records, individuals involved in the taking of depositions, and (subject to prior written agreement between the parties) any other person.

- Paragraphs 7 and 8 (formerly Paragraph 5 of the Model) have been adjusted to reflect that only certain persons will be required to sign any acknowledgment relating to the Protective Order, and will be required to do so only when receiving Highly Confidential Information, because of the burden obtaining signed acknowledgments places on the parties and because many of the persons to whom Confidential and/or Highly Confidential Information will be divulged, such as counsel and their employees, the parties' employees, and the parties' insurers, are already bound by confidentiality provisions and/or rules of professional conduct.

- Given the nature of the dispute, Paragraph 14 has been expanded to incorporate a detailed notice provision governing instances when disclosure of Confidential and/or Highly Confidential Information has been compelled by subpoena or other legal process and a party wishes to oppose such disclosure.

- Exhibit A has been adjusted to apply only to Highly Confidential Information and to elaborate on the responsibilities of recipients of such information, including the requirement that copies of any such information be destroyed if they not are returned to the divulging party.

Counsel for Plaintiffs has reviewed the proposed Protective Order and this letter, and consents to both.

Thank you for your consideration.

Respectfully submitted,

Davis Wright Tremaine LLP

*/s/ Katherine M. Bolger*

Katherine M. Bolger