

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212-402-4068 tel
212-489-8340 fax

katebolger@dwt.com

September 26, 2022

**VIA ELECTRONIC MAIL**
Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

Re:   *Flynn et al v. Cable News Network*, No. 1:21-cv-02587 (S.D.N.Y.)

Dear Judge Cave:

We represent Defendant Cable News Network ("CNN"), in the above-referenced action and submit this letter motion for an order compelling plaintiffs' counsel to complete an independent review of his clients' documents pursuant to Federal Rule of Civil Procedure 26(g)(1)(A), to re-produce authentic documents, and to provide the required notarized consents for his clients' social media accounts on Parler to be subpoenaed.

Pursuant to Local Civil Rule 37.2, counsel for the parties met and conferred on July 25, 2022 via Zoom video conference from approximately 9:40 am until 10:30 am. Katherine Bolger, Meenakshi Krishnan, Lindsey Cherner, and Steven Biss participated. During their meet and confer it became clear that the parties had reached an impasse and now seek the Court's assistance. In particular, the parties disagree on the scope of plaintiffs' counsel's obligation to monitor document collection, review, and production ensuring that all responsive documents are collected and produced as clean, original, stand-alone documents. On August 17, 2022, the same parties met and conferred again via Zoom to discuss the same unresolved issues but were unsuccessful in reaching a resolution.

The parties' respective positions on the issues, and their justifications, are set forth below:

First, the law is clear that counsel is obligated to personally review all materials for responsiveness and privilege. *See, e.g.*, *Ryan v. Rock Grp., NY Corp.*, 2019 WL 6841874, at *4 (S.D.N.Y. Dec. 16, 2019) ("Counsel cannot just implement a litigation hold and then sit on his hands, hoping that parties retain and produce all relevant information…. Instead, discovery rules obligate counsel to monitor compliance so that all sources of discoverable information are identified and searched.") (citation omitted); *GFI Acquisition, LLC v. Am. Federated Title Corp. (In re A&M Fla. Props. II, LLC)*, 2010 Bankr. LEXIS 1217, at *20 (Bankr. S.D.N.Y. Apr. 7, 2010) ("Counsel has an obligation to not just request documents of his client, but to search for sources

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Sarah L. Cave
September 23, 2022
Page 2

of information"). And in *Pratt v. Atalian Global Services Inc.*, this Court ordered plaintiff's counsel "to file a declaration affirming that *counsel* have diligently searched for and reviewed all relevant records and document repositories in [plaintiff's] possession or control." 2021 WL 1234253, at *1 (S.D.N.Y. Apr. 2, 2021) (emphasis in original). As this Court further explained: "[f]or avoidance of doubt, the Court expects *counsel* to personally review materials for responsiveness and privilege. These determinations should not be left to the client." *Id.* (emphasis in original).

During the parties' meet and confer sessions and in subsequent correspondence, Plaintiffs' counsel told CNN's counsel that he did *not* personally review his clients' documents, did not diligently search for and review all relevant and responsive records and document repositories in his clients' possession or control, and did not run search terms across his clients' electronic devices or documents to ensure complete collection. Instead, Plaintiffs' counsel merely searched the Wayback Machine, a digital archive of the world wide web, and otherwise relied on his clients' representations that they provided all responsive documents for production. But as the case law makes clear, counsel is expected to personally review all materials and cannot relegate this obligation to his clients.[1] *See Markey v. Lapolla Indus. Inc.*, 2015 WL 5027522, at *21 (E.D.N.Y. Aug. 25, 2015) (holding that the attorney's "certifications of Plaintiffs' Initial Disclosures and discovery responses were improper because they were not the result of due diligence on counsel's part and not made after 'reasonable inquiry' by counsel, in violation [of] Rule 26(g)(1)"), *R. & R. adopted*, 2016 WL 324968 (E.D.N.Y. Jan. 26, 2016). Compounding this impasse, Plaintiffs' counsel has refused to provide direct responses to CNN's questions about what he did or did not do to ensure compliance with his discovery obligations, including failing to directly respond to CNN's counsel when asked if he searched for text messages and emails.

For its part, CNN is not merely speculating that additional responsive documents exist that have not been produced; rather, CNN actually knows this to be true. For example, on September 15, 2022, nearly two months after the first meet and confer, Plaintiffs' counsel produced a single text message conversation between Leslie Flynn and Valerie Flynn discussing the CNN Report at-issue. (PX 162-163).[2] This message is clearly responsive to numerous CNN RFPs, and Plaintiffs' failure to originally produce it, only underscores that Plaintiffs' counsel cannot rely on his clients' representations that they have provided all responsive documents and communications to him. CNN, therefore, requests that this Court order Plaintiffs to comply with Rule 26.

