# shullman fugate

2101 Vista Parkway, Suite 4006, West Palm Beach, FL 33411 · 561.429.3619

October 4, 2022

**VIA ELECTRONIC MAIL**
Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

Re:   *Flynn et al v. Cable News Network*, No. 1:21-cv-02587 (S.D.N.Y.) – Request for Discovery Conference

Dear Judge Cave:

We are conflict counsel in this matter representing Defendant Cable News Network ("CNN"), in the above-referenced action with respect to the discovery of social media records. We submit this letter motion requesting a discovery conference or, in the alternative, an order compelling Plaintiffs John "Jack" Flynn and Leslie Flynn, subpoenaed non-parties General Michael Flynn, Michael Flynn, Jr., Joseph "Joe" Flynn, Mary Flynn O'Neill, and plaintiffs in a related Florida federal court action Valerie Flynn and Lori Flynn, all of whom are represented by Steven Biss (hereinafter referred to as "the Flynns"), to execute releases authorizing Twitter, Inc. to release responsive documents from the Flynns' Twitter accounts, which are central to the case. The Flynns have, without justification, refused to provide the executed consent forms.

Pursuant to Local Civil Rule 37.2 and Part II.C of Your Honor's Individual Practices, counsel for CNN has, since August 31, 2022, attempted to schedule a phone call or Zoom video conference with Mr. Biss to discuss his clients' failure to execute the requested releases. Mr. Biss has steadfastly refused to schedule a meeting or otherwise discuss the issues.

Specifically, counsel for CNN contacted Mr. Biss on August 31 to discuss the Twitter consent forms. Counsel followed up the next day and Mr. Biss indicated he was in trial, and the parties would need to confer the following week. Given Mr. Biss' unavailability, and the upcoming holiday weekend, counsel tried to pin down a date for the meeting. Mr. Biss did not respond. Having failed to hear back, on September 6, counsel again followed up attempting to set up a call or video conference sometime during the week. Mr. Biss, again, ignored the requests. On September 9, counsel followed up via phone and email, indicating it was clear from Mr. Biss' failure to even scheduling a meeting that he had no interest in conferring, and the parties had reached an impasse on the issue, thus requiring court intervention. However, because counsel believed the parties could truly benefit from a conferral, she offered two additional dates to confer in the following week. Mr. Biss responded that same date and indicated he would look at his calendar and "email [ ] a few dates next week." That email never came. On September 13, counsel inquired about Mr. Biss' availability for one last time. To date, Mr. Biss has not responded and has refused to even schedule a meeting to discuss these issues.

As CNN understands, based on prior correspondence[1] concerning the issues, the parties' respective positions on the issues and their justifications, are set forth below:

The parties do not dispute that the Flynns' Twitter account information is directly relevant to this case. As such, CNN propounded discovery on the Flynns, seeking to obtain social media account information from November 2016 through the present.[2] Along with those requests, the undersigned provided Mr. Biss step-by-step instructions on how to have his clients retrieve the information from specific platforms, including Twitter, for each of their respective accounts. The production so far has been incomplete.[3] CNN also subpoenaed Twitter for the account records, anticipating potential issues with the Flynns' production in light of Twitter's suspension or deactivation of several of their accounts. However, Twitter has advised that executed releases are needed pursuant to the Stored Communications Act, 18 U.S.C. s. 2701, *et seq.* (the "SCA") prior to disclosure of such records. With that understanding and having lost confidence in the Flynns' ability to comply with their discovery obligations, on July 27, 2022 CNN prepared and sent the SCA releases to Mr. Biss for his clients' completion. If the Court would like to see the SCA releases, CNN can provide them for *in camera* review.

Mr. Biss resisted CNN's attempt to secure the releases, contending his clients had gone through "the heartache" of requesting data from Twitter and were "not doing anything more for Twitter or CNN." When CNN pushed back noting the Flynns' discovery obligations, Mr. Biss did not respond. On August 11, 2022, CNN again followed up on the status of the SCA releases, but Mr. Biss failed to respond. Finally, on August 19, the undersigned contacted Mr. Biss about the status of the SCA releases noting they were especially important given the Flynns' non-existent or incomplete Twitter production to date. Despite having failed to produce the requested information for the Flynns, Mr. Biss declined to provide the SCA releases, noting his clients had devoted a lot of time to requesting data from Twitter, which he still had to review. To date, Mr. Biss has not provided any additional documents.

