

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212-402-4068 tel
212-489-8340 fax

katebolger@dwt.com

October 7, 2022

**VIA ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

   Re: *Flynn et al v. Cable News Network*, No. 1:21-cv-02587 (S.D.N.Y.) –
      Response and Opposition to Plaintiffs' Request for Discovery Conference

Dear Judge Cave:

  We represent Defendant Cable News Network ("CNN") in the above-referenced action and submit this response letter in opposition to Plaintiffs' October 4, 2022 letter-motion requesting a discovery conference with the Court (ECF No. 80). We respond to each of Plaintiffs' claims regarding the three following issues: (1) documents related to the editing of the General Flynn Twitter clip; (2) telephone records from CNN reporter Donie O'Sullivan; and (3) CNN's assertions of attorney-client privilege.

  By way of background, CNN has produced all non-privileged, responsive documents that are within its possession, custody, or control related to the drafting, editing, and/or publishing of the Report at issue in this action. CNN has not and does not intend to withhold any non-privileged documents related to that topic. To date, CNN has produced hundreds of responsive documents related to the Report, including emails, text messages, Slack messages, internal CNN records, and audio and video files.

  **The General Flynn Twitter Clip:** Plaintiffs seek documents pertaining to the editing of a clip from a video taken on July 4, 2020 and posted to Twitter by General Michael Flynn ("Flynn Twitter Clip"). The Flynn Twitter Clip was ultimately used in the challenged Report at issue. CNN has personally collected, searched, and reviewed the communications from key custodians involved in the Report. But, as CNN's counsel has repeatedly informed Plaintiffs' counsel during the parties' meet-and-confers, to the best of CNN's knowledge and based on its diligent, good-faith searches and review, no other documents pertaining to the editing of the Flynn Twitter Clip exist. A party's "good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'" *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (citation omitted). To defeat such a good-faith assertion, the moving party must "make an adequate showing to overcome this assertion," specifically by "cit[ing] to specific evidence to challenge [] assertions that no additional responsive documents exist." *Id.* (citations omitted). Here, however, Plaintiffs have made no

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Sarah L. Cave
October 7, 2022
Page 2

showing of any kind to challenge, let alone defeat, CNN's assertion. Therefore, their purely speculative request must be denied. As CNN has conveyed to Plaintiffs' counsel, Plaintiffs are free to seek deposition testimony regarding the Flynn Twitter Clip. But at this moment, CNN knows of no documents responsive to this request, and CNN will continue to search for any responsive documents.

**Telephone Records:** Next, Plaintiffs requested "bills and/or other records of all telephone calls made by [Donie] O'Sullivan to any person from any land line, cell phone, smart phone, iPad, iPhone, Blackberry, computer, or other device while reporting and prior to publication of the Report." Although to date, CNN has produced emails, texts, and Slack messages from Mr. O'Sullivan, this request is plainly overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of this case. The scale of this request is staggering, as it has no temporal limitation. Rather, it vaguely specifies the time period "while reporting and *prior to publication* of the Report." But Plaintiffs have not "cited any authority to show [they are] entitled to every call made on that log for the period in question, including calls that do not have anything to do with [their] case." *Birch v. City of Atchison*, 2019 WL 4573410, at *2 (D. Kan. Sept. 20, 2019) (denying motion to compel call logs). Moreover, this request impinges on information protected by the reporters' privilege. *See* N.Y. Civ. Rights Law § 79-h; Rhode Island General Laws § 9-19.1-1, *et seq.*; *The New York Times Co. v. Gonzales*, 459 F.3d 160, 168 (2d Cir. 2006) (reporter's privilege extends to telephone records sought by a third party). Mr. O'Sullivan's phone records contain privileged newsgathering materials unrelated to the Report and/or can reveal the privileged identity of sources, including sources for stories unrelated to this case. Even if phone records relating to irrelevant sources and stories could be filtered out (most likely an extraordinarily burdensome process requiring, among other things, identification of anonymous phone numbers), the phone records would not show what Mr. O'Sullivan communicated *about*. Thus, the phone records have little potential to provide any relevant evidence, and the burden of collecting and filtering them would far outweigh any negligible value.

