October 24, 2022

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007-1312

    Re:    **Joint Letter in *Flynn et al v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC (S.D.N.Y.) – Letter Outlining All Outstanding Discovery Disputes for October 28, 2022 Discovery Conference Per Court Order (ECF No. 84)**

Dear Judge Cave:

Pursuant to the Court's order (ECF No. 84), Plaintiffs Jack and Leslie Flynn (the "Plaintiffs") and Defendant Cable News Network, Inc. ("CNN") respectfully submit this joint letter outlining all outstanding discovery disputes to be discussed at the discovery conference scheduled for Friday, October 28, 2022 at 12:00 p.m.

    **A.**    **CNN's letter motions**

CNN has submitted two letter motions regarding outstanding discovery disputes (ECF Nos. 72, 77).

    **1.**    **CNN's September 26 letter motion (ECF No. 72)**

CNN seeks an order compelling Plaintiffs' counsel to complete an independent review of his clients' documents pursuant to Federal Rule of Civil Procedure 26(g)(1)(A), to re-produce authentic documents, and to provide the required notarized consents for his clients' social media accounts on Parler so that Parler can provide their account data in response to CNN's subpoena.

First, CNN contends that during the parties' meet and confer sessions and in subsequent correspondence, Plaintiffs' counsel told CNN's counsel that he did not personally review his clients' documents, did not search for and review all relevant and responsive records and document repositories in his clients' possession or control, and did not run search terms across his clients' electronic devices or documents to ensure complete collection.  Instead, Plaintiffs' counsel searched the Wayback Machine, a digital archive of the world wide web, and otherwise relied on his clients' representations that they provided all responsive documents for production.  Moreover, Plaintiffs' counsel has not directly responded to CNN's basic questions about his compliance with his discovery obligations, including failing to clearly respond to CNN's counsel when asked if he searched for text messages and emails.  As the case law cited in CNN's letter motion makes clear, this violates Plaintiffs' counsel's Rule 26 obligations.  Plaintiffs' counsel disputes CNN's

contentions. On October 1, 2022, Plaintiffs responded to CNN's September 26 letter motion, and addressed each of CNN's contentions. (ECF No. 80)

CNN contends that the documents themselves indicate the "holes" in Plaintiffs' document productions. Plaintiffs dispute CNN's contention. For example, on September 15, 2022, nearly two months after the first meet and confer, Plaintiffs' counsel supplemented the Flynns' document production by producing a text message conversation between Leslie Flynn and Valerie Flynn discussing the CNN Report at issue. (PX 162-163). More recently on October 14, in response to a third-party subpoena served on Sidney Powell, Ms. Powell produced email communications with both Jack Flynn and Leslie Flynn containing the terms "WWG1WGA" and "QAnon" (FLYNN0000035- FLYNN0000041) that have not been produced by either Plaintiff.[1] CNN contends that the text message and emails are clearly responsive to numerous CNN RFPs, and that Plaintiffs' failure to originally produce them only underscores that their counsel cannot rely on his clients' representations that they have provided all responsive documents and communications to him. CNN requests that this Court order the Plaintiffs to comply with Rule 26 by personally searching, reviewing, and producing all responsive documents. Plaintiffs' counsel contends that Plaintiffs have personally searched, reviewed and produced all responsive documents. They supplemented by producing PX 162-163. They will continue to supplement as required by Rule 26(e).

In the Flynns' response to CNN's September 26 letter motion, Plaintiffs' counsel emphasizes that Plaintiffs have complied with Rule 26; that counsel "completed an independent review of all available documents, including all documents captured by the Wayback Machine, all social media, email and text messages in accordance with Federal Rule of Civil Procedure 26(g)(1)(A)"; and that the Plaintiffs have supplemented their initial disclosures twice since February 2022. ECF No. 75, at 1-3. CNN's reply stated that in a September 7, 2022 email from Plaintiffs' counsel, he stated that his "clients each independently searched their records for all responsive documents" and that he was not obligated "to sit beside a client while they search their offices or computers for records." ECF No. 79, at 1.

