

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine M. Bolger**
212-402-4068 tel
212-489-8340 fax

katebolger@dwt.com

November 21, 2022

**VIA ECF**

The Honorable Sarah L. Cave
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007-1312

    Re:    Letter in *Flynn et al v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC (S.D.N.Y.)

Dear Judge Cave:

    Pursuant to the Court's order (ECF No. 91), Defendant Cable News Network, Inc. ("CNN") submits this letter summarizing ongoing discovery disputes requiring the Court's attention, including Plaintiffs' failure to comply with this Court's October 28 Order.[1]  Below is a list of these deficiencies:

    *First*, the Court ordered Plaintiffs' counsel by November 11 to "advise CNN which email and social media accounts they have searched[.]"  ECF No. 91 at 2.  On November 11, Plaintiffs' counsel provided a list of some social media accounts and email accounts his clients allegedly searched; however, CNN's counsel identified several additional email accounts that Plaintiffs' counsel did not search: (1) Lori Flynn: andrades7@icloud.com; (2) Michael Flynn, Jr.: mgf83@protonmail.com; (3) Joseph Flynn: joe.flynn@vereco.com; and (4) General Flynn: rpatriot@mailsol.net.  CNN's counsel determined these additional email accounts by manually reviewing documents produced by Plaintiffs' counsel and a third-party to identify missing email addresses.[2]  The

---

[1] Plaintiffs' counsel has indicated that he intends to file a letter today which seeks to introduce new discovery disputes that the parties have not had an opportunity to meet and confer about, in contravention of this Court's letter-motion and discovery conference rules.  To the extent any new issues are raised, CNN respectfully requests that it be permitted to respond substantively to the letter before a ruling on the merits.

[2] Plaintiffs' failure to provide authentic documents has impeded CNN's ability to ascertain whether they complied with discovery obligations.  CNN's e-discovery vendor explained that it was unable to run searches on Plaintiffs' documents to confirm which email accounts appeared on the documents because "many of the documents that we received [from Plaintiffs] are difficult to OCR accurately due to watermarks, blurriness, handwritten text, etc."  This

November 21, 2022
Page 2

parties met and conferred on November 14 on this issue, and CNN's counsel emailed Plaintiffs' counsel a written list of those accounts. As of this letter, Plaintiffs' counsel has not confirmed whether he or his clients plan to search those accounts as this Court has ordered. CNN's counsel requests an order compelling Plaintiffs' counsel to confirm whether all accounts identified by CNN were searched.

*Second*, and relatedly, this Court directed Plaintiffs' counsel to "run the search terms yourself" on "any remotely accessible [email] account." (Tr. 52:5-7). Plaintiffs' counsel represented to this Court that while he had never remotely searched email accounts before, he had "no problem doing the search" and that he would "figure that out. That's easy." (Tr. 52:24-25; 53:1-6). Yet, when asked during the parties' meet and confer regarding whether he had already searched all email accounts remotely, Plaintiffs' counsel stated that he did not know how to do so, and that CNN's counsel was required to show him how to do this. Despite having no obligation to do so, CNN's counsel suggested that he could get the passwords from his clients, login to their email accounts, and remotely search. To date, however, Plaintiffs' counsel has not confirmed that he has attempted to complete these searches. CNN's counsel requests an order compelling Plaintiffs' counsel to personally run all search terms across all of his clients' relevant email accounts[3] by December 1, 2022.

*Third*, this Court ordered Plaintiffs' counsel by November 11 to "advise CNN . . . which search terms they used." ECF No. 91 at 2. Plaintiffs' counsel did not provide the search terms as this Court ordered him to do, instead, he informed CNN's counsel: "The search terms used are those contained in CNN['s] request for production of documents 14 and 15." This non-responsive answer does not provide the exact search terms or date ranges used, and whether each term was searched individually or as part of a group or Boolean search. Nor do those terms address several categories of information from CNN's other requests for production. Moreover, this Court made clear that it was not enough to redirect CNN's counsel to its own requests for document production. (See Tr. at 51-52:13-25, 1-4). CNN sent a follow-up email after the meet and confer requesting the search terms again, but to date, no response has been received and no search terms have been provided. CNN's counsel requests an order compelling Plaintiffs' counsel to provide all search terms, an explanation as to how they were used (*i.e.*, individually searched or as a group of terms or as a Boolean search), and the date range for each search.

---

further underscores why this Court should compel Plaintiffs to produce authentic versions of all documents.

[3] Namely, these accounts include those listed in Plaintiffs' November 11 email, additional accounts identified by CNN above, and all other accounts of which the parties become aware.

November 21, 2022
Page 3

*Fourth*, the Court ordered Plaintiffs' counsel to provide all outstanding consents for Parler by November 9, 2022. ECF No. 91 at 1-2. CNN has informed Plaintiffs' counsel both before and after the Court-ordered deadline that Lori Flynn's notarized consent for Parler is missing her email address and phone number. Although he stated that he would provide this information, to date, Plaintiffs' counsel has not done so. CNN's counsel seeks an order compelling Plaintiffs' counsel to complete the Parler notarized consent.

*Fifth*, CNN has identified several other ongoing discovery disputes:

- This Court directed Plaintiffs' counsel to confirm that each of his clients "has checked their *texts*, their emails, their social media . . ." (Tr. at 49:4-12). During and after the parties' meet-and-confer, CNN's counsel asked Plaintiffs' counsel to confirm whether his clients searched their phones for all responsive data; and to provide the phone numbers searched and to which of the Flynns they correspond. To date, Plaintiffs' counsel has not provided that information.
- CNN's counsel also asked for confirmation whether his clients' computer/laptop/hard drive files have been searched. To date, Plaintiffs' counsel has not provided that information.
- Regarding the third-party subpoena to General Flynn, Michael Flynn, Jr., and Joseph Flynn—represented by Plaintiffs' counsel—Plaintiffs' counsel has not adequately answered why their responses state "none recalled" regarding various document requests. CNN's counsel asked Plaintiffs' counsel to certify whether his clients' responses actually mean that diligent searches were conducted, but no documents or communications were found. Plaintiffs' counsel has not done so.

Given these serious failures to provide CNN with adequate information about the searches that were conducted, CNN's counsel requests an order compelling Plaintiffs' counsel to personally run search terms across his clients' phones, computers, and any other repositories containing potentially responsive information; provide CNN's counsel with a list of all devices searched and to whom they correspond; and confirmation regarding what searches were performed related to the third-party Flynn subpoenas.

Respectfully Submitted,

Davis Wright Tremaine LLP

Katherine M. Bolger