

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine M. Bolger**
212-402-4068 tel
212-489-8340 fax

katebolger@dwt.com

November 22, 2022

**VIA ECF**
The Honorable Sarah L. Cave
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007-1312

      Re:    *Flynn et al v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC (S.D.N.Y.): Response to Plaintiffs' Letter-Motion

Dear Judge Cave:

    We represent Defendant Cable News Network ("CNN") in the above-referenced action and submit this response letter in opposition to Plaintiffs' November 21, 2022 letter-motion apparently requesting CNN to produce several categories of documents. (ECF No. 95).

    At the outset, Plaintiffs' letter fails to comply with this Court's Order permitting any party to file a letter "listing discovery disputes requiring the Court's attention" at the parties' November 23 discovery conference (ECF No. 91). The letter does not relate to any of the issues raised in the parties' prior letter-motion practice or the October 28 discovery conference. And the parties have not orally met and conferred regarding the fifth and sixth requests for production of documents, as this Court's individual practices require. But if this Court considers those issues, CNN provides the following responses:

**A. Jack Flynn's 3rd Request for Production of Documents**

1. **Documents relating to CNN's ratings:** Pursuant to the contractual agreement between CNN and The Nielsen Company (the entity that provides CNN with ratings information), CNN must engage in a separate process with Nielsen before producing ratings to third parties. That process is ongoing.

2. **Documents that show viewership of the Report:** CNN has not withheld documents related to Report viewership. As communicated to Plaintiffs, CNN has already produced responsive documents. [1] CNN is aware of its ongoing discovery obligations and will produce any other responsive documents.

---

[1] These documents, marked "Highly Confidential," were produced as CNN000828; CNN000829-CNN000836; CNN000903; CNN000904-CNN000911; CNN000915; CNN000916-CNN000923.

November 22, 2022
Page 2

**B. Jack Flynn's 4th Request for Production of Documents**

1. **Requests related to "Dossiers and research on Trump, General Flynn or QAnon" and "Communications with the J6 Committee regarding General Flynn and/or QAnon":** CNN has produced all responsive, non-privileged documents related to the Report of which it is currently aware. To the extent that these requests seek information unrelated to the Report and from persons who had no involvement in the Report, they are not relevant to any issue in this case. These requests also squarely implicate newsgathering information protected by the reporter's privilege. And this Court may not order disclosure of nonconfidential newsgathering materials unless "the materials at issue are of likely relevance to a significant issue in the case and are not reasonably obtainable from other available sources." *See Robertson v. People*, 2015 U.S. Dist. LEXIS 168525, at *7 (S.D.N.Y. Dec. 16, 2015). Plaintiffs' counsel has not even attempted to demonstrate that the materials are of likely relevance to a significant issue in this case nor has he shown that they are not reasonably obtainable from other available sources. Indeed, these requests and the many others below seek precisely the "burdensome wholesale production of press files" that the privilege is intended to guard against. *See Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 35 (2d Cir. 1999) (privilege prevents litigants from "sift[ing] through press files in search of information supporting their claims").

2. **All documents that show General Flynn promoted any "QAnon slogan":** CNN has produced all responsive, non-privileged documents that relate to the preparation of the Report of which it is currently aware. To the extent this request broadly seeks information about General Flynn and QAnon unrelated to the Report, it is irrelevant: General Flynn is not a plaintiff in this litigation, and only the Report is at issue. *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (discovery "not intended to be a fishing expedition" and must be based on specific needs of case).

**C. Jack Flynn's 5th Request for Production of Documents**

1. **Any evidence that supports the contention that General Flynn is a QAnon follower**: This request is not included in the fifth set of requests. CNN is not obligated to respond to discovery requests that have not been served.

2. **Documents in Anderson Cooper's possession that mention any member of the Flynn family:** CNN has produced all responsive, non-privileged documents related to the Report of which it is currently aware. Anderson Cooper had no involvement with the Report. This request seeks information irrelevant to this case and protected by the reporter's privilege. *See supra*.

3. **The CNN reports referenced in ¶¶ 2 and 15 of the amended complaint:** Paragraphs ¶¶ 2 and 15 of the Complaint make allegations about two completely

separate and distinct CNN reports about QAnon that are not at issue in this case, do not involve Mr. O'Sullivan, and are outside the statute of limitations. CNN will direct Plaintiffs to those published reports. To the extent Plaintiffs seek newsgathering materials related to these reports, those materials are irrelevant to this case and protected by the reporter's privilege. *See supra*.

4. **The full contents of O'Sullivan's social media accounts:** CNN's counsel has confirmed that Mr. O'Sullivan did not use social media in conjunction with his work on the Report. This data is therefore irrelevant to this case. In addition, it may implicate reporting Mr. O'Sullivan did for other matters and would be protected by the reporter's privilege. *See supra*.

5. **Documents relevant to the positions CNN has taken in prior reports on what constitutes a "QAnon follower":** These requests seek all documents relating to several separate and distinct CNN articles that are not at issue in this case. This information is irrelevant and would squarely implicate information protected by the reporter's privilege, including sources. *See supra*.

D. **Jack Flynn's 6th Request for Production of Documents**

1. **CNN tax returns and other support for its "book value" estimate of net worth:** CNN provided its net worth to Plaintiffs. Requests for any other information are premature because such information is only potentially relevant to punitive damages. *See Pasternak v. Dow Kim*, 275 F.R.D. 461 (S.D.N.Y. 2011) (disclosure of financial information relevant to determination of punitive damages not warranted at discovery phase).

2. **O'Sullivan's employment agreements:** These agreements contain highly confidential, commercially sensitive, and personal private information, as courts have recognized. *See, e.g.*, *Perez v. Ju-pada Enters., Inc.*, 2011 WL 501601, at *1 (S.D.N.Y. Feb. 14, 2011) (parties "clearly have a strong and legitimate interest in maintaining strict control over access to [personnel files]"). Accordingly, Plaintiffs cannot merely engage in speculation or conjecture for why they need such agreements in their entirety; they must request specific parts of those agreements and establish some basis for why each requested part is relevant to issues in the case. Plaintiffs have not provided any such justification.

Respectfully Submitted,

Davis Wright Tremaine LLP

Katherine M. Bolger