UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN P. "JACK" FLYNN and LESLIE A. FLYNN,

                      Plaintiffs,

-v-                                        CIVIL ACTION NO.: 21 Civ. 2587 (GHW) (SLC)

                                                    **OPINION AND ORDER**

CABLE NEWS NETWORK, INC.,

                      Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs John P. "Jack" and Leslie A. Flynn (the "Flynns") have challenged the privilege assertions by Defendant Cable News Network, Inc. ("CNN") over certain email communications (the "Emails"). (ECF No. 80). Following two conferences with the parties and an in camera review of the Emails, (see ECF min. entries Oct. 28, 2022 and Nov. 23, 2022; see also ECF Nos. 92; 98), the Court upholds some of CNN's privilege assertions, but rejects others and orders that 24 documents be produced to Plaintiffs.

## II. BACKGROUND

The factual background of the Flynns' claims against CNN appears in prior decisions of the Honorable Gregory H. Woods and the undersigned, and is incorporated by reference. See Flynn v. Cable News Network, Inc., No. 21 Civ. 2587 (GHW), 2022 WL 3334716, at *1 (S.D.N.Y. Aug. 12, 2022) ("Flynn III") (granting in part and denying in part CNN's motion for reconsideration); Flynn v. Cable News Network, Inc., No. 21 Civ. 2587 (GHW), 2021 WL 5964129, at *1 (S.D.N.Y. Dec. 16, 2021) ("Flynn II") (granting in part and denying in part CNN's motion to dismiss (the "MTD"));

1

Flynn v. Cable News Network, Inc., No. 21 Civ. 2587 (GHW) (SLC), 2021 WL 6290046, at *1–2 (S.D.N.Y. Oct. 22, 2021) ("Flynn I") (recommending that CNN's MTD be granted and CNN's request for attorneys' fees and costs be denied).

Very briefly, the Flynns asserted defamation and false light claims against CNN "for airing a report [the 'Report'] that the Flynns allege falsely called them QAnon followers." Flynn III, 2022 WL 3334716, at *1.  I recommended that CNN's MTD be granted in its entirety, see Flynn I, 2021 WL 6290046, at *19, but Judge Woods granted the MTD as to the Flynns' defamation claim, holding that they plausibly alleged a false light claim under Rhode Island law.  See Flynn II, 2021 WL 5964129, at *6.  On CNN's motion for reconsideration of Flynn II, Judge Woods "void[ed] the portion of Flynn I[I] which held that the Flynns plausibly alleged that CNN was negligent for purposes of their defamation claim[,]" but, because Judge Woods had dismissed the defamation claim, there was no impact on the ultimate outcome of Flynn II.  See Flynn III, 2022 WL 3334716, at *7.

The parties proceeded to discovery, and, as night follows day, discovery disputes arose between them.  (See ECF Nos. 72; 75; 77; 79; 80; 82; 83; 90; see also ECF Nos. 94–96).  Among the issues the Flynns raised was CNN's withholding (or redacting) the Emails on attorney-client privilege grounds, as to which CNN's privilege logs (the "Logs") rendered it "impossible to tell . . . whether any lawyer is involved or why the redacted material is protected by the privilege."  (ECF No. 80 at 2).[1]  CNN's description in the Logs for the assertion of the privilege was that the Email (or redacted portion thereof) was "requesting legal advice and reflecting the provision of legal advice concerning the Report[,]" but, the Flynns pointed out, "[i]n many

---

[1] CNN subsequently filed the Logs under seal with the Court's permission.  (ECF Nos. 86; 87).

2

instances, no lawyer is involved at all." (Id.) After CNN disclosed that Steve Kiehl ("Kiehl"), who appears on all of the Emails, is an in-house attorney at CNN, the Flynns withdrew their challenge to the communications that he authored, but maintained their challenge as to the remaining Emails. (Id. at 3; ECF No. 92 at 18–19).

In response, CNN argued that Kiehl "either provided legal advice regarding the Report . . . or was contacted for the purpose of seeking legal advice regarding the Report[.]" (ECF No. 83 at 2–3). As to Emails for which Kiehl was not listed as an author or recipient on the Logs, CNN stated that one of two circumstances existed: (i) "the primary email authors or recipients do not include [] Kiehl, but those parties are forwarding, excerpting, and/or discussing the same email chain with [] Kiehl's legal advice"; or (ii) "CNN applied minor redactions, typically one or two lines, where the parties referenced privileged legal advice related to the Report sought from or provided by [] Kiehl." (Id. at 3). CNN asserted that its "judicious and highly narrow privilege redactions indicate that CNN has fully complied with its Rule 26 obligations regarding its assertion of attorney-client privilege." (Id.)

On October 28, 2022, the Court held a discovery conference. (See ECF No. 92; see also ECF No. 91; ECF min. entry Oct. 28, 2022). The Flynns challenged three categories of privileged documents on the Logs: (i) Emails in which Kiehl was not involved; (ii) Emails "that on their face don't seem to involve Kie[h]l but . . . have limited redactions"; and (iii) Emails on which Kiehl was "simply reflected as a cc." (ECF No. 92 at 15–17). CNN's counsel clarified that it was not asserting an advice of counsel defense, and that the Emails were communications among the team of CNN employees, which included Kiehl, who were "pre-pubb[ing]" the Report. (Id. at 30). CNN's counsel explained that they had redacted portions of the Emails containing Kiehl's legal advice,

and withheld emails on which Kiehl was copied in his legal role as "part of the team." (Id. at 31–32). CNN's counsel did not specifically address the Emails on which Kiehl did not appear. (See generally id.) Because the Court continued to have questions about the Emails, it directed CNN to submit the Emails for in camera review. (See id. at 33–35).

