

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine M. Bolger**
212-402-4068 tel
212-489-8340 fax

katebolger@dwt.com

February 9, 2023

**VIA ECF**
The Honorable Sarah L. Cave
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007-1312

      Re:    *Flynn et al v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC

Dear Judge Cave:

      We represent Defendant Cable News Network ("CNN") and submit this letter-motion for a discovery conference and an order compelling Plaintiffs' counsel to personally search his clients' cell phones for all responsive communications, including searching across all messaging platforms, such as Signal, WhatsApp, and Telegram.  In the alternative, Defendants seek an order requiring Plaintiffs' counsel to submit all cell phones to a third-party for a forensic collection.

      By way of background, on November 23, 2022, this Court ordered Plaintiffs' counsel for a second time to personally search all document repositories in his clients' possession and even granted him an extension of time to do so. (Dkt. 92; Dkt. 97; Dkt. 102).  In the interim, Defendant's counsel subpoenaed third parties who had information relevant to this litigation and obtained documents that made it clear that Plaintiffs' productions omitted key, responsive documents. ████████████████████████████████████████ (PX_1438-1439) ████████ (PX_1518-1519).  Only after CNN brought these documents to Plaintiffs' counsel's attention did Plaintiffs suddenly find and produce those documents.  In addition, even though Plaintiffs' counsel attested that he "personally searched" for all documents and communications on January 3, 2023, he has since made seven belated document productions of over 400 pages.  Most recently, however, Plaintiffs' counsel has informed Defendant's counsel that he will not search for any more documents.  As relevant here, Plaintiffs' counsel has said he has not—and will not—search additional messaging platforms containing potentially responsive documents on his clients' cell phones, despite confirming that his clients communicated on these platforms.

      As a consequence, nearly a full year into fact discovery, Plaintiffs' counsel has still not personally searched all devices and messaging applications, nor does Defendant's counsel have adequate assurances that all responsive documents have been produced.  CNN, therefore,

The Honorable Sarah L. Cave
February 9, 2023
Page 2

respectfully requests an order compelling Plaintiff's counsel to conduct the following searches:

**Signal**: Defendants request that Plaintiffs' counsel be ordered to search the Signal Apps of those individuals who he represents for responsive messages. Signal is an end-to-end encrypted messaging platform with an auto-delete function. CNN has every reason to believe it was used by the Plaintiffs to communicate about this litigation. ███████████████████████████████████████████████████████████████████████ (this case was filed on March 25, 2021). ███████████████████████████████████████████ And, in fact, Plaintiffs' counsel admitted in a January 28, 2023 letter to Defendant's counsel that Jack Flynn "has used Signal (personal and for business wholly unrelated to any issue in this case)" and that Lori Flynn, General Flynn, and Joe Flynn also used Signal to communicate. Nonetheless, in an email dated January 4, 2023, Plaintiffs' counsel previously claimed that "Lori Flynn and Jack Flynn did not discuss the case over Signal and there are no Signal messages" and he, therefore, claims he has no obligation to search the Signal application. But this representation is clearly inconsistent with Jack Flynn in the March 4, 2021 message. Defendant's counsel, therefore, requests an order that Plaintiffs' counsel personally search all Signal messages for all Flynn family members, and inform CNN as to whether any messages exist.

**WhatsApp**: In a letter dated January 28, 2023, Plaintiffs' counsel admits that both Jack Flynn and Leslie Flynn used WhatsApp (an end-to-end encrypted messaging service), but he claims both used it for a combination of business or personal reasons and has refused to search the platform for responsive documents and communications. In a subsequent email dated February 2, 2023, Plaintiffs' counsel also admitted that Lori Flynn used WhatsApp but claims there are no relevant communications. But Plaintiffs' counsel also admits he did not search for those messages. Defendant's counsel, therefore, requests an order that Plaintiffs' counsel personally search all WhatsApp messages for all Flynn family members, and inform CNN as to whether any messages exist.

**Telegram**: Plaintiffs' counsel has confirmed that General Flynn, who is under valid subpoena and is represented by Plaintiffs' counsel, has three Telegram channels, @RealGenFlynn, @general_flynn and @MichaelFlynnTeam, and that Lori Flynn uses Telegram (a cloud-based messenger service). But Plaintiffs' counsel refuses to search General Flynn's channels or even tell us Lori Flynn's channel. Defendant's counsel seeks an order requiring Plaintiffs' counsel to personally search all three of General Flynn's channels and Lori Flynn's channel.

To the extent that Plaintiffs' counsel is unwilling or unable to search these devices, we respectfully request that Plaintiffs' devices associated with the following phone numbers provided by Plaintiffs' counsel be turned over to a third party vendor for imaging:

| | |
|---|---|
| Jack Flynn: ███████ | Joe Flynn: ███████ |
| Leslie Flynn: ███████ | General Flynn: ███████ |
| Valerie Flynn: ███████ | Michael Flynn Jr.: ███████ |
| Lori Flynn: ███████ | Mary Flynn O'Neill: ███████ |

The Honorable Sarah L. Cave
February 9, 2023
Page 3

A forensic search is warranted here given the serious doubts created by Plaintiffs' incomplete document productions and failure to produce responsive documents and communications unless confronted by the document via a third party production. *See Kim v. Kum Gang, Inc.*, 2014 WL 2514705, at *1 (S.D.N.Y. June 2, 2014) ("authoriz[ing] plaintiffs to conduct a forensic search of defendants' computers . . . and to recover the expense of that search). *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008) (ordering a forensic search of device "to take adequate measures to prevent the destruction of discoverable material").

Finally, Plaintiffs' counsel has admitted that Plaintiffs have either deleted or no longer have access to some documents and communications that are relevant to this matter and were created when they were contemplating this litigation. *See, e.g.*, TracyDiaz_136 (█); FLYNN0000132-134 (█); ShirtShow001-ShirtShow031 (█); ShirtShow041-047 (█). For instance, there are missing texts between █ (FLYNN0000132-134). And missing texts between █ (ShirtShow023) █. In the event that those materials have been deleted or are no longer accessible, Defendant's counsel reserves the right to seek an adverse inference and/or seek sanctions. *See, e.g.*, *FTC v. Noland*, 2021 WL 3857413, at *19 (D. Ariz. Aug. 30, 2021) (granting adverse inference and sanctions where party failed "to take reasonable steps to preserve the Signal and ProtonMail messages . . . irrespective of whether the messages were lost because of intentional deletion, through the intentional use of an auto-delete function, or some combination thereof"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 494 (S.D.N.Y. 2022) (The duty to preserve arises 'when a party should have known that the evidence may be relevant to future litigation.'") (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998); *Sjs Distrib. Sys. v. Sam's East, Inc.*, 2013 WL 5596010, at *4 (E.D.N.Y. Oct. 11, 2013) (plaintiff's failure to preserve was "particularly inexcusable" because as the plaintiff "had knowledge of the possibility of future litigation") (quoting *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 507 (S.D.N.Y. Aug. 15, 2013).

Pursuant to Local Civil Rule 37.2, counsel for the parties met and conferred on February 2, 2023 via phone from approximately 4:00 pm until 4:30 pm. Katherine Bolger and Steven Biss participated. During their meet and confer it became clear that the parties had reached an impasse and now seek the Court's assistance. CNN, therefore, respectfully requests an order compelling Plaintiff's counsel to personally search the enumerated accounts and devices or provide the relevant phones to a third party to be forensically reviewed. Thank you for your consideration.

Respectfully Submitted,

Davis Wright Tremaine LLP

*Katherine M. Bolger*
Katherine M. Bolger