

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212-402-4068 tel
212-489-8340 fax

katebolger@dwt.com

February 16, 2023

**VIA ECF**

The Honorable Sarah L. Cave
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 18A
New York, NY 10007-1312

   **Re:**  ***Flynn et al v. Cable News Network, Inc.***, No. 1:21-cv-02587-GHW-SLC

Dear Judge Cave:

   We represent Defendant Cable News Network ("CNN") and submit this letter-motion in response to Plaintiffs' letter-motion dated February 14, 2023 (Dkt. 110).  CNN respectfully requests that this Court deny Plaintiffs' request to depose Anderson Cooper.

   This is not the first time Plaintiffs have sought discovery from Mr. Cooper.  On the contrary, at the November 23, 2022 conference in this matter, Plaintiffs sought documents from him, citing as the basis for their request exactly the same paragraphs of the Complaint as they rely on in the February 14, 2023 letter.   At the time, Plaintiffs' counsel conceded that Mr. Cooper "didn't make any statements about the Flynns at all" (Nov. 23, 2022 Hearing Tr.: 24-26), and Defendant's counsel confirmed that Mr. Cooper "had no role in the [allegedly defamatory] report." *Id.* at 26:25-27:2-3.  On this basis, Your Honor held that "[t]here's no defamation or false li[ght] claim for anything that Anderson Cooper did" and denied the requested discovery. *Id.* at 26:6-22. Your Honor then directed Plaintiffs' counsel to address any questions about Mr. Cooper to Donie O'Sullivan, the reporter at issue in this dispute, at his deposition.  *Id.* at 27:13-17.  Instead of following this instruction, however, and without mentioning your earlier ruling, Plaintiffs now seek to depose Anderson Cooper.

   Your Honor should deny the relief requested herein for the same reasons you denied the motion to compel documents.  Mr. Cooper was not involved in the publication of the allegedly defamatory statements.  As the U.S. Supreme Court has held, "the state of mind required for actual malice would have to be brought home to the persons in the . . . organization having responsibility for the publication." *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964). This means that "[w]hen there are multiple actors involved in an organizational defendant's publication of a defamatory statement, the plaintiff must identify the individual responsible for publication of a statement, and it is that individual the plaintiff must prove acted with actual malice." *Dongguk*

Honorable Sarah L. Cave
February 16, 2023
Page 2

*Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013); *see also BYD Co. v. VICE Media LLC*, 531 F. Supp. 3d 810, 823 n.5 (2d Cir. 2022) (confirming "the critical question is the state of mind *of those responsible for the publication*") (emphasis in original).  Here, Mr. Cooper is simply not that person—he did not make the alleged defamatory statement, nor was he involved in any way in the newsgathering for the alleged defamatory statement.  His testimony is irrelevant.  The request should, therefore, be denied.

In their letter, Plaintiffs argue that Mr. Cooper should be deposed about *other* reporting he did about QAnon and/or General Flynn.  But this is a red herring.  None of those materials bear on the false light claim at issue here because there is no reason to believe that Mr. Cooper shared any of his knowledge with Mr. O'Sullivan.  And, in fact, he did not do so.  Mr. Cooper's knowledge of QAnon, is therefore, not relevant.  Next, to the extent Plaintiffs seek Mr. Cooper's testimony to authenticate published materials, CNN has provided those materials in discovery and will stipulate to their authenticity.  And to the extent Plaintiffs seek to question Mr. Cooper about the newsgathering for stories other than those at issue here, that discovery would be barred by the reporter's privilege secured to Mr. Cooper by the First Amendment, Article I, Section 8 of the New York Constitution and the New York State Shield Law, §79-h.

Mr. Cooper is undoubtedly a marquee talent at CNN; therefore, any compelled attendance at a deposition concerning a Report he played no role in creating would be unduly disruptive to his constitutionally-protected newsgathering activities and those of CNN while providing no benefit to either party.  And where, as here, Plaintiffs' counsel describes himself on his Truth Social account as a defamation litigator "against the animals at CNN,"[1] it seems possible that Plaintiffs may be motivated to depose Mr. Cooper for reasons other than good-faith litigation strategy.  *See e.g.*, *Branzburg v. Hayes*, 408 U.S. 665, 707-08 (1972) ("Official harassment of the press undertaken . . . to disrupt a reporter's relationship with his news sources would have no justification.").  For these reasons, CNN respectfully requests that this Court deny Plaintiffs' request to depose Anderson Cooper.

Thank you for your consideration.

Respectfully Submitted,

Davis Wright Tremaine LLP

Katherine M. Bolger

---

[1] https://truthsocial.com/@stevenbiss.