# STEVEN S. BISS
Attorney At Law
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:  804-501-8272
Fax:  202-318-4098
EMAIL:  stevenbiss@earthlink.net
stevensbiss@protonmail.ch
https://truthsocial.com/@stevenbiss

Matter No.

296-001

July 10, 2023

**VIA CM/ECF**

Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 18A
New York, New York 10007

RE: **Flynn v. Cable News Network, Inc.**
**Case 1:21-cv-02587 (GHW/SLC)**

Dear Judge Cave:

I represent Plaintiffs, John P. "Jack" Flynn and Leslie A. Flynn (the "Flynns") in this matter. Pursuant to § I(A) and II(C)(2) of the Court's Individual Practices, we request a discovery conference with the Court to obtain an order compelling Defendant Cable News Network, Inc. ("CNN") to pay Plaintiffs' expert, Dr. Sophia Moskalenko, a reasonable for the time she spent in responding to discovery under Rule 26(b)(4)(A).

After Plaintiffs timely identified Dr. Moskalenko as an expert and provided her expert report in accordance with Rule 26(a)(2)(B), CNN indicated that it wanted to take Dr. Moskalenko's deposition pursuant to Rule 26(b)(4)(A). CNN took that deposition, and counsel for Plaintiffs duly submitted an invoice for Dr. Moskalenko's time.

Counsel for CNN has yet to dispute the reasonableness of Dr. Moskalenko's itemized invoice.

Counsel for CNN has yet to argue that manifest justice would result if CNN – an international media conglomerate with vast worldwide resources – were required to pay Dr. Moskalenko's modest invoice.

Fed. R. Civ. P. Rule 26(b)(4)(E) is clear and unambiguous.  The Rule, in pertinent part, provides as follows:

> "*Payment*.  Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)".

The Rule says "must".  It is mandatory, and without caveat.  "Compensating an expert for [her] time spent in deposition is mandatory" under Rule 26 to avoid "the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Smith v. New York Presbyterian Hosp.*, 2012 WL 4903256, at * 2 *S.D.N.Y. 2012) (citation and quotation omitted); *see Mendez-Caton v. Caribbean Family Health Center*, 349 F.R.D. 60, 66 (S.D.N.Y. 2022) ("The time an expert spends being deposed is always compensable.  Additionally, courts in the Second Circuit have found compensable a number of other activities that an expert undertakes in connection with a deposition, such as 'fees for an expert's travel time along with the expert's out-of-pocket expenses.'  Time spent preparing for a deposition is also ordinarily compensable") (citations and quotations omitted).

Dr. Moskalenko is <u>not</u> a fact witness.  She is an expert.  She was identified as an expert.  She produced an expert report and a rebuttal expert report.  She is entitled to reasonable compensation for her time spent preparing for and attending the deposition noticed by counsel for CNN.

CNN is not entitled to take an expert deposition free of cost.

CNN's refusal to pay Dr. Moskalenko is baseless.  Moreover, CNN has needlessly multiplied these proceedings by forcing counsel for the Flynns to bring this matter to the Court's attention.

The Flynns respectfully request the Court to enter an Order compelling CNN to pay Dr. Moskalenko's invoice ***and*** to pay the Flynns' reasonable attorneys' fees and costs in having to file this letter motion.

## <u>Certification</u>

Plaintiffs hereby certify that good faith efforts have been made to resolve this dispute, to no avail.  Counsel for the Plaintiffs believes the parties to be at an impasse and requests a conference with the Court.

Yours very truly,

*/s/ Steven S. Biss*

Steven S. Biss

cc.  Anthony C. Carlini, Jr., Esq.
     Counsel of Record (via email)