Case 1:21-cv-02587-GHW-SLC   Document 156   Filed 07/12/23   Page 1 of 3



21st Floor
1251 Avenue pf the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

katebolger@dwt.com

July 12, 2023

**VIA ECF**
The Honorable Sarah L. Cave
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 18A
New York, NY 10007-1312

      Re:    *Flynn et al v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC

Dear Judge Cave:

      We represent Defendant Cable News Network ("CNN") and submit this letter-motion for a discovery conference on two outstanding issues.

      **Leslie Flynn's February 6 texts:** As the Court is aware from my letter dated June 12, 2023 (Dkt. 143), [REDACTED], CNN's counsel filed its prior letter-motion (Dkt. 143), which this Court granted, ordering Ms. Flynn to "update her interrogatory response(s) related to her communications with Maryellen Sullivan ('Ms. Sullivan') and produce the February 6, 2021 text message" by June 27, 2023. Dkt. 151.  And "[i]f Ms. Flynn no longer possess the February 6, 2021 text message, she shall explain why in her updated interrogatory responses." *Id.* Ms. Flynn has still not complied with this Court's order.

      Instead, on June 27, 2023 Ms. Flynn updated her interrogatory response, stating that [REDACTED] This response did not comply with the Court's order as Ms. Flynn did not produce the original February 6, 2021 text message, but instead produced a screen shot and the "screenshot" was also insufficient as it was just a screenshot of a still image from the Report and did not actually include Ms. Sullivan's message, nor

DWT.COM

July 11, 2023
Page 2 of 3

did Ms. Flynn explain why not having access to her Facebook meant she could no longer access her *text messages*. CNN, therefore, asked for clarification.

On July 6, 2023, the day before discovery closed, Ms. Flynn updated her interrogatory response *again*, this time claiming that █████



This purported text exchange between Ms. Sullivan and Ms. Flynn is deficient. █████



▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Finally, the fact that on the last day of discovery, Plaintiffs produced ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that had never been produced before, calls into question whether either Plaintiff has other responsive messages. This is particularly concerning to CNN because we have raised the paucity of messages between the Flynns with this Court and been reassured by Plaintiffs' counsel that they had been produced.  Dkts. 72, 90, 92, and 98.

CNN anticipates that Ms. Flynn will claim ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

CNN, therefore, requests that Leslie Flynn (1) explain in writing how it came to be that she deleted those text messages from her phone; (2) produce the full text of the messages with Ms. Sullivan on February 6, including such that CNN can see the date, time, and surrounding text messages; (3) produce all communications between her and Jack Flynn, including but not limited to, the full text messages with Ms. Sullivan, dated February 6, March 22, and March 24, 2021 and any other texts related to this Action.

**Barbara Flynn Redgate:** CNN has tried for nearly a year to serve Ms. Redgate, who is Jack Flynn's sister and Ms. Flynn's sister-in-law, with a third-party subpoena. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Accordingly, CNN is entitled to explore Ms. Redgate's connection to QAnon and her role in the LDF in discovery

Since mid-August 2022, CNN has repeatedly attempted to serve Ms. Redgate with a subpoena, to no avail. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ CNN, therefore, asks that it be permitted to depose Ms. Redgate outside of the July 7, 2023 discovery cutoff date, if it can locate her.

Pursuant to Local Civil Rule 37.2, counsel for CNN requested a meet and confer, and Plaintiffs' counsel agreed that the parties had reached an impasse.  Thank you for your consideration.

Respectfully Submitted,

Davis Wright Tremaine LLP



Katherine M. Bolger