

21st Floor
1251 Avenue pf the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

katebolger@dwt.com

July 12, 2023

**VIA ECF**
The Honorable Sarah L. Cave
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 18A
New York, NY 10007-1312

      **Re:**    *Flynn et al. v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC

Dear Judge Cave:

We represent Defendant Cable News Network ("CNN") and submit this response to Plaintiffs' letter-motion seeking an order compelling CNN to pay Dr. Moskalenko's invoice for a deposition, preparation, and travel, because, consistent with this Court's decision in *Trombetta v. Novocin*, No. 18-CIV-993-RASLC, 2023 WL 2575242, at *2 (S.D.N.Y. Mar. 20, 2023) (Cave, J.)., which we alerted Plaintiffs' counsel to on June 12, 2023, the application is premature.

Specifically, on June 12, 2023, Mr. Biss sent an email informing me that he would only agree to provide the address of the Plaintiffs' expert witness, Dr. Sophia Moskalenko, if CNN agreed in advance to pay her fees. In response, I told Mr. Biss his request was premature and sent Mr. Biss this Court's decision in *Trombetta*, in which your Honor denied without prejudice an expert fees determination where the deposing party had indicated "it may move to preclude [the proposed expert] from testifying at trial under *Daubert* and for other reasons," until such time as the Court determined "whether [the proposed expert] will serve as an expert, or as a fact, witness in this action." *Id.* The same result is warranted here, because CNN has alerted Plaintiffs to the fact that it intends to *Daubert* Dr. Moskalenko. CNN, therefore, requests that the application be denied as premature.

Finally, contrary to Mr. Biss's assertion, CNN has not yet addressed the reasonableness of Dr. Sophia Moskalenko's fees, not because it does not dispute them, but because the fees are premature and because it is the Plaintiffs' burden as "[t]he party that seeks reimbursement, [to] bear[] the burden of demonstrating the reasonableness of the amount claimed." *Marin v. United States*, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008) (collecting cases). In any event, on initial review, Dr. Moskalenko has charged $1,087.50 dollars for travel 20 miles from her home, which is, on its face, unreasonable. As this Court and others routinely hold: "The general rule, which this court follows, is that compensation for travel time should be half the regular hourly amount charged." *Mannarino v. United States*, 218 F.R.D. 372, 377 (E.D.N.Y. 2003); *see also*

Page 2


*Silberman v. Innovation Luggage, Inc.*, 2002 WL 1870383, at *2 (S.D.N.Y. Aug. 13, 2002) (travel to deposition compensable "at 50 percent of [the expert's] regular rate").

       For the reasons cited herein, this Court should deny Plaintiffs' request compelling payment of an unqualified expert as premature.[1]


                           Respectfully Submitted,

                           Davis Wright Tremaine LLP

                           Katherine M. Bolger

---

[1] Likewise no award for attorneys' fees are warranted here, especially given that CNN's counsel flagged your Honor's case declining to grant the exact relief Plaintiffs' counsel seeks here.