UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN P. "JACK" FLYNN and LESLIE A. FLYNN,

        Plaintiffs,

 -v-

CABLE NEWS NETWORK, INC.,

        Defendant.

CIVIL ACTION NO.: 21 Civ. 2587 (GHW) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

  Before the Court is a letter-motion (the "Motion") filed by Plaintiffs John Flynn and Leslie Flynn ("Plaintiffs") requesting a discovery conference to discuss Plaintiffs' request that Defendant Cable News Network, Inc. ("CNN") be compelled to pay Plaintiffs' expert, Dr. Sophia Moskalenko, "a reasonable [fee] for the time she spent in responding to discovery under [Federal] Rule [of Civil Procedure] 26(b)(4)(A)."  (ECF No. 153 at 1).  Specifically, Plaintiffs request that Defendant pay Dr. Moskalenko for the time she spent in connection with her deposition, including preparation.  (Id. at 2).  Plaintiffs intend to proffer Dr. Moskalenko as an expert witness, and argue that Defendant is therefore obligated to pay Dr. Moskalenko for her time pursuant to Federal Rule of Civil Procedure 26(b)(4)(E).  (Id.)  Plaintiffs also request reasonable attorneys' fees and costs incurred in connection with filing this Motion.  (Id.)

  CNN opposes the Motion, and argues that, because it intends to file a motion to preclude Dr. Moskalenko from offering expert testimony at trial under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), the Motion is premature.  (ECF No. 157 at 1).  CNN relies on a recent decision from this Court which held a similar application to be premature—Trombetta v. Novocin,

No. 18 Civ. 993 (RA) (SLC), 2023 WL 2575242 (S.D.N.Y. Mar. 20, 2023)—and represents that it provided this decision to Plaintiffs' counsel prior the Motion being filed. (ECF No. 157 at 1).

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i). "The district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(E)(i)," and that "time spent traveling to and from the deposition, and the expenses incurred during travel, so long as they are reasonable, are compensable under Rule 26(b)(4)(E)(i)." Trombetta, 2023 WL 2575242, at *2. An individual who serves "solely as a fact witness," however, is entitled only "to the statutory witness fee under 28 U.S.C. § 1821." Id. at *1 (quoting Ajasin v. Ortiz, No. 19 Civ. 6814 (RA) (JLC), 2021 WL 1437551, at *1 n.2 (S.D.N.Y. Apr. 16, 2021)); see DeRienzo v. M.T.A., No. 01 Civ. 8138 (CBM), 2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004) (holding that plaintiff's six treating physicians were fact, not expert, witnesses and were thus limited to statutory witness fees).

Although Dr. Moskalenko has been deposed, CNN has indicated that it intends to move to preclude her from testifying as an expert witness under Daubert. (ECF No. 157 at 1). The amount of fees to which Dr. Moskalenko is entitled depends on the outcome of CNN's anticipated Daubert motion; that is, "whether she is an expert witness entitled to reasonable fees under Rule 26(b)(4)(E)(i), or a fact witness entitled to the statutory fee under 28 U.S.C. § 1821." Trombetta, 2023 WL 2575242. Thus, CNN is correct that the Motion is premature.

Accordingly, the Motion is DENIED WITHOUT PREJUDICE to renewal following a determination by the Court whether Dr. Moskalenko will serve as an expert or fact witness in this action. Plaintiffs' request for attorneys' fees is DENIED.

The Clerk of the Court is respectfully directed to close ECF No. 153.

Dated: New York, New York
July 13, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

3