

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

katebolger@dwt.com

August 1, 2023

**VIA ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, 12C
New York, New York 10007

Re:     **Request for Pre-Motion Conference in *Flynn et al v. Cable News Network, Inc.*, No. 1:21-cv-02587-GHW-SLC**

Dear Judge Woods:

We represent Defendant Cable News Network, Inc. ("CNN") in the above-referenced action.  We write pursuant to Your Honor's Individual Practice Rules, Rule 2(E)(i) to request a pre-motion conference and set forth the grounds for CNN's intended motion for summary judgment on the false light claim brought by Jack and Leslie Flynn (the "Flynns"). Specifically, the undisputed facts demonstrate that (1) CNN did not portray the Flynns in a false light, (2) the Report is substantially true; (3) CNN did not act with the requisite level of fault in making the allegedly false statement; and (4) the Flynns fail to show any harm caused by the Report.

<u>**Background**</u>

This lawsuit arises out of a February 4, 2021 CNN report entitled "CNN Goes Inside A Gathering of QAnon Followers" (the "Report").  It features footage from inside a QAnon gathering called Q Con Live! in Arizona in the weeks leading up to the 2020 presidential election.

The Flynns' sole surviving claim—for false light invasion of privacy under Rhode Island law—arises out of two seconds from that Report featuring a clip from a video posted to Twitter ("Oath Video") by Jack Flynn's brother and Leslie Flynn's brother-in-law General Michael Flynn and later retweeted by Jack himself. In that clip incorporated into the Report, General Flynn, and *only* General Flynn, recites the slogan, "Where We Go One, We Go All" ("QAnon Slogan"), a slogan closely, if not universally, associated with the QAnon conspiracy theory. The Oath Video was widely reported on at the time Gen. Flynn (and others) posted it, largely because of its close alignment with QAnon. During the entirety of the Report, which aired seven months after the Oath Video was circulated and commented upon online, a chyron, or banner, "CNN Goes Inside a Gathering of QAnon Followers" appears on the lower third of the screen ("Chyron"). The Chyron is a clear reference to the QAnon convention held in October 2020 that is the focus of the Report. The Flynns claim that the Report placed them in a false light by associating them with QAnon. Am. Compl. ¶¶ 25-29 (Dkt. 7). On December 16, 2021, this Court dismissed the Flynns' defamation claim, but permitted the false light claim to proceed to discovery (Dkt. 42). Discovery is nearly complete, except for an interrogatory to Plaintiff Leslie Flynn regarding the potential

destruction of a text message and a non-party subpoena for deposition of a witness who has proven difficult to serve.

## **The Flynns Cannot Establish False Light**

To prevail on their false light claim, the Flynns must prove that "[t]here has been some publication of a false or fictitious fact which implies an association which does not exist" and "the association which has been published or implied would be highly objectionable to the ordinary reasonable [person] under the circumstances." *Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 752 (R.I. 2004) (quoting R.I. Gen. L. § 9-1-28.1(a)(4)). A false light claim requires that the Flynns be "'given unreasonable and highly objectionable publicity that attribute[] to [them] characteristics, conduct or beliefs that are false, and so [are] placed before the public in a false position.'" *Cullen v. Auclair*, 809 A.2d 1107, 1112 (R.I. 2002). Moreover, the Flynns must prove "there is such a major misrepresentation of [their] character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable [person] in [their] position." *Alves*, 857 A.2d at 752. Because the Flynns are limited purpose public figures, and the Report is about a matter of public concern, the Flynns must also establish that CNN acted with actual malice. *Time, Inc. v. Hill*, 385 U.S. 374, 388 (1967); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974). At the same time, the Flynns must also show that they were proximately harmed—emotionally, mentally, or otherwise—by the CNN Report. *Howard v. Antilla*, 294 F.3d 244, 250 (1st Cir. 2002). With the benefit of over a year's worth of discovery, the undisputed record is clear that the Flynns cannot meet their burden on any of these counts.

