**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN,

     Plaintiffs,

   - against -

CABLE NEWS NETWORK, INC.,

     Defendant.

Case: 1:21-cv-02587-AS-SLC

**ORAL ARGUMENT REQUESTED**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT JESSE R. BINNALL**

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)
Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
meenakshikrishnan@dwt.com
lindseycherner@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

    A.    Binnall's Legal Representation of General Michael Flynn and Others ................. 3

    B.    Binnall Law Group's Legal Representation In This Case ...................................... 4

    C.    Binnall's Views on CNN ....................................................................................... 4

    D.    Binnall's Proffered Expert Opinion ...................................................................... 5

ARGUMENT ................................................................................................................... 7

I.     THE COURT NEED NOT MAKE THE DECISION NOW AS TO WHETHER BINNALL CAN BE AN EXPERT AS IT IS HYPOTHETICAL AND PREMATURE ................................................................................................................... 8

II.    IF THIS COURT DETERMINES THIS MOTION IS NOT PREMATURE, IT SHOULD GRANT IT ......................................................................................................... 9

    A.    Binnall's Opinion Is Unreliable ........................................................................... 9

         1.    Binnall's Expert Testimony Is Based on Unreliable Data and Methodology ............................................................................................... 9

         2.    Binnall's Expert Testimony Is Biased and Therefore Unreliable ............ 11

    B.    Binnall Is Not Qualified To Be An Expert On The Reasonableness of Attorneys' Fees ................................................................................................... 12

    C.    Binnall's Opinion Is Unhelpful ......................................................................... 14

CONCLUSION .............................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Adesina v. Aladan Corp.*,
  438 F. Supp. 2d 329 (S.D.N.Y. 2006)......................................................................12

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
  303 F.3d 256 (2d Cir. 2002)...........................................................................9, 10

*Anderson v. Sch. Bd. of Gloucester Cnty.*,
  2020 WL 4719091 (E.D. Va. Aug. 13, 2020)...............................................................6

*Arista Recs. LLC v. Lime Grp. LLC*,
  2011 WL 1674796 (S.D.N.Y. May 2, 2011) ..............................................................13

*Bee v. Novartis Pharms. Corp.*,
  18 F. Supp. 3d 268 (E.D.N.Y. 2014) .......................................................................8

*Berk v. St. Vincent's Hosp. & Med. Ctr.*,
  380 F. Supp. 2d 334 (S.D.N.Y. 2005)......................................................................14

*Chen-Oster v. Goldman, Sachs & Co.*,
  2022 WL 814074 (S.D.N.Y. Mar. 17, 2022) ..........................................................14, 15

*Daniels v. City of New York*,
  2018 WL 5919307 (S.D.N.Y. Nov. 13, 2018)...............................................................8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993)................................................................................... *passim*

*Duininck Bros. v. Howe Precast, Inc.*,
  2008 WL 4394668 (E.D. Tex. Sept. 22, 2008).............................................................13

*El Ansari v. Graham*,
  2019 WL 3526714 (S.D.N.Y. Aug. 2, 2019)............................................................11, 12

*Est. of Jaquez v. City of New York*,
  104 F. Supp. 3d 414 (S.D.N.Y. 2015)..................................................................11, 14

*Harris v. Tobin*,
  No. 16-CV-5610 (JGK), 2017 WL 685573 (S.D.N.Y. Feb. 21, 2017)....................................12

*Hopkins v. Nat'l R.R. Passenger Corp.*,
  2015 WL 13741721 (E.D.N.Y. Aug. 20, 2015).............................................................14

*In re Int'l Coins & Currency, Inc.*,
    26 B.R. 256 (Bankr. D. Vt. 1982) .......................................................................15

*In re Puda Coal Sec. Inc., Litig.*,
    30 F. Supp. 3d 230 (S.D.N.Y. 2014) ...................................................................13

*In re Zyprexa Prods. Liab. Litig.*,
    2009 WL 1357236 (E.D.N.Y. May 12, 2009) .......................................................9

*Ismael v. Charles*,
    2020 WL 4003291 (S.D.N.Y. July 15, 2020) ........................................................8

*Kewazinga Corp. v. Microsoft Corp.*,
    2021 WL 4066597 (S.D.N.Y. Sept. 1, 2021) ........................................................8

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ...............................................................................................8

*Lippe v. Bairnco Corp.*,
    288 B.R. 678 (S.D.N.Y. 2003),
    *aff'd*, 99 F. App'x 274 (2d Cir. 2004) .................................................................11

