UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOHN P. "JACK" FLYNN and                  :
LESLIE A. FLYNN                           :
                                          :
                Plaintiffs,       :   1:21-cv-02587 (AS/SLC)
                                          :
-v-                                       :   <u>ORAL ARGUMENT</u>
                                          :   <u>REQUESTED</u>
CABLE NEWS NETWORK, INC.,                 :
                                          :
                Defendant.        :
------------------------------------------------------------ X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT SOPHIA MOSKALENKO

\*Jason C. Greaves
\*Jared J. Roberts
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jason@binnall.com
jared@binnall.com
\* *Admitted Pro Hac Vice*

*Attorneys for Jack and Leslie Flynn*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT .............................................................................................................................. 1

    I.    Dr. Moskalenko's Testimony is Based on Reliable Methodology. .......... 2

    II.   Dr. Moskalenko's Testimony Would Assist the Jury. ............................ 8

CONCLUSION ......................................................................................................... 12

CERTIFICATE OF SERVICE ................................................................................ 13

# TABLE OF AUTHORITIES

### Cases

*Abelsayed v. N.Y. Univ.*,
   No. 17-CV-9606, 2023 WL 4705999, at *4 (S.D.N.Y. July 24, 2023) ........................ 1

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256, 266 (2d Cir. 2002) ........................................................................ 3, 11

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579, 593–94 (1993) ..................................................................... 2, 3, 9, 11

*Edmondson v. Caliente Resorts, LLC*,
   No. 8:15-CV-2672-T-23TBM, 2017 WL 10591833 at *6 (M.D. Fla. Aug. 31, 2017). 4

*In re Mirena IUD Prod. Liab. Litig.*,
   169 F. Supp. 3d 396, 413 (S.D.N.Y. 2016) ............................................................... 8

*In re Rezulin Prod. Liab. Litig.*,
   309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) ........................................................ 9, 11

*Joffe v. King & Spalding LLP*,
   No. 17-CV-3392 (VEC), 2019 WL 4673554, at *3 (S.D.N.Y. Sept. 24, 2019) ........... 8

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137, 148 (1999) ..................................................................................... 2, 6

*Nimely v. City of New York*,
   414 F.3d 381, 397 (2d Circuit 2005) ....................................................................... 8

*Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,

   No. 19-CV-7998, 2023 WL 2918982, at *4 (S.D.N.Y. Apr. 12, 2023) ........................ 2

**Rules**

Fed. R. Evid. 702 ................................................................................................. 8

Defendant seeks to exclude Dr. Sophia Moskalenko's testimony because it is damaging to their defenses. Indeed, Defendant does not challenge Dr. Moskalenko's qualifications as an expert on the issue of QANON, but rather advances a perfunctory argument that her testimony would not be helpful to the jury and was not based on a reliable methodology. Defendant self-servingly alleges that Dr. Moskalenko only relied upon documents provided by Plaintiffs' prior counsel, yet their own expert witness performed the same analysis and relied upon documents only provided by Defendant.

Moreover, Defendant readily admits that Dr. Moskalenko reviewed the depositions in this case and used them in reaching her opinion, which is within the proper scope of reliable methodologies. Indeed, Defendant is simply worried that if Dr. Moskalenko's testimony were to reach the jury it would be helpful in their understanding of QANON as a movement and why the Plaintiffs are not a part of that movement. Therefore, Plaintiffs respectfully request this Court deny Defendant's Motion in Limine seeking to exclude Dr. Moskalenko's expert reports and her testimony at trial.

## ARGUMENT

Expert testimony may be admitted if (1) the expert is qualified, (2) the expert used reliable methodology, and (3) the testimony would be helpful to the trier of fact. *Abelsayed v. N.Y. Univ.*, No. 17-CV-9606, 2023 WL 4705999, at *4 (S.D.N.Y. July 24, 2023) (quoting *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 19-CV-7998,

2023 WL 2918982, at *4 (S.D.N.Y. Apr. 12, 2023)). Here, Defendant does not argue that Dr. Moskalenko is not sufficiently qualified. Rather, Defendant wrongly argues that Dr. Moskalenko's testimony did not use reliable methodology and would not assist the trier of fact.

