UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOHN P. "JACK" FLYNN and :
LESLIE A. FLYNN :
 :
                Plaintiffs, : 1:21-cv-02587 (AS/SLC)
 :
-v- : **ORAL ARGUMENT**
 : **REQUESTED**
CABLE NEWS NETWORK, INC., :
 :
                Defendant. :
-------------------------------------------------------------- X

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT JESSE BINNALL

\*Jason C. Greaves
\*Jared J. Roberts
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jason@binnall.com
jared@binnall.com
\* *Admitted Pro Hac Vice*

*Attorneys for Jack and Leslie Flynn*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

ARGUMENT .................................................................................................................. 1

    I.    The Court may defer a decision on whether Jesse Binnall may serve as an expert. ............................................................................................... 2

    II.    Jesse Binnall is qualified to be an expert. .............................................. 2

    III.    Jesse Binnall's testimony is based on his knowledge and experience and is not biased. ................................................................................... 6

        a. Mr. Binnall's testimony is reliable because it is based on his knowledge and experience. ........................................................... 7
        b. Mr. Binnall's political beliefs do not render his opinion inadmissible. ................................................................................... 8

    IV.    Jesse Binnall's testimony would be helpful to the Court and the jury. 10

CONCLUSION ........................................................................................................... 11

CERTIFICATE OF SERVICE ................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
  303 F.3d 256, 267 (2d Cir. 2002) ................................................................................ 4

*Bee v. Novartis Pharm. Corp.*,
  18 F. Supp. 3d 268 (E.D.N.Y May 9, 2014) ............................................................. 2, 4

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 597 (1993) ............................................................................................ 6, 7, 8, 10

*Davids v. Novartis Pharm. Corp.*,
  857 F. Supp. 2d 267, 277 (E.D.N.Y. 2012) .................................................................. 4

*Duininck Bros., Inc. v. Howe Precast, Inc.*,
  No. 4:06-cv-441, 2008 WL 4394668 at *2-3 (E.D. Tex. Sep. 19, 2008) ....................... 3

*El Ansari v. Graham*,
  No. 17-CV-3963, 2019 WL 3526714 at *8 ................................................................. 8

*In re Rezulin Prod. Liab. Litig.*,
  309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004) .................................................................. 7

*In re Zyprexa Prod. Liab. Litig.*,
  489 F. Supp. 2d 230, 283 (E.D.N.Y. 2007) ............................................................... 10

*Ismael v. Charles*,
  No. 1:18-CV-3597-GHW, 2020 WL 4003291, at *14 (S.D.N.Y. July 15, 2020) ........ 1

*Kewazinga Corp. v. Microsoft Corp.*,

   No. 1:18-CV-4500-GHW, 2021 WL 4066597, at *1 (S.D.N.Y. Sept. 1, 2021) ........... 1

*Kumho Tire Co. v. Carmichael*,

   526 U.S. 137, 152 (1999) ....................................................................................... 1, 8

*Lee Valley Tools, Ltd. v. Indus. Blade Co.*,

   288 F.R.D. 254, 267 (W.D.N.Y. 2013) ....................................................................... 6

*Medical Soc'y of the State of New York v. UnitedHealth Group, Inc.*,

   332 F.R.D. 138 (S.D.N.Y. Sept. 11, 2019) ................................................................. 2

*Pac. Life Ins. Co. v. Bank of New York Mellon*,

   571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021) .................................................... 1, 6, 7, 10

*Piccolo v. Top Shelf Prods., Inc.*,

   541 F. Supp. 3d 256, 261 (E.D.N.Y. 2021) .............................................................. 10

*R. B., et al. v. North East ISD*,

   No. SA-20-CV-01441-JKP, 2021 WL 5332312, at *3 (W.D. Tex. Nov. 15, 2021) ..... 3

*Reed v. A.W. Lawrence & Co.*,

   95 F.3d 1170, 1183 (2d Cir. 1996) ........................................................................... 11

*Riegel v. Medtronic, Inc.*,

   451 F.3d 104, 127 (2d Cir. 2006), aff'd on other grounds, 552 U.S. 312, 128 S. Ct.

   999, 169 L.Ed.2d 892 (2008) ..................................................................................... 6

