UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN P. "JACK" FLYNN<br>LESLIE A. FLYNN,<br><br>　　　　　Plaintiffs,<br><br>　- against -<br><br>CABLE NEWS NETWORK, INC.,<br><br>　　　　　Defendant. | Case: 1:21-cv-02587-AS-SLC<br><br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION FOR SUMMARY JUDGMENT**

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)
Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
meenakshikrishnan@dwt.com
lindseycherner@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

## **TABLE OF CONTENTS**

                                                                                                         **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

I.      LESLIE'S CLAIM FAILS BECAUSE FLORIDA HAS NO FALSE LIGHT .................. 1

II.     THE REPORT DOES NOT CAST PLAINTIFFS IN A FALSE LIGHT .......................... 1

III.    PLAINTIFFS CANNOT PROVE THAT CNN ACTED WITH ACTUAL MALICE ...... 6

CONCLUSION.............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Biro v. Conde Nast*,
    807 F.3d 541 (2d Cir. 2015)...........................................................................................8

*Carey v. Piphus*,
    435 U.S. 247 (1978).....................................................................................................10

*Davis v. Costa-Gavras*,
    654 F. Supp. 653 (S.D.N.Y. 1987) ................................................................................9

*Flynn v. Cable News Network, Inc.*,
    621 F. Supp. 3d 432 (S.D.N.Y. 2022)............................................................................2

*Flynn v. CNN*,
    No. 1:21-cv-02587 (S.D.N.Y. Oct. 18, 2021).................................................................3

*Fudge v. Penthouse Int'l Ltd.*,
    840 F.2d 1012 (1st Cir. 1988).........................................................................................4

*Hollander v. CBS News Inc.*,
    2017 WL 1957485 (S.D.N.Y. May 10, 2017), *vacated on other grounds sub nom.
    Hollander v. Garrett*, 710 F. App'x 35 (2d Cir. 2018) ..................................................7

*Khalil v. Fox Corp.*,
    630 F. Supp. 3d 568 (S.D.N.Y. 2022)............................................................................8

*Maraschiello v. City of Buffalo Police Dep't*,
    709 F.3d 87 (2d Cir. 2013).............................................................................................2

*Masson v. New Yorker Mag., Inc.*,
    501 U.S. 496 (1991).......................................................................................................5

*Morelli v. Alters*,
    2020 WL 2306445 (S.D.N.Y. May 8, 2020) .................................................................2

*Nelson v. Globe Int'l, Inc.*,
    626 F. Supp. 969 (S.D.N.Y. 1986) ................................................................................8

*New York Times v. Sullivan*,
    376 U.S. 254 (1964).......................................................................................................7

*Patrick v. Daily Beast Co.*,
    2023 WL 3627836 (E.D. Pa. May 24, 2023) .................................................................5

*Pinder v. 4716 Inc.*,
    494 F. Supp. 3d 618 (D. Ariz. 2020) ..................................................................................6

*Psihoyos v. Nat'l Exam'r*,
    1998 WL 336655 (S.D.N.Y. June 22, 1998) ......................................................................8

*Sankey v. UTGR, Inc.*,
    565 F. Supp. 3d 319 (D.R.I. 2021)......................................................................................3

*Secord v. Cockburn*,
    747 F. Supp. 779 (D.D.C. 1990) ........................................................................................9

*Sellers v. Time Inc.*,
    299 F. Supp. 582 (E.D. Pa. 1969), *aff'd*, 423 F.2d 887 (3d Cir. 1970)................................7, 8

*Snyder v. Phelps*,
    562 U.S. 443 (2011)........................................................................................................7, 8

*Time, Inc. v. Hill*,
    385 U.S. 374 (1967)........................................................................................................7, 8

*United States v. Alvarez*,
    567 U.S. 709 (2012)............................................................................................................7

*Zeran v. Diamond Broad., Inc.*,
    203 F.3d 714 (10th Cir. 2000) ............................................................................................8

## State Cases

*Alves v. Hometown Newspapers, Inc.*,
    857 A.2d 743 (R.I. 2004)................................................................................................4, 5

*Bray v. Providence J. Co.*,
    101 R.I. 111 (1966)............................................................................................................4

*Gross v. Pare*,
    185 A.3d 1242 (R.I. 2018)..................................................................................................3

