UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN P. "JACK" FLYNN<br>LESLIE A. FLYNN,<br><br>Plaintiffs,<br><br>- against -<br><br>CABLE NEWS NETWORK, INC.,<br><br>Defendant. | Case: 1:21-cv-02587-AS-SLC<br><br><br>ORAL ARGUMENT REQUESTED |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT JESSE R. BINNALL

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)
Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
meenakshikrishnan@dwt.com
lindseycherner@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

Plaintiffs Jack and Leslie Flynn ("Plaintiffs") do not carry their burden of showing by a preponderance of evidence that their expert Jesse R. Binnall ("Binnall") meets the admissibility requirements of Rule 702. Instead, Plaintiffs repeatedly concede facts that doom Binnall's proffered legal fees expertise, including: his failure to review a single billing entry in this case; his erroneous acceptance of Steven Biss's preposterous "20,000" hour-estimate of case work; his vague reliance on "knowledge" and "expertise" without any methodology; and his lack of any relevant qualifications to analyze legal fees beyond his mere profession as a litigator. Plaintiffs attempt to dismiss these fatal concessions as minor blips that go to the weight, not admissibility, of Binnall's opinion. But Plaintiffs' approach would effectively substitute the *Daubert* three-step inquiry for a one-step, universal credibility analysis in which everyone would be an expert. *Daubert* does not permit such prejudice to CNN. The Court should defer ruling on CNN's motion until relevant, if ever. But if it does not, this court should readily exclude Binnall.

## ARGUMENT

### I. PLAINTIFFS AGREE THAT THE COURT MAY DEFER THIS MOTION

The parties agree that the Court may defer consideration of Binnall as an expert because it is unnecessary and premature at this juncture. Opp. at 2, ECF No. 195; Br. 8-9, ECF No. 188.

### II. OTHERWISE, THIS COURT SHOULD EXCLUDE BINNALL

#### A. Binnall's Opinion Is Unreliable

##### 1. Binnall's Opinion Is Based on Unreliable Methodology

In the opening, CNN argued that Binnall's testimony was unreliable because he (1) did not review a single billing entry in assessing the reasonableness of Biss's fees; and (2) was unaware that Biss had been reprimanded for using the same billing arrangement as he used here. Opp. at 7-8. In their opposition, Plaintiffs concede all these facts and more, but claim Binnall's opinion was nonetheless reliable because Binnall employed "his knowledge and experience" in reaching his

1

opinion. Opp. at 7-8. This vague explanation plainly fails the *Daubert* reliability prong.

An expert opinion must be anchored in accurate "factual underpinnings," *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, 571 F. Supp. 3d 106, 114 (S.D.N.Y. 2021). He cannot "aver conclusorily" that his experience informed his opinion; instead, he must explain how that experience "leads to [his] conclusion," serves as a "sufficient basis for the opinion," and "reliably applie[s] to the facts." *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, 2023 WL 6614486, at *39 (S.D.N.Y. Sept. 20, 2023). The Opposition reinforces that Binnall's expert opinion fails these criteria. Binnall's "methodology" boils down to his generalized "review of [] Biss's work," a "reliabl[e] estimate [of] how much work that took," and "how much work may still remain based on that review." Opp. at 7-8. But Plaintiffs do not describe specific docket entries Binnall reviewed, *see* Bolger Decl. Ex. 118 ("Tr.") at 12:12-12:19, ECF No. 184-119; or how he "reliably estimate[d]" how much work those entries took (or should have taken). Most egregious of all, Plaintiffs do not even attempt to explain how any fees expert opinion can be conducted without reviewing billing entries to assess what was done and for how long. *Cf. Davison Design v. Scorza*, 2024 WL 36968, at *2 (W.D. Pa. Jan. 3, 2024) (finding fees unreasonable where counsel "provided no [] billing or time records").

This carelessness is only further underscored by Plaintiffs' acknowledgement that Binnall's blind acceptance of the "20,000 hour" case work estimate provided by Biss was "incorrect data." Opp. at 6. Though Plaintiffs now claim this was a minor error, this mistake makes it clear that Binnall's opinion was entirely based on Biss's representations about his billing entries, *see* Br. 10, and not Binnall's "independent analysis." *Arista*, 608 F. Supp. 2d at 428-29. Time and again, courts exclude experts who do exactly that. *See, e.g.*, *Mason v. AmTrust Fin. Servs., Inc.*, 2020 WL 7425254, at *5 (S.D.N.Y. Dec. 18, 2020) (excluding expert who relied on figures provided by plaintiff, without "any reason to believe that they rest on a reliable foundation"); *Gary*

*Price Studios, Inc. v. Randolph Rose Collection, Inc.*, 2006 WL 1319543, at *8 (S.D.N.Y. May 11, 2006) (excluding expert who "simply parrot[ed]" plaintiff).

Plaintiffs are also wrong that Binnall's failure to consider Biss's disciplinary record has no effect on reliability. Opp. 8. Biss has been previously criticized, and even sanctioned, for adopting frivolous litigation positions that would necessarily result in unwarranted billing entries. Br. 6, 10. Binnall also conceded that Biss has been previously *reprimanded for the same fee arrangement as in this case*. *Id.* Binnall's failure to review the entries given Biss's record cannot be justified.

