UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN,

                Plaintiffs,

- against -

CABLE NEWS NETWORK, INC.,

                Defendant.

Case: 1:21-cv-02587-AS-SLC

**ORAL ARGUMENT REQUESTED**

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT DR. SOPHIA MOSKALENKO

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)
Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
meenakshikrishnan@dwt.com
lindseycherner@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

As CNN pointed out in the opening memo, Dr. Moskalenko testified that she "cannot offer a fully 100-percent informed opinion," about the Plaintiffs' affiliation with QAnon, Bolger Decl. Ex. 116 ("Tr.") at 43:12-13, ECF No. 184-117, she did not apply the methodology she herself recommends in assessing belief, she did not review the Plaintiffs' social media, and she might have changed her opinion had she seen more evidence. Dr. Moskalenko's opinion is, therefore, unreliable and does not meet the admissibility requirements of Rule 702. In response, Plaintiffs attempt to couch the fatal flaws in her report as "shaky" defects going to the weight, not admissibility, of her opinion. But Plaintiffs' arguments are unconvincing. Dr. Moskalenko's opinion is unreliable and unhelpful and her testimony should be excluded.

## ARGUMENT

### I. Dr. Moskalenko's opinion is unreliable and based on inadequate methodology

In the opening memo, CNN established that Dr. Moskalenko's opinion was unreliable because she testified she could not "offer a fully 100-percent informed opinion," (Tr. at 43:12-13) and because she testified she knew what methodology to apply in determining QAnon belief, but did not follow it. Br. at 4-5, ECF No. 186. Other than overblown rhetoric, Plaintiffs offer very little response. *First*, Plaintiffs falsely insist that Dr. Moskalenko "review[ed] the interviews and materials provided by Plaintiffs' prior counsel" "based on an accepted mythology [sic] including reviewing and coding interviews and other statements." Opp. at 1, 3-4, 7, ECF No. 194. But this claim is contradicted by Dr. Moskalenko's own testimony.[1] In her Rebuttal, Dr. Moskalenko described how she "codes" the interviews she conducts. It includes a 5-point Likert scale, a coding scheme, multiple independent coders reaching agreement, and quantitative analyses. Rebuttal at

---

[1] Dr. Moskalenko has also never produced this material despite requests. Tr. at 30:17-21; 41:1-4. This is itself a basis to grant this motion. *Mason v. AmTrust Fin. Servs., Inc.*, 2020 WL 7425254, at *5 (S.D.N.Y. Dec. 18, 2020).

11, ECF. No. 184-116. But Dr. Moskalenko testified that she only "kind of" did coding here, and that the only evidence of that was the expert report itself. Tr. at 183:3-14. Dr. Moskalenko, therefore, set out the preferred methodology and then testified she failed to follow it. This failure renders her opinion unreliable. [2]

Plaintiffs argue that Dr. Moskalenko is "entitled to rely on her experience and knowledge" for her expert opinion, claiming that she used "her experience in reviewing QAnon content, and her general knowledge of social psychology and belief systems."[3] Opp. at 6. But even an expert basing her opinion "solely on [] experience," must not just "aver conclusorily" that her experience led to her opinion; instead, she must explain how that experience "leads to the conclusion reached," serves as a "sufficient basis for the opinion," and "reliably applie[s] to the facts." *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, 2023 WL 6614486, at *39 (S.D.N.Y. Sept. 20, 2023 (quoting *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 643 (S.D.N.Y. 2014)). *See, e.g.*, *Mason v. AmTrust Fin. Servs., Inc.*, 2020 WL 7425254, at *5 (S.D.N.Y. Dec. 18, 2020) (excluding expert who relied on figures provided by plaintiff, with "no explanation of their source" or "any reason to believe that they rest on a reliable foundation"); *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, 2006 WL 1319543, at *8 (S.D.N.Y. May 11, 2006) (excluding expert who "in large measure simply parrot[ed]" plaintiff's testimony). Here, Dr. Moskalenko's expert opinion fails these criteria. Her

---

[2] Plaintiffs claim that because Defendant "advanced their own expert who relied on similar materials and arrived at his own opinion" that this somehow supports their claim that Dr. Moskalenko employed a "testable" methodology. Opp. at 5-6. But this too fails. The two experts have different backgrounds from different industries with different areas of specialization, and Plaintiffs did not depose or move to exclude CNN's witness. CNN's witness, in fact, has already been qualified in other matters as a QAnon expert. Bolger Decl. Ex. 6 at 1-2, ECF No. 184-6.

[3] While Defendant does not contest Dr. Moskalenko's qualifications for purposes of this motion, the Second Circuit has held that even when experts are "qualified experts in their fields" this is not a guarantor of reliability, as their testimony can still be excluded "[as] unreliable under Daubert principles." *Zaremba v. GMC*, 360 F.3d 355, 357 (2d Cir. 2004).

"methodology" boils down to reading some documents provided by Plaintiffs' counsel, taking Plaintiffs' words for it when they testified at their depositions, and conclusorily averring that they were not QAnon supporters. Simply put, Dr. Moskalenko offers her opinion based on the Plaintiffs' say so, unsupported by any methodology. This is insufficient under FRE 702. Mot. at 9-10.

