

21st Floor
1251 Avenue of the Americas
New York, NY 10020

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

Katebolger@dwt.com

February 2, 2024

**VIA ECF**
Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Courtroom 15Aknkn
New York, NY 10007-1312

Re:    *Flynn et al, v. Cable News Network, Inc.*, No. 1:21-cv-02587-AS-SLC – Letter Regarding Supplemental Authority

Dear Judge Subramanian:

We represent Defendant Cable News Network Inc. ("CNN") in the above-referenced action. We write to notify the Court of an order issued on January 30, 2024, in the matter *Flynn v. Stewartson et al.*, No. 2023 CA 004264 (Fla. 12th Cir. Ct. Jan. 30, 2024), pending in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, which supports CNN's argument in its summary judgment motion, ECF Nos. 179, 210. A copy of the decision is attached hereto, as Exhibit A. A copy of the relevant motion briefing is attached hereto, as Exhibit B. The plaintiff in *Flynn v. Stewartson* is General Michael Flynn, brother and brother-in-law, respectively, to Plaintiffs Jack and Leslie Flynn. Gen. Flynn, like Plaintiffs, is represented by the Binnall Law Group.

In relevant part, in *Flynn v. Stewartson*, Gen. Flynn sued defendant Rick Wilson for retweeting "Also, FYI, Mike Flynn is 'Q.'" Gen. Flynn argued that this phrase defamed him by associating him with QAnon, as Plaintiffs likewise argue here under Rhode Island's false light statute. The court rejected that argument and granted that defendant's motion under Florida's anti-SLAPP law, and in the alternative, his motion for summary judgment. This ruling is relevant to CNN's summary judgment papers on the elements of actual malice and material falsity.

*First*, CNN argued in its briefing that Plaintiffs must establish by clear and convincing evidence that CNN acted with actual malice in airing the Report because the Report deals with matters of indisputable public concern,. Br. 32 (citing *Time, Inc. v. Hill*, 385 U.S. 374, 387-88 (1967)). In their opposition, Plaintiffs claimed that the Report, which showed how mainstream political figures such as Gen. Flynn promoted QAnon, is not a matter of public concern. Gen. Flynn made precisely this argument in *Stewartson* and the court rejected it, holding instead that that Florida's anti-SLAPP law, which is directed to "free speech in connection with public issues,"

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Arun Subramanian
February 2, 2024
Page 2

applied. The court reached that decision because the defendant "easily demonstrated substantial national discussion concerning … QAnon, and Gen. Flynn's interactions or presumed interactions with [it]" by pointing "to several articles concerning QAnon, generally, and Gen. Flynn's potential association with it, specifically."  As the court concluded, "these are public issues of the highest order that the First Amendment is designed to protect." CNN, like Wilson, also pointed to a substantial factual record and an expert report easily establishing a national discussion about QAnon and Plaintiffs' role in it, *see* Br. 32-33; Declaration of Katherine M. Bolger ("Bolger Decl.") Ex. 6 . In fact, Wilson relied on some of the very same materials as CNN did in its motion, including the Oath Video, and a July 7, 2020 CNN article about the Oath Video, along with several other shared exhibits. *Compare* Ex. 21 to Ex. B *with* Bolger Decl. Ex. 92.  Here, as in *Stewartson*, these materials establish the Report is a matter of public concern.

*Second*, CNN argues that Plaintiffs failed to establish that the Report is materially false because of the undisputed evidence of Plaintiffs' voluntary public association with QAnon and their concession that they had a "friendly" "alignment with QAnon." Opp. 22.  In *Stewartson*, the Court reached that same conclusion on a summary judgment standard about Gen. Flynn based on a similar record.  There, the Court held that Gen. Flynn could not establish falsity because Wilson "came forward with evidence demonstrating a factual basis from which [Wilson] made the … 'Q' comments," including "numerous news articles [that] tie a close link between [Gen. Flynn] and the QAnon movement." CNN offered similar evidence demonstrating the same about Plaintiffs—in fact, there is even more evidence in this case than in *Stewartson*.  In addition, as with the issue of public interest, Wilson relied in many cases on the very same evidence that CNN put before this Court, including a July 7, 2020 CNN article, news articles discussing General Flynn's sale of QAnon-related merchandise that included the QAnon Slogan WWG1WGA (*compare* Ex. 21 *with* Ex. B with Bolger Decl. Ex. 88), and screen grabs of WWG1WGA merchandise sold by The Shirt Show.  Most significantly, the court's conclusion that Gen. Flynn could not prove the falsity of the sentence "Also, FYI, Mike Flynn is 'Q,'" rested on Gen. Flynn posting the very same Oath Video that Jack himself posted—twice.  Br. 22-23; *compare* Ex. 17 to Ex. B *with* Bolger Decl. Ex. 38. In short, the evidence is even more compelling here than in *Stewartson* and this Court should reach the same result.

Thank you for your consideration.

Respectfully submitted,

Davis Wright Tremaine LLP

*/s/ Katherine M. Bolger*

Katherine M. Bolger

cc:    Counsel of Record (via ECF)