

21st Floor
1251 Avenue of the Americas
New York, NY 10020
**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax
Katebolger@dwt.com

February 16, 2024

**VIA ECF**
Hon. Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. Courtroom 15A, New York, NY 10007-1312

Re:      *Flynn et al, v. Cable News Network, Inc.*, No. 1:21-cv-02587-AS-SLC

Dear Judge Subramanian:

We represent Defendant Cable News Network Inc. ("CNN") and pursuant to this Court's Order, ECF No. 219, we provide supplemental briefing on the issue of whether CNN's "alleged statement or implication that Plaintiffs were 'QAnon followers' is a non-actionable opinion for purposes of both the First Amendment and Rhode Island law." While CNN did not state that Plaintiffs were "QAnon followers," *see* Br. 21-27; Reply 1-4, if the Court were to conclude that the Report gives rise to that inference, it would be protected opinion that is non-actionable. Summary judgment must be granted for CNN.

The First Amendment and Rhode Island state law fully protect statements of opinion in false light cases. *Cullen v. Auclair*, 809 A.2d 1107, 1112 (R.I. 2002); *Beattie v. Fleet Nat. Bank*, 746 A.2d 717, 721, 723-24 (R.I. 2000); *accord* Restatement (Second) of Torts § 566 (1977). One of the hallmarks of protected opinion is if the language is "too imprecise and vague to be verifiable as either true or false," because it "evoke[s] a multiplicity of meanings." *Leddy v. Narragansett Television, L.P.*, 843 A.2d 481, 489 (R.I. 2004); *see Cianci v. New Times Pub. Co.*, 639 F.2d 54, 63 (2d Cir. 1980) ("loosely definable, variously interpretable statements" constitute protected opinion) (citation omitted); *Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 115 (1st Cir. 2000) (statements "highly subjective and susceptible of numerous interpretations" are opinion). The term "QAnon followers" is undoubtedly such a term. The term "follower" on its own does not have an "easily ascertainable and objectively verifiable meaning." *Leddy*, 843 A.2d at 489 (quoting *Levinsky's, Inc. v. Wal–Mart Stores, Inc.,* 127 F.3d 122, 129 (1st Cir.1997)). Dictionary definitions of "follower" contain numerous alternate meanings. *See* "Follow," Merriam-Webster Dictionary, (defining "follow" simultaneously as "pursue," "be or act in accordance with," "attend closely to, keep abreast of," "obey"); "Follower," Oxford Learners Dictionaries (a "follower" is someone "who supports and admires a particular person or set of ideas" or "who is very interested in a particular activity"). And words like "followers, supporters or adherents," FAC ¶ 18, and other "[t]erms of relation and association . . . [like] leader" have "debatable, loose, and varying meaning[s]." *Edwards v. Detroit News, Inc.*, 910 N.W.2d 394, 403-404 (Mich. App. 2017). Because there is no "objective line" of what it means to be a follower, the word is necessarily an "imprecise characterization" lacking a "plausible method of verification." *Croce v. Sanders*, 843 F. App'x 710, 715 (6th Cir. 2021) (citation omitted). In other words, an opinion.

In addition, statements about adherence to belief systems are opinion because of their role in political and social debates. *See Buckley v. Littell*, 539 F.2d 882, 893 (2d Cir. 1976) (terms like

"fascist" and "radical right" are opinion); *Harvest House Publishers v. Local Church*, 190 S.W.3d 204, 215 (Tex. Ct. App. 2006) (allegation that "one is an idolator and accepts occult powers" "cannot be proved true or false"); *Sands v. Living Word Fellowship*, 34 P.3d 955, 960 (Alaska 2001) (church as "cult" and church member as "cult recruiter" are opinion); *Cheng v. Neumann*, 51 F.4th 438, 446 (1st Cir. 2022) ("conspiracy theorist," "right-wing," and "far-right" are opinion).

This is particularly true here. "QAnon follower" is impossible to define because QAnon is a movement that intrinsically rejects definition, as the undisputed record shows. As CNN's unrebutted expert made clear, QAnon is unlike membership in, for example, a bar association, which entails specific responsibilities, as it is "elastic and difficult to define," lacks a "coherent belief system," and rejects a monolithic "definition [of] what a QAnon follower is, or what 'following' QAnon actually entails." Ex. 6 at 4-5, 7. Plaintiffs' own expert describes QAnon as an "a la carte belief system." Ex. 116 at 60:3-16. Those affiliated with QAnon testified that it encompassed a wide range of beliefs. Ex. 34 at 11:21-25, 27:14-22, 35:2-8 (QAnon radio host testifying that QAnon reflects "support" of "Donald Trump," "individual thinking," and "love [for] our country"); Ex. 36 at 29:17-20, 45:23-25, 46:15-22 (QAnon musician testifying that the "QAnon movement" contains "multitudes of ideas" and is without "orthodoxy"). And even Plaintiffs struggle to define "QAnon followers," variously claiming it means "insurrectionists," FAC ¶¶ 3, 19, "terrorists," *id.* ¶¶ 18-19, believers in "a cabal of . . . pedophiles," Opp. 3, and people just "like the QAnon Shaman." Opp. 23. Finally, even Judge Woods' preliminary acceptance of Plaintiffs' definition of "QAnon follower" as an "adherent to the QAnon belief system" at the motion to dismiss stage, ECF No. 65, is now contradicted by the undisputed record showing that there is no such belief system. "QAnon followers" is therefore so imprecise as to render it non-actionable opinion.

