

**Jared Roberts**
ASSOCIATE

**D:** 571-267-1555
**E:** jared@binnall.com

February 23, 2024

<u>VIA ECF</u>
Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Courtroom 15A
New York, NY 10007-1312
*Re: Flynn et al, v. Cable News Network, Inc.,* No. 1:21-cv-02587-AS-SLC

Dear Judge Subramanian,

We represent Plaintiffs Jack and Leslie Flynn, and pursuant to this Court's order, Dkt. No. 219, we provide supplemental briefing on the issue of whether "Defendant's alleged statement or implication that Plaintiffs were 'QAnon Followers' is a non-actionable opinion for purposes of both the First Amendment and Rhode Island law." Defendant falsely affiliated Plaintiffs with QAnon during a CNN special report ("the Report") on January 31, 2021. The Court should not grant summary judgment for the Defendant because its inferences are not protected pure opinion because they include factual assertions and do not disclose all relevant facts.

The First Amendment and Rhode Island law protect statements of opinion in false light cases, as the Defendant correctly asserts. *See* Dkt. No. 220, Pg. 1 (citing *Cullen v. Auclair*, 809 A.2d 1107, 1112 (R.I. 2002); *Beattie v. Fleet Nat. Bank*, 746 A.2d 717, 721, 723-24 (R.I. 2000); Restatement (Second) of Torts § 566 (1977)). The law, however, does not protect provably false factual assertions or opinions that "impl[y] the allegation of undisclosed defamatory facts." Restatement (Second) of Torts § 566 (1977); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21-22 (1990). In *Milkovich*, a reporter stated that a former high school wrestling coach perjured himself at a hearing based on undisclosed facts. *See Milkovich*, 497 U.S. at 5. While the defendant argued that it was protected opinion to say that the plaintiff perjured himself, the Supreme Court disagreed. *Id.* at 21–22. Instead, the Supreme Court found that a fact finder could compare the plaintiff's two sets of testimony and verify whether the plaintiff actually committed perjury. *Id.*

Defendant's implication that Plaintiffs were QAnon followers falls in that category. While Defendant characterizes this implication as "too imprecise and vague to be verifiable as either true or false;" whether individuals harbor beliefs that align with or follow QAnon can be proven true or false. Dkt. No. 220, Pg. 1 (citing *Leddy v. Narragansett Television, L.P.*, 843 A.2d 481, 489 (R.I. 2004); *Cianci v. New Times Pub. Co.*, 639 F.2d 54, 63 (2d Cir. 1980); *Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 115 (1st Cir. 2000). Defendant itself concluded that QAnon is "a deranged conspiracy cult," "based on

age-old racist and anti-Semitic beliefs," and is "a dangerous and violent movement, a movement that has become insurrectionist." *See* Pls.' Opp. Summary Judgment at 3; *see also* Declaration of Jared Roberts, Dkt. No. 206, Ex. A ("Roberts Ex. A") at 30:22–31:9. QAnon followers hold specific, outlandish beliefs that include a belief in "a secret global cabal of Democrats and celebrities [who] worship Satan[,] sexually abuse[] children and dr[ink] their blood in order to ingest a chemical called adrenochrome." Roberts Ex. A at 90:3–16. These followers also hold beliefs that Donald Trump "is a messianic figure," and some even "believe there's a lineage . . . from JFK, Trump through to our Lord Jesus Christ." *Id.* at 36:7–25; 88:11–19.

As this Court previously concluded, in this context, "the term QAnon follower would be reasonably understood by a viewer to mean an adherent to the QAnon movement, in the sense that a member of a faith follows its belief system." *Flynn v. Cable News Network Inc.*, 621 F. Supp. 3d 432, 437 (S.D.N.Y 2022). Indeed, whether an individual holds these specific beliefs, which are central to QAnon, is a provable factual assertion. They either hold these beliefs or do not. And these are very specific and outlandish beliefs that would reasonably result in reputational harm if one is falsely associated with them.

