```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOHN P. "JACK" FLYNN and                :
LESLIE A. FLYNN                         :
                                        :
                 Plaintiffs,            :    1:21-cv-02587 (AS/SLC)
                                        :
-v-                                     :
                                        :
CABLE NEWS NETWORK, INC.,               :
                                        :
                 Defendant.             :
------------------------------------------------------------ X
```

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL AUTHORITY

On February 2, 2024, Defendant filed a Letter Regarding Supplemental Authority, Dkt. No. 218. This letter was improper and should be stricken.

First, Defendant's letter regarding supplemental authority is more than a simple notice, which is the proper scope for such a filing. Rather than merely noticing the Court of a supplemental authority, it inserts factual and legal arguments, rearguing Defendant's substantive position, and improperly attaches motions and exhibits from this supplemental authority. In similar circumstances, district courts have stricken the additional legal arguments presented. *See, e.g., Eli Lilly Co. v. Crabtree*, 485 F. Supp. 2d 982, 997 (S.D. Ind. 2006) (striking portions of the notice of supplemental authority that included legal argument); *Seidman v. Paradise Valley Unified School Dist. No. 69*, 327 F. Supp. 2d 1098, 1121 (D. Ariz. 2004) (same). Recently, this Court denied a motion to strike a notice of supplemental authority because the notice did not provide any new argument. *Thompson v. Municipal Credit*

1

*Union*, No. 21 Civ. 7600, 2022 WL 2717303, at *7 n.7 (S.D.N.Y. Jul. 13, 2022). That is not the case here. Instead of merely offering supplemental authority, Defendant instead adds new argument that articles involving a third party prove that its comparison of Plaintiffs and QAnon had a factual basis. Dkt. No. 218.

Because Defendant's supplemental authority is more accurately considered supplemental briefing, it violates this Court's scheduling order. *See, e.g., Duprey v. Twelfth Judicial Dist. Court, State of New Mexico*, No. CIV 08-0756 JB, 2009 WL 2951023, at *3–4 (D.N.M. 2009) ("Supplemental authorities, such as the letter at issue in this motion, can be considered surreplies or supplemental briefs in the sense that they are briefs submitted outside the established briefing time line."). This Court's prior scheduling order established all briefing deadlines. Defendant did not seek leave to submit any additional briefings. As such, Defendant's supplemental authority, which is really a supplemental brief, violates this Court's Order and should be disregarded.

Second, the provided supplemental "authority" is wholly irrelevant. Recently, the Eastern District of New York granted a motion to strike a notice of supplemental authority when the supplemental authority was irrelevant. *See Maciel v. BMW of North America, LLC*, CV 20-458 (JS) (AKT) 2021 WL 983013, at *14 n.3 (E.D.N.Y. Feb. 22, 2021). Accordingly, Plaintiffs ask the Court to do the same here. The supplemental authority does nothing to change the status of Jack and Leslie Flynn. Defendant references a decision against General Michael Flynn, not Jack and Leslie Flynn, discussing purported connections between General Flynn and QAnon. While

2

Jack is General Flynn's brother, they are distinct individuals, and a ruling as one does not infer a ruling to the other. The new exhibits that Defendant cites all refer to General Flynn, not Jack and Leslie Flynn. There was and is no good faith basis for Defendant to affiliate Jack and Leslie Flynn with QAnon. This is true even if a non-binding court order found it to be opinion to affiliate General Flynn with QAnon based on articles discussing General Flynn, not Jack and Leslie Flynn.

Further, the case that Defendant cites is unpublished, non-binding, and was decided on statutory grounds. Indeed, the opinion is from a trial court in Florida; decided largely on procedural grounds based on Florida's Anti-SLAPP statute containing a burden-shifting framework. No burden-shifting procedural issues are at play in this dispute, making this case inapposite and inapplicable.

WHEREFORE, Plaintiffs respectfully request that this Court strike Defendant's Letter Regarding Supplemental Authority, or that it allow Plaintiffs an opportunity to respond.

Dated: Alexandria, VA
February 28, 2024

Respectfully submitted,

/s/ Jared Roberts
*Jason C. Greaves, VA Bar No. 86164
*Jared J. Roberts, VA Bar No. 97192
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jason@binnall.com
jared@binnall.com
* *Admitted Pro Hac Vice*

*Attorneys for Jack and Leslie Flynn*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jared Roberts
Jared J. Roberts
jared@binnall.com

*Attorney for Plaintiffs*