UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN,

              Plaintiffs,

- against -

CABLE NEWS NETWORK, INC.,

              Defendant.

Case: 1:21-cv-02587-AS-SLC

---

**DEFENDANT CABLE NEWS NETWORK, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S <u>SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs' Motion to Strike Defendant Cable News Network, Inc.'s ("CNN") Supplemental Authority ("Mot.") should be denied. Plaintiffs' alternative request to respond to CNN's Notice of Supplemental Authority (the "Notice") should also be denied given that Plaintiffs have already had ample opportunity to respond—over three weeks—including through their Motion to Strike. In any event, regardless of whether this Court considers the substance of the Notice, this Court should consider the decision in *Flynn v. Stewartson et al.* (Fla. 12th Cir. Ct. Jan 30, 2024), annexed thereto.

At bottom, Plaintiffs claim that CNN's Notice should be stricken for three erroneous reasons. *First*, Plaintiffs claim the Notice "is more accurately considered supplemental briefing" in violation of the Court's scheduling order. But, courts in this circuit routinely hold that it is "fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete.'" *Colpitts v. Blue Diamond Growers*, 2021 U.S. Dist. LEXIS 29029, at *2 (S.D.N.Y. Feb. 16, 2021) (quoting *Delgado v. Ocwen Loan Servicing, LLC*, 2016 WL

4617159, at *7 (E.D.N.Y. Sept. 2, 2016)); *DeSimone v. Select Portfolio Servicing, Inc.*, 2023 WL 6450236, at *4 (E.D.N.Y. Sept. 30, 2023) (same). This is especially true because *Stewartson* was issued *following* the close of summary judgment briefing. Moreover, both the Local Rules and Your Honor's Individual Rules are silent on Notices of Supplemental Authority, and "while this Court's Individual Rules require parties to file motion papers in accordance with a court-approved briefing schedule, there is no such requirement for the filing of supplemental authority." *DeSimone*, 2023 WL 6450236, at *4. By comparison, in the companion *Flynn* cases in the Middle District of Florida, CNN submitted the same supplemental authority following the Middle District of Florida's procedures, which the plaintiffs in those cases have not challenged. *See Valerie Flynn v. CNN*, No. 8:22-CV-343; *Lori Flynn v. CNN*, No. 8:22-CV-00512 (M.D. Fla.), ECF No. 134.

Ignoring standard practice in this District, Plaintiffs instead cite to a non-binding District of New Mexico decision for their claim that CNN's supplemental authority violates the Court's scheduling order, Mot. at 1-2 (citing *Duprey v. Twelfth Judicial Dist. Court, State of New Mexico*, 2009 WL 2951023 (D.N.M. Aug. 10, 2009)). But *Duprey*, even if relevant, supports CNN's position. There, the *Duprey* court still considered the supplemental authority brought outside the motion to dismiss briefing schedule as "[i]f important legal rules or authorities come to light, the Court cannot reasonably ignore the authority and decide a motion—perhaps incorrectly—because it chose to ignore applicable law solely because the law came to the Court's attention by way of a supplemental filing or by way of a letter from a party outside the briefing." *Id.* at *3; *see also id.* at *4 (further noting that notices of supplemental authority are "not formal surreplies" because the court has "no obligation" to hold off its decision on the underlying relevant motion). It also goes without saying that this Court is freely able to review and determine the relevance of the supplemental authority—with or without CNN's Notice.

*Second*, Plaintiffs claim the Notice presents "additional legal arguments" not already raised in its summary judgment briefing. Mot. at 1. This claim is incorrect. To the contrary, CNN merely notified the Court that *Stewartson* further supports CNN's existing (and already raised) arguments on material falsity and actual malice. *Compare* ECF No. 218 *with* ECF No.179 at 27-33. This Court has denied similar motions to strike where, as here, "the supplemental authority provides further support without adding new arguments or prejudicing defendants." *Thompson v. Mun. Credit Union*, 2022 WL 2717303, at *7 n.7 (S.D.N.Y. July 13, 2022); *see DeSimone*, 2023 WL 6450236, at *4 (same). Of course, Plaintiffs are not prejudiced because they already responded to these substantive arguments in their summary judgment opposition and again in their improper motion to strike.

Finally, Plaintiffs argue that *Stewartson* is irrelevant, but it is clearly relevant. In *Stewartson*, the court held it was not materially false to say that General Flynn was "Q," in part, because of the very same evidence that CNN produced here to support the alleged false light association between the Flynns and QAnon. The Court held that in light in of the substantial public evidence that General Flynn was aligned with QAnon, the defendants did not act with actual malice in making the statement. CNN relies on similar evidence about the Plaintiffs here. *See, e.g.*, ECF No. 179 at 7-8. Even though CNN readily acknowledges that *Stewartson* is non-binding on this court, such authority may nonetheless be "helpful in understanding the issues . . . [which are] relevant to the issues pending before it." *DeSimone*, 2023 WL 6450236, at *4 (citing *Delgado*, 2016 WL 4617159, at *7). At bottom, while Plaintiffs may prefer to keep this decision at bay, *Stewartson* provides key guidance for this case and would be helpful for the Court to consider.

## **CONCLUSION**

For all the foregoing reasons, CNN respectfully requests that this Court deny Plaintiffs'

Motion to Strike and Plaintiffs' request for an opportunity to respond, given that their Motion to Strike already serves that purpose. In the event this Court prefers that CNN re-file its Notice of Supplemental Authority as a Motion for Leave to File, CNN respectfully requests the opportunity to do so as instructed.

Dated: New York, New York
       March 13, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Katherine M. Bolger*
Katherine M. Bolger (N.Y. Bar No. 2976868)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*