UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOHN P. "JACK" FLYNN and           :
LESLIE A. FLYNN                          :       1:21-cv-02587 (AS/SLC)
                                                   :
            Plaintiffs,                      :       PLAINTIFFS' REPLY IN
                                                   :       SUPPORT OF THEIR
-v-                                                :       MOTION TO STRIKE
                                                   :
CABLE NEWS NETWORK, INC.,     :
                                                   :       ORAL ARGUMENT
            Defendant.                     :       REQUESTED
------------------------------------------------------------ X

      Rather than engage and address Plaintiffs' arguments in their motion to strike, Defendant deflects, blatantly mischaracterizing and ignoring Plaintiffs' argument. The simple truth is, while a party may provide a notice of supplemental authority after briefing has concluded, it must be just that, a notice, not additional argument. Yet, what Defendant has presented to this Court goes beyond a simple notice. Rather, Defendant takes specific portions of a non-binding opinion and argues how each portion applies to the current matter at hand. This is improper and goes beyond noticing a supplemental authority. Even if this method were proper–it is not– Defendant's letter of supplemental authority must still be stricken because it is plainly irrelevant.

## ARGUMENT

      As a starting point, Defendant misunderstands Plaintiffs' argument and Plaintiffs' use of *Duprey* from the District of New Mexico. Dkt. No. 224 at 1-2. Plaintiffs readily accept that a party may file a notice of relevant supplemental

1

authority following briefing. What a party cannot do is present additional argument in this notice. Yet, that is precisely what Defendant has done.

Defendant broadly asserts that they have not presented any new argument. Dkt. No. 224 at 3. This is not true. Defendant's letter of supplemental authority pulled specific parts from the *Stewartson* opinion and exhibits from the briefing, making an argument as to how each portion supposedly relates to this action. *See generally* Dkt. 218. Defendant helpfully points out that the plaintiffs did not object in the Middle District of Florida to their notice of supplemental authority regarding the *Stewartson* case. Dkt. No. 224 at 2. There is an obvious reason for that: the notice they filed in Florida did not engage in substantive argument as it has done here in New York. In the Florida matter, Defendant simply cited portions of the *Stewartson* opinion without including argument as to how each portion applies to the current matter. Further, in Florida, Defendant did not attach all of the exhibits from the *Stewartson* matter, arguing how those exhibits prove its point. Simply put, comparing the two "notices" only serves to highlight the gamesmanship being played by Defendant, who apparently believes they can get away with this in New York, but not in Florida. This Court should not accept the additional arguments and exhibits that Defendant has cited in this matter outside of the briefing schedule.

Finally, even to the extent the notice does not present any new arguments, it must be disregarded because it is wholly irrelevant. The articles cited as exhibits in *Stewartson* were about General Michael T. Flynn, not Jack and Leslie Flynn. They have nothing to do with whether Jack and Leslie are "QAnon Followers." And the

court in *Stewartson* issued its ruling based on Florida's anti-Slapp, which contains a burden shifting provision. Such burden shifting is not at issue here, and Defendant has not even tried to address this key factor in the *Stewartson* opinion, which makes its holding irrelevant to this dispute.

Wherefore, Plaintiffs respectfully request that the Court strike Defendant's supplemental authority in its entirety, or, at the very least, those portions that present new argument.

Dated:  Alexandria, VA
       March 20, 2024

Respectfully submitted,

/s/  Jared Roberts
*Jared J. Roberts, VA Bar No. 97192
*Jason C. Greaves, VA Bar No. 86164
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jason@binnall.com
jared@binnall.com
* *Admitted Pro Hac Vice*

*Attorneys for Jack and Leslie Flynn*

3

## CERTIFICATE OF SERVICE

I certify that on March 20, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jared Roberts
Jared J. Roberts
jared@binnall.com

*Attorney for Plaintiffs*
