**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN P. "JACK" FLYNN
LESLIE A. FLYNN,

     Plaintiffs,

 - against -

CABLE NEWS NETWORK, INC.,

     Defendant.

Case: 1:21-cv-02587-AS-SLC

**ORAL ARGUMENT REQUESTED**

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger (N.Y. Bar No. 2976868)
Meenakshi Krishnan (*pro hac vice*)
Lindsey B. Cherner (N.Y. Bar No. 5571534)
Sam F. Cate-Gumpert (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
meenakshikrishnan@dwt.com
lindseycherner@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................ 1

PROCEDURAL BACKGROUND........................................................... 2

ARGUMENT ...................................................................................... 4

    I.       CNN IS THE PREVAILING PARTY IN THIS CASE ....................... 5

    II.     CNN'S ATTORNEYS' FEES AND COSTS ARE REASONABLE.................... 6

         A.    The Attorneys Were Highly Skilled ........................................... 7

         B.    The Rates Charged are Reasonable........................................... 8

         C.    The Number of Hours Worked was Reasonable....................................... 11

         D.    The Costs Sought Are Reasonable........................................... 14

CONCLUSION.................................................................................... 15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*A.G. v. N.Y.C. Dep't of Educ.*,
   2021 WL 4896227 (S.D.N.Y. Oct. 19, 2021), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*,
   71 F.4th 120 (2d Cir. 2023) (*per curiam*) ..................................................................8

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
   2011 WL 1002439 (S.D.N.Y. Mar. 16, 2011) ............................................................8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany & Albany Cnty. Bd. of
   Elections*,
   522 F.3d 182 (2d Cir. 2008).........................................................................................8, 9

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
   493 F.3d 110 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008)...........6

*Broadcast Music, Inc. v. R Bar of Manhattan Inc.*,
   919 F. Supp. 656 (S.D.N.Y. 1996) .............................................................................12

*Capitol Records, Inc. v. MP3Tunes, LLC*,
   2015 WL 7271565 (S.D.N.Y. Nov. 12, 2015) (Pauley, J.)....................................10

*Charles v. Seinfeld*,
   2022 WL 889162 (S.D.N.Y. March 25, 2022) .......................................................10

*Earth Flag Ltd. v. Alamo Flag Co*,
   154 F. Supp. 2d 663 (S.D.N.Y. 2001).........................................................................6

*Entral Grp. Int'l v. Sun Sports Bar Inc.*,
   2007 WL 2891419 (E.D.N.Y. Sept. 28, 2007) .......................................................10

*Gierlinger v. Gleason*,
   160 F.3d 858 (2d Cir. 1998)........................................................................................11

*Grant v. Martinez*,
   973 F.2d 96 (2d Cir. 1992)..........................................................................................11

*Harrell v. Van der Plas*,
   2009 WL 3756327 (S.D.N.Y. Nov. 9, 2009) (Lynch, J.) .......................................6

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)......................................................................................................12

*Insurent Agency Corp. v. Hanover Ins. Co.*,
   2020 WL 86813, at *2 (S.D.N.Y. Jan. 8, 2020)............................................................5, 9, 14

*Kilopass Tech., Inc. v. Sidense Corp.*,
   82 F. Supp. 3d 1154 (N.D. Cal. 2015) ...................................................................................13

*Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*,
   2020 WL 2848232 (S.D.N.Y. June 1, 2020) ....................................................................13, 14

*Malletier v. Artex Creative International Corp.*,
   687 F. Supp. 2d 347 (S.D.N.Y. 2010)....................................................................................14

*Mugavero v. Arms Acres, Inc.*,
   2010 WL 451045 (S.D.N.Y. Feb. 9, 2010) ............................................................................11

*Nobile v. Watts*,
   No. 17-cv-597, Dkt. 78, slip op. (S.D.N.Y. Jan. 11, 2018) (Forrest, J.), *aff'd*, 747 F. App'x
   879 (2d Cir. 2018)...................................................................................................................10

*Phyto Tech Corp. v. Givaudan SA*,
   2023 WL 1437714 (S.D.N.Y. Jan. 31, 2023) .........................................................................11