Second, the law is clear that parties must produce authentic documents. *See Leidig v. BuzzFeed, Inc.*, 2017 WL 6512353, at *2 (S.D.N.Y. Dec. 19, 2017) (granting motion to compel the production of authentic documents and specifically forbidding "plaintiffs from producing

---

[1] This is in stark contrast to Defendant's position. CNN's counsel did not allow CNN to simply pick and choose which documents it wished to produce. Rather, CNN's counsel personally reviewed all documents responsive to this litigation from CNN's servers and the relevant custodians. In addition, for all named custodians, CNN's counsel collected all emails and Slack messages from CNN's servers for the responsive time period, ran search terms consistent with Plaintiffs' RFPs, and personally reviewed all documents for responsiveness and privilege determinations. CNN's counsel also produced privilege logs for all withheld documents.

[2] Plaintiffs designated this document "Highly Confidential" pursuant to the parties' Confidentiality Stipulation and Protective Order (ECF No. 60). If the Court would like to review this document, CNN can provide it for *in camera* review.

Hon. Sarah L. Cave
September 23, 2022
Page 3

screenshots of original documents, or from otherwise having the client create new documents for production"). During the parties' meet and confer sessions, CNN's counsel explained that many of the responsive documents Plaintiffs had produced were lengthy PDFs with cut-off text, blurry screenshots and photos, missing embedded images, handwriting, and highlights that make them inauthentic and difficult to discern let alone use in depositions. In addition, some of the handwriting includes contradictory information *i.e.*, the dates do not match.[3] Plaintiffs' counsel has agreed to re-produce authentic Wayback Machine documents but refuses to re-produce clean, standalone, authentic documents from his clients' emails, text messages, and other document repositories. CNN requests an order compelling Plaintiffs to provide those documents.

Third, Plaintiffs' counsel refuses to provide the notarized consents for Leslie Flynn, Lori Flynn, and Joseph Flynn necessary for CNN to subpoena their Parler social media accounts.[4] As CNN's counsel has explained to Plaintiffs' counsel in lengthy correspondence over multiple months, Parler (one of the social media platforms CNN subpoenaed) requires notarized consents in order to produce documents in response to a subpoena. Plaintiffs' counsel claims that no consents are necessary because he claims, Lori Flynn never had an account, that Leslie Flynn never used her account, and that he has already produced Joseph Flynn's Parler documents. But CNN has requested data from Parler regarding any posts a user has ever liked, even if that user never posted herself or himself, and any posts a user may have deleted. Finally, although Plaintiffs' counsel agreed to produce a notarized consent from General Michael Flynn, to date he has not done so. CNN, therefore, requests that this Court order Plaintiffs' counsel to provide the remaining notarized Parler consents for Leslie Flynn, Lori Flynn, Joseph Flynn, and General Michael Flynn.

In light of the continued production deficiencies listed above, CNN seeks an order compelling Plaintiffs' counsel to complete an independent review of his clients' documents pursuant to Federal Rule of Civil Procedure 26(g)(1)(A) and to re-produce authentic documents and provide notarized Parler consents. If it is no longer possible for Plaintiffs to re-produce authentic versions, CNN respectfully requests they explain in writing whether they have deleted or destroyed original documents so that CNN may properly evaluate whether spoliation has occurred.

Sincerely,

Davis Wright Tremaine LLP

Katherine M. Bolger

---

[3] Plaintiff also designated many of these documents "Confidential" or "Highly Confidential." If the Court would like to review these documents, CNN can provide them for *in camera* review.

[4] Plaintiffs' counsel has filed three lawsuits related to the same CNN Report. *See Flynn v. Cable News Network, Inc.*, 8:22-cv-00343-MSS-SPF (consolidated case brought by Valerie Flynn and Lori Flynn) (the consolidated "Florida Action"). Plaintiffs' counsel also represents Valerie and Lori Flynn in the Florida Action and has confirmed that he represents Joseph Flynn, General Michael Flynn, Michael Flynn Jr., and Mary Flynn O'Neill for all third-party discovery. The parties also have an agreement to do all discovery together for the New York and Florida Actions.