CNN seeks releases under the SCA, authorizing it to obtain the Flynns' responsive social media content directly from Twitter, the host of such data for the identified time period. These releases are particularly important because the majority of the Flynns have had their accounts suspended or deactivated, making it particularly difficult for them to receive their information directly through Twitter's data request tool.[4] In fact, Mr. Biss admitted that General Flynn and

---

[1] If the Court would like to review the communications between CNN's counsel and Mr. Biss, CNN will provide them for *in camera* review.

[2] If the Court would like to review these documents, CNN can provide them for *in camera* review.

[3] On July 29, 2022, Mr. Biss provided Twitter information for *one* of Lori Flynn's Twitter accounts. On September 4, Mr. Biss also provided Twitter information for *one* of Plaintiff Jack Flynn's Twitter accounts.

[4] Twitter has suspended the accounts of General Michael Flynn, Mary Flynn O'Neill, and Valerie Flynn. While Mr. Biss initially believed he had produced Valerie Flynn's Twitter records, he now contends she does not have a Twitter account, despite records demonstrating that the @Flynnsta1 account was connected to her and was later suspended. Plaintiff Jack Flynn and

October 4, 2022
Page 3 of 3

Mary Flynn O'Neill have been unable to obtain their data because of their account suspension. For months, CNN has demanded plainly relevant documents from the Flynns. CNN has tried to obtain these documents through the standard discovery vehicles, issuing document requests, subpoenas, and engaging in repeated meet and confers—all to no avail. In such circumstances, an order compelling execution of a release under the SCA is appropriate.

The discovery rules contemplate broad pre-trial discovery "regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And courts require parties who flout their discovery obligations to execute releases authorizing the other party to subpoena communications directly from providers. *See, e.g., Glazer v. Fireman's Fund Ins. Co.*, No. 11 Civ. 4374, 2012 WL 1197167, at * 3 (S.D.N.Y. Apr. 5, 2012) (court "may simply direct that [plaintiff] consent to disclosure if the [online] chats are likely to contain information relevant to this case"); *Al Noaimi v. Zaid*, No. 11-1156-EFM, 2012 WL 4758048, *3 (D. Kan. Oct. 5, 2012) (ordering plaintiff to execute releases authorizing email service provider to turn over email communications to defendant where plaintiffs failed to produce potentially responsive communications); *Romano v. Steelcase, Inc.*, 30 Misc. 3d 426, 434 (Sup. Ct. Suffolk Cnty. 2010) (compelling plaintiff to sign release under SCA authorizing disclosure of communications exchanged on social media where plaintiff repeatedly failed to provide necessary information through standard discovery vehicles).

Here, the Twitter records CNN seeks are not only indisputably relevant to the core facts at issue, but also critical to CNN's preparation of its defense. CNN has been accused of falsely linking Plaintiffs to QAnon based on a Twitter post that utilized a known QAnon hashtag. CNN is entitled to obtain records related to the Flynns' Twitter accounts in preparation of its defense against Plaintiffs' allegations. The Flynns have failed to provide complete Twitter records themselves, in some instances even admitting that Twitter has not cooperated because of suspended or deactivated accounts. At the same time, the Flynns take the position that they are not required to execute SCA releases, even though those releases would facilitate production of the very information they contend cannot be obtained. The Flynns' position is untenable. They should be compelled to execute the SCA releases so that CNN can conduct proper discovery of relevant and material information in this suit.

In light of the foregoing, CNN respectfully requests a discovery conference to resolve this impasse. In the alternative, CNN requests that the Court enter an order compelling the Flynns to execute the Twitter releases under the SCA, authorizing CNN to obtain responsive documents directly from Twitter.

Sincerely,
Shullman Fugate PLLC

Deanna K. Shullman
dshullman@shullmanfugate.com

---

plaintiff Lori Flynn have each deactivated at least one account on Twitter during the relevant time.