**Documents Properly Withheld or Redacted Under Attorney-Client Privilege:** Unlike Plaintiffs' counsel, who has refused to produce a single privilege log in this litigation,[1] CNN produced detailed privilege logs on July 15, 2022 and October 5, 2022 for all its productions to date that are fully compliant with federal and local rules.[2]

Privilege logs are sufficiently detailed where, like CNN's, they "identify that the documents are discussing legal advice on a particular topic." *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 601 (S.D.N.Y. 2015). For any document that was entirely withheld on the basis of attorney-client privilege, CNN's counsel has informed Plaintiffs' counsel, both on the privilege logs and during the parties' meet-and-confers, that CNN in-house counsel, Steve Kiehl,

---

[1] CNN served third-party subpoenas on other Flynns, including General Michael Flynn, who are also represented by Plaintiffs' counsel. Although Plaintiffs' counsel has asserted privilege for many communications involving General Flynn, he has refused to provide any privilege logs for those assertions and to date has not done so. In light of this, Plaintiffs' letter-motion, which flouts Rule 26's reciprocal discovery obligations, is especially unreasonable.

[2] On October 5, 2022 (ECF No. 81), the Court ordered the parties to file CNN's July 15 privilege log referenced in ECF No. 80 by October 13. CNN will do so.

either provided legal advice regarding the Report (when he is listed in the privilege log as an author) or was contacted for the purpose of seeking legal advice regarding the Report (when he is listed in the privilege log as either a recipient or someone copied on the email as a "cc," *i.e.*, also a recipient). *See Scott*, 94 F. Supp. 3d at 601 (requiring any more information on the privilege log "would be to put the defendant in the contradictory position of having to risk its privilege in order to preserve it"); *Orenshteyn v. Int'l Bus. Machines Corp.*, No. 02 CIV. 5074 JGK RLE, 2013 WL 208902, at *1 (S.D.N.Y. Jan. 15, 2013) (privilege log entry stating "request for legal advice re [topic of litigation]" was "adequate bas[i]s for asserting the privilege claimed"). Moreover, as CNN's counsel informed Plaintiffs' counsel, the withheld documents produced as CNN000159-000540 do not reflect 381 separate and distinct pages. Almost all of these documents are part of the same privileged email chain, which means that each discrete document supplements a new privileged email at the top of the chain, but then replicates all of the emails in the chain below. Accordingly, there are pages and pages of duplicates across this document set.

Next, as to those documents in which Mr. Kiehl is not listed as an author or recipient/cc on the privilege logs, one of two situations is applicable, both of which are indicated on the logs themselves. First, for some documents, the primary email authors or recipients do not include Mr. Kiehl, but those parties are forwarding, excerpting, and/or discussing the same email chain with Mr. Kiehl's legal advice referenced above. This is true of, for example, the documents with Privilege ID Nos. 44 (CNN000462-CNN000473), 45 (CNN000474-CNN000485), and 46 (CNN000486-CNN000497). As explained above, many of these pages duplicate the same chain.

Second, for other documents, CNN applied minor redactions, typically one or two lines, where the parties referenced privileged legal advice related to the Report sought from or provided by Mr. Kiehl. As the privilege logs indicate, these de minimis redactions reflect the seeking of or receiving of legal advice and are plainly privileged. CNN otherwise disclosed these documents in full. As just a few, non-exhaustive examples that Plaintiffs claim are improperly withheld: CNN redacted one line from a four-page document otherwise produced in full (Privilege ID No. 50; CNN000541-CNN000544); one line from a six-page document otherwise produced in full (Privilege ID No. 51; CNN000545-CNN000550); one line from a six-page document otherwise produced in full (Privilege ID No. 52; CNN000551-CNN000555); two lines from a seven-page document otherwise produced in full (Privilege ID No. 60; CNN000601-CNN000607); and two lines from a six-page document otherwise produced in full (Privilege ID No. 69; CNN000764-CNN000769). These judicious and highly narrow privilege redactions indicate that CNN has fully complied with its Rule 26 obligations regarding its assertion of attorney-client privilege.

For the foregoing reasons, Plaintiffs' claims are entirely without merit, and their request for a discovery conference on these three issues should be denied.

Respectfully submitted,
Davis Wright Tremaine LLP

Katherine M. Bolger