Second, CNN contends that Plaintiffs have produced several responsive documents that contain cut-off text, blurry screenshots and photos, missing embedded images, handwriting, and highlights that make them inauthentic and difficult to discern let alone use in depositions. In addition, some of the handwriting includes contradictory information, i.e., the dates do not match. Plaintiffs' counsel agreed to re-produce authentic Wayback Machine documents, and did. Plaintiffs will produce clean, standalone, authentic emails, text messages, and other documents, but, Plaintiffs' counsel is not aware of a single document that is incomplete or inauthentic, although CNN has pointed out what it contends are several flaws in Plaintiffs' documents.. Plaintiffs' position is that Jack Flynn's hand-writing on certain documents in no way impedes CNN or alters the substance of the documents. CNN requests an order compelling Plaintiffs to provide those documents.

---

[1] Plaintiffs contend that both Jack and Leslie Flynn searched for and produced any and all communications with Sidney Powell. Neither Flynn recalls the emails produced by Ms. Powell. Neither Flynn has a copy. Jack Flynn has not had access to his old mariner seafood email address since October 2020.

Regarding the documents containing handwriting, Plaintiffs' counsel responded that "Jack Flynn produced clean, standalone and complete copies of the documents without any hand-writing on them." ECF No. 75, at 3. CNN's reply emphasized that Plaintiffs' counsel has refused to reproduce all documents with cut-off text, blurry screenshots and photos, missing embedded images, and highlights from his clients' emails, text messages, and other document repositories. ECF No. 79, at 2. Plaintiffs dispute CNN's contentions.

Third, CNN contends that Plaintiffs' counsel has refused to provide the notarized consents that Parler requested for Leslie Flynn, Lori Flynn, and Joseph "Joe" Flynn that are necessary for CNN to obtain their social media account data from Parler, a social media platform. Plaintiffs' counsel provided a non-notarized consent from General Flynn prior to Hurricane Ian and stated he would provide the notarized consent after things in South Florida normalized. A notarized consent has not yet been received from General Flynn. Plaintiffs' counsel represents all of these individuals. As CNN's counsel has explained to Plaintiffs' counsel in lengthy correspondence over multiple months, Parler requires notarized consents in order to produce documents in response to a subpoena.

Plaintiffs' counsel responded that "Leslie Flynn created a Parler account, but never used it"; "Joe Flynn used his Parler account a grand total of 2 times," "Lori Flynn never had a Parler account," and that General Flynn will provide the notarized consent "in the next few weeks" following the aftermath of Hurricane Ian. ECF No. 75, at 3. CNN replied that the Flynns' counsel ignored that CNN has requested data from Parler regarding any posts a user has ever liked, even if that user never posted herself or himself, and any posts a user may have deleted. CNN further replied that it does not matter that Leslie and Joe Flynn purportedly did not use or sparingly used their Parler accounts, or that Lori allegedly never created a Parler account, as it was entitled to receive third-party discovery from Parler related to these accounts. Plaintiffs' counsel believes that the Parler consents are unnecessary given the production and disclosure by Leslie Flynn, Lori Flynn, and Joe Flynn.

### 2.    CNN's October 4 letter motion (ECF No. 77)

CNN also seeks an order compelling Plaintiffs as well as subpoenaed non-parties General Flynn, Michael Flynn, Jr., Joe Flynn, Mary Flynn O'Neill, and Plaintiffs in related Florida federal court actions filed by Valerie Flynn and Lori Flynn to execute Stored Communications Act ("SCA") releases so that Twitter can provide their respective account information in response to CNN's subpoena. Plaintiffs' counsel represents all of these individuals.