On November 23, 2022, the Court held a further discovery conference to discuss, among issues, the Emails. (See ECF No. 98; see also ECF Nos. 91; 97; ECF min. entry Nov. 23, 2022). CNN's counsel explained that scripts, including the script for the Report, are reviewed simultaneously by a "Triad[,]" which consists of (i) an attorney (who reviews for legal issues); (ii) "the Row" (which reviews for "editorial purposes"); and (iii) the "standards and practices" department (which reviews for moral, ethical, and legal implications of the program). (ECF No. 98 at 4–5). The three types of reviewers "iterate on top of each other," and "build[] on each other's ideas . . . modifying the report as reflected in the comments[.]" (Id. at 4–6). The Court issued a post-conference order addressing discovery issues other than the Emails, as to which an order would be forthcoming. (ECF No. 97).

### III. DISCUSSION

#### A. Legal Standard

The attorney-client privilege is one of the "oldest recognized privileges for confidential communications." Swidler & Berlin v. U.S., 524 U.S. 399, 403 (1998); see Upjohn Co. v. U.S., 449 U.S. 383, 389 (1981) (noting that the purpose of the privilege is to foster "full and frank communication[s] between attorneys and their clients").[2] Under Rhode Island law,[3] "'[t]he

---

[2] Unless otherwise noted, all internal quotation marks and citations are omitted from case citations.
[3] The Flynns reference Rhode Island law (ECF No. 80 at 3), while CNN cites New York law. (ECF No. 83 at 2–3). As Rhode Island law applies to the Flynns' claims, see Flynn II, 2021 WL 5964129, at *3, so does

general rule is that communications made by a client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure.'" State v. von Bulow, 475 A.2d 995, 1004 (R.I. 1984) (quoting Haymes v. Smith, 73 F.R.D. 572, 576 (W.D.N.Y. 1976)). The party invoking the privilege "bears the burden of establishing that it applies to the communications at issue and that it has not been waived." McKnight v. Honeywell Safety Prod. USA, Inc., No. 16-132WES, 2019 WL 452741, at *2 (D.R.I. Feb. 5, 2019) (citing In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22–23 (1st Cir. 2003)); see von Bulow, 475 A.2d at 1005. "Both communications made by the client to the attorney for the purpose of seeking professional advice, as well as the attorney's responses, are privileged communications and are protected from disclosure." McKnight, 2019 WL 452741, at *2 (citing von Bulow, 475 A.2d at 1004). "In the corporate setting, the privilege protects any communication where a corporate employee sought or acted upon legal advice concerning the duties of his or her employment." McKnight, 2019 WL 452741, at *2 (citing Waltz v. Exxon Mobil Corp., No. PC 02-2436, 2007 WL 324444 (R.I.Super. Jan. 11, 2007)). Courts deploy "careful scrutiny . . . in determining whether an in-house attorney's communications are privileged[.]" McKnight, 2019 WL 452741, at *2.

B. **Document-by-Document Analysis**

The Court finds that approximately one-half of the Emails reflect communications on which Kiehl was copied for the purpose of obtaining or discussing legal advice, are protected by

---

Rhode Island privilege law apply. See Kleeberg v. Eber, No. 16 Civ. 9517 (LAK) (KHP), 2019 WL 2085412, at *6 (S.D.N.Y. May 13, 2019) (explaining that state privilege law applies in diversity cases); Fed. R. Evid. 501. The Court also cites decisions from this District applying New York law to the extent not inconsistent with Rhode Island law.

the attorney-client privilege, and therefore, do not need to be produced. (ECF No. 86, Emails Nos. 4; 7; 8; 15; 17; 19–21; 24–25; 27; 31; 39–41; 43–47; 75–80; 82–83; 87).

CNN has also withheld however, communications on which Kiehl was merely copied, but, following an in camera review, the Court finds that neither the contents of these Emails nor CNN's arguments establish that they were for the purpose of obtaining or providing legal advice. (ECF No. 86, Emails No. 5; 10–11; 13–14; 16; 22–23; 26; 28–29; 32–37; 48–49; 74; 81; 84–86). See Tower 570 Co. LP v. Affiliated FM Ins. Co., No. 20 Civ. 0799 (JMF), 2021 WL 1222438, at *5 (S.D.N.Y. Apr. 1, 2021) (finding that communications "on which counsel was merely copied, but neither the communications themselves nor [the party's] submissions establish that they were for the purpose of seeking or providing legal advice"); cf. Renner v. Chase Manhattan Bank, No. 98 Civ. 926 (CSH), 2001 WL 1356192, at *1 (S.D.N.Y. Nov. 2, 2001) (rejecting argument that "any reference to any communication between [a client] and one of his attorneys on any document shields that entire document from disclosure, whether or not the document reveals communications made by [the client] to his attorneys in confidence and for the purpose of obtaining legal advice"). In addition, CNN's production of these Emails will not reveal any privileged communications with Kiehl because, as the Court explained, the Court is requiring production of only the specific numbered Email, and CNN may redact privileged Emails that happen to appear within the same document. (ECF No. 98 at 5–6).

## IV. **CONCLUSION**

For the reasons set forth above, by **Friday, December 9, 2022**, CNN shall produce to the Flynns the Emails numbered 5, 10, 11, 13, 14, 16, 22, 23, 26, 28, 29, 32, 33, 34, 35, 36, 37, 48, 49, 74, 81, 84, 85, and 86 on the Logs. (ECF No. 86).

The Clerk of the Court is respectfully directed to close ECF No. 80.

Dated: New York, New York  
        December 5, 2022

SO ORDERED.

_____  
**SARAH L. CAVE**  
**United States Magistrate Judge**