*First*, the Report is not reasonably capable of supporting the implication that the Flynns are associated with QAnon.[1] The Flynns' sole argument is that the Report associates them with QAnon because of the Chyron shown throughout the entirety of the Report. But, as a consideration of the full Report and the undisputed testimony of the CNN witnesses makes plain, the Chyron explicitly refers to the QAnon convention, not the gathering at which the Flynns recorded the Oath Video. Moreover, the Report does not mention Jack or Leslie, or even show them reciting the QAnon Slogan. The Report no more associates the Flynns with QAnon than it does Donie O'Sullivan—the CNN journalist shown attending the QAnon conference—or Travis View, the QAnon expert O'Sullivan later interviews.

*Second*, the Flynns cannot establish, as they must, that any association with QAnon is in fact false because they chose to film the Oath Video as part of the #TakeTheOath social media movement the Flynns voluntarily participated in. *See Swerdlik v. Koch*, 721 A.2d 849, 862 (R.I. 1998) (statements "based on substantially true facts . . . cannot be relied upon to support an action for false light"). That movement originated in an online post by the Q persona wherein Q set forth the oath, followed by the QAnon Slogan and encouraged its followers to take the oath. As Jack admitted, the Oath Video featured verbatim the words as Q directed its followers to recite in taking the oath, adding only "God Bless America" after the QAnon Slogan. In addition, *Jack himself* (along with several other family members) publicized that association by publicly sharing the Oath Video to his thousands of followers on social media. In fact, both Jack and Leslie's social media accounts show that they routinely used QAnon phrases, liked QAnon-related content, expressed

---

[1] The meaning of the challenged statement has not yet been determined because the Court to date only explicitly ruled on the statement at the 12(b)(6) stage based on the face of the complaint.

support for QAnon, and promoted QAnon-related theories. The Flynns also invited an ardent QAnon supporter to the Rhode Island home where the Oath Video was made, posing for pictures while the supporter wore Q-emblazoned merchandise.

As discovery has definitively shown, both the phrase "Where We Go One, We Go All"—which the Flynns proudly spoke on camera—and the #TakeTheOath movement—which the Flynns proudly participated in—are almost exclusively associated with QAnon, connections widely reported by the extensive media coverage from the time. Discovery also demonstrates that the Flynns expected the Oath Video to go viral. Thus, to the degree the Report can be understood as publicizing an association between the Flynns and QAnon, it merely mirrors the Flynns' own actions (and, in fact, sanitizes them by choosing not to depict their recitation of the oath).

*Third*, the Flynns cannot carry their burden of demonstrating that CNN acted with *any* culpable level of fault in airing the Report. Though the statute laying out the elements of the false light tort is silent on the question of fault, *see* R.I. Gen. L. § 9-1-28.1, the Restatement (Second) of Torts specifies that where, as here, the speech challenged in a false light claim pertains to a matter of public concern, a plaintiff must allege that a defendant acted with actual malice. Restatement (Second) of Torts § 652E (1977); *see Swerdlick*, 721 A.2d at 861 (discussing elements of false light in Rhode Island and citing Restatement with approval); *accord Hill*, 385 U.S. at 388 (holding "that the constitutional protections for speech and press preclude [redress for false light claims on] matters of public interest in the absence of proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth").

Both Jack and Leslie Flynn are, at minimum, limited purpose public figures, separately requiring them to establish actual malice. They voluntarily participated in a controversial viral online movement initiated by the Q persona, who for years preceding the video had been the subject of hotly contested debate about its influence in far right U.S. politics. Moreover, discovery has shown that the Flynns cannot prove that CNN acted with actual malice in publishing the Report. There exists no evidence that anyone at CNN knew the statements about the Flynn in the Report (to the extent they exist) were false or had a subjective awareness that they were probably false.

*Fourth*, for many of the same reasons that doom the Flynns' false light claim, Jack and Leslie also cannot meet their burden to prove damages—emotional, mental, or otherwise—caused by CNN's publication of the Report. *See Fudge v. Penthouse Int'l Ltd.*, 1987 U.S. Dist. LEXIS 5468, at *8 (D.R.I. June 4, 1987), *aff'd by* 840 F.2d 1012, 1018–19 (1st Cir. 1988). Discovery shows that any mental or emotional damage claimed by the Flynns predates the publication of the Report.

* * *

For these reasons, CNN respectfully requests a pre-motion conference related to its intended summary judgment motion.

Respectfully Submitted,

Davis Wright Tremaine LLP

Katherine M. Bolger