*Lokhova v. Halper*,
    441 F. Supp. 3d 238 (E.D. Va. 2020),
    *aff'd*, 995 F.3d 134 (4th Cir. 2021) ......................................................................6

*LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*,
    209 F. Supp. 3d 612 (S.D.N.Y. 2016) .................................................................13

*Malletier v. Dooney & Bourke, Inc.*,
    525 F. Supp. 2d 558 (S.D.N.Y.2007) ..................................................................13

*Med. Soc'y of the State of New York v. UnitedHealth Grp. Inc.*,
    332 F.R.D. 138 (S.D.N.Y. 2019) ...........................................................................8

*Nachimovsky v. Nike, Inc.*,
    2023 WL 4504461 (2d Cir. 2023).........................................................................9

*Pac. Life Ins. Co. v. Bank of New York Mellon*,
    571 F. Supp. 3d 106 (S.D.N.Y. 2021).........................................................*passim*

*Piccolo v. Top Shelf Prods., Inc.*,
    541 F. Supp. 3d 256 (E.D.N.Y. 2021) .................................................................15

*R. B. v. N. E. ISD*,
    2021 WL 5332312 (W.D. Tex. Nov. 15, 2021) ...................................................13

iv

*Restivo v. Hessemann*,
    846 F.3d 547 (2d Cir. 2017)................................................................................7

*Riegel v. Medtronic, Inc.*,
    451 F.3d 104 (2d Cir. 2006)................................................................................9

*Robinson v. Purkey*,
    326 F.R.D. 105 (M.D. Tenn. 2018) ..................................................................12

*Sauer v. Murray*,
    2008 WL 8859220 (M.D. Pa. Feb. 21, 2008) ..................................................14

*Tardif v. City of New York*,
    2022 WL 2195332 (S.D.N.Y. June 17, 2022) ...............................................9, 11

*United States v. Tin Yat Chin*,
    371 F.3d 31 (2d Cir.2004).................................................................................13

*United States v. Williams*,
    506 F.3d 151 (2d Cir. 2007)................................................................................8

*Viterbo v. Dow Chem. Co.*,
    646 F. Supp. 1420 (E.D. Tex. 1986),
    *aff'd*, 826 F.2d 420 (5th Cir. 1987).................................................................11

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
    571 F.3d 206 (2d Cir. 2009)................................................................................9

**State Cases**

*In Re Steven Scott Biss*,
    2009 WL 3802722 (Va. St. Disp. Nov. 3, 2009) ................................................5

*In re Steven Scott Biss*,
    2010 WL 4555681 (Va. St. Disp. Oct. 19, 2010) ...............................................6

*In re Steven Scott Biss*,
    2022 WL 1097470 (Va. St. Disp. Mar. 9, 2022) ................................................6

*Virginia State Bar, Ex Rel Third District Committee v. Steven Scott Biss*,
    2008 WL 6808029 (Va. St. Disp. Nov. 26, 2008) ..........................................2, 5

**Federal Statutes**

42 U.S.C. § 1983.................................................................................................13

**State Statutes**

R.I. Gen. Laws
    § 9-1-28.1 ..................................................................................................................2
    § 9-1-28.1(b)(4) ...................................................................................................1, 2, 3

**Rules**

ABA Rule 3.7 ..............................................................................................................12

Fed. R.Evid.
    403 .....................................................................................................................8, 11
    702 ..................................................................................................................1, 7, 8

NYSBA Rule 3.7 ........................................................................................................12

R.I. Sup. Ct. R. 3.7 ....................................................................................................12

Defendant Cable News Network, Inc. ("CNN") respectfully submits this memorandum of law in support of its motion to defer decision on this motion and/or exclude the proffered expert report, deposition testimony, and any trial testimony of Plaintiffs Jack and Leslie Flynn's ("Plaintiffs" or "Flynns") expert Jesse R. Binnall ("Binnall"), pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## PRELIMINARY STATEMENT

This case arises from the Flynns' Rhode Island false light claim based on a February 4, 2021, news report entitled "CNN Goes Inside a Gathering of QAnon Followers." Anticipating (wrongly) a victory in this litigation, the Flynns purport to offer their own attorney, Jesse Binnall, as an expert on the reasonableness of their former attorneys' legal fees in this action[1] because, they claim, they will be entitled to recover attorneys' fees as the prevailing party under R.I. Gen. Laws § 9-1-28.1(b)(4). This Court should defer a decision on this *Daubert* motion as premature because Binnall's purported expertise is unnecessary at this stage (and, CNN believes, will never be necessary because the Flynns will not prevail).