I. **Dr. Moskalenko's Testimony is Based on Reliable Methodology.**

The Supreme Court identified four nonexclusive factors that trial courts should use in determining the reliability of scientific opinions: (1) whether the theory can and has been tested; (2) whether it has been subjected to peer review; (3) the known or expected rate of error; and (4) whether the theory and methodology employed is generally accepted in the relevant scientific community. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593–94 (1993)). These factors, however, are not all-inclusive. "Federal Rules 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses on the assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999) (citations and internal quotations omitted). Therefore, when the expert's proffered testimony is primarily based on experience, the district court has additional discretion in applying the *Daubert* standards. *Id.* at 148-149. Thus, a judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152.

While the court performs a gatekeeping function in analyzing these factors, "the district court must focus on the principles and methodology employed by the expert, without regard to the conclusions the expert has reached or the district court's

belief as to the correctness of those conclusions." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002) (citing *Daubert,* 509 U.S. at 595). Therefore, the Court should make credibility determinations, which are reserved for a jury, but rather consider only if the expert testimony would be reliable and helpful.

Because Dr. Moskalenko relied on her experience, knowledge, and expertise and utilized appropriate methods, there are no reliability concerns. Even if this Court were to find the methods questionable or "shaky," because Dr. Moskalenko is clearly qualified and relies mainly upon her own experience and knowledge, the challenge to the credibility of her report and testimony should be on cross-examination before the jury, not exclusion.

Defendant admits that Dr. Moskalenko equates "reading the Flynns' deposition transcripts to conducting and coding their interviews," but, Defendant then insists that her opinion was not based on that review. ECF No. 186 at 5. Indeed, Defendant strains credulity by alleging that Dr. Moskalenko did not engage in scientific analysis immediately after admitting she testified that she reviewed the deposition transcripts in the same manner that a coded interview would be reviewed. *Id.*

This is a common theme throughout this motion, where Defendant simply disapproves of Dr. Moskalenko's opinion and seeks to keep it from the jury. This is not, however, how the gatekeeping function of this Court is supposed to function. Dr. Moskalenko's review and opinion after reviewing the interviews and materials

provided by Plaintiffs' prior counsel was a scientific review conforming with the requirements for formulating an expert opinion.

Next, Defendant seeks to impose an additional requirement regarding "objective data" into the *Daubert* requirements, yet this is not a requirement. ECF No. 186 at 9. Setting aside that this ignores Dr. Moskalenko's testimony that she coded Plaintiffs interviews, the *Kumho Tire* Court found that the objective of the gatekeeping function is to ensure that the expert employs intellectual rigor in their analysis. *Id.* at 152. This analysis nowhere requires objective data. Of course, objective data is useful to a court in making a determination, but it is not a requirement, especially because all experts, not just scientific ones, are entitled to substantial latitude in testifying about their experience. *Id.* at 148.

One district court case, addressing an argument similar to Defendant's, is particularly instructive. In *Edmondson*, the court considered a similar argument focusing on a lack of "objective data or facts" and ultimately concluded that this was a fertile ground for cross examination, but it did not render the expert's opinion unreliable. *Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2017 WL 10591833 at *6 (M.D. Fla. Aug. 31, 2017). The *Edmondson* court specifically noted that it was difficult to apply the traditional factors in that case because, like here, the expert's testimony was largely based on the expert's experience and knowledge. *Id.* at *5. The *Edmondson* court finally concluded that, despite the lack of objective data and the decision by the expert not to rely upon other possible methodologies, the

4

expert's report should be admissible and subject to attack on cross-examination. *Id.* at *6.

Defendants next suggest Dr. Moskalenko's report and opinion are superficial and that she "simply relied on Plaintiffs' own assertions that they are not QANON supporters." ECF No. 186 at 5. This is directly contradicted by their admission she reviewed many documents related to the case including the pleadings and deposition transcripts, as well as social media posts by Plaintiffs. ECF No. 186 at 5, 9 (admitting that she looked at Plaintiffs' social media provided by Plaintiffs' former counsel). If Defendant was not pleased with the social media posts that Dr. Moskalenko reviewed, they were free to confront her with additional social media posts at her deposition and will be free to do so at trial.

Indeed, Defendant's admitted that Dr. Moskalenko testified to reviewing deposition transcripts for coded language, as well as her review of many other documents and pleadings related to this case. ECF No. 186 at 5 (citing Tr. at 182:19-184:6; 325:8-11). This is an admission that it is not merely Dr. Moskalenko's "say-so," but her opinion derived from the record and the depositions in this case.