*Rite Aid Corp. v. Liberty Mut. Fire Ins. Co.*, No. 1:03-CV-1801, at *4-5 ...................... 5

*Rupolo v. Oshkosh Truck Corp.*,

   749 F. Supp. 2d 31, 37 (E.D.N.Y. 2010) .................................................................... 5

*Sauer v. Murray*,

   No. 3:CV–05–1517, 2008 WL 8859220, at *5 n.6 (M.D. Pa. Feb. 21, 2008) ............. 5

*Scott v. Chipotle Mexican Grill, Inc.*,

   315 F.R.D. 33, 52 (S.D.N.Y. 2016) ...................................................................................... 6

*United States v. Mulder*,

   273 F.3d 91, 104 (2d Cir. 2001) ........................................................................................ 10

*United States v. Williams*,

   506 F.3d 151, 160 (2d Cir. 2007) ........................................................................................ 1

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,

   571 F.3d 206, 213-14 (2d Cir. 2009) .................................................................................. 7

## Rules

Fed. R. Evid. 702 ......................................................................................................................... 10

Defendant advances several superficial arguments as to why Mr. Binnall's testimony should be excluded, but they are unpersuasive. Indeed, the focus of Defendant's challenges against Mr. Binnall hinge on credibility questions, which are reserved for the trier of fact, not the Court. Therefore, Plaintiffs respectfully request this Court deny Defendant's Motion.

## ARGUMENT

When determining if an expert witness should be qualified courts engage in a three-step inquiry: (1) "whether the witness is qualified to be an expert"; (2) "whether the opinion is based upon reliable data and methodology"; and (3) "whether the expert's testimony on a particular issue will assist the trier of fact." *Pac. Life Ins. Co. v. Bank of New York Mellon*, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021). The court duty includes determining that an expert's testimony "whether bas[ed] [ ] upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Ismael v. Charles*, No. 1:18-CV-3597-GHW, 2020 WL 4003291, at *14 (S.D.N.Y. July 15, 2020) (quoting *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999)).

The proponent of expert testimony must establish the required elements "by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 4066597, at *1 (S.D.N.Y. Sept. 1, 2021) (quoting *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

I. **The Court may defer a decision on whether Jesse Binnall may serve as an expert.**

As noted by Defendant, the Court may defer its consideration of whether Jesse Binnall may be qualified as an expert because it is not necessary at this juncture in the case. Indeed, in multiple cases, other courts have deferred consideration of such issues. In *Bee v. Novartis Pharm. Corp.,* 18 F. Supp. 3d 268 (E.D.N.Y May 9, 2014), the Eastern District of New York determined that it was unnecessary to consider all the defendant's challenges to plaintiffs' experts since summary judgment was going to be denied regardless. *Bee*, 18 F. Supp. 3d at 307. Therefore, the *Bee* court deferred the consideration of the plaintiffs' other experts on causation until it was necessary. Moreover, in *Medical Soc'y of the State of New York v. UnitedHealth Group, Inc.*, 332 F.R.D. 138 (S.D.N.Y. Sept. 11, 2019), the court determined that it did not need to consider the issue of a motion to strike an expert since it would not have any impact on the matter before the court at that time. *UnitedHealth*, 332 F.R.D. at n.3. Therefore, Plaintiffs agree with Defendant that this decision does not need to be made at this time. Plaintiffs disagree with Defendants on whether Jesse Binnall's testimony should ultimately be allowed.

II. **Jesse Binnall is qualified to be an expert.**

Defendant argues that Mr. Binnall is not qualified to be an expert on the reasonableness of attorneys' fees. Def. Mot. at 12-14. Defendant's arguments boil down to an allegation that Mr. Binnall does not have expertise in the relevant field, despite his experience as an attorney and experience litigating attorneys' fee issues.

2

*Id.* Beyond this general argument, Defendant only advances a handful of cases within this district that it claims support its argument that Mr. Binnall does not have the requisite expertise to be an expert. *Id.* at 13-14.