*Stepanov v. Dow Jones & Co.*,
    120 A.D.3d 28 (N.Y. App. 2014) ....................................................................................10

*Swerdlick v. Koch*,
    721 A.2d 849 (R.I. 1998) ...................................................................................................2

## Constitutional Provisions

First Amendment ........................................................................................................................7

**PRELIMINARY STATEMENT**

To prevail, Plaintiffs Jack and Leslie Flynn are required to prove that CNN published a false fact; instead, they concede the Report[1] published the truthful fact that they stood next to Gen. Flynn when he said "Where We Go One, We Go All." Plaintiffs are required to prove that CNN made a major misrepresentation regarding their alignment with QAnon; instead, they concede they had a "friendly" "alignment with QAnon in supporting Gen. Flynn." Plaintiffs are required to prove that CNN acted with actual malice; instead, they have no evidence that anyone at CNN knew the Report was false when published and frivolously argue that the Report is not entitled to constitutional protections. In short, Plaintiffs have failed to bear their burden of establishing any element of their claim. This is a meritless claim, brought not because Plaintiffs suffered any harm, but rather because they think "CNN Sucks." It should be dismissed.

**I.   LESLIE'S CLAIM FAILS BECAUSE FLORIDA HAS NO FALSE LIGHT**

In its Brief, CNN established that Florida law applied to—and barred—Leslie's false light claim because Leslie was domiciled in Florida when the Report aired. Br. 19-20. In response, Leslie cites *Jack's* testimony about when *he* moved to Florida and claims that the focus should be on *residence*, not domicile. Opp. 35. But Leslie's arguments are incorrect. False light choice of law focuses on domicile, not residence. Br. 19-20. ▮▮▮▮▮▮▮▮, in contrast to Plaintiffs' uncited claim that she is a "snowbird," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Jack's testimony was only about himself. Florida law, which does not recognize false light, applies to Leslie's claim. Leslie's claim must be dismissed.

**II.  THE REPORT DOES NOT CAST PLAINTIFFS IN A FALSE LIGHT**

Plaintiffs' arguments rest on their claim that prior decisions in this case have determined

---

[1] The defined terms in this brief are the same as those in CNN's Motion for Summary Judgment.

1

both that the Report calls Plaintiffs "QAnon followers" *and* that this Court has defined the term's meaning. Opp. 19. That is untrue. In fact, Judge Woods specifically distinguished his decision from those "decided at summary judgment" because at the motion to dismiss stage the Court "must accept the Flynns' factual allegations as true." *Flynn v. Cable News Network, Inc.*, 621 F. Supp. 3d 432, 440 (S.D.N.Y. 2022); *see* Br. 21-22; *Morelli v. Alters*, 2020 WL 2306445, at *5 n.3 (S.D.N.Y. May 8, 2020) (motion to dismiss holding "does not immunize" that holding "from attack at a later stage of the litigation") (Woods, J.); *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) (court may "revisit a conclusion based on factual allegations taken as true at the motion to dismiss stage" and grant summary judgment where "evidence reflects that the situation was a good deal more complicated"). Here, the undisputed facts agreed to in the SUMF are a "good deal more complicated" than those the Court was previously constrained to accept as true. They establish that: (1) The Oath Video was not a simple statement of family unity, Br. 22, but an intentional act to join the #TakeTheOath movement and ▮ ▮; (2) Plaintiffs used QAnon hashtags and associated with well-known QAnon figures to raise money for Gen. Flynn's Legal Defense Fund; and (3) Plaintiffs knew that their activities were associated with QAnon but did not publicly distance themselves from it. Given this undisputed record, the early decisions do not constrain the Court.

Next, when Plaintiffs attempt to grapple with the law and the facts, their efforts fail. *First*, Plaintiffs do not even attempt to identify a false fact implying a highly objectionable association, without which their false light claim must fail. Br. 21-27. *See Swerdlick v. Koch*, 721 A.2d 849, 862 (R.I. 1998). This is because the only fact about Plaintiffs in the Report is the concededly true fact that they stood next to Gen. Flynn with their right hands raised as he said "Where We Go One, We Go All." Br. 23. Plaintiffs' claim that they did not mean in their hearts

2

that their participation in #TakeTheOath was associated with QAnon is immaterial. What matters is whether "the events upon which [Plaintiffs' false light] claim is premised *actually occurred*." *Gross v. Pare*, 185 A.3d 1242, 1247 (R.I. 2018) (emphasis in original); *see Sankey v. UTGR, Inc.*, 565 F. Supp. 3d 319, 322-24 (D.R.I. 2021). As Plaintiffs concede, the Oath Video occurred and was published by Jack Flynn himself. Their claim fails.