Finally, Plaintiffs claim all these flaws only go to the "weight of [Binnall's] opinion," not admissibility. Opp. at 13. But that is incorrect. Only where an expert "otherwise reliably utilizes scientific methods to reach a conclusion" does a court examine whether asserted bases for exclusion "go to [] weight, not admissibility." *Amorgianos v. Amtrak*, 303 F.3d, 256 267 (2d Cir. 2002). As recently clarified, "critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology" are questions of "admissibility," "not weight," and courts ruling otherwise are "incorrect." FRE 702 Advisory Comm. Note, 2023 Amendments. Here, Binnall, has by his own admission used <u>no</u> methodology, nor did he even properly inquire into the data Biss provided him. The only case Plaintiff cites in support, *Zerega*, is inapposite. In that case, unlike here, it was undisputed that the expert had an established methodology; the parties just disagreed about it. *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009). Here, Binnall concedes that he has no methodology other than his own experience. Binnall's report must be excluded as unreliable.

**2.  Binnall's Expert Testimony Is Biased and Unreliable**

Next, Plaintiffs do not dispute Binnall's inescapable bias towards the Flynns due to his firm's representation in this very litigation (and in the companion Florida cases), as well as his representation of Gen. Flynn and Lori Flynn elsewhere. Instead, they make two erroneous

3

arguments. *First*, Plaintiffs claim that under *El Ansari*, CNN does not explain how Binnall's bias is of such an "extraordinary degree" that it merits exclusion. *El Ansari v. Graham*, 2019 WL 3526714, at *8 (S.D.N.Y. Aug. 2, 2019). But in doing so, Plaintiffs ignore CNN's citation to *Lippe*, holding that where a purported expert is a party's lawyer, that *is* "extraordinary" bias." *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688 (S.D.N.Y. 2003); *see Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420, 1425 (E.D. Tex. 1986), *aff'd*, 826 F.2d 420 (5th Cir. 1987) (excluding expert who "becomes an advocate for a cause"). Binnall is the Flynn's advocate. He cannot be an objective expert.

Second, Plaintiffs again argue that Binnall's obvious bias goes to the weight, not admissibility, of his testimony. Here, too, this argument falls flat. In fact, courts routinely exclude experts where the bias is so entrenched as to render the expert's opinion unreliable. *Lippe*, 288 B.R. at 688–89; *see also Proteus Books Ltd. v. Cherry Lane Music Co.*, 873 F.2d 502 (2d Cir. 1989) (excluding expert who facilitated agreement between plaintiff and defendant); *Chichilnisky v. Trustees of Columbia Univ. in City of New York*, 1994 WL 658428 (S.D.N.Y. Nov. 22, 1994) (excluding expert given relationship with plaintiff). The Court should do the same here.

### B.     Binnall Is Not Qualified To Be An Expert

In the opening, CNN argued that Binnall was not qualified just because he himself is an attorney and has personally litigated his own attorney's fee petitions regardless of state law and subject matter.  Br. 13. Plaintiffs insist Binnall *is* qualified but do not address the overwhelming caselaw in which courts find attorneys' fees experts qualified *only* where they practice in the state and field of law relevant to the claim at issue. In *R.B.*, for example, the Court found the fees expert qualified *because* he was an attorney licensed in the relevant state specializing in the relevant legal area. *R. B. v. N. E. ISD*, 2021 WL 5332312, at *3 (W.D. Tex. Nov. 15, 2021). Similarly, in *Duininck*, the Court found the expert qualified expressly because he had been admitted to the relevant state bar and state-certified in the relevant legal field. *Duininck Bros., Inc. v. Howe*

4

*Precast, Inc.*, 2008 WL 4394668, at *3 (E.D. Tex. Sept. 22, 2008). Binnall brings no analogous tailored experience to this case. Nor does *Bee* support Plaintiffs' position. There, the court qualified an expert with medical experience specific to the condition at issue. *Bee v. Novartis*, 18 F. Supp. 3d 268, 301-307 (E.D.N.Y. 2014). Here, however, Binnall does not possess tailored experience.

Finally, Plaintiffs again claim that Binnall's lack of relevant qualifications goes to credibility, not admissibility, citing *Rupolo* and *Amorgianos*. Opp. at 4-5 (citing 749 F. Supp. 2d 31, 37 (E.D.N.Y.2010)). But in *Rupolo*, unlike here, the expert had experience tailored to the subject matter of the litigation, 749 F. Supp. 2d 31, 39-40 (E.D.N.Y. 2010); *see Lappe v. Am. Honda Motor Co.*, 857 F. Supp. 222, 226-27 (N.D.N.Y. 1994). *Amorgianos* held that only if an expert is *reliable*, the opinion's flaws go to weight. 303 F.3d at 267. Binnall is simply not qualified.

### C. Binnall's Opinion Is Unhelpful

Lastly, in the opening, CNN argued that Binnall's opinion would not assist the Court because the issue of fees is within the Court's discretion. Br. 14-15. In response, Plaintiffs claim Binnall's opinion *could* assist the Court. But to prevail, Plaintiffs must show Binnall's opinion *will* be of assistance. *Pac. Life Ins. Co.*, 571 F. Supp. 3d 106, 117 (S.D.N.Y. 2021) (finding this step satisfied where experts actually bring something to the table); *Arista*, 608 F. Supp. 2d at 424. Plaintiffs have failed to show what concrete expertise Binnall brings to warrant admission.

### CONCLUSION

For the foregoing reasons, CNN requests that the Court defer a decision on this motion until relevant or exclude Binnall's opinion from being considered at summary judgment and trial.

Dated: New York, New York  
       January 29, 2024

Respectfully submitted,

By: */s/ Katherine M. Bolger*  
Katherine M. Bolger (N.Y. Bar No. 2976868)  
1251 Avenue of the Americas, 21st Floor  
New York, NY 10020  
Telephone: (212) 489-8230, katebolger@dwt.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2024, the foregoing was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/EF system to all parties of record.

                                                    */s/ Katherine M. Bolger*
                                                    Katherine M. Bolger