Plaintiffs also incorrectly claim that Dr. Moskalenko relied on social media in reaching her opinion (Opp. at 6), but her report's disclaimer could not be clearer: "I am aware that the Flynns have produced voluminous social media data/files. I have not reviewed these files." Bolger Decl. Ex. 114 ("Report") at 7, ECF No. 184-115. The failure to consider social media makes Dr. Moskalenko's opinion especially unreliable given that she openly concedes its importance to QAnon as a "movement that exists almost entirely online," (Report at 8) and plays "[a]n enormous role" as it is "their main way of communicating with each other and with the world." Tr. at 65:5-9. It is, therefore, particularly disingenuous for her to conclude she "did not find any evidence that the Flynns were QAnon followers" (Report at 11) when she admits she ignored the most critical evidence that would logically inform that opinion. *See e.g.*, *Faulkner v. Arista Records LLC*, 46 F. Supp. 3d 365, 383 (S.D.N.Y, 2014) (excluding expert as unreliable where he, *inter alia*, "did not review other key documents"); *Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 603 (S.D.N.Y. 2016) (finding expert psychologist's diagnosis to be unreliable where the expert did not review medical records or conduct patient interview). That is particularly important here because, unlike in *Kumho Tire* and *Edmonson*, on which Plaintiffs rely, Dr. Moskalenko also testified, that further information *would* actually change her opinion, (Tr. at 167:15- 21) but she did not seek it out. Dr. Moskalenko's opinion is simply too unreliable to be admissible.

Finally, Plaintiffs attempt to chalk up all of these reliability flaws as issues that go to the "credibility of [Moskalenko's] report and testimony," and not admissibility. Opp. at 3, 7-8. They

3

cite no cases in support of this proposition. But it is only after an expert "otherwise reliably utilizes scientific methods to reach a conclusion" that a court then examines whether the asserted bases for exclusion "go to the weight, not admissibility" of the expert opinion. *Amorgianos v. Amtrak*, 303 F.3d 256, 267 (2d Cir. 2022). As recently clarified, "critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology" are questions of "admissibility," "not weight," and courts ruling otherwise are "incorrect." FRE 702 Advisory Comm. Note, 2023 Amendments. Here, as discussed above, there is no such scientific method. In light of these myriad reliability flaws, Dr. Moskalenko's opinion should be excluded.

## II.     Dr. Moskalenko's opinion is inappropriate and unhelpful to the jury

Even if this Court were to find Dr. Moskalenko's opinion is reliable, her opinion should still be excluded as inappropriate and unhelpful to the jury. Initially, Plaintiffs concede that Dr. Moskalenko was retained to opine on "the truth of the statements" at issue in this false light case. As a matter of law, there can be no expert opinion on truth or falsity because that is a legal conclusion at the heart of the case. *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."). For this reason alone, it is unhelpful and must be excluded.

Next, Plaintiffs perfunctorily attempt to dismiss the blatant contradictions between Dr. Moskalenko's prior published works and her expert opinion. Opp. at 10-11. Most notably, Plaintiffs' claims that comparing Dr. Moskalenko's conclusions about General Flynn's participation in the Oath Video to Dr. Moskalenko's conclusions about the Plaintiffs' participation in Oath Video is like "comparing apples to oranges." *Id.* at 10. But this is simply incorrect. General Flynn and the Plaintiffs participated in the same Oath Video, said the same words, and posted the same Oath Video, and in Jack's case, to social media. Before she was paid by the Plaintiffs, Dr. Moskalenko described that activity as "pledg[ing] allegiance to QAnon." Mot. at 11. Now that she

4

is being paid by Plaintiffs, she described that activity as *not* "meant as a pledge to QAnon." *Compare* Bolger Decl. Ex. 8 ("Book") at 20-21 *with* Report at 12. To borrow Plaintiff's analogy, Dr. Moskalenko reached opposite results on an apples to apples comparison. For that reason, her testimony is too confusing to be helpful.

Finally, Plaintiffs again argue that to the extent Dr. Moskalenko's testimony may be perceived as confusing, this is merely a credibility determination rather than an admissibility issue. Opp. at 11. Plaintiffs are wrong. Even just one of these inconsistencies would be confusing and unhelpful, but layer upon layer of contradictions underscore her efforts to make this a "fit the facts" case—relying only on a curated set of documents while avoiding additional information including the entirety of the Plaintiffs' social media files which were known to her at the time. Mot. at 10-13. For these reasons, *Daubert* requires exclusion.

## CONCLUSION

For the foregoing reasons and those in its opening brief, Defendant respectfully requests that this Court grant its motion and bar Plaintiffs from introducing Dr. Moskalenko's proffered expert report, rebuttal expert report, deposition testimony, and preclude her from testifying at trial pursuant to Fed. R. Evid. 402 and 702.

Dated: New York, New York
January 29, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Katherine M. Bolger*
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)
Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 29th day of January, 2024, the foregoing was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/EF system to all parties of record.

                                                               */s/ Katherine M. Bolger*
                                                               Katherine M. Bolger