"QAnon followers" is also opinion because it is a conclusion based on facts disclosed in the Report that "[P]laintiff[s] do[] not actually challenge," *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 468 (S.D.N.Y. 2012), and in fact are "concededly true." *Beattie*, 746 A.2d at 725; *see Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 755 (R.I. 2004) (opinion reflecting "interpretation" of " disclosed facts" is protected). Here, Plaintiffs do not dispute any of the facts in the Report; instead, they claim that the Report is based on truthful facts that place them in a false light. They do not dispute that the Report shows a clip of the Oath Video that Jack Flynn himself had published months before, which went viral. SUMF ¶¶ 42, 49, 51. They do not dispute that while the Oath Video is shown, narration states "Where We Go One We Go All, an infamous QAnon slogan promoted by" Gen. Flynn. Ex. 1. And they do not dispute that in the clip, they stand beside Gen. Flynn as he says "Where We Go One We Go All." *Id.* In fact, the Report very clearly attributes the Oath Video to Gen. Flynn's own Twitter account. All of these undisputed facts allow viewers to "review the underlying information for themselves and reach their own conclusions," *Ayyadurai v. Floor64, Inc.*, 270 F. Supp. 3d 343, 361 (D. Mass. 2017), which is paradigmatic opinion.

Any inference in the Report that Plaintiffs are "QAnon followers" is consistent with the opinion many others arrived at—including not only other news organizations and countless social media users, SUMF ¶¶ 49-51, but also Plaintiffs' *own purported expert*, who opines that in the Oath Video, Gen. Flynn "pledged allegiance to QAnon." Ex. 8 at 20. CNN's alleged conclusion that they are "QAnon followers" is non-actionable opinion based on those disclosed and concededly true facts. And unlike in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990) (or *Healey v. New England Newspapers, Inc.*, 520 A.2d 147, 152 (R.I. 1987)), nothing in the

Report implied knowledge of the existence of other undisclosed, defamatory facts about Plaintiffs. Indeed, the scenario presented by this case is entirely different than *Milkovich*. There, a newspaper columnist specifically stated the plaintiff had "lied" at a hearing based on undisclosed facts. *Id.* at 5. As the First Circuit put it, the *Milkovich* defendant indicated that he had, but omitted, "more information about [plaintiff's claim] than was reported." *Phantom Touring, Inc. v. Affiliated Publ'ns*, 953 F.2d 724, 731 (1st Cir. 1992) (describing *Milkovich*). Here, CNN never said *anything* about Plaintiffs, and their only fleeting appearance in the Report is in the context of them being accurately shown alongside Gen. Flynn as he says "Where We Go One, We Go All" in the very video they themselves shared, cheered, and promoted.

Just how much this case focuses on CNN's interpretation of undisputed truthful facts is made clear by a key concession in Plaintiffs' brief. Plaintiffs concede they had a "friendly" "alignment with QAnon in supporting Gen. Flynn," Opp. 22, and argue that the highly objectionable, materially false association made in the Report is that CNN associated them with QAnon more generally. In other words, the basis of their claim is that they and CNN simply have a different interpretation of the same facts. This argument merely rests on emphasis in the degree to which Plaintiffs have some "association with QAnon," or are "QAnon followers"—and such a dispute on emphasis, or even whether there is any difference between those two characterizations of the undisputed facts, is opinion. In *Cheng*, the newspaper *Epoch Times* claimed defamation based on statements that the newspaper was "right-wing" and "promoted anti-vaccine misinformation" and "QAnon." 51 F.4th at 446-47. The court first concluded that the publications at issue reported facts about plaintiffs—including that *Epoch Times* supported former President Trump, took an anti-vaccine stance, and engaged in election denialism—that were truthful. It then concluded that statements that, for example, the newspaper was "far-right," were non-actionable because, in the words of the district court, "the name calling, however offensive to Plaintiffs, was an expression lacking in precise meaning and clearly packaged to convey to the reader the author's judgment on the significance of the otherwise substantially true statements contained elsewhere in the [a]rticle." *Cheng v. Neumann*, 2022 WL 326785, at *9 (D. Me. Feb. 3, 2022). Finally, the court concluded that the article's conclusion that the newspaper promoted vaccine misinformation and QAnon was correct because it was based on truthful facts regarding the content of the *Epoch Times* that could "fairly be regarded as promoting in the mind of an objective outsider." *Id.* at *8; *see also Beattie*, 746 A.2d at 725-27 (lender's claim that appraiser's valuation was "fraudulent" was non-actionable opinion because it was supported by analysis disclosed by lender). Likewise here, to the extent the Report implies that Plaintiffs are QAnon followers, whatever that may mean, it is a judgment based on the true facts that Plaintiffs stood next to Gen. Flynn while he pledged "Where We Go One, We Go All." That Plaintiffs would have preferred CNN characterize this behavior as support for Gen. Flynn does not render CNN's conclusion false. It is a difference of opinion.

To the extent the Report calls Plaintiffs "QAnon followers," that is protected opinion. This Court should grant summary judgment on this alternative basis, and/or on those articulated in CNN's brief. Thank you for your consideration.

Respectfully submitted,
*/s/ Katherine M. Bolger*