This is unlike *Cheng v. Neumann*, where the First Circuit held that terms like "right-wing," "far-right," and "conspiracy theorist" fall under the too imprecise and vague umbrella, which meant they were non-actionable opinions. 51 F.4th 438, 446 (1st Cir. 2022). Defendant wrongly characterizes *Cheng* as an almost one-for-one comparison to this case. Dkt. No 220 at 3. This case, however, is fundamentally different. Characterizing someone as "right-wing" or "far-right" can mean a variety of different things to different people given the existence of the wide American political spectrum. It is, by its nature, vague and imprecise. Characterizing someone as an adherent to a belief system that stands for specific beliefs, however, is an entirely different proposition. There are specific tenants of QAnon, and whether one adheres to the tenants can be factually verified.

Further, *Biro v. Conde Nast* stands for the proposition that implications resulting from unchallenged facts or a view with a fully set forth factual basis are nonactionable. 883 F. Supp. 2d 441, 467–69 (S.D.N.Y. 2012). In other words, "[a] statement may significantly harm a plaintiff's reputation, but if it is not alleged to be a false statement of fact, it is not actionable as defamation." *Id.* at 468. Defendant asserts that "Plaintiffs do not dispute any of the facts in the Report" and that any conclusion they follow QAnon is based on the undisputed fact of what the Plaintiffs posted themselves, not Defendant's conduct. Dkt. No. 220 at 2. The Report, however, does not merely say that Plaintiffs engaged with pro-QAnon posts on Twitter. Instead, to a reasonable viewer, the Report implies that Plaintiffs adhere to the QAnon belief system. Something that is, as noted, provably false. Specifically, the Report displayed a chyron reading, "QANON FOLLOWERS," while playing a clip of Plaintiffs with their right hands raised, spliced in

with video of *actual* QAnon followers, when the entire subject of the Report is QAnon. In doing so, Defendant offered a factual assertion that painted the Plaintiffs in a false light.

*Biro* chiefly relies on the Fourth Circuit's opinion in *Chapin. Biro*, 883 F. Supp. 2d at 464–82 (citing *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993)). *Chapin* held that because the subject article included the entire factual basis for the alleged defamatory statements, and then commented on those facts, the article could be reasonably understood to be opinion. *Id.* at 1093. Here, Defendant did not include any factual basis for its comparison of Plaintiffs to actual adherents of QAnon. While Defendant now self-servingly offers *post hoc* rationalization for this comparison, this context was not provided to viewers of the Report, making this case inapposite. While Defendant points to the recitation of the now-infamous QAnon slogan "promoted by" General Flynn as part of the fully set forth factual basis, Dkt. No. 220 at 2, this does not provide any context for the Flynn family video, which was filmed over six months prior to the Report, during a Fourth of July family celebration after the family received amazing news about what they understood to be the end of General Flynn's legal nightmare. Neither Jack nor Leslie understood the phrase to be associated with QAnon. *See* Bolger Ex. 28 at 100:12–19, 126:21–127:14; *see also* Bolger Ex. 29 at 212:17–18, 224:20–225:2.

Instead, this case is more in line with *Healey v. New England Newspapers, Inc.* In *Healy*, the defendant wrote an article implying that the plaintiff, a doctor, did not help a man who had collapsed and later died outside of a meeting that the plaintiff was attending. *See generally Healey v. New England Newspapers, Inc.*, 520 A.2d 147 (R.I. 1987). The defendant wrote the opinion of others who were critical of the plaintiff for not helping; however, failed to disclose that the plaintiff was not aware of the incident until emergency personnel were already on the way, and the plaintiff was never asked to help. *Id.* at 151. These undisclosed facts created a jury question as to whether a reasonable reader would believe that the plaintiff simply declined to help. *Id.* In this case, not disclosing the facts surrounding the Flynn family likewise could result in a reasonable viewer believing there is more to the story, that Plaintiffs had some undisclosed affiliation with QAnon. Again, however, Plaintiffs do not. Plaintiffs are not adherents to the QAnon belief system, and no evidence exists to show such assertion. Accordingly, Defendant's Report cannot be considered protected speech. Therefore, Plaintiffs respectfully request that this Court deny Defendant's motion for summary judgment.

Respectfully submitted,

/s/ Jared Roberts
Jared J. Roberts, *pro hac vice*
*Counsel for Plaintiffs*

cc:   Counsel of Record (via ECF)