*Restivo v. Hessemann*,
   846 F.3d 547 (2d Cir. 2017)......................................................................................................8

*Tlacoapa v. Carregal*,
   386 F. Supp. 2d 362 (S.D.N.Y. 2005).....................................................................................11

*Torres v. City of N.Y.*,
   2020 WL 6561599 (S.D.N.Y. June 3, 2020), *R. and R. adopted*, 2020 WL 4883807
   (S.D.N.Y. Aug. 20, 2020) .........................................................................................................9

*Utica Coll. v. Gordon*,
   389 F. App'x 71 (2d Cir. 2010) .................................................................................................5

*Vista Outdoor, Inc. v. Reeves Family Trust*,
   2018 WL 3104631 (S.D.N.Y. May 24, 2018) ........................................................................11

*Wells Fargo Tr. Co. v. Fast Colombia S.A.S.*,
   2023 WL 8591953 (S.D.N.Y. Oct. 16, 2023), *R. and R. adopted,* 2023 WL 8433128
   (S.D.N.Y. Dec. 5, 2023)..........................................................................................................10

*Zhang v. Zhang*,
   2021 WL 1154084 (S.D.N.Y. Mar. 26, 2021) .........................................................................8

**State Cases**

*Karaduman v. Newsday, Inc.*,
    51 N.Y.2d 531, 435 N.Y.S.2d 556 (1980) ..................................................................5

*Keystone Elevator Co. v. Johnson & Wales University*,
    850 A.2d 912 (R.I. 2004) .................................................................................5, 8

**State Statutes**

R.I. Gen. Laws § 9-1-28.1(a)(4) ...................................................................................1

R.I. Gen. Laws § 9-1-28.1(b) .............................................................................. *passim*

**Rules**

Fed. R. Civ. P. 26(f) .....................................................................................................2

Fed. R. Civ. P. 54(d) .....................................................................................................1

Fed. R. Civ. P. 54(d)(1) ...............................................................................................14

Fed. R. Civ. P. 56.1 ..................................................................................................3, 13

Practice Rule 11.C.iii ....................................................................................................2

**Constitutional Provisions**

United States Constitution
    First Amendment .................................................................................1, 5, 7, 8

Pursuant to Federal Rule of Civil Procedure 54(d) and this Court's April 24, 2024, Order (ECF No. 226), Defendant Cable News Network, Inc. ("CNN") respectfully moves to recover reasonable attorneys' fees and costs under the fee-shifting provision in Rhode Island's invasion of privacy statute, R.I. Gen. Laws § 9-1-28.1(b).

## PRELIMINARY STATEMENT

In February 2021, CNN aired a report (the "Report"), titled "CNN Goes Inside a Gathering of QAnon Followers," about a QAnon conference called "Q Con Live!"  ECF No. 226 at 1. The Report included, by way of context, a video clip of Plaintiffs Jack and Leslie Flynn ("Plaintiffs") raising their right hands as Jack's brother General Michael Flynn utters "Where We Go One, We Go All," a phrase associated with QAnon.  *Id.* at 1, 5.  Based solely on the clip and the title of the Report, Plaintiffs sued CNN for, *inter alia*, false light invasion of privacy under Rhode Island's invasion of privacy statute, R.I. Gen. Laws § 9-1-28.1(a)(4), on the theory that the Report falsely painted them as QAnon followers.  *Id.* at 1.  .

CNN became the prevailing party in this lawsuit, when on April 24, 2024, this Court held that, in the context of the Report, the challenged statement was constitutionally protected and therefore nonactionable opinion, and entered judgment for CNN.  ECF No. 226 at 17. Accordingly, CNN respectfully requests it be awarded reasonable attorneys' fees and costs under R.I. Gen. Laws § 9-1-28.1(b).