On May 26, counsel for CNN provided Plaintiffs' counsel with detailed instructions for downloading all data/files from all Twitter accounts. The Twitter data/files for one of Lori Flynn's accounts and for one of Jack Flynn's accounts were produced on July 28 and September 4, respectively. The Twitter data/files for Leslie Flynn were produced on September 4. Although Plaintiffs' counsel received and has been "reviewing" the Twitter data/files for Joe Flynn since August 20, those files have not been produced. Plaintiffs contend the delay is due to the enormous volume of the data/files and the breadth of CNN's requests. In spite of efforts to download the data/files, Twitter has informed Jack Flynn, General Flynn, Michael Flynn, Jr., and Mary

O'Neill—all of whom have had suspended or deactivated accounts—that it was "not in a position to fulfill your request".

CNN's counsel has repeatedly explained to the Flynns' counsel that Twitter requires executed SCA releases prior to the production of user account records. CNN has attempted to obtain the information via standard vehicles of discovery including through discovery requests and subpoenas to the Flynns. CNN has received some productions as noted above, but the production remains incomplete, including for those users whose accounts have been suspended or deactivated. CNN contends that it is entitled to receive third-party discovery from Twitter related to these accounts. CNN argues that in most cases a subpoena to Twitter is the *only* way to obtain the Flynns' tweets from the most relevant time period – i.e. before January 2020 – because Twitter suspended or deactivated certain accounts after the January 6 insurrection. Plaintiffs' counsel's position is that he does not understand or agree to the request for SCA releases because Twitter already provided notice that it would not fulfill requests for production of the data/files.

Plaintiffs' counsel contends that Twitter has not cooperated with the Flynns' requests to download their data/files. It is CNN's position that Twitter's purported failure to cooperate with the Flynns' requests further underscores the need for SCA releases. Plaintiffs disagree. CNN further contends that the Flynns failed to meaningfully confer prior to the filing of CNN's October 4 letter motion. Despite failing to respond to CNN's October 4 letter motion, Plaintiffs' counsel disputes CNN's contention.

### B.     Plaintiffs' letter motion (ECF No. 80)

On October 4, Plaintiffs filed a letter motion requesting a discovery conference to obtain an order compelling CNN to produce documents as follows:

First, Plaintiffs seek documents pertaining to the edited clip of a video taken on July 4, 2020 and posted to Twitter by General Flynn, that "evidence or show who created the truncated clip" and how it was inserted into the CNN Report at issue. ECF No. 80 at 2.

CNN responded that it has produced all non-privileged, responsive documents that are within its possession, custody, or control related to the drafting, editing, and/or publishing of the Report at issue in this action. To the best of CNN's knowledge and based on its diligent, good-faith searches and review, no other documents pertaining to the editing of the General Flynn Twitter clip exist, and the Plaintiffs have made no showing of any kind to challenge, let alone defeat, CNN's good-faith assertion. ECF No. 83, at 1-2. CNN will keep searching.

Second, Plaintiffs seek Mr. O'Sullivan's telephone records because they contend they "are relevant to his reporting and to the issue of publicity, and these records could lead to the discovery of additional witnesses and evidence to support Plaintiffs' claim of false light invasion of privacy." ECF No. 80, at 2.

CNN responded that this request is plainly overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of this case, particularly as it has no temporal limitation. Moreover, this request, which broadly encompasses all of O'Sullivan's

telephone records would, perforce, show every number O'Sullivan called, even if those calls related to newsgathering unrelated to the allegedly defamatory reporting.[2]  As such, it calls for information squarely protected by the reporters' privilege related to O'Sullivan's newsgathering activities unrelated to the reporting at issue here, and Plaintiffs will never be able to show that they are entitled to those materials.  ECF No. 83, at 2.  Finally, even if CNN could somehow filter out the non-privileged, responsive information on the phone records, those records would convey little to no information as all they would show is what number O'Sullivan called, not the content of any such messages.[3]  Finally, to the extent Plaintiffs want to ask O'Sullivan who he spoke to in preparing the allegedly defamatory report, he can do so at a deposition without the burden otherwise imposed by this request.