If, on the other hand, the Court chooses to address the motion now, it should exclude Binnall's expert opinion for several other reasons. *First*, Binnall's opinion is unreliable because his methodology in assessing the reasonableness of Biss's fees is plagued with obvious and fatal problems. In fact, Binnall has no methodology and admits he has not reviewed a single legal

---

[1] In August 2023, due to medically exigent circumstances, Plaintiffs' former counsel, Steven Biss, was unable to continue his representation in this action, as well as that of Lori Flynn and Valerie Flynn in the companion consolidated cases pending in the Middle District of Florida (*See Lori Flynn v. CNN*, No. 8:22-cv-00512; *Valerie Flynn v. CNN*, No. 8:22-cv-003343). Binnall's firm, Binnall Law Group, took over representation of all three cases. Binnall's colleagues Jason Greaves and Jared Joseph Roberts have appeared *pro hac vice* in this action, *see* ECF Nos. 172, 174, and Binnall's colleagues Shawn Flynn and Jared Joseph Roberts have appeared in the consolidated Middle District of Florida actions, *see Valerie Flynn*, No. 8:22-cv-003343, ECF Nos. 87-88.

billing entry in this case.  This ground alone warrants exclusion as an expert.[2]  Binnall's opinion is also unreliable and should be excluded because his firm *represents the Flynns in this litigation* and has frequently represented the Flynns' brother and sister-in-law, General Michael Flynn and Lori Flynn.  He is, therefore, unavoidably biased towards the Flynns.  *Second*, Binnall is unqualified to opine on the reasonableness of fees in a claim outside his legal specialty.  *Third*, Binnall's opinion on the reasonableness of fees will be of no assistance to the trier of fact, as courts routinely base fees decisions on their own knowledge and experience.  For all of these reasons, Binnall should be excluded as an expert in this case.

## FACTUAL BACKGROUND

On February 16, 2021, the Flynns retained their counsel, Steven Biss, pursuant to a contingency fee agreement, in which they agreed to pay Biss a retainer of $20,000 plus a contingency fee of twenty percent (20%) of any and all amounts recovered.  Declaration of Katherine M. Bolger in Support of Defendant Cable News Network, Inc.'s Motion for Summary Judgment ("Bolger Decl.") Ex. 117 ("Report") at 2.

On May 7, 2021, the Flynns filed an Amended Complaint bringing defamation and false light invasion of privacy claims against CNN under Rhode Island law.  ECF No. 7.  At the motion to dismiss stage, the Court dismissed the Flynns' defamation claim, but permitted the false light claim under R.I. Gen. Laws § 9-1-28.1 to proceed to discovery.  ECF No. 42.  Under Rhode Island false light law, the "prevailing party" "*may*" be awarded reasonable attorneys' fees and court costs.  R.I. Gen. Laws § 9-1-28.1(b)(4) (emphasis added).

---

[2] Binnall's expert report only extends to the reasonableness of Biss's fees, and not to any fees incurred by his firm or any other counsel in connection with this action.  To the extent Plaintiff seeks recovery of any fees incurred by the Binnall Law Group, that is explicitly outside the scope of Binnall's expert testimony, as is the scope of any fees sought by Anthony C. Carlini, Jr., who is also listed on this action's docket as Plaintiffs' counsel.  Binnall likewise cannot opine on fees incurred by CNN.

Believing (wrongly) that they will prevail in this action and that they will, therefore, be awarded attorneys' fees in this action, the Flynns offered Binnall as an expert to opine solely on the reasonableness of Biss's fees arrangement.  *Id.*

### A.   Binnall's Legal Representation of General Michael Flynn and Others

Binnall is the founder and Managing Partner of the Binnall Law Group in Alexandria, Virginia, which he has publicly characterized as the "best MAGA [Make America Great Again] lawyers in the business" and linked to the "America First" movement, just like the "Flynn family." Report at 2; Bolger Decl. Ex. 118 ("Tr.") 43:19-21, 44:18-45:22.   Binnall and his firm have represented former President Donald Trump and his campaign in numerous cases, including affirmative and defensive litigation related to the campaign's November 2020 election fraud claims and the January 6 attack on the U.S. Capitol.   Tr. 49:5-22, 50:5-16; 52:2-8, 53:21-54:7, 55:18-56:8, 57:16-58:19, 59:7-15.   In total, according to FEC filings, Binnall earned approximately 2.2 million dollars from his representation of Trump in 2021-2022.  *Id.* 59:16-60:11.