Defendant nevertheless persists in claiming that Dr. Moskalenko's opinion is not based on anything more than her say so by claiming that it is not "testable". ECF No. 186. at 9. This, however, is incorrect. First, the review of interviews for coded markers of belief is an accepted methodology. And second, Defendant has advanced their own expert who reviewed similar materials and arrived at his own opinion. This is testability. If the materials that Dr. Moskalenko reviewed were not able to provide

her with enough information to formulate an opinion, then Defendant's own experts would suffer from the same problem, particularly since Dr. Moskalenko did rely upon review of depositions and review of Plaintiffs' social media and assertions in the pleadings of this case to formulate her opinion. *See* ECF No. 186 at 5, 9.

Moreover, Dr. Moskalenko is entitled to rely on her experience and knowledge in coming to her expert opinion. As *Kumho Tire* illustrates, all expert witnesses are due testimonial latitude unavailable to other witnesses on the assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline. 526 U.S. at 138.

Here, Defendant does not challenge Dr. Moskalenko's vast personal knowledge and experience. As described throughout, she employed this experience and knowledge, making her expert opinion in this case proper.

Defendant argues that Dr. Moskalenko admits she did not employ the best practices in forming her opinion. ECF No. 186 at 4, 8-9. As already stated, this is not so. While surveys and polling are one way to form an opinion, here, Dr. Moskalenko was also able to do so using her experience in reviewing QANON content, and her general knowledge of social psychology and belief systems. As noted, Defendant does not challenge this experience and knowledge.

Defendant continues to use hyperbolic rhetoric claiming Dr. Moskalenko's opinion is speculative or subjective because she reviewed materials provided by Plaintiffs' counsel. ECF No. 186 at 9. This is a wild proposition since a subjective opinion is based on personal feelings rather than facts. Defendants admit throughout

6

their brief that Dr. Moskalenko reviewed considerable materials and yet also claim that she did not rely on that information but rather on her own feelings. This is simply not so, no matter how many times Defendant insists it is so.

Indeed, all of Defendant's arguments regarding the reliability are either incorrect or merely take issue with Dr. Moskalenko's opinion. *See* ECF No. 186 at 8-10 (arguing that Dr. Moskalenko's opinions are not based on a reliable methodology, not testable, or speculative). As is abundantly clear from reviewing these, there is significant overlap between these alleged issues, and Defendant is repeating the same alleged issue over and over. All of these allegations boil down to whether the Court should prevent Dr. Moskalenko's testimony from reaching the jury. It should not because the only issues that Defendant actually raises are credibility issues that should be reserved for the jury.

As repeatedly noted, Dr. Moskalenko reviewed pleadings, deposition transcripts, and excerpts from Plaintiffs' social media. These documents provided ample material for her to understand the issues present before this Court and those that will be presented to the jury in trial. From these materials, Dr. Moskalenko was able to develop her opinion based on an accepted mythology including reviewing and coding interviews and other statements as well as based upon her substantial knowledge and experience. Indeed, any additional information that Defendant believes would undercut Dr. Moskalenko's opinion could have been used at her deposition to confront her, and she may still be confronted with any additional documents at trial.

7

The simple facts are: Dr. Moskalenko reviewed a number of materials, using an accepted process, and expressed her opinion. Defendant does not like that opinion and is seeking to couch a credibility argument as a reason to exclude the opinion. Dr. Moskalenko's opinion, however, is proper and admissible because it is reliable. Defendant is conjuring up an issue where none exists. Defendant is worried that the jury will believe Dr. Moskalenko's opinion and is seeking to avoid allowing it in front of a jury, not because it is misleading, but because it is so simple, straightforward, and damaging to Defendant's case. All of Defendant's concerns go to credibility, which is an issue for the jury outside of the gatekeeping function of this Court.

## II. Dr. Moskalenko's Testimony Would Assist the Jury.

Expert testimony must be helpful to the jury and fit the facts. "After determining that a witness is qualified to testify as an expert as to a particular matter and that the opinion is reliable, Rule 702 requires the district court to determine whether the expert's testimony will 'help the trier of fact.'" *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 413 (S.D.N.Y. 2016) (citing Fed. R. Evid. 702). Testimony will not be "helpful to the jury if it 'usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2019 WL 4673554, at *3 (S.D.N.Y. Sept. 24, 2019) (citing *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Circuit 2005) (citation omitted)). Expert testimony may also be excluded as unhelpful where it "describes lay matters which a jury is capable of

understanding and deciding without the expert's help." *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004).

"Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. Helpfulness is, therefore, a test to determine if the testimony is relevant to the issues at hand and does not infringe upon and impermissible area of testimony by a witness.

Here, Defendant presents several unpersuasive arguments why Dr. Moskalenko's expert opinion would not be helpful to the jury and does not fit the facts. These arguments do not square with Dr. Moskalenko's report or the facts of this case.

First, Defendant argues that Dr. Moskalenko's opinion is provided for the sole purpose of approving the factual narrative advanced by Plaintiffs because it is based on information provided to her by the Plaintiffs. ECF No. 186 at 10-11. While Defendant bluntly claims that this is not permitted, they are incorrect because such an absurd rule would result in very little expert testimony ever being permitted. Indeed, if an expert cannot render an opinion based on the information provided by the party that retained the expert, then very few experts would be permitted to testify. To be clear, the material provided to Dr. Moskalenko included depositions and social media as well as pleadings. These are not limited to only items favorable to Plaintiffs, nor is it information carefully curated to limit Dr. Moskalenko's opinion. Rather, it is objective information about this case. Tellingly, Defendant presents no explanation for how their allegation that Dr. Moskalenko's expert opinion is merely

9

a vehicle for Plaintiffs factual narrative beyond the bald allegation. ECF No. 186 at 11.

Second, Defendant argues that Dr. Moskalenko's testimony should be excluded because of inconsistencies that make it confusing. Yet, Defendant is unable to actually demonstrate any direct contradictions. *See* ECF No. 186 at 11-13. Rather, Defendant seeks to equivocate between things Dr. Moskalenko discusses in her book relating to Lt. Gen. Michael T. Flynn (ret.) and Plaintiffs in this case. *See id.* This is comparing apples to oranges and is a matter of credibility that should be reserved to the jury.

Indeed, Defendant is seeking to conjure up an issue to muddy the waters. Even if such an equivocation was not merely a credibility and factual issue for the jury, it is impossible for Defendant to convincingly argue that Dr. Moskalenko's analysis in her book of Gen. Flynn and her analysis here of Plaintiffs renders her opinion unhelpful or not fit for the facts. Defendant argues that Plaintiffs' purported actions of selling allegedly QANON-related merchandise to support Gen. Flynn's legal defense fund and some social media posts with alleged QANON buzzwords equates to Dr. Moskalenko abandoning her scientific credentials merely because her analysis of Gen. Flynn in her book turned out differently. *See id.*

The only other argument Defendant advances is that the use of a QANON slogan is somehow dispositive because the use of the slogan must imply membership, affiliation, or support with QANON. *See id.* This is, of course, a gross oversimplification of how language works as acknowledged by Dr. Moskalenko in her

10

report and analysis. The phrase "where we go one, we go all" has become associated with QANON, yet that does not mean that anyone that ever uses that phrase must be a member or supporter of the movement. That is an untenable claim.

Being able to make this distinction bolsters Dr. Moskalenko's credibility and helpfulness to the jury rather than harms it. Indeed, rather than seeing the use of that statement and immediately making such a simple association, Dr. Moskalenko carefully reviewed the materials at issue in this case and rendered her opinion, based on her knowledge and expertise in the study of QANON and radical movements. This is surely helpful to a lay jury as a lay jury does not have expertise in QANON history, following, and evolution of its belief structure. *See In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d at 546.

Defendant essentially asks this Court to make a credibility determination that is reserved for the jury. *Amorgianos*, 303 F.3d at 266 (citing *Daubert,* 509 U.S. at 595). Here, Defendant is asking this Court to step in and determine that the testimony is "confusing" and therefore should not be assessed for persuasiveness and credibility by the jury. The Court should decline to do so.

## CONCLUSION

For the reasons outlined above, Plaintiffs respectfully request this Court deny Defendant's Motion.

Dated:  December 20, 2023

Respectfully submitted,

/s/ *Jared J. Roberts*
*Jason C. Greaves, VA Bar No. 86164
*Jared J. Roberts, VA Bar No. 97192
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jason@binnall.com
jared@binnall.com
* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 20, 2023, a copy of the foregoing was filed with the Clerk using the Court's CM/ECF system, which will send a copy of all counsel of record.

/s/ *Jared J. Roberts*
Jared J. Roberts
jared@binnall.com

*Attorney for Plaintiffs*