Defendant argues that "courts have required the attorney-expert to be licensed in the state at issue and specialized or certified in the relevant area of law, which Binnall is not." Def. Mot. at 13 (citing *R. B., et al. v. North East ISD*, No. SA-20-CV-01441-JKP, 2021 WL 5332312, at *3 (W.D. Tex. Nov. 15, 2021)). This very specific holding is not found anywhere in the decision regarding admission of Mr. Martin's testimony. Rather, the Western District of Texas disregarded the issue raised by one party that Mr. Martin was no longer in active practice in Texas to hold that "[t]he District Court is more than qualified to evaluate the reasonableness of requested attorney's fees, apply the governing law, and consider (or decline to credit) Mr. Martin's opinion in doing so. *R. B.*, 2021 WL 5332312, at *3. Moreover, in *Duininck Bros., Inc. v. Howe Precast, Inc.*, the Eastern District of Texas again considered whether an attorney's testimony should be admitted and did not specifically require that he be licensed in Texas but did include that as a factor weighing in favor of admission of his testimony. No. 4:06-cv-441, 2008 WL 4394668 at *2-3 (E.D. Tex. Sep. 19, 2008). The court, instead of adding an additional licensing requirement, applied the standard three-part inquiry to determine if the testimony should be admitted. *Id.* Ultimately, the court admitted the testimony, even though it was in part based on the expert's "personal rules of thumb" and "gut instincts" as to the reasonability of the fees. *Id.*

3

Applied here, these cases weigh in favor of admission of Mr. Binnall's testimony as this Court would likely find helpful Mr. Binnall's expertise in litigating fee dispute cases and his knowledge of Virginia attorney rates, since Mr. Biss was a Virginia attorney. Indeed, Mr. Binnall has useful experience with billing and litigating fee disputes. Moreover, as discussed below, these cases undercut Defendant's arguments as to the reliability of Mr. Binnall's opinion and his methodology in reaching that opinion.

All of Defendant's argument go to credibility, which is an issue for the trier of fact, and not a reason to exclude an expert. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002). Moreover, despite Defendant's protestations, the Eastern District of New York has previously found that experts do not need to have the level of granular specialty that they suggest. *Bee,* 18 F. Supp. 3d at 303. If an "'expert has educational and experiential qualifications in a general field closely related to the subject matter in question, the court will not exclude [an expert's] testimony solely on the ground that the witness lacks expertise in the specialized areas that are directly pertinent.'" *Id.* (citing *Davids v. Novartis Pharm. Corp.,* 857 F. Supp. 2d 267, 277 (E.D.N.Y. 2012)).

Here, Mr. Binnall has expertise in billing and litigating the reasonableness of attorneys' fees. These are the subjects that would be the subject of his expert opinion. While he is not a Rhode Island attorney, that goes to credibility and not admissibility. *See Bee,* 18 F. Supp. 3d at 303 ("In a product liability action, an expert witness is not strictly confined to his area of practice, but may testify concerning related

4

applications; a lack of specialization affects the weight of the opinion, not its admissibility.") (citing *Rupolo v. Oshkosh Truck Corp.,* 749 F. Supp. 2d 31, 37 (E.D.N.Y. 2010). In addition, Mr. Binnall's practice areas include defamation, of which false light claims are a part. Despite Defendant's claims to the contrary, Mr. Binnall does have experience in litigating defamation cases. Further, as he testified, Mr. Binnall applied this expertise in looking at the facts of the case that needed to be litigated, as well as the motions that would be needed. Dkt. No. 184.19 at 12:15-12:18. Mr. Binnall is the founding partner of a law firm and has been practicing law for over a decade, he certainly is qualified to testify as to billing practices based on the complexity of a case.