Plaintiffs misleadingly argue that *Sankey* is distinguishable because the video at issue in that case was "unedited," while here, the Report omits the "patriotic" context of the Oath Video. Opp. 20. But *Sankey* contains no discussion of the impact of whether the video at issue was edited. *See generally* 565 F. Supp. 3d 319. And in any event, the "patriotic content" of the unedited Oath Video, far from distancing Plaintiffs from QAnon, is verbatim from Q Drop #4510, ▮▮▮▮▮▮. SUMF ¶¶ 28, 37. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The editing of the video does not align Plaintiffs with QAnon; the Oath Video does.

Plaintiffs also apparently suggest the Report contains a false fact because it associates them with the January 6 insurrection.[2] Opp. 18-19. Not only does no such allegation appear in the FAC (which repeatedly pleads that the false light in which the Plaintiffs are placed is being associated with *QAnon*, *see* FAC ¶ 26), but also the Report does not state or imply Plaintiffs participated in the events of January 6. Ex. 1. There is no false fact, and the claim fails.

*Second*, Plaintiffs argue that the Report objectionably associates them with QAnon by calling them QAnon followers because of the juxtaposition of the Oath Video, the Chyron, and footage from Q Con Live! and January 6. Opp. 18. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Plaintiffs' citation of the 12(b)(6) hearing transcript is misleading. Opp. 19. Magistrate Judge Cave queried, not decided, accepting all the allegations in the complaint as true, whether the Chyron suggested that everybody on screen was a "QAnon follower." ECF No. 33 at 8:24-9:22.

3

████████████████████████████████████ Br. 26. But in assessing meaning, the Court must focus on the Report as a whole, not on the one screenshot Leslie has seen. *See Bray v. Providence J. Co.*, 101 R.I. 111, 116 (1966). Taken as a whole, the Report undermines the claimed meaning because (1) the Report does not tie Plaintiffs to QAnon as they say nothing in it; a viewer would only know they said WWG1WGA if they had seen the full Oath Video as Jack published it; (2) it includes *Gen. Flynn* saying WWG1WGA to explain how QAnon became part of mainstream politics, SUMF ¶¶ 81, 86 & Ex. 1; (3) the Chyron, using the same language as O'Sullivan's narration, refers to Q Con Live!, not the Flynn barbecue, Br. 26; and (4) the Chyron is always on screen, including when CNN hosts and QAnon critics are pictured, negating any inference that CNN was labeling everyone on screen a follower. Br. 16-17. Just as in *Fudge v. Penthouse Int'l Ltd.*, 840 F.2d 1012, 1019 (1st Cir. 1988), the Report leaves "absolutely no room for the implication" that Plaintiffs are QAnon followers or associated with QAnon.

Even if it did, Plaintiffs have not proved that this association is objectionable. It is Plaintiffs' burden to prove objectionability, not CNN's burden to contest it. *See Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 752 (R.I. 2004). Here, before the Report, ████ ████████████████████████████████████████████████████████; and ████ ████████████████████████████████████████████████████████, shared QAnon-centric content, and repeatedly and openly embraced QAnon through statements like:

- "There is nothing wrong with QAnon. Just People doing their own research and learning independence of thought to find the truth."
- "I was told today that QAnons are dangerous people to be aligned with . . . . True or not, most people seem pretty normal to me who support the idea of Q."

SUMF ¶¶ 23-25, 56-57, 59-61, 67. Plaintiffs ask this Court to conclude that when they say "there is nothing wrong with QAnon" ████████████████████████████████████████████ ████████████████████████████████████████████████████████, it is totally

4

acceptable. Yet when CNN shows two seconds of them holding up their hands while Gen. Flynn says WWG1WGA, it is so "highly objectionable" that they should be awarded $75 million. Plaintiffs have not proven, nor do they think, that the QAnon association is objectionable.