The fees that CNN seeks in this motion are eminently reasonable for three reasons.  *First*, although CNN's counsel are nationally-recognized media and First Amendment litigators, who charged discounted hourly rates below the rates charged in the New York legal market in media-related cases.  *Second*, counsel worked an appropriate number of hours on this three-year litigation, exercised strong billing judgment, and willingly wrote off a portion of the total fees in preparing this fee motion, in an effort to present the most undisputed request to this Court.  *Third*, counsel

received an excellent outcome in this litigation—namely, dismissal of Plaintiffs' false light claim. All three of these factors warrant an award of the full amount of fees sought in this motion, which total $1,315,384.87.  With costs of $98,702.03, CNN's total request is $1,414,086.90.[1]

## PROCEDURAL BACKGROUND

On March 25, 2021, Plaintiffs Jack and Leslie Flynn ("Plaintiffs") sued CNN in this Court, bringing claims for defamation *per se* and false light invasion of privacy based on the allegation that the Report falsely accused them of being "QAnon follower[s]." ECF No. 1. On May 7, 2021, Plaintiffs filed the FAC, again alleging defamation *per se* and false light invasion of privacy. ECF No. 7.  On June 21, 2021, CNN moved to dismiss the FAC. ECF No. 17.

On October 22, 2021, Magistrate Judge Cave issued a report and recommendation ("R&R") recommending dismissal with prejudice of Plaintiffs' defamation *per se* and false light claims.  ECF No. 38.  On December 16, 2021, this Court issued a memorandum opinion and order adopting the R&R in part and rejecting it in part.  ECF No. 42.  This Court dismissed Plaintiff's defamation *per se* claim but held that their false light claim was adequately pleaded.  *Id.*  On December 30, 2021, CNN moved for partial reconsideration, ECF No. 49, which this Court granted in part and denied in part on August 12, 2022, holding that at the pleading stage, Plaintiffs had plausibly alleged falsity for purposes of their false light claim.  ECF No. 65.

On January 14, 2021, CNN filed its Answer and Affirmative Defenses to Plaintiffs' FAC, after which the parties prepared a Rule 26(f) Conference and Proposed Case Management Plan, as well as a Confidentiality Stipulation and Protective Order.  *See* ECF Nos. 52, 57-58, 60.

---

[1] Copies of the billing statements, redacted to remove fees for which CNN does not seek reimbursement as well as for attorney-client and attorney work product, are annexed to the Declaration of Katherine M. Bolger as Exhibit H.  Pursuant to the Court's Individual Practice Rule 11.C.iii and in light of the privileged nature of the information to be redacted, a version of Exhibit H with proposed highlights indicated all redactions has been filed *ex parte* for the Court's review.

On February 9, 2022, and March 3, 2022, respectively, Valerie Flynn and Lori Flynn (Jack and Leslie's sisters-in-law) sued CNN in the Middle District of Florida, bringing claims for defamation *per se* and defamation-by-implication based on the allegation that the Report falsely accused them of being "QAnon followers" (the "MDFL Actions"). *See Flynn v. CNN*, 8:22-cv-00343-MSS-SPF and *Flynn v. CNN*, 8:22-cv-00512-MSS-AEP.

Given that the MDFL Actions were brought over the same Report and involved the same or similar sets of operative facts, and because the plaintiffs in all three actions were represented by the same counsel, the parties were ordered to consolidate the MDFL Actions, and the parties agreed that discovery in the three cases would be coordinated and shared. *See* ECF No. 45 in *Flynn v. CNN*, 8:22-cv-00343-MSS-SPF (ordering consolidation); ECF No. 72 at 3 n.4. The parties then collected, reviewed, and produced voluminous discovery and privilege logs and engaged in numerous letter-motions for discovery conferences to resolve discovery disputes. *E.g.*, ECF Nos. 72, 75-90, 94-97, 100-06, 109-22, 126-32, 143-44, 147-51, 153-59. CNN served and collected third-party written discovery from at least ten third parties and sought to obtain Plaintiffs' social media activity directly from Twitter and Meta. Bolger Decl. ¶ 19. Counsel for CNN also deposed 14 witnesses, and prepared and defended three CNN fact witnesses for their depositions by Plaintiffs' counsel. *Id.* ¶ 20. CNN worked with two experts to prepare their opening reports and to rebut Plaintiffs' two expert reports, including their expert fee report, meant to support their own anticipated fee request under R.I. Gen. Laws § 9-1-28.1(b). *Id.* When Plaintiffs' original lead counsel had a medical emergency and Plaintiffs hired the Binnall Law Group, counsel for CNN then spent additional hours meeting and conferring with new counsel and agreeing to additional adjournments. *E.g.*, ECF Nos. 168-74.