Third, Plaintiffs seek "guidance from the Court and production of the documents improperly withheld" under the attorney-client privilege.  ECF No. 80, at 3.  Plaintiffs state that they cannot determine from CNN's privilege log whether a lawyer is involved, or why the redacted material is privileged.  Plaintiffs further state that CNN has informed them that "Steve Kiehl" is an attorney, which they verified on a Google Search, but that except for the documents authored by Mr. Kiehl, they cannot determine whether the attorney-client privilege applies.  Plaintiffs' counsel submits that production of hundreds of pages of completely redacted documents does not comply with Local Rule 26.2.

CNN responded that its privilege logs are sufficiently detailed to meet its burden.  As the log shows, for any document entirely withheld, the document reflects the involvement of CNN's in-house counsel, Steve Kiehl.  For any document in which Mr. Kiehl is not listed as an author or recipient/cc on the privilege logs, the documents are either forwarding, excerpting, and/or discussing Mr. Kiehl's legal advice, or the documents reflect minor redactions, at most 1-2 lines, of privileged legal advice.  ECF No. 83, at 3.

### C.     Other Disputes

In addition to the issues raised by letter motion to date, Plaintiffs have serious concerns with CNN's refusal to produce documents responsive to certain of Jack Flynn's third, fourth and fifth requests for production of documents.  Counsel had a partial meet and confer about these issues on October 4, 2022.  CNN represents that it is working on a response to certain issues.  Plaintiffs' counsel believes it would be productive for the parties to continue to attempt to resolve these issues.

Dated:  October 24, 2022                                                                                Respectfully submitted,

---

[2]     Plaintiffs contend that CNN's objection to the request for O'Sullvan's telephone records is puzzling, since CNN has broadly requested all Flynn social media data and other documents going as far back as November 2016.

[3]     The court denied a similar motion to compel production of call logs in *Dershowitz v. CNN*, No. 0:20-cv-61872-AHS (S.D. Fla. Apr. 21, 2022) (ECF No. 101).

| COUNSEL FOR PLAINTIFFS | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By: */s/ Steven S. Biss* <br> Steven S. Biss (VSB # 32972) <br> 300 West Main Street, Suite 102 <br> Charlottesville, Virginia 22903 <br> Telephone: (804) 501-8272 <br> Facsimile: (202) 318-4098 <br> Email: stevenbiss@earthlink.net | By: */s/ Katherine M. Bolger* <br> Katherine M. Bolger (N.Y. Bar No. 2976868) <br> Lindsey B. Cherner (N.Y. Bar No. 5571534) <br> Meenakshi Krishnan (*pro hac vice*) <br> 1251 Avenue of the Americas, 21st Floor <br> New York, NY 10020 <br> Telephone: (212) 489-8230 <br> katebolger@dwt.com <br> lindseycherner@dwt.com <br> meenakshikrishnan@dwt.com |
| Anthony C. Carlini, Jr., Esquire <br> (New York Bar # 2648374) <br> Handel & Carlini, LLP <br> 1984 Hackensack Road <br> Poughkeepsie, NY 12603 <br> Telephone:  (845) 454-2221 <br> Facsimile:  (845) 471-1005 <br> Email: anthony@handelcarlini.com | SHULLMAN FUGATE PLLC <br><br> By: */s/ Deanna K. Shullman* <br> Deanna K. Shullman (SBN 514462) <br> 2101 Vista Parkway, Ste. 4006 <br> West Palm Beach, Florida 33411 <br> Telephone: (561) 429-3619 <br> dshullman@shullmanfugate.com |
| *ATTORNEYS FOR PLAINTIFFS JACK AND LESLIE FLYNN* | *ATTORNEYS FOR CABLE NEWS NETWORK, INC.* |