As part of his MAGA representations, Binnall has represented General Michael Flynn (Jack Flynn's brother and Leslie Flynn's brother-in-law), who he calls a "great American," in several matters since June 2019.   Report at 2; Tr. 22:15-18, 24:8-9.   Binnall, along with Sidney Powell, represented General Flynn in his criminal prosecution for lying to the FBI and his subsequent guilty plea.   Binnall's representation continued until after General Flynn was pardoned by Trump.  *Id.* 22:15-24:1; 27:3-16.   Binnall admits he has received compensation from the Legal Defense Fund established by General Flynn.  *Id.* 27:19-21; Bolger Decl. Ex. 33 at 136:1-13.

Following General Flynn's criminal prosecution, Binnall personally or his firm has represented him in a range of matters, including a defamation lawsuit brought by General Flynn against Everett Stern and General Flynn's current lawsuit against the United States for the, in Binnall's words, "politically motivated persecution of an American hero."   Tr. 32:5-8, 34:16-19,

3

36:4-37:3.  Binnall also has an attorney-client relationship with General Flynn's wife, Lori Flynn, who is currently suing CNN in a related matter as discussed *infra*. Tr. 25:15-26:2.  Over the last four years, Binnall has met several members of the Flynn family, including Jack and Leslie Flynn, on a "number of occasions," including at his office, political events, and "other locations." *Id.* 24:10-25:14.

Binnall regularly posts about General Flynn and his family on social media, for example, tweeting that General Flynn is "one of the finest men that you'll ever meet in your life" and that "he and his family [] have been put through [] hell." *Id.* 29:22-30:13.  After General Flynn settled his defamation lawsuit, Binnall tweeted, "Note to the left: the days of being free to impugn General Flynn's good character are over . . . From here forward, if you want to defame an American her[o], have your checkbook ready." *Id.* 33:11-22.

### B.  Binnall Law Group's Legal Representation In This Case

In August 2023, Binnall's firm took over representation of this case.  Binnall's firm also took over representation of the related actions brought by Lori and Valerie Flynn in the Middle District of Florida.  Binnall led many of the initial discussions with CNN's counsel regarding that representation.  ECF Nos. 170, 172, 174; Bolger Decl. ¶ 121.

As Binnall also testified, before he took over this matter, his colleague Jason Greaves represented a third party, Tracy Diaz, in connection with a subpoena issued in this action by CNN. Tr. 19:16-22:11; ECF No. 172.

### C.  Binnall's Views on CNN

Binnall also admits that he "didn't like a number of the coverage" from CNN in past years and has posted tweets referring to "Fake News CNN," "how conservatives need to handle CNN," or otherwise decrying the network.  Tr. 39:13-40:3, 40:8-17, 41:6-22.

D.        **Binnall's Proffered Expert Opinion**

Binnall has not testified as an expert at trial or by deposition in any case in the previous four years.  Report at 4.  Binnall claims that his opinion that Biss's fees are reasonable is based on a number of factors, including Biss's "skills requisite to properly perform the legal services" required in this false light case; Biss's "reputation" throughout the country; the "thousands of hours" put in by Biss to date; and Biss's "project[ion]" that he "will devote well over twenty thousand hours to the litigation."  Report at 7.

Though the Report praises Biss as one of the "few attorneys in the country" able to pursue this case, Binnall has almost no direct personal or professional knowledge of Biss or his practice. Report at 6.  Binnall spoke to Biss for the first time in August 2022, has had "less than ten" conversations with him in person, and has never met him in person or served with him as co-counsel.  Tr. 62:9-15, 63:4-15.  Instead, Binnall broadly based his expert opinion on the fact that Biss is generally "well known" and has handled "reputational harm" cases.  *Id.* 63:21-64:6.

Binnall is aware of some, but not all, of Biss's history of professional misconduct, but testified that none of it altered or would alter his purported expert opinion regarding Biss's professional competence.  For example, Binnall was aware that in 2008, Biss had his Virginia law license suspended for one year and one day for "commit[ing] deliberately wrongful acts that reflect adversely on his fitness to practice law" and he was aware that suspension was extended by 30 days in light of Biss's engagement in the unauthorized practice of law during his suspension. *Virginia State Bar, Ex Rel Third District Committee v. Steven Scott Biss*, 2008 WL 6808029, at *3 (Va. St. Disp. Nov. 26, 2008); *In Re Steven Scott Biss*, 2009 WL 3802722, at *7 (Va. St. Disp. Nov. 3, 2009); *see* Tr. 64:7-65:6.