Defendant attempts to discredit Mr. Binnall's qualification by arguing that one case excluded an "attorney-expert with seven years of legal experience but no expertise in legal auditing." Def. Mot. at 14 (citing *Sauer v. Murray*, No. 3:CV–05–1517, 2008 WL 8859220, at *5 n.6 (M.D. Pa. Feb. 21, 2008)). This, however, is misleading. In *Sauer* the Middle District of Pennsylvania cited the unpublished opinion in *Rite Aid Corp. v. Liberty Mut. Fire Ins. Co.*, No. 1:03-CV-1801, (M.D. Pa. Feb. 24, 2006), and explicitly noted that it declined to follow the approach in that case. *Sauer*, 2008 WL 8859220, at *5 n.6. In *Rite Aid*, the court held that the proposed expert was not qualified because she was not a practicing attorney, rather she was a "legal fee auditor," which is not a recognized profession with any sort of training, and only a fraction of her career was as a litigator, and she had never handled a case as large and complex as the one at hand. *Rite Aid Corp.*, No. 1:03-CV-1801, at *4-5. This

is quite different than the case at hand where Mr. Binnall has been practicing as a litigator for his entire career and handles significant and complicated cases for various public figures. Def. Mot. at 3-4.

Further, while Defendant argues that Mr. Binnall relied on incorrect data, i.e., spending 20,000 hours on the case, this is not fatal. *Id.* at 10. An expert opinion "is not *per se* unreliable because it relies on some unverified or inaccurate information provided by the expert's client." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 52 (S.D.N.Y. 2016) (quoting *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 267 (W.D.N.Y. 2013)).

Therefore, each Defendant's reasons for finding Mr. Binnall unqualified are not based in law, but rather in credibility. For these reasons, Mr. Binnall is qualified to provide an expert opinion in this case on the reasonableness of attorneys' fees.

### III. Jesse Binnall's testimony is based on his knowledge and experience and is not biased.

"Once a court has determined that a witness is qualified as an expert, it must ensure that the expert's testimony both "rests on a reliable foundation and is relevant to the task at hand." *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 113 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 597 (1993)). In this analysis, "[a]n expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Id.* (citing *Riegel* v. *Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006), *aff'd on other grounds*, 552 U.S. 312, 128 S. Ct. 999, 169 L.Ed.2d 892 (2008).

      a.    **Mr. Binnall's testimony is reliable because it is based on his knowledge and experience.**

Defendant suggests that this analysis requires Mr. Binnall's opinion to be based upon a review of Mr. Biss's specific billing entries, despite the contingency nature of the fee arrangement. Def. Mot. at 10. Moreover, Defendant attempts to downplay the amount of information that an expert can glean about the amount of work done on a case and the amount remaining from a review of the docket entries for the case. *Id.* Both of these points, however, fail.

The actual requirements for reliability are that "expert testimony rest on 'knowledge,' a term that 'connotes more than subjective belief or unsupported speculation.'" *Pac. Life Ins. Co. v. Bank of New York Mellon*, 571 F. Supp. 3d 106, 113 (S.D.N.Y. 2021) (citing *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004) (quoting *Daubert*, 509 U.S. at 590). Therefore, a "trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith." *Id.* (citing *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213-14 (2d Cir. 2009) (citation and quotation marks omitted)). Moreover, "other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." *Id.* (alteration in original) (citation omitted).

While this requires this Court to conduct an analysis of the reliability and basis for Mr. Binnall's opinion, it does not, as Defendant suggests, require a finding that Mr. Binnall reviewed Mr. Biss's time entries. Mr. Binnall reviewed Mr. Biss's work on his case through the relevant docket entries in this case, and he was able to

7

reliably estimate how much work that took, and how much work may still remain based on that review. In addition, Defendant's complaints about what Mr. Binnall did and did not review are issues that should go to the credibility and weight of his opinion, rather than admissibility. Nothing that Defendant has raised is beyond a credibility question. Lastly, Mr. Biss's prior disciplinary actions do not impact what a reasonable billing rate would be for this case. And it does not impact Mr. Binnall's ability, given his experience in complex litigation, to assess what a reasonable billing rate would be.

While Defendant argues Mr. Binnall does not employ any "methodology," Def. Mot. at 10, "Rules 702 and 703 grant expert witnesses [not just "scientific" ones] testimonial latitude unavailable to other witnesses on the 'assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999) (quoting *Daubert*, 509 U.S. at 592). Here, Mr. Binnall employed his knowledge and experience in coming to his opinion. Thus, Defendant's arguments fail.