*Third*, Plaintiffs do not show that the Report represents a "major misrepresentation" of them. *Alves*, 857 A.2d at 752. Plaintiffs do not dispute *any* of the facts showing that they repeatedly aligned themselves with and actively sought the support of QAnon for several years, Opp. 22-24; Br. 27-31; SUMF ¶¶ 18-48, 53-76, and they concede that they had an "alignment with QAnon in supporting Gen. Flynn." Opp. 22. Yet they claim it is a "major misrepresentation" to label them "QAnon followers." *Id.* But the law is clear: a major misrepresentation must have a "different effect on the mind of the reader" from the "[admitted] truth." *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991). Plaintiffs have not shown that being publicly aligned with QAnon to gain financial support for Gen. Flynn has a different effect on the reader than being aligned with QAnon generally or being a QAnon follower.

Nor could they. This is an even easier case than *Patrick v. Daily Beast Co.*, where the Court held it was not false to say a judge was QAnon-linked, based on her giving an interview with a QAnon supporter and being listed as a speaker for QAnon-affiliated conference. 2023 WL 3627836, at *3 (E.D. Pa. May 24, 2023). In that case, not only were there far fewer QAnon connections, but also the judge actually *denied* any QAnon link. *Id*. Here, Plaintiffs admit a "friendly" "alignment with QAnon." There is no material misrepresentation.

To the extent Plaintiffs claim a distinction between an alignment with QAnon in supporting Gen. Flynn and an alignment with QAnon generally, this argument fails. First, it is false. Jack posted or shared, ▬▬▬▬▬▬, tweets aligning them with QAnon, generally, and not just for the sake of Gen. Flynn, including:

5



SUMF ¶¶ 55, 60, 63; *see also id.* 53-54, 56-57, 59, 61. For this reason, this case is not like *Pinder v. 4716 Inc.*, 494 F. Supp. 3d 618 (D. Ariz. 2020). There, the court found that a false light claim survived summary judgment because defendant's advertisement used plaintiff's photographs to imply a connection to their strip club did not exist. That is nothing like this case, where the Report uses Plaintiffs' own content—the Oath Video—in the same way Plaintiffs did, which was concededly to an "alignment with QAnon in supporting Gen. Flynn."

Finally, in the Opp., Plaintiffs newly argue that the "gist" or "sting" of being a QAnon follower is that "you are like the QAnon Shaman." Opp. 23. Not only did Plaintiffs never plead that, but it is also wholly unsupported by the Report's context as a whole. To the extent Plaintiffs claim that CNN is required to show that Plaintiffs are "adherents to the QAnon belief system," Judge Woods used that language based on Plaintiffs' unsupported allegations about QAnon at the pleading stage. ECF No. 65 at 5-6. The undisputed evidence now shows that QAnon is an elastic conspiracy movement, and its adherents need not subscribe to all of the same beliefs to be considered followers or associated with QAnon. Ex. 6 at 4-11. Plaintiffs cannot show the Report has a false fact or materially misrepresents them. Summary judgment should be granted.

**III.   PLAINTIFFS CANNOT PROVE THAT CNN ACTED WITH ACTUAL MALICE**

Plaintiffs' false light claim also fails because they failed to establish by clear and convincing evidence that CNN acted with actual malice in airing the Report, which deals with matters of indisputable public concern. Br. 32 (citing *Time, Inc. v. Hill*, 385 U.S. 374, 387-88 (1967)). Plaintiffs try to avoid this outcome by making three principal arguments.[3] *First*,

---

[3] Plaintiffs also do not meaningfully contest that CNN's reliance on prior reporting about the Oath Video precludes a finding of negligence. Br. 34 n.5. Plaintiffs have articulated *no* standard

Plaintiffs argue that because they allege the Report is false, CNN is somehow not entitled to full constitutional protection. This argument is frivolous. The entire purpose of the actual malice standard articulated in *New York Times v. Sullivan*, 376 U.S. 254, 271 (1964), and made to apply to false light claims in *Time Inc. v. Hill*, is to protect false speech. *Time, Inc*, 385 U.S. at 387-88; *see also United States v. Alvarez*, 567 U.S. 709, 718 (2012) (there is no "general exception to the First Amendment for false statements" because "false statements are inevitable if there is to be an open and vigorous expression of views in the public and private conversation"); *Hollander v. CBS News Inc.*, 2017 WL 1957485, at *4 (S.D.N.Y. May 10, 2017), *vacated on other grounds sub nom. Hollander v. Garrett*, 710 F. App'x 35 (2d Cir. 2018) ("[I]t is long settled that factual errors, actual or asserted, in speech on matters of public concern do not remove such expression from the protection of the First Amendment.").