On October 27, 2023, following the close of discovery, CNN filed an extensive summary judgment brief and supporting papers, including its Rule 56.1 Statement and a Declaration with 118 exhibits.  ECF Nos. 177-84.  That same day, CNN filed two motions to exclude Plaintiffs' experts.  ECF Nos. 185-88.  On January 29, 2024, CNN filed its reply memorandum in further support of is motions for summary judgment and to exclude Plaintiffs' experts.  ECF Nos. 209-15. On February 2, 2024, CNN notified the Court of supplemental authority (*see* ECF No. 218); on February 28, 2024, Plaintiffs moved to strike CNN's notice, which CNN opposed on March 13, 2024.  ECF Nos. 222-24.  In the interim, on February 8, 2024, the Court ordered the parties to file supplemental briefs on the application of the opinion doctrine to Plaintiffs' false light claim. ECF No. 219.  CNN filed its brief on February 16, 2024.  ECF No. 220.

On April 24, 2024, the Court granted CNN's motion of summary judgment, holding that to the extent that the Report could be understood to state that Plaintiffs were "QAnon follower[s]," such a statement was constitutionally protected opinion and therefore nonactionable.  ECF No. 226 at 15-16; *see also id.* at 7 (emphasizing that discovery confirmed that QAnon "lacks a coherent belief system" that could render the challenged statement factually verifiable).  Accordingly, the Court dismissed Plaintiffs' false light claim and rendered judgment for CNN.  *Id.* at 17.

## ARGUMENT

In pertinent part R.I. Gen. Laws § 9-1-28.1(b) provides that "[t]he court having jurisdiction of an action brought pursuant to this section may award reasonable attorneys' fees and court costs to the prevailing party."  Because CNN is the prevailing party in this case, this Court should award it reasonable attorneys' fees and costs.  Indeed, all parties have been aware throughout this hard-fought litigation that a judgment of fees and costs against the losing party was possible because Plaintiffs plead as much in the Complaint and hired an expert to opine on the reasonableness of their fees.

4

## I.     CNN IS THE PREVAILING PARTY IN THIS CASE

A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  *Utica Coll. v. Gordon*, 389 F. App'x 71, 74 (2d Cir. 2010) (citing *Black's Law Dictionary* 1232 (9th ed. 2009)); *see Keystone Elevator Co. v. Johnson & Wales University,* 850 A.2d 912, 918 (R.I. 2004) (citing same).  "[T]here is no dispute that, by prevailing as to certain claims on its motion to dismiss and as to the remaining claims on the summary judgment motion, [defendant] is a prevailing party."  *Insurent Agency Corp. v. Hanover Ins. Co.*, 2020 WL 86813, at *2 (S.D.N.Y. Jan. 8, 2020), *R. and R. adopted sub nom.*, *Insurent Agency Corp. v. Hanover Ins. Grp., Inc.*, 2020 WL 1080774 (S.D.N.Y. Mar. 6, 2020).

There can be no question that CNN is the prevailing party in this case.  Following the dismissal, with prejudice, of Plaintiffs' defamation *per se* claim on December 16, 2021 (*see* ECF No. 42), the only remaining live cause of action was Plaintiffs' false light claim.  In dismissing the that claim, the Court made clear that the statement about which Plaintiffs complained "isn't actionable," granted CNN's motion for summary judgment, and instructed the clerk of court to enter judgment for CNN.  ECF No. 226 at 16-17.

While R.I. Gen. Laws § 9-1-28.1(b) permits, but does not require, courts to award the prevailing party reasonable attorneys' fee and costs, fees are appropriate here.  This lawsuit targeted speech involving a matter of public concern, ECF No. 226 at 5 ("QAnon itself is a topic of public concern, and the segment also reported on the connections between QAnon, January 6, and former president Trump."), subject to the protections of the First Amendment.  This factor alone justifies an award of fees.  Indeed, the New York Court of Appeals has recognized that "[t]he threat of being put to the defense of a lawsuit . . . may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself."  *Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 545, 435 N.Y.S.2d 556, 562-63 (1980) (quoting *Washington Post Co. v. Keogh*,

365 F.2d 965, 968 (D.C. Cir. 1966) (alteration in original)).  In any event, Plaintiffs themselves have argued that fees should be awarded to the prevailing party in this litigation, even going so far as to retain a fees expert to opine on the reasonableness of their fees.  *See* ECF Nos. 187-88. Accordingly, this Court not only can, but also should, award fees here.