Binnall, however, did not recall the two Virginia State Bar public reprimands received by Biss in 2010 and 2022, the latter of which was issued during Biss's representation of the Flynns in

this case.  That reprimand was based on Biss's failure to "act with reasonable diligence and promptness in representing a client."  And notably, the Bar criticized Biss for failing to identify in his retainer agreement "an hourly rate" or "any benchmarks at which [Biss] would earn all or part of the flat fee."  *In re Steven Scott Biss*, 2022 WL 1097470, at *1, 3 (Va. St. Disp. Mar. 9, 2022); *see also In re Steven Scott Biss*, 2010 WL 4555681, at *3 (Va. St. Disp. Oct. 19, 2010); Tr. 65:15-67:13, 68:19-69:11.  Binnall's ignorance of this reprimand is significant because, as Binnall conceded, the retainer agreement criticized by the Bar is similar to Biss's flat fee plus contingency agreement with the Flynns.  Tr. 67:14-16.

Binnall was aware of some, but not all, of the many courts who have criticized Biss's "excessively long," "exaggerated" claims, and "unprofessional ad hominem attacks" on opponents in his filings, *Lokhova v. Halper*, 441 F. Supp. 3d 238, 267 (E.D. Va. 2020), *aff'd*, 995 F.3d 134 (4th Cir. 2021); admonished Biss for his failure to "ensure that all positions" adopted in litigation were "warranted by existing law or by a nonfrivolous argument," *Anderson v. Sch. Bd. of Gloucester Cnty.*, 2020 WL 4719091, at *6 (E.D. Va. Aug. 13, 2020); and joined the "chorus" calling out Biss's long history of unprofessional conduct, *Lokhova*, 995 F.3d at 149.  Tr. 70:3-71:22, 73:4-75:2, 91:19-92:4.

Nonetheless, Binnall stated that none of these facts about Biss's professional reputation, even those he was not aware of, "negatively affect[ed]" his "analysis," purely because Biss is "still licensed to practice law" and handles "reputational harm cases . . . on a regular basis."  Tr. 64:12-18, 69:3-11.  Binnall testified that this history of misconduct "does not tell [him] . . . how that would affect this specific case, and the reasonableness of rates" or whether Biss has litigated this action "through similar conduct."  *Id.* 74:11-75:2, 88:17-89:14.  Nor did Binnall probe Biss about any of this documented record of misconduct as he did not "think that would be particularly

helpful." *Id*. 89:15-90:8.  Binnall testified he did not review the records to see if Biss engaged in any such activities here.

Finally, Binnall testified he had not actually reviewed any of Biss's specific billing records or entries in this matter; "could not tell" the number of hours Biss has spent on this case; and has not investigated the specific work Biss has done on this case.  Instead, he just "look[ed] at the docket," Tr. 79:5-17, 85:21-86:3, 80:12-81:10, and he "think[s]" he received an "oral summary" from Biss of Biss's work on this matter.  *Id.* 79:11-80:11.  Binnall also accepted Biss's estimate of "20,000 hours" for this case at face value, Report at 7, but admits that he has never litigated a false light claim that took "20,000 hours to litigate."  Tr. 82:17-83:13.

## **ARGUMENT**

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides that a witness who is qualified as an expert may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.*  Rule 702 "assigns to district courts the gatekeeper function" in ensuring that any and all expert testimony is "not only relevant, but reliable."  *Restivo v. Hessemann*, 846 F.3d 547, 575 (2d Cir. 2017) (quoting *Daubert*, 509 U.S. at 589).  "This 'gatekeeping' function applies whether the expert testimony is based on scientific, technical, or 'other specialized' knowledge."  *Pac. Life Ins. Co. v. Bank of New York Mellon*, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021) (citation omitted).  The court must ensure that an expert, "whether basing testimony upon professional studies or personal

experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Ismael v. Charles*, 2020 WL 4003291, at *14 (S.D.N.Y. July 15, 2020) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

When applying Rule 702, courts engage in a three-step inquiry: first, "whether the witness is qualified to be an expert"; second, "whether the opinion is based upon reliable data and methodology"; and third, "whether the expert's testimony on a particular issue will assist the trier of fact." *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 112.  Finally, as with all other evidence, expert testimony is also subject to Federal Rule of Evidence 403, and courts retain discretion to "determine whether the expert acted reasonably in making assumptions of fact upon which he would base his testimony." *Daniels v. City of New York*, 2018 WL 5919307, at *4 (S.D.N.Y. Nov. 13, 2018).