        **b.**    **Mr. Binnall's political beliefs do not render his opinion inadmissible.**

Defendant next argues that Mr. Binnall's testimony should be excluded due to an alleged bias. Def. Mot. at 11-12. Defendants rely upon *El Ansari v. Graham*, No. 17-CV-3963, 2019 WL 3526714 (S.D.N.Y Aug. 2, 2019) for support without single reference to how their alleged claim of bias rises to the level of "extraordinary". 2019 WL 3526714 at *8 ("An expert may be excluded if the expert has a clear conflict of

8

interest or bias of an extraordinary degree."). Rather than discussing the extraordinary standard, Defendant blithely admits that a "complete lack of bias is not required." Def. Mot. at 11.

Defendant's primary argument is that Mr. Binnall's firm is now representing Plaintiffs due to Mr. Biss's tragic medical emergency. Def. Mot. at 11-12. At the time that Mr. Binnall was retained as an expert and offered his report and was deposed, he was not counsel for Plaintiffs. Additionally, and importantly, the issue here is as to the reasonableness of Mr. Biss's fees, not Mr. Binnall's fees. Thus, just because Mr. Binnall's firm currently represents Plaintiffs, this does not impact Mr. Binnall's opinion on Mr. Biss's fees.

Defendant supplements its argument by alleging that Mr. Binnall has a relationship with the Flynn family at large because he represents Lt. Gen. Michael T. Flynn, U.S. Army (ret.), has previously represented Lori Flynn, and has met other members of the Flynn family on several occasions. Def. Mot. at 12. Again, while this goes to the credibility of Mr. Binnall's testimony it does not disqualify him from offering that testimony, and certainly does not rise to the level of "extraordinary."

Finally, Defendant desperately points to Mr. Greaves prior representation of another party in a third-party subpoena in this matter. Def. Mot. at 12. What relevance this representation has to Mr. Binnall's reliability as a witness is entirely unclear.

9

### IV. Jesse Binnall's testimony would be helpful to the Court and the jury.

The final requirement is that "the Court must determine whether the proposed expert testimony 'will help the trier of fact to understand the evidence or to determine a fact in issue.' *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 114 (citing Fed. R. Evid. 702). To make this determination, the court "looks primarily to whether the testimony is relevant." *Id.* (citing *In re Zyprexa Prod. Liab. Litig.*, 489 F. Supp. 2d 230, 283 (E.D.N.Y. 2007) (citing *Daubert*, 509 U.S. at 591-92)). While a court should not admit expert testimony that is directed to lay matters, it should admit testimony that is directed to matters within the expert's area and that would be helpful to the jury. *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 114 (citing *United States* v. *Mulder*, 273 F.3d 91, 104 (2d Cir. 2001)).

Here, Defendant argues only that Mr. Binnall's testimony would not be helpful because it goes to an issue where the Court is an expert and capable of making its own decision. Def. Mot. at 14-15. While the Court is undoubtedly capable of making this determination, it does not logically follow that it therefore would not be assisted by Mr. Binnall's expertise, particularly his expertise in litigating these types of issues and his expertise in Virginia fees and agreements. Indeed, Defendant cites *Piccolo v. Top Shelf Productions, Inc.*, 541 F. Supp. 3d 256, 261 (S.D.N.Y. May 25, 2021), for support. Yet, the *Piccolo* court only stated that "[t]he question of attorneys' fees, including fees with respect to unsuccessful claims, is an issue left to the discretion of the district court."). *Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256, 261 (E.D.N.Y. 2021) (citing *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir.

10

1996)). The commitment of this issue to the discretion of this Court does not on its own render Mr. Binnall's testimony unhelpful.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendant's Motion.

Dated: Alexandria, Virginia
   December 20, 2023

Respectfully submitted,

/s/ Jared Roberts
*Jared J. Roberts, VA Bar No. 97192
*Jason C. Greaves, VA Bar No. 86164
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jason@binnall.com
jared@binnall.com
* *Admitted Pro Hac Vice*

*Attorneys for Jack and Leslie Flynn*

11

## CERTIFICATE OF SERVICE

I certify that on December 20, 2023, a copy of the foregoing was filed with the Clerk using the Court's CM/ECF system, which will send a copy of all counsel of record.

/s/ Jared Roberts
Jared J. Roberts

*Attorney for Plaintiffs*