*Second*, Plaintiffs claim that because they allege their actions are private, the Report is not a matter of public interest. This, too, is wholly incorrect. The Supreme Court has been clear that in assessing whether a speech is a matter of public concern, this Court must focus on the *defendant's* speech, not a *plaintiff's* allegations. That is the main holding of *Snyder v. Phelps*, 562 U.S. 443, 453 (2011), the principal case on which Plaintiffs rely, Opp. 26. The Supreme Court specifically rejected the same argument that the Plaintiffs make here—*i.e.*, that plaintiffs' allegations should determine whether a statement is one of public interest—and instead focused on whether the allegedly hurtful speech spoke to "broad[] public issues" and thus could be "'fairly characterized as constituting speech on a matter of public concern.'" *Snyder*, 562 U.S. at 455-56 (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)); *Sellers v. Time Inc.*, 299 F. Supp.

---

of care that CNN purportedly breached. Instead, their argument seems to be that CNN failed to reach out to them for comment, Opp. 32. CNN's employees all testified, however, that, consistent with CNN standard practice, they did not contact Plaintiffs because they were not the subject of the Report. Ex. 3 ¶¶ 51, 53; Ex. 4 ¶ 33; Ex. 5 ¶ 27.

7

582, 586 (E.D. Pa. 1969) (lawsuit against player who hit a golf ball into his partner's eye was matter of public interest), *aff'd*, 423 F.2d 887 (3d Cir. 1970); *Nelson v. Globe Int'l, Inc.*, 626 F. Supp. 969, 976 (S.D.N.Y. 1986) ("Diets and dieting" were matters of public concern); *Psihoyos v. Nat'l Exam'r*, 1998 WL 336655, at *1, 6 (S.D.N.Y. June 22, 1998) (tabloid article on art cars "highlighted with fabulous flamingo-adorned tail fins" was matter of public interest). If the signage in *Snyder*, the golf accident litigation in *Sellers*, and the art car in *Psihoyos* were matters of public interest, then the speech at issue here certainly is. *Accord Khalil v. Fox Corp.*, 630 F. Supp. 3d 568, 584 (S.D.N.Y. 2022) ("The election of 2020 was clearly a matter of public interest … ."). In fact, Plaintiffs cite no case where the Court concludes that the subject speech is *not* a matter of public interest. In sum, the Report, which showed how mainstream political figures such as Gen. Flynn promoted QAnon, is a matter of public concern.

*Third*, Plaintiffs argue (without citation) that their purported private figure status necessarily means their use of WWG1WGA is not a matter of public concern. Opp. 27.[4] This argument is also incorrect. Courts have routinely held that speech involving private figure plaintiffs *are* matters of public concern—including in *Snyder* itself. *See Snyder,* 562 U.S. at 470 (J. Alito, dissenting); *e.g.*, *Time, Inc.*, 385 U.S. at 388; *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 717, 719-20 (10th Cir. 2000). Here, as there, the Report is a matter of public concern.

Plaintiffs must therefore establish by clear and convincing evidence that CNN acted with actual malice. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). They have not come close

---

[4] Plaintiffs' arguments that they are private figures fall flat. Opp. 26-27. The Court's decision that they were, made at the motion to dismiss stage, is not conclusive. *See supra*. And Plaintiffs' claim that they did not invite attention to their views on QAnon or attempt to influence others' views is false. Jack ███████████████████████████████████████████████████████████████████████████████, and twice retweeted the Oath Video to those same followers with the hashtag #signthedamndismissal (a reference to Gen. Flynn's then-pending criminal case). Plaintiffs were obviously attempting to influence the public debate. Br. 30, 33 n.4.