## II.     CNN'S ATTORNEYS' FEES AND COSTS ARE REASONABLE

This Court should award CNN $1,315,384.87 in attorneys' fees $98,702.03 in costs through the end of March 2024 in defending against Plaintiffs' false light claim because those fees are reasonable.[2]

In calculating the amount of attorneys' fees to award, the Second Circuit has adopted the "presumptively reasonable fee" standard, which requires the court to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Harrell v. Van der Plas*, 2009 WL 3756327, at *1 (S.D.N.Y. Nov. 9, 2009) (Lynch, J.) (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 111-12, 117- 18 (2d Cir. 2007) (noting that methodology of calculating the "presumptively reasonable fee" standard and the older "lodestar" standard are substantially the same), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008).  In setting a reasonable attorneys' fee, courts should consider the amount of legal work performed by the prevailing party's attorneys, the skill of the attorneys, and the results achieved.  *Earth Flag Ltd. v. Alamo Flag Co*, 154 F. Supp. 2d 663, 669 (S.D.N.Y. 2001).  Each of these factors favor awarding fees here.

---

[2] This figure includes the full amount of fees incurred solely in connection with Plaintiffs' claim, such as fees incurred for summary judgment briefing.  It also includes 1/3 of DWT's fees attributable to all three consolidated actions, such as discovery-related work and shared briefing such as declarations.  CNN does not seek to recoup any fee incurred solely in connection with the MDFL Actions.

A.      **The Attorneys Were Highly Skilled**

First, the Davis Wright Tremaine LLP ("DWT") lawyers who litigated this action were highly skilled.  DWT is widely acknowledged as among the country's top media law practices. Bolger Decl. ¶ 5.  Both Best Lawyers and U.S. News named DWT as the 2022 Law Firm of the Year in Media Law, and Law360 has named DWT as a national "Practice Group of the Year" in Media & Entertainment Law for seven of the past eight years.  *Id.*   The four lawyers who principally worked on this litigation are highly experienced in this area of law.  *Id.*

Katherine Bolger, the partner on the case, is a preeminent First Amendment attorney with more than 20 years of media litigation experience.  *Id.* ¶ 6.   As set out in greater detail in Ms. Bolger's declaration submitted with this motion, she has repeatedly been recognized as one of the country's leading media lawyers.  *Id.*  Working closely with Ms. Bolger were Lindsey Cherner, Meenakshi Krishnan, and Sam F. Cate-Gumpert.  *Id.* ¶¶ 8-10.  Ms. Cherner is a senior media associate at DWT's New York office with seven years of litigation experience.  *Id.* ¶ 8. She graduated from Columbia Law School in 2017 and routinely represents media companies in First Amendment, intellectual property, and media litigation.  *Id.*   Prior to attending law school, she was also a journalist and received her Bachelor's degree in journalism.  *Id.*  Meenakshi Krishnan is a senior media associate at DWT's Washington, DC office with six years of litigation experience.  *Id.* ¶ 9.  She graduated from Yale Law School in 2018 and has since worked on a variety of media, entertainment, and intellectual property matters, including counseling clients in mitigating defamation, right of privacy, and copyright-related issues.  *Id.*  Mr. Cate-Gumpert is a mid-level associate in DWT's Los Angeles and San Francisco offices.  *Id.* ¶ 10.  He graduated from UCLA School of Law in 2020 and has since focused exclusively on media law, including defamation, right of publicity, and copyright litigation; prior to attending law school, he was an editor at a national magazine.  *Id.*

The DWT attorneys' specialized experience in media and First Amendment law was necessary to efficiently and effectively litigate the complex defamation issues in this case.