The proponent of expert testimony has the burden of establishing "by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 4066597, at *1 (S.D.N.Y. Sept. 1, 2021) (quoting *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

## I.      THE COURT NEED NOT MAKE THE DECISION NOW AS TO WHETHER BINNALL CAN BE AN EXPERT AS IT IS HYPOTHETICAL AND PREMATURE

First, CNN respectfully requests this Court defer consideration of Binnall as an expert because it is unnecessary at this juncture.  *Med. Soc'y of the State of New York v. UnitedHealth Grp. Inc.*, 332 F.R.D. 138, 146 (S.D.N.Y. 2019) (deferring consideration of *Daubert* motion until resolution of the pending summary judgment motion); *Bee v. Novartis Pharms. Corp.*, 18 F. Supp. 3d 268, 307 (E.D.N.Y. 2014) (similar).  The reasonableness of Biss's fees is only relevant if Jack and Leslie Flynn prevail at a trial on this matter, and only then if this Court discretionarily awards Biss's fees and deems expert opinion on the reasonableness of those fees necessary.  Accordingly,

the Court may defer consideration of Binnall's proffered expert opinion until a later stage in the case.

## II.    IF THIS COURT DETERMINES THIS MOTION IS NOT PREMATURE, IT SHOULD GRANT IT

### A.    Binnall's Opinion Is Unreliable

#### 1.    Binnall's Expert Testimony Is Based on Unreliable Data and Methodology

If this Court does not conclude that Binnall's testimony is premature, it should grant this motion because his testimony is completely unreliable.  An expert opinion is admissible when it "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. "[A]n expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 113 (quoting *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006)); *see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (court must "rigorous[ly] examin[e]" the "the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand"). A court must exclude expert testimony if it is "speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith[.]" *Nachimovsky v. Nike, Inc.*, 2023 WL 4504461, at *1 (2d Cir. 2023) (quoting *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009)); *see also Pac. Life Ins. Co.*, 571 F. Supp. 3d at 113 (expert testimony must rest on "knowledge," a "term that connotes more than subjective belief or unsupported speculation") (citation omitted); *In re Zyprexa Prods. Liab. Litig.*, 2009 WL 1357236, at *2 (E.D.N.Y. May 12, 2009) ("Subjective or intuitive guesswork, as well as testimony that is insufficiently connected to the facts of the case, are grounds for rejection of a proffered expert's testimony."); *Tardif v. City of New York*, 2022 WL 2195332, at *2 (S.D.N.Y. June 17,

2022) (quoting *Amorgianos*, 303 F.3d at 265) (a court should consider whether the testimony is "grounded on sufficient facts or data" and the "product of reliable principles and methods," and whether the expert has "applied the principles and methods reliably to the *facts of the case*." )

Here, there is no such methodology, and Binnall's admission that he failed to review even one of Biss's billing entries is alone disqualifying. Binnall has provided no "explanation as to how [he] came to his conclusion" other than his "subjective belief and unsupported speculation." *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 113 (citations omitted). Notably, Binnall did not actually review or inquire with Biss about any specific legal work completed in this case. Instead, Binnall merely reviewed "parts of the docket" in this case, *i.e.*, a handful of the legal filings and opinions, and otherwise took Biss's word that discovery has been "voluminous" without actually reviewing any of the document productions himself. Report at 4; Tr. 12:12-19. Most strikingly, Binnall does not know for a fact how many hours Biss has spent on this case and has not seen a single time entry recorded by Biss for "any portion" of this litigation. Instead, Binnall based his entire expert opinion on an "oral summary" he "thinks" Biss provided to Binnall about his bills to date. Tr. 79:5-80:8, 81:19-82:1, 85:21-86:2. Similarly, Binnall's estimate that the remaining litigation will require "well over twenty thousand (20,000) hours" is based entirely on the "estimate that [] Biss gave [him]." *Id*. 82:17-83:10. That number would have required Biss, a solo practitioner, to work on this case for 24 hours a day between its filing and August 2023. Binnall's failure to review Biss's billing entries and analyze the legal work performed is especially shocking given that Biss has been criticized before, and at times even sanctioned, for taking frivolous litigation positions and the very fee arrangement at issue in this case is very similar to one which led to Biss's reprimand.

Where there is "simply too great an analytical gap between the data and the opinion proffered," and the opinion is "connected to the [facts] only by the *ipse dixit* of the expert," exclusion is required. *Tardif*, 2022 WL 2195332, at *2; *see also Est. of Jaquez*, 104 F. Supp. 3d at 431 (purely speculative, "conclusory," and "classic *ipse dixit*" expert opinion must be excluded). And here, put simply, Binnall entirely failed to use any methodology, nor did he connect his conclusion to any facts. For this reason alone, Binnall's expert testimony should be stricken.