8

to meeting their burden. *First*, Plaintiffs' claim that O'Sullivan admitted that he knew their online interactions with QAnon followers did not make them QAnon followers misstates O'Sullivan's testimony and takes it out of context. Opp. 29. O'Sullivan was not discussing Plaintiffs at all, but rather the overarching importance of context in determining the degree to which retweeting a post implies endorsement of the post's message. He testified that a retweet *could* be an endorsement if "you take it in the broader context of what people are posting." Declaration of Jason Roberts ("Roberts Decl.") Ex. A at 16:4-5. Given that Plaintiffs repeatedly tweeted, retweeted, and/or liked QAnon-related content, the testimony Plaintiffs cite establishes that Plaintiffs could be easily understood to be endorsing QAnon.

*Second*, Plaintiffs claim that O'Sullivan knew that saying WWG1WGA does not make one a QAnon follower, Opp. 12-13, but that again misstates his testimony. O'Sullivan responded "that's just not how it works" to questions about how many times one must say WWG1WGA to qualify as a QAnon follower. Roberts Decl. Ex. A at 98:14-24. In fact, the record establishes that O'Sullivan knew, just like Plaintiffs' purported expert, that saying WWG1WGA publicly broadcasts one's alignment with QAnon. *E.g.*, Ex. 3 ¶¶ 15-18, 22-31; *see also* Ex. 6 at 7-11.

*Third*, Plaintiffs complain that CNN did not reach out for comment. Opp. 29. But failure to do so is not evidence of actual malice. *E.g.*, *Davis v. Costa-Gavras*, 654 F. Supp. 653, 657 (S.D.N.Y. 1987); *Secord v. Cockburn*, 747 F. Supp. 779, 788 (D.D.C. 1990).

*Fourth*, Plaintiffs assert that CNN should have blurred their faces, Opp. 29, but they cite no case holding that failure to blur is *any* evidence, let alone clear and convincing evidence, of actual malice. All of the CNN employees involved in the creation of the Report testified that they did not believe the Report was about Plaintiffs, and O'Sullivan testified there was no reason to blur their faces, particularly in light of the fact that it was Plaintiffs themselves who first

9

published the Oath Video. Ex. 3 ¶ 51, 53-54; Ex. 4 ¶ 33; Ex. 5 ¶ 27.

*Finally*, Plaintiffs assert that a finding of actual malice can be supported by evidence showing that CNN "intend[ed] or endors[ed]" the association at issue. Opp. 29 (quoting *Leidig v. BuzzFeed, Inc.*, 371 F. Supp. 3d 134, 143 (S.D.N.Y. 2019)). This argument is simply made up. "[The intend/endorse test] is not a test for fault and . . . is not a subjective standard like the 'actual malice' test . . . ." *Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 37 (N.Y. App. 2014). But even if it were a subjective test, that O'Sullivan used the clip of the Oath Video to demonstrate how *Gen. Flynn* helped legitimize QAnon in the eyes of QAnon followers does not mean that he meant to connect *Plaintiffs* to QAnon (let alone January 6). In fact, all of the decisionmakers involved in creating the Report testified not only that they did not intend to call either Jack or Leslie a "QAnon follower," but also that they still do not think they did so. Br. 35-36. Plaintiffs have identified no information—none—to contradict this evidence.[5]

## CONCLUSION

For all the foregoing reasons, CNN respectfully requests that this Court grant its motion for summary judgment and dismiss all claims against it.

Dated: New York, New York  
       January 29, 2024

Respectfully submitted,  
DAVIS WRIGHT TREMAINE LLP  
By: */s/ Katherine M. Bolger*  
Katherine M. Bolger (N.Y. Bar No. 2976868)  
1251 Avenue of the Americas, 21st Floor  
New York, NY 10020  
Telephone: (212) 489-8230  
katebolger@dwt.com  
*Attorneys for Defendant Cable News Network, Inc.*

---

[5] Nor have Plaintiffs shown the Report damaged them. Plaintiffs were not proximately injured by the Report but were, rather, associated with the Oath Video long before the Report. Br. 38; Exs. 43-44. Plaintiffs' claim that they need not prove causation because false light provides them an absolute right to damages is incorrect. Opp. 31. The cited case, *Carey v. Piphus*, 435 U.S. 247, 266 (1978), is about *procedural due process*, not false light. And Plaintiffs do not dispute that they have no financial harm nor lost employment caused by the Report. Br. 39. Plaintiffs are also not entitled to punitive damages because they did not prove actual malice. *See supra* Part III.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January, 2024, the foregoing was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/EF system to all parties of record.

/s/ *Katherine M. Bolger*
Katherine M. Bolger