### B.       The Rates Charged are Reasonable

Second, DWT charged reasonable rates.  To determine a reasonable hourly rate, the Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  "The determination of reasonable hourly rates is a factual issue committed to the court's discretion, and is typically defined as the market rate a 'reasonable, paying client would be willing to pay.'" *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 2011 WL 1002439, at *6 (S.D.N.Y. Mar. 16, 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)), *aff'd*, 483 F. App'x 634 (2d Cir. 2012) (summary order).  "In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors;[3] it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary

---

[3] "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  "A district court need not recite and make separate findings as to all twelve Johnson factors, provided that it takes each into account in setting the attorneys' fee award." *A.G. v. N.Y.C. Dep't of Educ.*, 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) (*per curiam*); *see Zhang v. Zhang*, 2021 WL 1154084, at *2 (S.D.N.Y. Mar. 26, 2021) ("A court does not need to make specific findings as to each factor as long as all are considered.").

to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. "The party seeking fees bears the burden of demonstrating that its counsel's rates are reasonable" by "produc[ing] evidence, in addition to the attorneys' own affidavits, that the rates are consistent with prevailing rates in the District for lawyers of comparable skill, experience and reputation." *Torres v. City of N.Y.*, 2020 WL 6561599, at *4 (S.D.N.Y. June 3, 2020), *R. and R. adopted*, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020). "Complex cases requiring particular attorney skills and experience may command higher attorney rates." *Torres*, 2020 WL 6561599, at *4.

Here, Defendants seek reimbursement based on the actual rates charged by their outside counsel at DWT for this matter, as set forth more fully in the Bolger Declaration.[4] These rates are reasonable in comparison with rates charged by attorneys with similar qualifications at other firms.

In fact, they are substantially below what willing clients typically pay in similar litigation, as well the rates that New York courts have approved. In fact, according to surveys compiled independently by the Big Four accounting firms, counsel's billing rates for partners are generally well below the median rates in the New York City area for partners of similar experience in large-sized firms. *See* Bolger Decl. ¶ 12. For example, the median billing rate for partners in large-sized firms with 21 to 25 years of experience was $1,182 per hour in 2021, $1,270 per hour in 2022, and $1,331 in 2023—significantly higher than the rate Ms. Bolger charged here. *Id.* The same survey shows that the median rates charged for classes of 2017, 2018, and 2020 associates in

---

[4] CNN does not seek reimbursement for fees incurred by certain other attorneys who performed limited work on this matter, including one other DWT partner, three other DWT associates, and numerous support staff including multiple researchers and managing clerks who had a more limited role in the litigation than Ms. Cherner, Ms. Krishnan, and Mr. Cate-Gumpert and DWT's paralegals. *See* Bolger Decl. ¶ 4 n.1.

large-sized firms' rates were higher than the respective 2021-2023 rates of Ms. Cherner, Ms. Krishnan, and Mr. Cate-Gumpert.[5]

Even more relevant here, Judge Alison Nathan in the Southern District of New York recently surveyed the ranges of hourly rates New York courts have approved in copyright litigation, which is an important component of DWT's media litigation practice and a similar area of specialization.  *See Charles v. Seinfeld*, 2022 WL 889162 (S.D.N.Y. March 25, 2022). In copyright cases litigated in 2018 and 2019—several years before this case—the partner rates approved by New York courts ranged from $700-$900, the approved associate rates from $465-$575, and approved paralegal rates from $150-$250.  *Id.* at *4-5.  The hourly rates charged by DWT in this case are at or below those ranges.  *See also Nobile v. Watts*, No. 17-cv-597, Dkt. 78, slip op. at 6 (S.D.N.Y. Jan. 11, 2018) (Forrest, J.) (finding in copyright case that partner rate of $575 and associate rate of $438 charged by other New York-based Davis Wright Tremaine attorneys, as well as other firms' rates of $815-$830, were reasonable), *aff'd*, 747 F. App'x 879 (2d Cir. 2018); *Capitol Records, Inc. v. MP3Tunes, LLC*, 2015 WL 7271565, at *4 (S.D.N.Y. Nov. 12, 2015) (Pauley, J.) (finding partner rates from $517.50 to $720 and associate rates up to $450 to be reasonable in copyright action); *Entral Grp. Int'l v. Sun Sports Bar Inc.*, 2007 WL 2891419, at *10 (E.D.N.Y. Sept. 28, 2007) (Go, M.J.) (finding, twelve years ago, that partner rate of $560 and associate rates of $340-$360 were "reasonable and within the range of rates charged for copyright infringement cases in New York City").