### 2.    Binnall's Expert Testimony Is Biased and Therefore Unreliable

Binnall's testimony is also unreliable because he is a biased advocate and not an objective expert. An expert may be excluded where, like here, the expert has a "clear conflict of interest or bias of an extraordinary degree" and is therefore unreliable. *El Ansari v. Graham*, 2019 WL 3526714, at *8 (S.D.N.Y. Aug. 2, 2019) (collecting cases excluding experts for bias). A biased expert should be excluded under Rule 403 because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595.

Although a "complete lack of bias is not required," Binnall's firm's representation of the Flynns in this action is dispositive. As this Circuit has made clear, plaintiffs "go[] too far" when they "seek to call as a witness someone who has acted as their attorney." *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688–89 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004). Where an expert "becomes an advocate for a cause," he "departs from the ranks of an objective expert witness," and any resulting testimony would be "unfairly prejudicial and misleading." *Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420, 1425 (E.D. Tex. 1986), *aff'd*, 826 F.2d 420 (5th Cir. 1987).

Binnall's firm is the law firm of record in this case. That fact alone should also end the inquiry. But even if it did not, Binnall's personal longstanding and continued representation of General Flynn and Lori Flynn—the Flynns' immediate relatives, individuals central to the claims

involved in this litigation, and, in Lori's case, a fellow plaintiff in the related Middle District of

Florida action against CNN—as well as his personal relationship with the Flynns also rise to the

level of disqualification.  *El Ansari*, 2019 WL 3526714, at *8.  Binnall has declared his goal of

securing money for the Flynn family, warning defamation defendants should "have [their]

checkbook ready," Tr. 33:11-22.  Moreover, Binnall's partner, Jason Greaves, has already

represented a third party in this very litigation.[3]

Binnall's firm's ongoing role in representing the Plaintiffs in this lawsuit, his active and

extensive representation of General Flynn and Lori Flynn, his repeated public proclamations

supporting General Flynn's family, and his expressed dislike for CNN render Binnall too biased

to be reliable.  Binnall's expert opinion should be excluded.

### B.     Binnall Is Not Qualified To Be An Expert On The Reasonableness of Attorneys' Fees

Second, Binnall is unqualified.  To be qualified, an expert must meet the threshold

requirement of being "well-versed in the particular discipline relevant to their testimony."  *Adesina*

*v. Aladan Corp.*, 438 F. Supp. 2d 329, 341 (S.D.N.Y. 2006).  Importantly, it is not sufficient for a

proffered expert to be qualified solely by virtue of his broad field expertise.  The court must

"compare" the area of the witness's expertise with the specific "subject matter of the proffered

---

[3] To the extent Plaintiffs attempt to invoke ABA Rule 3.7 (or the similarly worded NYSBA Rule 3.7 and R.I. Sup. Ct. R. 3.7), pertaining to a lawyer's testimony related to the "nature and value of legal services rendered in the case," those rules are inapplicable.  First, the ABA rule on its face does not apply to expert testimony.  Second, the ABA rule typically only applies where counsel is seeking to testify about their *own* services.  *See Harris v. Tobin*, No. 16-CV-5610 (JGK), 2017 WL 685573, at *2 (S.D.N.Y. Feb. 21, 2017) (attorney testimony permissible where related to attorney's own firm's bills); *Robinson v. Purkey*, 326 F.R.D. 105, 165 (M.D. Tenn. 2018) (similar).  Here, however, Binnall has been introduced as an expert opining on the reasonableness of another counsel's fees, those of Biss.  For these reasons, these rules do not defeat exclusion of Binnall as an expert witness in this litigation.

testimony" to ensure that the proffered testimony is within the witness's area of expertise. *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1674796, at *2 (S.D.N.Y. May 2, 2011) (quoting *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir.2004)); *see also Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 642 (S.D.N.Y.2007) ("An expert qualified in one subject matter does not thereby become an expert for all purposes.").

Here, Binnall seeks to be an "all purpose" expert on the reasonableness of Biss's fees in a Rhode Island false light claim, solely because he himself is an attorney and has personally litigated attorney's fee petitions in cases involving sanctions and constitutional litigation under 42 U.S.C. § 1983. Report at 4; Tr. 17:4-18:3. But when attorneys seek to be introduced as experts on specific issues, courts require that their legal practice be tightly drawn to the proffered area of expertise. *Compare LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 638 (S.D.N.Y. 2016) (rejecting attorney's qualification as an expert on trademark secondary meaning based solely on broad expertise in intellectual property law), *with In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 257 (S.D.N.Y. 2014) (accepting attorney's qualifications to opine on Chinese mergers and acquisitions where the proffered expert himself practiced in China; represented companies engaged in mergers and acquisitions; and had "personal experience" with the Chinese filing documents at issue in the litigation).