---

[5] For class of 2017 graduates, the median billing rate was $748 per hour in 2021, $875 per hour in 2022, and $919 in 2023.  *Id.*  For class of 2018 graduates, the median billing rate was $690 per hour in 2021, $811 per hour in 2022, and $859 in 2023.  *Id.*  For class of 2020 graduates, the median billing rate was $598 per hour in 2021, $675 per hour in 2022, and $775 in 2023.  *Id.*

In fact, courts in this District have even approved comparable—and even far higher—rates in less-specialized areas, such as general commercial litigation.  *E.g.*, *Wells Fargo Tr. Co. v. Fast Colombia S.A.S.*, 2023 WL 8591953, at *7 (S.D.N.Y. Oct. 16, 2023), *R. and R. adopted,* 2023 WL 8433128 (S.D.N.Y. Dec. 5, 2023) (in breach of contract case, finding associate rates of $1,060 to $1,240 and partner rates of $1,370 to $1,750 were reasonable); *Phyto Tech Corp. v. Givaudan SA*, 2023 WL 1437714, at *7 (S.D.N.Y. Jan. 31, 2023) (in trade secrets and misappropriation case, holding that rates of partners ranging from $897 to $1,079 were reasonable); *Vista Outdoor, Inc. v. Reeves Family Trust*, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (in contract case, finding that partner rates of $1,170 and $1,260 were reasonable and "not excessive in the New York 'big firm' market").  Defense counsel's hourly rates are more than reasonable here.

### C.      The Number of Hours Worked was Reasonable

Third, the number of hours expended in this litigation was reasonable.  To determine the compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case."  *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).  "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."  *Gierlinger*, 160 F.3d at 876 (internal quotation marks and citation omitted).  "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *see also Mugavero v. Arms Acres, Inc.*, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (same).  CNN's request is reasonable for several reasons.

11

*First*, and preliminary, this litigation has been ongoing for over three years, and, therefore, the number of hours worked by CNN's counsel is reasonable.  In addition, CNN is not seeking reimbursement for all of its time spent defeating Plaintiffs' false light claim even though it is entitled to it.  For instance, CNN does not seek reimbursement for the considerable time spent on this matter by in-house counsel at CNN, notwithstanding that those fees are recoverable and CNN has also not sought to recoup fees for other roles at DWT including researchers, docketing clerks, and associates who had only minimal involvement.  Bolger Decl. ¶ 4 n.1; *see Broadcast Music, Inc. v. R Bar of Manhattan Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) ("Attorney's fees may be awarded for the work of in-house counsel, and an hourly rate based on an estimate of the fee charged by independent counsel for similar services can provide a reasonable basis for calculating such an award if other relevant criteria are satisfied.").  CNN is also not seeking attorneys' fees in connection with this fee motion or the subsequent reply.

*Second*, CNN was entirely successful, and its motion practice resulted in the dismissal of all of Plaintiffs' claims.  The Supreme Court has explained that where a prevailing party "has obtained excellent results, [their] attorney should recover a fully compensatory fee.  Normally, this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  This is particularly significant because Plaintiffs were seeking substantial monetary damages—namely, $75,000,000.  *See* ECF No. 7 at 1.

*Third*, despite simultaneously litigating the MDFL Actions—which involved different bodies of law and different, though related, facts—CNN's attorneys managed this case efficiently. CNN's law firm staffed this matter judiciously, with just one partner and three associates. Ms. Cherner, Ms. Krishnan, and Mr. Cate-Gumpert researched and drafted all filings in this matter, performed the vast majority of the document review, did the initial deposition preparation, and

took several depositions.  Bolger Decl. ¶ 14.  Ms. Bolger took a supervisory role, editing briefs, taking critical depositions, and formulating the overall litigation strategy, thereby accruing fewer hours at her higher rate.  *Id.*