Indeed, on the specific issue of assessing the reasonableness of attorneys' fees, courts have required the attorney-expert to be licensed in the state at issue and specialized or certified in the relevant area of law, which Binnall is not. *R. B. v. N. E. ISD*, 2021 WL 5332312, at *3 (W.D. Tex. Nov. 15, 2021) (expert qualified to provide testimony on the reasonableness of attorneys' fees where he was an "attorney licensed in Texas specializing in IDEA law"); *Duininck Bros. v. Howe Precast, Inc.*, 2008 WL 4394668, at *3 (E.D. Tex. Sept. 22, 2008) (similar). By contrast, courts

have found attorney-experts unqualified to opine on fees in fields in which they have never billed or where they have no legal auditing experience. *See Sauer v. Murray*, 2008 WL 8859220, at \*5 n.6 (M.D. Pa. Feb. 21, 2008) (referencing exclusion of attorney-expert with seven years of legal experience but no expertise in legal auditing).

Here, as his Report and testimony make clear, Binnall does not litigate false light claims, nor is he admitted to the Rhode Island bar or practice in that state. Report at 2; Tr. 12:9-11. To date, Binnall has not served as an expert on the reasonableness of attorneys' fees, nor has he provided information regarding any specialized or "unique training or qualifications" on legal billing or fee arrangements. *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 352 n.24 (S.D.N.Y. 2005). Instead, Binnall contends that he "looked at" the reasonableness of fees factors in Rhode Island law and based his conclusions on his "own experience litigating cases." Tr. 11:18-12:8. But simply being an attorney "does not enable" Binnall to comment on "all aspects" of legal practice, let alone the narrow, specific issue of the reasonableness of Biss's attorneys' fees in the litigation of a Rhode Island false light claim. *Hopkins v. Nat'l R.R. Passenger Corp.*, 2015 WL 13741721, at \*6 (E.D.N.Y. Aug. 20, 2015); *see also Est. of Jaquez v. City of New York*, 104 F. Supp. 3d 414, 429 (S.D.N.Y. 2015) ("The mere possession of a [legal] degree does not qualify one to be an expert in all [legally] related fields"). Accordingly, Binnall is not qualified to offer expert opinion testimony regarding the reasonableness of Biss's attorneys' fees in this false light action.

### C.    Binnall's Opinion Is Unhelpful

Third, Binnall's testimony is unhelpful and will not "assist the trier of fact." *Chen-Oster v. Goldman, Sachs & Co.*, 2022 WL 814074, at \*3 (S.D.N.Y. Mar. 17, 2022); *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 114; *see also id.* ("A court should not admit expert testimony that is 'directed

solely to lay matters which a jury is capable of understanding and deciding without the expert's help.'").

In particular, whether to award attorneys' fees and whether the requested fees are reasonable is well within the court's ken without the need of any expert witness assistance. *Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256, 261 (E.D.N.Y. 2021) (question of attorneys' fees "is an issue left to the discretion of the district court"); *In re Int'l Coins & Currency, Inc.*, 26 B.R. 256, 262 (Bankr. D. Vt. 1982) (the court is "itself an expert on the question of (attorneys' fees) and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid or testimony of witnesses as to value"). The Court, then, has the ability to assess the appropriateness and reasonableness of attorneys' fees and does not need expert opinions. In fact, Binnall conceded as much when he testified that it would be proper for a "court" in determining the reasonableness of fees to assess whether an attorney "took positions . . . unwarranted by existing law." *Id.* 77:20-78:7. Binnall's opinion, therefore, is unhelpful and can be excluded on that basis.

## **CONCLUSION**

For the foregoing reasons, CNN requests that the Court enter an order deferring a decision on this motion until such time, if ever, it becomes relevant, or excluding the proffered expert report, deposition testimony, and any trial testimony of Jesse Binnall from being considered at summary judgment and at trial.

Dated: New York, New York
      October 27, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Katherine M. Bolger*
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)

Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
meenakshikrishnan@dwt.com
lindseycherner@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of October, 2023, the foregoing was filed electronically through the Court's CM/ECF system.  Notice of this filing will be sent by operation of the Court's CM/EF system to all parties of record.

<i>/s/ Katherine M. Bolger</i>
Katherine M. Bolger