Together, through March 7, 2024 (the billing cycle in which DWT incurred fees in conjunction with the supplemental briefing ordered by this Court), Mss. Bolger, Cherner, and Krishnan and Mr. Cate-Gumpert have billed a total of approximately 2,487 hours—619 hours by Ms. Bolger, 768 hours by Ms. Cherner, 531 hours by Ms. Krishnan, and 569 hours by Mr. Cate-Gumpert—reasonably attributable to defending Plaintiffs' false light claim.  Bolger Decl. ¶ 13. These hours were reasonably necessary to analyze Plaintiffs' Amended Complaint and review the Report at issue; to draft CNN's motion to dismiss, supporting declarations, reply brief, and motion for reconsideration; to conduct the extensive discovery needed to defend against Plaintiffs' claim, including review of tens of thousands of pages of documents reflecting the extensive social media activity of Plaintiffs and their family members; to draft CNN's motion for summary judgment, Rule 56.1 statement, reply brief, and the supplemental briefing ordered by the Court; and to handle day-to-day management of the case.  *Id.* ¶¶ 15-18.

*Fourth*, as noted above, the amount requested is within the range of fees awarded to prevailing defendants in other comparable actions.  For example, in *Kilopass Tech., Inc. v. Sidense Corp.*, a court in the Northern District of California awarded the prevailing defendant over $5,000,000 in attorneys' fees following summary judgment in a patent matter.  82 F. Supp. 3d 1154, 1172 (N.D. Cal. 2015).  The court found that the hours expended by defense counsel were reasonable especially given the "considerable motion practice and discovery necessitated to litigate th[e] case" and because counsel excluded hours related to non-patent claims, removed redundant and unnecessary billing entries, and did not request reimbursement for time spent by certain

13

attorneys and on certain motions.  *Id.* at 1172-73.  Similarly, in *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, a court in this District awarded over $800,000 in attorneys' fees to the prevailing defendant in a copyright case following trial, finding that defense counsel's fees were recoupable given their success in litigating the case and because the majority of the billing records they submitted dealt with their work on the case in question rather than ancillary, though related, work for their client.  2020 WL 2848232, at *8 (S.D.N.Y. June 1, 2020).

    **D.**    **The Costs Sought Are Reasonable**

Under both Rhode Island's invasion of privacy statute and the Federal Rules, CNN is entitled to recover costs as the prevailing party.  *See* R.I. Gen. Laws § 9-1-28.1(b) (explaining court "may award reasonable attorneys' fees *and court costs* to the prevailing party") (emphasis added); *see* also Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party"); *Malletier v. Artex Creative International Corp.*, 687 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (costs such as filing fees, shipping costs, and research fees are "typically awarded when a defendant defaults") (citation omitted).

Here, while CNN incurred $299,099.93 in total costs for defending the entirety of this litigation and the MDFL Actions, CNN requests only $98,702.03 in total costs in this case.  As with attorneys' fees, CNN seeks full recovery of only those costs incurred directly in connection with Plaintiffs' claims, and a third of costs incurred following the initiation of the MDFL Actions—a split fully justified by the parties' agreement to coordinate and share discovery across all three actions.  CNN does not seek recovery of any costs incurred solely in conjunction with the MDFL Actions.

## CONCLUSION

For the reasons stated herein, CNN respectfully submits that the court should grant its

motion for an award of attorneys' fees, costs, and such other and further relief as it deems just and

proper.

Dated: New York, New York                    Respectfully submitted,
       May 14, 2024

                                     DAVIS WRIGHT TREMAINE LLP

                                     By: */s/ Katherine M. Bolger*
                                     Katherine M. Bolger (N.Y. Bar No. 2976868)
                                     Meenakshi Krishnan (*pro hac vice*)
                                     Lindsey B. Cherner (N.Y. Bar No. 5571534)
                                     Sam F. Cate-Gumpert (*pro hac vice*)
                                     1251 Avenue of the Americas, 21st Floor
                                     New York, NY 10020
                                     Telephone: (212) 489-8230
                                     katebolger@dwt.com
                                     meenakshikrishnan@dwt.com
                                     lindseycherner@dwt.com
                                     samcategumpert@dwt.com